**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Skky, Inc. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Manwin USA, Inc.; Manwin Holding, s.ar.l )<br>)<br>    Defendants. )<br>)<br>)<br>) | Civil Action No. 0:13-cv-02086-PJS-JJG<br><br>**FIRST AMENDED COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT**

This is a patent infringement case.  Skky, Inc. for its complaint against Manwin USA, Inc. and Manwin Holding, s.ar.l  states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

*Plaintiff Skky, Inc.*

1. Plaintiff Skky, Inc. ("Skky") is a Minnesota corporation with its principal place of business at 825 E. Wayzata Blvd., Wayzata, Minnesota 55391.

*Defendants Manwin USA, Inc., and Manwin Holding, s.ar.l*

2. Defendant Manwin USA, Inc.  is a Delaware corporation with its principle place of business at 2706 Media Center Dr., Los Angeles, CA 90065.

3. Upon information and belief, Defendant Manwin Holding, s.ar.l. is a business entity organized as "Sociate a responsabilite limitee" under the laws of Luxembourg, and maintains its principal place of business at 32 Boulevard Royal, L-2449, Luxembourg City, Luxembourg.  Upon information and belief, Manwin Holding, S.ar.l is the parent company of

numerous subsidiaries, including Manwin USA, Inc.  Manwin USA, Inc. and Manwin Holding s.ar.l collectively referred to as "Manwin."

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Manwin because, among other reasons, Manwin regularly conducts business in this judicial district.  Manwin maintains at least the following web site, brazzers.com, which citizens of Minnesota access.  Also, Manwin through its web site(s), transmits compressed audio and/or visual files to customers or potential customers in Minnesota.

6. Venue is proper in this district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, Manwin has conducted and continues to conduct regular and ongoing business in Minnesota. Additionally, Manwin has committed and continues to commit acts of direct and/or indirect infringement in this District by making, using, importing, offering for sale, and/or selling products by way of infringing methods, and/or inducing others to perform method steps in Minnesota that are claimed in Skky's patent.

## FACTUAL BACKGROUND

*The Inventors and Patent-in-Suit*

7. John Mikkelsen, one of the inventors in this case, grew up in Minnesota.  Mr. Mikkelsen currently resides in Minnesota.  Mr. Mikkelsen is the CEO of Skky.

8. Dr. Robert Freidson, the other inventor in this case, earned his Ph.D. in Mathematics and Computer Science from Steklov Mathematical Institute (USSR Academy of Science, Leningrad, Russia).  Since 1975, Dr. Freidson has been a Professor in the Department of

Mathematics at the St. Petersburg Electrical Engineering University.  Dr. Freidson is the Chief Technology Officer of Skky.

9. In the 1990s, Mr. Mikkelsen worked in the music industry.  During his work, Mr. Mikkelsen created edited song clips that he used as alert sounds on his computer.  From this idea, Mr. Mikkelsen sought to solve the problem of using real music samples with cellular phones.

10. In the late 1990s, Mr. Mikkelsen was introduced to Dr. Freidson.  Mr. Mikkelsen and Dr. Freidson recognized that available cellular phones were incapable of receiving and playing back compressed audio and/or visual files, such as real music clips.  Working together, Mr. Mikkelsen and Dr. Freidson created a cellular phone that could wirelessly receive and play back compressed audio and/or visual files.  In addition, Mr. Mikkelsen and Dr. Freidson created a web site, www.wavpop.net, in an attempt to sell ringtones.  They formed a company called 4 Media, Inc., which later changed its name to Skky, Inc.

11. On June 16, 2009, the United States Patent and Trademark Office awarded United States Patent No. 7,548,875 (the "'875 patent"), titled *Media Delivery Platform*, to inventors Mr. John Mikkelsen and Dr. Robert Freidson.  A complete and authentic copy of the '875 patent is attached as Exhibit A.

12. Mr. John Mikkelsen and Dr. Robert Freidson assigned the '875 patent to Skky.  Skky remains the owner of the '875 patent.

### COUNT I—PATENT INFRINGEMENT OF THE '875 PATENT

13. Plaintiff incorporates and realleges herein by reference paragraphs 1 through 12.

14. Defendant Manwin has had constructive notice of the '875 patent since it issued on June 16, 2009.

15.     Manwin, together with its subsidiaries, offers to sell, sells, uses, distributes, and services audio and/or visual files through its web sites to cellular phones, such as brazzers.com. These compressed audio and/or visual files are transmitted to a cellular phone when a user accesses Manwin's web site(s). Further, Manwin's web site offers for sale compressed audio and/or visual files which upon purchase by the user, are subsequently transmitted wirelessly to the user's cellular phone. Thus, Manwin's web site(s) containing audio and/or visual files, when used, practices the claimed inventions of the '875 patent.

