# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | ) |
|       Plaintiff, | ) |
| v. | ) |
| | ) C.A. No. 13-cv-02086-PJS/JJG |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Manwin USA, Inc.; | ) |
| Manwin Holding, s.ar.l. | ) |
| | ) |
|       Defendants. | ) |

## DEFENDANTS MANWIN USA, INC. AND MANWIN HOLDING, S.AR.L.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants and Counterclaimant-Plaintiffs Manwin USA, Inc. and Manwin Holding, s.ar.l. (collectively, "Manwin") by and through the undersigned attorneys hereby respond by way of Answer, Affirmative Defenses and Counterclaims to the First Amended Complaint ("Amended Complaint") of Plaintiff and Counter-Defendant Skky, Inc. ("Skky") as follows:

## PARTIES, JURISDICTION AND VENUE

1. Manwin is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint.

2. Manwin admits that Manwin USA, Inc. is a Delaware corporation with its principal place of business at 2706 Media Center Dr., Los Angeles, CA 90065.

3. Manwin admits that Manwin Holding, s.ar.l. is a business entity organized as "Sociate a responsabilite limitee" under the laws of Luxembourg, and maintains its principal place of business at 32 Boulevard Royal, L-2449, Luxembourg City, Luxembourg. Manwin admits that Manwin Holding, s.ar.l. is the parent company of numerous subsidiaries, including Manwin USA, Inc.

4. Manwin admits that the present action purports to arise under the patent laws of the United States. The remaining allegations in this paragraph of the Amended Complaint are legal conclusions that do not require a response from Manwin. To the extent the allegations require a response, Manwin denies the remaining allegations in this paragraph of the Amended Complaint.

5. This paragraph of the Amended Complaint states a legal conclusion and does not require a response from Manwin. To the extent a response is required, Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

6. This paragraph of the Amended Complaint states a legal conclusion and does not require a response from Manwin. To the extent a response is required, Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

## **FACTUAL BACKGROUND**

7. Manwin is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint and therefore denies those allegations.

8. Manwin is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint and therefore denies those allegations.

9. Manwin is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint and therefore denies those allegations.

10. Manwin is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint and therefore denies those allegations.

11. Manwin admits that the Amended Complaint purports to attach a copy of U.S. Patent No. 7,548,875 (the "'875 patent") as Exhibit A and that the '875 patent, on its face, states that it issued on June 16, 2009 to Mr. John Mikkelsen and Dr. Robert Friedman, and is titled "Media Delivery Platform."

12. Manwin is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint and therefore denies those allegations.

**COUNT I – PATENT INFRINGEMENT OF THE '875 PATENT**

13. Manwin hereby incorporates its responses to the preceding paragraphs as if fully restated herein.

14. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

15. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

16. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

17. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

18. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

19. Manwin admits to having knowledge of the '875 patent upon service of the original Complaint.  Manwin denies the remaining allegations set forth in this paragraph of the Amended Complaint.

20. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

21. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

22. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

23. Manwin denies the allegations set forth in this paragraph of the Amended Complaint.

**PRAYER FOR RELIEF**

Manwin denies any and all allegations contained in the remainder of the Amended Complaint and denies that Skky is entitled to any of the relief requested in paragraphs (a)

through (h) of its Prayer for Relief or to any relief in any form whatsoever from Manwin. Manwin further denies each and every allegation in the Amended Complaint to which it has not specifically responded.

## DEMAND FOR JURY TRIAL

Manwin admits that Skky has requested a trial by jury.

## AFFIRMATIVE DEFENSES

In addition to the defenses alleged herein, Manwin reserves the right to allege additional defenses as they become known during the course of discovery.

### First Affirmative Defense

24. One or more of the asserted claims of the '875 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Affirmative Defense

25. Manwin has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable claim of the '875 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

26. Skky has failed to state a claim upon which relief can be granted or otherwise sufficiently alleged infringement against Manwin.

### Fourth Affirmative Defense

27. Skky's claim for relief and prayer for damages are statutorily limited by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. §1498.

### Fifth Affirmative Defense

28. Skky's claims are barred, in whole or in part, by the equitable doctrines of implied license, laches, estoppel, unclean hands and/or waiver.

### Sixth Affirmative Defense

29. Skky's claims are barred by the doctrine of prosecution history estoppel based on statements, representations and/or admissions made during prosecution of the patent application resulting in the '875 patent.

