UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Skky, Inc.,                                          Case No.:  13-2070 (PJS/JJG)

      Plaintiff/Counterclaim Defendant,        **Rule 26(f) Report**

vs.

Myxer, Inc.,

      Defendant/Counterclaim Plaintiff.

---

Skky, Inc.,                                          Case No.:  13-2072 (PJS/JJG)

      Plaintiff,

vs.

Thumbplay Ringtones, LLC,

      Defendant.

---

Skky, Inc.,                                          Case No.:  13-2083 (PJS/JJG)

      Plaintiff,

vs.

Dada Entertainment, Inc.,

      Defendant.

---

Skky, Inc.,                                          Case No.:  13-2086 (PJS/JJG)

      Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

      Defendants.

---

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2087 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Vivid Entertainment, LLC, | |
| Defendant. | |

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2089 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 31, 2013, and prepared the following recommended pretrial scheduling order.[1]

The pretrial conference in this matter is scheduled for November 21, 2013, before the United States Magistrate Judge Jeanne J. Graham by telephone. Becky Thorson and Ryan Schultz, 612-349-8500 will appear for the plaintiff, Skky, Inc.  David Witcoff, 312-629-4259, Timothy Heverin, 312-629-4087, and Theodore Budd, 612-766-7952, will appear for the defendants Dada Entertainment, Inc., and Thumbplay Ringtones, LLC.  Cynthia Rigsby, 414-297-5580, will appear for the defendant Myxer, Inc.  Frank Gasparo, 212-370-6273, and Barbara Berens, 612-349-6171, will appear for defendants Manwin USA, Inc., Manwin Holding, s.ar.l (collectively "Manwin"), Vivid Entertainment, LLC and Playboy Enterprises, Inc.

---

[1] For the Court's convenience, the parties have attached as Exhibit 1 a summary of proposed dates that indicates where the parties are in dispute.

**(a)     Description of Case**

    **(1)     Concise factual summary of Plaintiff's claims:**

Skky, Inc. is the owner of U.S. Patent No. 7,548,875 (the "'875 Patent").  The inventors of the '875 patent are the CEO and CTO of Skky, Inc, respectively.  The '875 Patent is titled "Media Delivery Platform," and issued on June 16, 2009.  Skky asserts that the '875 Patent claims a method of wirelessly transmitting content rich media to cellular phones.  Skky alleges that Defendants directly and/or indirectly infringe the '875 Patent, either literally or under the doctrine of equivalents, through the wireless transmission of content rich media, including but not limited to, pictures, videos, and songs, to cellular phones.

    **(2)     Concise factual summary of Defendant's claims/defenses:**

The Defendants in the six remaining lawsuits are not related.  Each Defendant operates at least one website that is accused of infringement.  Myxer, Thumbplay and Dada's accused websites relate primarily to telephone ringtones, which a subscriber may download through a third-party service provider.  Manwin, Vivid and Playboy operate adult websites.  Defendants disagree with Skky's characterization of the '875 patent, which does not claim transmission of "content rich media" to "cellular phones."  Defendants each alleges that it does not infringe any valid claim of the '875 patent.  Defendants each also assert that the '875 patent is invalid and that the constructions of its claim terms are limited by prosecution history estoppel.

    **(3)     Statement of jurisdiction:**

This Court has jurisdiction over the subject matter of this action under 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this action involves questions of federal law.

(4)     **Summary of Factual Stipulations or Agreements:**

N/A.

(5)     **Statement of Whether Jury Trial has been Timely Demanded by any Party:**

A jury trial is available for Plaintiff's federal causes of action. Plaintiff has timely demanded a jury trial. Defendants have also timely demanded a jury trial.

(6)     **Additional Information for the Court**

Defendant, General Media Communications, Inc., in Case No. 13-cv-02085 has filed bankruptcy. Dkt. #19. As the automatic stay under Section 362 of the Bankruptcy Code is in effect, Skky, Inc., at this time, has not continued to prosecute its claims against General Media Communications, Inc.