16.     Manwin has infringed and continues to infringe one or more claims of the '875 patent under 35 U.S.C. §271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and/or importing into the United States, products and or methods encompassed in at least claim 1 of the '875 patent, including for example, by making, using, selling, offering for sale, and/or importing compressed audio and/or visual files to cellular phones.

17.     Third parties, collectively with Manwin, have infringed, and continue to infringe one or more claims of the '875 patent under 35 U.S.C. §271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and/or importing into the United States, products and or methods encompassed in at least claim 1 of the '875 patent, including for example, by making, using, selling, offering for sale, and/or importing compressed audio and/or visual files to cellular phones.

18.     Manwin directs and controls third parties related to the compression, storing, and/or transmission of compressed audio and/or visual files to cellular phones. Manwin is the mastermind in the scheme to transmit compressed audio and/or visual files to cellular phones. On information and belief, Manwin may direct and control the action of the third parties through

contractual or agency relationships to make compressed audio and/or visual files. On information and belief, Manwin may direct and control third parties through contractual or agency relationships to store compressed audio and/or visual files. On information and belief, Manwin may direct and control third parties through contractual or agency relationships to transmit compressed audio and/or visual files to cellular phones. Manwin and third parties act in concert to provide compressed audio and/or visual files to cellular phones of end users by compressing audio and/or visual files, storing audio and/or visual files, and transmitting audio and/or visual files in a manner that performs the claimed methods in the '875 patent.

19.     Manwin has induced infringement, and continues to induce infringement, of one or more claims of the '875 patent under 35 U.S.C. §271(b). Manwin has had actual knowledge of the '875 patent since the filing of the original Complaint on July 31, 2013. Manwin has induced infringement of the '875 patent since at least this time by causing, urging, encouraging, aiding, or instructing third parties to perform one or more of the claimed methods of the '875 patent such that the third parties or the third parties and Manwin directly infringe the claimed methods of the '875 patent.

20.     For example, on information and belief, Manwin's web site, brazzers.com, makes available numerous compressed audio and/or visual files for download to a user's cellular phone. This necessarily requires that third parties and Manwin, acting with specific intent, to urge, instruct, encourage, or seek aid from such third parties to compress audio and/or visual files, store the compressed audio and/or visual files, and/or transmit the compressed audio and/or visual files to a cellular phone. By continuing the representative aforementioned activities with knowledge of the '875 patent, Manwin, acting with specific intent, knows, or should have

known, that it is inducing infringement by causing the method steps of the '875 patent to be performed.

21.     Manwin acts with specific intent to induce third parties to infringe the '875 patent because Manwin seeks to have compressed audio and/or visual files transmitted to cellular phones of end users.  Manwin creates and disseminates promotional and marketing material and offers instructions and/or technical information to encourage end users to seek transmission of compressed audio and/or visual files to cellular phones in a manner that infringes the '875 patent. By encouraging end users to seek transmission of compressed audio and/or visual files, Manwin specifically encourages and intends for third parties, either alone or in conjunction with Manwin, to compress, store, and/or transmit compressed audio and/or visual files to the cellular phones of the end users in a manner that infringes the '875 patent.

22.     The infringement by Manwin of the '875 patent injured and continues to harm Skky, and will cause irreparable injury and damage to Skky unless the Court enjoins Manwin from infringing the '875 patent.

23.     Manwin's conduct in infringing the '875 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Skky prays for the following judgment and relief:

a. that Manwin has infringed the '875 patent;

b. that Skky is entitled to a permanent injunction barring Manwin and its respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '875 patent;

c. that Manwin shall account for and pay to Skky the damages to which Skky is entitled as a consequence of Manwin's infringement of the '875 patent;

d. that Manwin shall additionally account for and pay to Skky the damages for the period of infringement of the '875 patent following the period of damages established by Skky at trial;

e. that Skky is further entitled to pre-judgment and post- judgment interest;

g. that this case is exceptional and that Skky is entitled to their reasonable attorney fees, costs, and expenses that it incurs prosecuting this action under 35 U.S.C. § 285; and

h. any other award or relief that is just and equitable.

**DEMAND FOR JURY TRIAL**

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 26, 2013

By: /s/Ryan M. Schultz
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)

        Benjamen Linden (0393232)
        ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
        800 LaSalle Avenue, Suite 2800
        Minneapolis, MN 55402
        Phone: (612) 349-8500

        Andrew D. Parker (0195042)
        PARKER ROSEN, LLC
        300 First Avenue North, Suite 200
        Minneapolis, MN 55401

        **Attorneys for the Plaintiff Skky, Inc.**