### Seventh Affirmative Defense

30. Skky's claim for injunctive relief is barred because there exists an adequate remedy at law and Skky's claim otherwise fails to meet the requirements for such relief.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

COMES NOW Manwin USA, Inc. and Manwin Holding s.ar.l. (collectively, "Manwin") in the capacity of Counterclaimant-Plaintiffs and files these Counterclaims against Counter-Defendant Skky, Inc. ("Skky") and in so doing alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these Counterclaims for declaratory relief under Title 35 of the United States Code, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2. Venue is proper in this Court because Skky has consented to venue in the District of Minnesota by filing its claim for patent infringement in this Court.

3. Upon information and belief, and by virtue of the filing of the instant action, this Court has personal jurisdiction over Skky.

## PARTIES

4. Manwin USA, Inc. is a Delaware corporation with its principal place of business at 2706 Media Center Dr., Los Angeles, CA 90065.

5. Manwin Holding, s.ar.l. is a business entity organized as "Sociate a responsabilite limitee" under the laws of Luxembourg and maintains its principal place of business at 32 Boulevard Royal, L-2449, Luxembourg City, Luxembourg.  Manwin Holding, S.ar.l. is the parent company of Manwin USA, Inc.

6. Upon information and belief, Skky is a Minnesota corporation with its principal place of business at 825 Wayzata Blvd., Wayzata, MN 55391.

## FACTS

7. Skky has alleged that it is the owner of the patent whose number, title and issue date are as follows: U.S. Patent No. 7,548,875 ("the '875 patent"), entitled "Media Delivery Platform," issued on June 16, 2009.

8. Skky has sued Manwin for infringement of the '875 patent, alleging that Manwin has infringed "at least claim 1 of the '875 patent" under 35 U.S.C. § 271.

9. As a result, there exists an actual and continuing controversy between Manwin and Skky.

## COUNT I
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT UNDER 35 U.S.C. § 271 (a)-(c)

10. Manwin repeats and realleges the allegations of paragraphs 1-8 as if fully set forth herein.

11. Manwin has not infringed and does not infringe any valid and enforceable claim of the '875 patent.

12. Manwin has not induced and does not induce others to infringe or contributed to the infringement of any valid and enforceable claims of the '875 patent.

## COUNT II
## DECLARATORY JUDGMENT OF
## PATENT INVALIDITY

13. Manwin repeats and realleges the allegations of paragraphs 1-11 as if fully set forth herein.

14. The claims of the '875 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Manwin respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Dismiss with prejudice the Amended Complaint against Manwin;

b. Hold that Skky is not entitled to any relief, whether in law or equity or otherwise, from its suit against Manwin;

  c.  Declare that Manwin has not infringed and does not infringe any claim of the '875 patent;

  d.  Declare that each and every claim of the '875 patent is invalid;

  e.  Declare that each and every claim of the '875 patent is unenforceable;

  f.  Permanently enjoin Skky, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '875 patent against Manwin or any parents, affiliates, or subsidiaries of Manwin or any of its respective officers, agents, employees, successors, and assigns;

  f.  Find this case exceptional and award Manwin its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

  g.  Award Manwin any additional relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Manwin respectfully demands a jury trial of all issues triable to a jury in this action.

| | |
|---|---|
| Dated October 15, 2013 | By: /s/ Barbara P. Berens |
| | Barbara Podlucky Berens (#209788) |
| | Justi Rae Miller (#387330) |
| | Berens Miller, P.A. |
| | 3720 IDS Center 80 South Eighth Street |
| | Minneapolis, MN 55402 |
| | Telephone: (612) 349-6171 |
| | Facsimile: (612) 349-6416 |
| | Bberens@berensmiller.com |
| | jmiller@berensmiller.com |
| | |
| | Frank M. Gasparo |
| | (Admitted Pro Hac Vice) |
| | Venable LLP |
| | 1270 Avenue of the Americas |
| | Twenty-Fourth Floor |
| | New York, New York 10020 |
| | Telephone: (212) 307-5500 |
| | Facsimile: (212) 307-5598 |
| | fmgasparo@venable.com |
| | |
| | Attorneys for Defendants MANWIN USA, INC. and MANWIN HOLDING, S.AR.L. |