(7)     **Pretrial Consolidation**

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| Skky requests that these cases be consolidated for pretrial purposes, including claim construction and discovery. | Defendants agree that the claim construction process and hearing should be consolidated. The Defendants also believe that the case schedules and, to the extent practical, court hearings (*e.g.,* status hearings) should be coordinated. The Defendants disagree that Plaintiff's decision to sue a number of Defendants at the same time should limit each Defendant's written discovery or depositions, or force the Defendants to share experts, as Plaintiff proposes. |
| **Plaintiff's Position** | **Defendants' Position** |
| Each case before the Court involves a single patent. There will be significant savings in resources and effort for the parties and the Court if these cases are consolidated for pre-trial purposes, including discovery.<br><br>Federal Rule of Civil Procedure 1 states that the rules of procedure should be construed and | The Defendants disagree that Plaintiff's decision to sue a number of Defendants at the same time should limit each Defendant's written discovery or depositions, as Plaintiff proposes. Defendants have agreed to a common schedule, claim construction proceedings and invalidity contentions. Defendants also have agreed to coordinate |

administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Skky's proposal achieves this goal by combining these cases where appropriate to effectively manage the parties and Court' resources and time.

These six cases only involve seven defendants, with two defendants, Manwin U.SA., Inc. and Manwin Holdings, s.ar.l, being related companies. Consolidation of pre-trial matters, including discovery, is not unique approach to handling cases like those before the Courts. Indeed, consolidation routinely happens in cases involving many more defendants than present here, such as MDL litigation. *See, e.g., In re: Vehicle Tracking and Security System ('844) Patent Litigation*, Case No. 0-11-md-02249, Dkt. #203, 2-3 (D. Minn. Nov. 21, 2012); *Uniloc Luxembourg S.A. et al v. Corel, Inc. et al,* 6:12-cv-00968-LED, Dkt. #423 (E.D. Tex. Oct. 29, 2013); *Thermolife Int'l, LLC v. Myogenix Corp., et al*, 113-cv-651 JLS (MDD), Dkt. #22 (S.D. Ca. Aug. 30, 2013); *Straight Path IP Group, Inc. v. Bandwidth.com Inc. et al*, 1:13-cv-932 (AJT/IDD), Dkt. #5 (E.D. Va. Sept. 11, 2013).

Consolidation will facilitate the savings of time and resources as there are numerous issues that are common to all defendants here. Such issues include common factual issues, like conception and reduction to practice, priority date analysis, invention story. In addition, all defendants have alleged invalidity of the asserted patent. These issues may be handled in an efficient manner by having the cases consolidated. Moreover, Skky understands that the defendants have formed a joint defense group for this case. The most reasonable and prudent way to manage this case is for consolidation of all pre-trial matters, including discovery.

Defendants have agreed to consolidation of some pre-trial matters, such as claim

depositions where appropriate. As to written discovery and depositions, each Defendant (and the Manwin Defendants collectively) seeks no more than the presumptive discovery limits under the Federal Rules of Civil Procedure. Plaintiff's proposal would entitle Plaintiff to those limits, but each Defendant to less. Plaintiff's proposal also unfairly assumes that the Defendant's will share common strategies and viewpoints on merits and procedural issues and on discovery approaches. Indeed, the Defendants have different accused products and operate in at least two distinct industries, in which they compete with each other. While some coordination -- as proposed by Defendants -- is possible, forcing the Defendants to operate as a unit prejudices each individual Defendant.

| | |
|---|---|
| construction, prior art statement, and various deadlines. There is no reasonable reason why it is appropriate to consolidate a case for some pre-trial matters, but not all.<br><br>Skky's proposal does not force defendants to all proceed in the same manner or offer the exact same defense(s). Rather, Skky's proposal seeks to offer limits on some issues where there is commonality across the defendants, while still providing mechanisms for each defendant to seek information on a particular issue of import to that defendant. | |

**(b)** **Pleadings**

    **(1)** **Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action**.

    All parties have been served. At this time, Plaintiff does not intend to amend the complaint or add additional parties. Plaintiff reserves its right to add additional parties that become known during discovery. Defendants are evaluating whether additional parties should be added in this action.

**(c)** **Fact Discovery**

    The parties recommend that the Court establish the following fact discovery deadlines and limitations:

    (1) All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before November 22, 2013.

    (2) Fact discovery shall be commenced in time to be completed by 40 calendar days after the Court issues the claim construction order, or 40 calendar days after the Court issues an order declining to construe claim terms.

    (3) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

|  | **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|---|
| (A) Interrogatories | The Defendants collectively may serve up to 25 interrogatories on Plaintiff directed at common discovery issues.  Each defendant or defendant group (a group includes all defendants that are legally related to each other—e.g., parent-subsidiary relationships, and does not include third-party customer relationships) may serve up to 10 individualized interrogatories on Plaintiff.  Plaintiff may serve up to 25 interrogatories on each defendant or defendant group. | Federal Rules of Civil Procedure, Rule 33(a)(1) shall apply:<br><br>In each action, the Plaintiff and Defendant[2] each may serve up to 25 interrogatories on the Opposing Party. |
| (B) Document Requests | Plaintiff and Defendants agree to no limits on the number of requests for production of documents and things that may be propounded by any party group. | |
| (C) Requests for Admission | The Defendants collectively may serve up to 35 requests for admission on Plaintiff directed at common discovery issues.  Each defendant or defendant group may serve up to 10 individualized requests for admission on Plaintiff.  Plaintiff may serve up to 25 requests for admission on each defendant party group. | In each action, the Plaintiff and Defendant each may serve up to 25 requests for admission. |
| (D) Requests for Admission for Authentication Purposes | Plaintiff and Defendants agree that there is no limitation on the number of Requests for Admission that a document is (1) is authentic; (2) is a business record; or (3) otherwise meets a condition for admissibility in evidence.  All requests seeking to establish authenticity or admissibility shall clearly be identified as such, and the parties shall attempt to seek stipulations regarding the authenticity of documents.  If a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. | |
| (E) Fact | Plaintiff may take no more than 40 | In each action, the Plaintiff and |

[2] Manwin USA, Inc. and Manwin Holdings, s.a.r.l (collectively "Manwin") shall be considered as one Defendant for the purposes of expressing discovery limitations.

|  | **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|---|
| Depositions | hours (measured by time on the record) of depositions of each defendant or defendant group. Plaintiff may take no more than 30 hours (measured by time on the record) of depositions of third parties.

Each defendant or defendant group may take no more than 25 hours (measured by time on the record) of depositions of Plaintiff. Defendants collectively may take no more than 30 hours (measured by time on the record) of depositions of third parties.

No individual deposition by the Defendants collectively shall exceed one seven-hour day, except where an individual is also being deposed in his/her capacity as an individual and also as a Fed. R. Civ. P. 30(b)(6) designee or is a named inventor of the '875 Patent. The deposition of such an individual shall not exceed two 7-hour days. | Defendant each may take no more than 40 hours (measured by the time on the record) of party depositions. Such depositions shall be governed by the Federal Rules of Civil Procedure. There shall be no limit on the number of third-party depositions. |
|  | **Plaintiff's Position** | **Defendants' Position** |
|  | Skky's proposal seeks to provide a balance between each defendant's ability to seek and obtain discovery necessary for its case with the duplication across defendants. Indeed, two defendants, Thumbplay and Manwin, have served document requests on Skky that seek almost the same categories of documents. There will be a significant number of issues that will be common amongst the defendants. Thus, consolidating some of the discovery conducted by defendants will result | The Defendants disagree that Plaintiff's decision to sue a number of Defendants at the same time should limit each Defendant's written discovery or depositions, as Plaintiff proposes. Defendants have agreed to a common schedule, claim construction proceedings and invalidity contentions. Defendants also have agreed to coordinate depositions where appropriate. As to written discovery and depositions, each Defendant (and the Manwin Defendants collectively) seeks no more than the presumptive |

| | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| | in a more efficient handling of the cases.<br><br>Skky's proposal provides sufficient discovery to defendants to prepare and present each defendant's case. In total, Skky's proposal provides more discovery for defendants than normally permitted under the Rules. Skky's proposal is fair and reasonable as it balances the defendants' need to conduct discovery while obtaining "just, speedy, and inexpensive" resolution of these cases as required under Rule 1.  FED. R. CIV. P. 1.<br><br>For example, Skky's proposal provides that defendants may take up to two days for the depositions of the inventors of the '875 patent. This proposal is reasonable as two full days of depositions should be more than sufficient time for defendants to examine the inventors.<br><br>Moreover, it provides a balance of not subjecting the inventors to a significant number of days to be deposed.  Defendants' proposal would subject each inventor to six full days of testimony, with large parts almost certainly being repetitive.  Such proposal is nothing more than harassment, and not meant to reach a "just, speedy, and inexpensive" resolution of this case.<br><br>Moreover, defendants' proposal allows for possible abuse.  For example, the Manwin defendants served a document request seeking all documents identified in response to interrogatories served by | discovery limits under the Federal Rules of Civil Procedure.  Plaintiff's proposal would entitle Plaintiff to those limits, but each Defendant to less.  Plaintiff's proposal also unfairly assumes that the Defendant's will share common strategies and viewpoints on  merits and procedural issues and on discovery approaches. Indeed, the Defendants have different accused products and operate in at least two distinct industries, in which they compete with each other.  While some coordination -- as proposed by Defendants -- is possible, forcing the Defendants to operate as a unit prejudices each individual Defendant. |

| | **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|---|
| | defendant Thumbplay. The ability to allocate different discovery requests to different defendants allow for abuse. Consolidation of discovery as proposed by Skky would curb any potential abuse in discovery. | |
| | As for third party discovery, this litigation should not be a vehicle for extensive and likely unnecessary discovery of third parties. Limits are necessary to control costs and resources. Skky's proposal seeks to limit third party depositions in an effort to keep the intrusion on third parties from this litigation at a minimum. Skky does not see why third party discovery should not be limited, like all other forms of discovery. Skky's proposal does not limit the number of document requests that defendants may seek from third parties, so defendants are not hindered in their ability to get whatever documents they believe are necessary from third parties. However, a limit on third party depositions is the most reasonable approach. | |
| | Defendants' proposal will also likely use more resources of the Court. While Skky hopes to avoid discovery issues, Defendants' proposal will result in Skky having to raise each discovery issue that arises for each defendant in a separate motion. This would be an inefficient use of the Court's resources. Rather, Skky's proposal would consolidate these potential issues because most, if not all, issues would be common amongst | |

|  | **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|---|
|  | the defendants and only require a single motion to resolve the issue(s). |  |

Parties may exceed these limitations by agreement and/or with prior leave of the Court.  All parties will use their best good-faith efforts to limit the length of time any individual is deposed.

   Deposition Scheduling: The parties will make a good faith effort to coordinate depositions such that, when possible, depositions will be scheduled on an agreeable date or dates so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness.

| **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|
| Plaintiff proposes that the scheduling and location of depositions in these cases can be negotiated in good faith between the parties, within the limits permitted by the Rules and any other controlling law.  If any dispute arises, the parties will seek resolution with the Court. | Defendants propose that Plaintiff agree to make Dr. Robert Freidson, a named inventor of the '875 patent and Chief Technology Officer of Skky, available for deposition in the United States.   (Dr. Friedson currently resides in Russia.) |

**(d)**  **Expert Discovery**

   The parties anticipate that they will require expert witnesses at time of trial.  Plaintiff anticipates providing reports from and calling up to four experts, in each case, including rebuttal experts, in the possible fields of: computer science, wireless transmission, industry standards and practices related to mobile media in the adult entertainment and ringtone industries, and damages.  Each defendant anticipates providing reports from and calling up to four experts, in its respective case, including rebuttal experts, in the possible fields of: computer science, wireless

transmission, industry standards and practices related to mobile media in the adult entertainment and ringtone industries, and damages.

   (1)  Identification of experts

     (a)  Each party must identify to the opposing party the experts who will provide a report concerning the issues on which that party has the burden of persuasion no later than 15 days after the Court issues the claim construction order.

     (b)  If the Court states that it will not issue a claim construction order, the parties must identify experts who will provide a report concerning the issues on which that party has the burden of persuasion by 15 days after the Court issues its statement that it will not issue a claim construction order.

   (2)  No later than 50 days after the Court issues the claim construction order or statement that it will not issue a claim construction order, the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

   (3)  Within 30 days after the initial expert reports are exchanged, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

   (4)  The procedures for expert discovery as provided by Federal Rule of Civil Procedure 26(b)(4) shall govern expert discovery.  For the avoidance of doubt, the parties have requested the Court to include the following statement concerning expert discovery: The parties shall not seek drafts of expert reports, declarations, affidavits, or notes taken by experts retained to testify in this case.  The parties shall not seek documents relating to

communications only between experts and counsel, including e-mail communications and invoices, except for documents, information and things included in or attached to such communications that are considered by the expert in his or her expert report, declaration, affidavit, or testimony.  The parties shall not inquire at deposition or trial as to the contents of drafts of expert reports, declarations, affidavits, or notes pertaining thereto, and the parties shall not inquire at deposition or at trial as to the expert's communications, written or oral, with only counsel, except to the extent that the expert explicitly references or cites information from counsel in his or her expert report, declaration, affidavit, or testimony.  Notwithstanding any of the foregoing, the parties can inquire about anything the expert considered in forming his or her opinions.

The parties shall, however, identify and produce copies of any documents referenced or cited by the expert in his or her expert report.  Furthermore, the parties are not restricted from (i) inquiring into the basis of any of the opinions expressed by any experts in his or her report, declaration, or affidavit, including the manner by which such opinions were reached, and information considered in reaching such opinions; or (ii) otherwise inquiring into the process by which an expert report, affidavit, or declaration was drafted, provided that, in so doing, the parties may not discover the contents of any such drafts of expert reports, declarations, affidavits, or notes pertaining thereto. Notwithstanding the above, the parties may discover all facts and data (including documents) considered by the expert in forming his/her opinions.

(5)     All expert discovery shall be completed within 30 days after the rebuttal expert reports are exchanged.

**(e)      Discovery Relating to Claim Construction Hearing**

(1)      Plaintiff shall serve its Claim Chart prior to this deadline to the party defending against infringement by February 24, 2014. The title of the Claim Chart shall identify the party serving it.  The Claim Chart is separate from any chart that may be provided by an expert witness for the Plaintiff.

This Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim [**Defendants' Proposal**: and the applicable statutory subsection of 35 U.S.C. § 271 under which each claim of the patent is infringed]; (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present; [**Defendants' Proposal**: (4) the priority date to which each asserted claim is entitled].  If there is a contention of infringement of any claims under the doctrine of equivalents, the party alleging infringement shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, that party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.  [**Defendants' Proposal**:  For each claim that is alleged to have been indirectly infringed, the chart shall include an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.]  Plaintiff may amend its claim chart only by leave of the Court for good cause shown.  The parties agree that facts or information discovered after this exchange constitutes good cause.  [**Defendants' Proposal**: The Parties agree that any relevant, non-privileged information related to infringement and not included in this Claim Chart is properly the subject of discovery.][**Plaintiff's Proposal**: There is no

need for this type of statement.  Plaintiff will, as it expects Defendants to do, respond to all proper and timely discovery requests.]

(2)    Any party defending against infringement shall serve its Responsive Claim Chart to the party alleging infringement by March 24, 2014. The title of the Responsive Claim Chart shall identify the party serving it.

The Responsive Claim Chart shall indicate with specificity the elements, on the Claim Chart of the party alleging infringement, which it admits are present in its accused device or process, and which it contends are absent. In the latter regard, the party defending against infringement will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, the party defending against infringement shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.  Defendant may amend its claim chart only by leave of Court for good cause shown.

(3)    On or before [**Plaintiff's Proposal**: May 28, 2014] [**Defendants' Proposal**: June 24, 2014] the parties shall simultaneously exchange a list of claim terms, phrases, or clause that each party contends should be construed by the Court. On or before [**Plaintiff's Proposal**: June 25, 2014] [**Defendants' Proposal**: August 1, 2014], the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes and will make this

exchange on or before [**Plaintiff's Proposal**: June 13, 2014] [**Defendants' Proposal**: July 18, 2014].

At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(4)     Following the parties' meet and confer described above, and no later than [**Plaintiff's Proposal**: July 11, 2014] [**Defendants' Proposal**: August 25, 2014] the parties must file a joint patent case status report.  The report shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

(A)     The construction of those claim terms, phrases, or clauses on which the parties agree;

(B)     Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification and prosecution history that support that construction, and an

- 16 -

identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art.

(C)     Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

(5)     If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

(A)     Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

(B)     Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

(C)     A briefing schedule.

**(f)     Discovery Relating to Validity/Prior Art**

(1)     No later than [**Plaintiff's Proposal**: April 14, 2014] [**Defendants' Proposal**: April 24, 2014], Defendants shall serve to the Plaintiff a consolidated Prior Art Statement listing of all of the prior art on which they will rely, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement.

(2)     No later than [**Plaintiff's Proposal**: May 14, 2014] [**Defendants' Proposal**: May 27, 2014],  the Plaintiff shall serve its own Prior Art Statement, in which it will state in detail its position on what the prior art relied upon by the opposing party

shows, if its interpretation differs, and its position on why the prior art does not invalidate the asserted patent claims.

(3)     The Prior Art Statements can be, but need not be, in the form of expert reports.  If a Prior Art Statement is submitted in the form of expert reports, the deadlines in paragraph (f) govern and are not extended by any different expert discovery deadlines.

(4)     A party can add prior art to its original Statement only by leave of the Court.

**(g)     Other Discovery Issues**

(1)     A party may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of indirect infringement and/or willful infringement, if any, [**Plaintiff's Proposal**: no later than October 14, 2014] [**Defendants' Proposal**: until 10 days after the claim construction order] provided that all relevant privileged documents are produced [**Plaintiff's Proposal:** no later October 31, 2014] [**Defendants' Proposal**: no later than 15 days after the claim construction order].  All additional discovery regarding the waiver will take place thereafter and shall be completed by [**Plaintiff's Proposal:** December 5, 2014 **[Defendants' Proposal:** the deadline for fact discovery].

(2)     The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and present the following joint or individual proposals:

There is no need to conduct any phase discovery.

(3)     The parties have submitted [an agreed Protective Order] [proposed Protective Orders] with this report.  There are remaining issues related to the protective order, such as the production of electronically stored information, the location of source

code viewing computers, whether there will be representative source code versions, and whether the viewing computer will be available at depositions and trial.  The parties will provide a supplemental protective order once these issues have been resolved.

(4)     Defendants anticipate that discovery from entities located in foreign countries may be necessary.  Plaintiff has not made any determination if discovery from foreign entities will be necessary.

**(h)     Electronic Discovery**

The parties agree to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information.  Electronically stored information shall be produced in the format in which they are kept in the ordinary course of business or in an electronic format to be agreed upon by the parties.  The parties will meet and confer regarding the scope and logistics of document production.

**(i)     Electronic Service**

The parties hereby consent in writing that service by electronic means shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the serving party does not learn that the transmission failed.  The parties agree that a discovery request is deemed served on a particular day if sent by 6 pm Central Time on that calendar day; otherwise it is deemed served on the next calendar day.

**(j)     Discovery Definitions**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**(k)    Motion Schedule**

(1)    Non-dispositive motions. The parties recommend that all non-dispositive motions be filed and served on or before the following dates:

(A)    All motions that seek to amend to add parties must be served on or before February 27, 2014.

(B)    All motions that seek to amend the pleadings must be served on before May 12, 2014.

(C)    All non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be served and filed within 15 days after the close of fact discovery.  This shall not include motions *in limine*.

(D)    All non-dispositive motions and supporting documents which relate to experts shall be served and filed within 15 days after the close of expert discovery.

(E)    All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

(F)    All motions *in limine* shall be filed and served 30 days before the Final Pretrial Conference.

(2)    Dispositive motions. The parties recommend that all dispositive motions be filed and served by the following dates:

(A)    All dispositive motions shall be served and filed by the parties by May 12, 2015.

(B)    All dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

**(l)    Trial-Ready Date**

(1)    The parties agree that the case will be ready for trial on or after September 24, 2015.

(2)    Plaintiff proposes that the anticipated length of trial per defendant or defendant group is 5 days and that the trials should be scheduled sequentially one after the other, resulting in 30 total days for trial.  Defendants Thumbplay Ringtones, LLC proposes that the anticipated length of trial for its case is 7 days.  Dada Entertainment, Inc. also anticipates 7 days for trial.   Defendant Myxer, Inc. proposes that the anticipated length of its trial is 7 days.  Defendants Manwin, Vivid, and Playboy each propose that the anticipated length of their individual trials is 8 days each.

(3)    A final pretrial conference should be held on or before September 12, 2015.

**(m)    Settlement**

The parties have engaged in early resolution discussions.  These discussions included in-person meetings by counsel for the parties.  The parties continue to explore the possibility of early resolution.  The parties may request a settlement conference with the Court in the future.

**(n)    Trial by Magistrate**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

**(o) Tutorial Describing the Technology and Matters in Issue**

If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall jointly submit a letter to the Court, asking whether the Court wishes to schedule a tutorial and proposing the timing and format of the tutorial.

**(p) Patent Procedure Tutorial.**

The parties do not agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

Dated:  November 14, 2013

_/s/ Ryan M. Schultz_____
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan M. Schultz (0392648)
Benjamen Linden (0393232)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612). 349-8500

Andrew D. Parker (0195042)
PARKER ROSEN, LLC
300 First Avenue North, Suite 200
Minneapolis, MN 55401

*Attorneys for Plaintiff*

*/s/ Emily M. Wood*

David L. Witcoff (pro hac vice)
dlwitcoff@jonesday.com
Timothy J. Heverin (pro hac vice)
tjheverin@jonesday.com
Emily M. Wood (pro hac vice)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:   +1.312.782.3939
Facsimile:   +1.312.782.8585

David J.F. Gross
david.gross@FaegreBD.com
Theodore M. Budd
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS
DADA ENTERTAINMENT, INC. AND
THUMBPLAY RINGTONES, LLC


*s/ Michelle A. Moran*

Cynthia J. Rigsby (*admitted pro hac vice*)
Michelle A. Moran (*admitted pro hac vice*)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone:  (414) 271-2400
Fax:  (414) 297-4900
Email: crigsby@foley.com
mmoran@foley.com


Jason A. Lien (#028936)
Laurence J. Reszetar (#0386981)

Maslon Edelman Borman & Brand, LLP
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Fax: (612) 672-8397
Email: Jason.Lien@Maslon.com
 Laurence.Reszetar@Maslon.com


*Attorneys for Defendant and Counterclaim-Plaintiff*
*Myxer, Inc*

   /s/Frank Gasparo
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
jmiller@berensmiller.com
Frank M. Gasparo
(Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com

Attorneys for Manwin USA, Inc., Manwin Holding,
s.ar.l, Vivid Entertainment, LLC, Playboy
Enterprises, Inc.