# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | Civil No. 13-2070 (PJS/JJG) |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| Myxer, Inc., | |
| Defendant. | |
| Skky, Inc., | Civil No. 13-2072 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Thumbplay Ringtones, LLC, | |
| Defendant. | |
| Skky, Inc., | Civil No. 13-2083 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Dada Entertainment, Inc., | |
| Defendant. | |
| Skky, Inc., | Civil No. 13-2086 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Manwin USA, Inc., and Manwin Holding, s.ar.l, | |
| Defendants. | |

| | |
|---|---|
| Skky, Inc., | Civil No. 13-2087 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Vivid Entertainment, LLC, | |
| Defendant. | |
| Skky, Inc., | Civil No. 13-2089 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |

Pursuant to the Stipulation for Protective Order entered into by the parties, seeking an order designating that certain information and documents may be disclosed only in designated ways,

**IT IS HEREBY ORDERED** that the Stipulation is **ADOPTED**, as modified by the Court in paragraphs 17 and 18, and confidential information shall be disclosed only in the following ways:

1.      **Definitions**.   As used in this Protective Order, these terms have the following meanings:

a.      "Attorneys" means outside counsel of record for a Party or Third Party;

b.    "Confidential Information" means non-public information that the Producing Party in good faith contends to constitute or contain information that is (i) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (ii) not generally known in the context or form as known by the Producing Party; (iii) not normally revealed to the public or Third Parties or, if disclosed to Third Parties, is such that the Producing Party would require such Third Parties to maintain the information in confidence; or (iv) information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c);

c.    "Confidential" documents or information are materials designated pursuant to paragraph 2;

d.    "Confidential – Outside Counsel's Eyes Only" documents or information are materials designated pursuant to paragraph 3;

e.    Confidential Attorneys' Eyes Only – Source Code" documents or information are materials designated pursuant to paragraph 4.

f.    "Confidential Material" means all documents and things, including discovery and testimony, designated "Confidential" or "Confidential - Outside Counsel's Eyes Only";

g.    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

3

h. "Producing Party" means the Party or Third Party that produces documents or things, or makes documents or things available for inspection, in this litigation; and

i. "Receiving Party" means the Party or Third Party that receives access to materials produced or made available for inspection by a Producing Party.

2. **"Confidential" Information or Materials.** A Party or Third Party may designate any material "Confidential" for protection under this Protective Order where that material constitutes or discloses Confidential Information.  Material properly designated as "Confidential" includes, but is not limited to, confidential research, development, technical, or commercial information, as well as other such information to which the Receiving Party and Third Parties would not have access but for this litigation.

3. **"Confidential - Outside Counsel's Eyes Only" Information or Materials.** A Party or Third Party may designate any Confidential Information "Confidential - Outside Counsel's Eyes Only" for protection under this Protective Order where that material constitutes or discloses extremely sensitive Confidential Information, the disclosure of which to another Party or Third Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.  "Confidential - Outside Counsel's Eyes Only" information or materials include, but are not limited to: (a) highly sensitive information relating to the development of products; (b) highly sensitive current or future business or marketing plans; (c) highly sensitive financial

4

information or forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent, trademark, and copyright applications, foreign or domestic, unless published or otherwise publicly available; and (e) any other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is of such a nature and character that the unauthorized disclosure of such information could irreparably injure the Producing Party. Materials designated as "Attorneys' Eyes Only," "Confidential - Outside Counsels' Eyes Only," "Confidential - Outside Counsel's Eyes Only," "Highly Confidential – Attorneys' Eyes Only," "Confidential – Outside Attorneys' Eyes Only," or the like shall be treated under this Protective Order as if they are designated as "Confidential - Outside Counsel's Eyes Only."

4.     **Confidential - Outside Counsel's Eyes Only – Source Code" Information or Materials.**  To the extent production of computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module ("Source Code") becomes necessary to the prosecution or defense of the litigation, a producing party may designate Source Code as "Confidential Attorneys' Eyes Only – Source Code" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.  All Source Code produced pursuant to this Protective Order that is marked as "Confidential Attorneys' Eyes Only - Source Code" shall be entitled to be treated as Confidential Attorneys' Eyes Only Protected Material, in addition to the other protections afforded such Source Code herein.

Nothing in this Protective Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to produce any Source Code. Discovery Material designated as "Confidential Attorneys' Eyes Only – Source Code" is subject to the provisions set forth below and may be disclosed only to individuals in categories 7(a)-(e) *infra*.

Prior to the first inspection of any requested piece of Source Code, the requesting party shall provide 28 calendar days notice of the Source Code that it wishes to inspect. The requesting party shall provide 10 calendar days notice prior to any additional inspections. The Plaintiff and each Defendant shall discuss in good faith whether it is possible to agree to a single representative version of the source code for each accused product. Source Code that is designated "Confidential Attorneys' Eyes Only - Source Code" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the producing party:

a. The Producing Party will produce the Source Code so that it may be reviewed on a computer ("Viewing Computer") and in a format or formats that are computer searchable. All source code shall be made available by the producing party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and with all input/output ports (such as USB) blocked to the extent necessary and appropriate to prevent and protect against any

unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the Viewing Computer. The secure room will have telephone in it that may be used by the Receiving Party's counsel and/or experts. The receiving party is not permitted to bring any electronic devices into the secure room.

b.     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code, but may not copy the source code into the notes and may not take such notes electronically or on any electronic device. Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "Confidential Attorneys' Eyes Only – Source Code." No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. Counsel for Producing Party is not permitted to review any notes made by the Receiving Party's representatives. The Producing Party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that no unauthorized electronic records of source code are being

created or transmitted in any way.  The person who visually monitors the activities of the Receiving Party's representatives during any Source Code review shall not work on the case and shall not disclose any communications of the Receiving Party or its consultants overheard during the Source Code review, unless the person suspects a violation of this Order.

c.   The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Producing Party shall provide a list of all such software that is installed on the Viewing Computer 14 calendar days in advance of the first viewing. If programs are removed or added after this notice, then Producing Party shall provide prompt notice of such changes to Receiving Party.  The Receiving Party's outside counsel and/or experts may make a reasonable request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or

DVD containing such licensed software tool(s) at least 7 calendar days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Viewing Computer, or otherwise indicate where such licensed software tools(s) are readily available, at the Receiving Party's expense, for downloading and installing by the Producing Party on the Viewing Computer.

d.      The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Viewing Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. Monday to Friday.

e.      The Receiving Party may designate to be copied portions of the source code that are reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and related drafts and correspondence. In no event may the receiving party request the printing of more than 50 consecutive pages of a continuous block of Source Code, or an aggregate total of more than 750 pages of Source Code during this case per version of Source Code related to each accused device or product without good cause shown.  These page limits are not a limit on what may be presented as an offer of proof at trial.   The Producing Party shall make one paper copy of the

designated portions and produce it to the receiving party within 7 calendar days of the request, or such additional time as necessary due to volume requested, unless objected to as discussed below. The copy will be designated "Confidential Attorneys' Eyes Only – Source Code" by the Producing Party. At the Receiving Party's request, up to three additional sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare Source Code Documents as discussed below.

f.  Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "Confidential Attorneys' Eyes Only – Source Code" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach in an exhibit, expert report, discovery document, deposition exhibit, exhibit at trial, or

other Court document, provided that the source code is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. The Producing Party will make the Viewing Computer available at a deposition or trial upon request by the Receiving Party.

g. All persons who will review a producing party's Source Code on behalf of a receiving party shall be identified in writing to the producing party at least 7 calendar days in advance of the first time that such person reviews such source code. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code viewing room to view the Source Code and when they enter and depart. The producing party shall be entitled to a copy of the log. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any state of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.

h.     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Protective Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

i.     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

All paper copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to a court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

5.      **Prosecution Bar**.  Absent written consent from the Producing Party, any individual who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of any patents or patent applications on behalf of the Parties related to the wireless transmission or downloading of data, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  For purposes of this paragraph, "prosecution" does not include representation of a party or involvement in review proceedings before the Patent Office, including *inter partes* review, covered business method patent review, reissue protest, derivation proceedings, supplemental examination, *ex parte* reexamination, or post-grant review.   This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials or information is first reviewed by the affected individual and shall end two years after final termination of this action including any appeals.  This Prosecution Bar applies to each individual reviewing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and does not impute to the law firm or company who employs the individual.

6.      **Effect of Designation.**  The designation of Confidential Material shall constitute a representation that an Attorney believes there is a valid basis for such

designation.   The designation of, or failure to designate, information as Confidential

Material may not, however, be used against the Producing Party as an admission or

concession that the designated information is, or is not, in fact confidential, proprietary, a

trade secret, or otherwise sensitive.

      7.    **Use of Information.**    Unless otherwise agreed to in writing by the

Producing Party or directed by a court of competent jurisdiction, all Confidential Material

shall be used solely for the purpose of this litigation and any appeal thereof, and no

person receiving such documents or information shall, directly or indirectly, transfer,

disclose, disseminate, or communicate in any way the contents of the Confidential

Material to any person other than those specified in paragraphs 7–8.  Prohibited purposes

include, but are not limited to, use of Confidential Material for competitive purposes.

This Protective Order has no effect upon, and shall not apply to, any Producing Party's

use of its own Confidential Material for any purpose.   With the exception of the

provisions set forth in this Order, nothing in this Protective Order shall prevent or

otherwise restrict Attorneys from rendering advice to their clients and, in the course of

rendering such advice, relying upon the examination of Confidential Material.   In

rendering such advice and otherwise communicating with their clients, however,

Attorneys shall not disclose the contents, substance, or source of a Producing Party's

Confidential Material, except as permitted by this Protective Order.

8.      **Access to Confidential Material Designated "Confidential - Outside Counsel's Eyes Only"**  Access to any Confidential Material designated as "Confidential - Outside Counsel's Eyes Only" shall be limited to:

    a.      The Court and its officers;

    b.      Attorneys and their associates, legal assistants, investigators, and stenographic and clerical employees, so long as their duties and responsibilities require access to Confidential Material;

    c.      Court reporters retained to transcribe testimony in this litigation;

    d.      Outside experts and consultants retained by at least one Party or its Attorneys for purposes of this litigation, including their support, administrative and clerical staff, to the extent necessary to assist the Party in this litigation;

    e.      Up to and including two designated in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, such designated person to be identified in Exhibit C.

    f.      Litigation vendors retained by at least one Party or its Attorneys for the purpose of outside photocopying, imaging, database, graphics, translation and design services to assist such counsel in this litigation;

g.      Jury consultants retained by at least one Party or its Attorneys for purposes of this litigation (including, but not limited to, mock jurors), including their support, administrative, and clerical staff, to the extent necessary to assist the Party in this litigation;

h.      Any person who appears as an author, recipient, or addressee on the face of the document; and

i.      Any person for whom prior authorization is obtained from the Producing Party or the Court.

9.      **Access to Confidential Material Designated "Confidential."**   In addition to the persons identified in Paragraph 8, Confidential Material designated as "Confidential" may be disclosed to the Designated Persons identified in Exhibit B hereto. Each Party is limited to no more than three (3) Designated Persons.   In addition to meeting the requirements of Paragraph 10, a Party may substitute a Designated Person by providing prior written notice to all Parties to this Protective Order of the name of the newly Designated Person and the name of the person to be removed from Exhibit B, and obtaining written acknowledgement from all Parties to this Protective Order that there are no objections to the substitution.

10.      **Written Assurance.**   Each person appropriately designated pursuant to Paragraphs 8(c), 8(d), 8(e), or Designated Persons pursuant to Paragraph 9 shall execute a "Written Assurance" in the form attached as Exhibit A.   Attorneys for all Parties shall receive written notification at least 14 calendar days prior to disclosure of any

Confidential Materials to any person designated pursuant to Paragraphs 8(c), 8(d), 8(e), or Designated Persons pursuant to Paragraph 9. Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit the Producing Party to object to the disclosure. With regard to any person designated pursuant to Paragraph 8(d), the description of the person to whom disclosure is sought must include at least:

a.  the person's name;

b.  the person's business address;

c.  the person's business title;

d.  the person's business or profession;

e.  any previous, current, or anticipated relationship (personal or professional) with any of the Parties;

f.  a listing of all other cases in which, during the previous four (4) years, the person has testified at trial or by deposition; and

g.  a listing of all companies with which the person has been employed or consulted within the last four (4) years. (In the case of any outside attorney hired as an independent expert or consultant, the attorney is not required to disclose all clients whom that attorney has represented within the last four (4) years, except for those clients who are direct competitors of one or more of the Parties in this case.

In the case of confidential consulting relationships, the person shall provide a description of his or her client's business and industry.)

If a Producing Party, based on a good-faith basis, objects in writing under this paragraph to the disclosure of Confidential Material to any person, no disclosure may be made until the Producing Party withdraws its objection or the Court overrules the objection. If a Producing Party does not object to the disclosure of Confidential Material under this paragraph, the Producing Party is deemed to consent to the proposed disclosure.

11.     **Third-Party Materials.**   Third Parties producing materials in the course of this litigation may also designate such materials as "Confidential" or "Confidential - Outside Counsel's Eyes Only" subject to the same protections and constraints as the Parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. All materials produced by such Third Parties shall be treated as "Confidential - Outside Counsel's Eyes Only" information for a period of 14 calendar days from the date of their production to any Party in this litigation, regardless of the designation on those materials by the Third Party and thereafter, treated in accordance with the designation made by the Producing Party, subject to the provisions of Paragraph 18.

12.     **Handling of Confidential Material.**    Any person in possession of Confidential Material shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such information to ensure that their confidential nature is maintained. No person receiving Confidential Materials may, directly or indirectly,

transfer, disclose, or communicate in any way the information included within Confidential Materials to any person other than those specified in Paragraphs 7–8, and only as specified in this Protective Order.

13. **Use of Confidential Information at Deposition.**  To the extent that Confidential Material is used in deposition, at hearings, or at trial, such Confidential Material shall remain subject to the provisions of this Order, along with the transcript of the proceedings referring to the Confidential Material.  All depositions or portions of depositions taken in this litigation that contain Confidential Information may be designated "Confidential" or "Confidential - Outside Counsel's Eyes Only" and thereby obtain the protections accorded other similarly designated Confidential Materials. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 calendar days of receipt of the rough or final transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential - Outside Counsel's Eyes Only" during the thirty (30) calendar day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

14. **Inadvertent Failure to Properly Designate Documents.**  Any Party that inadvertently fails to designate information as Confidential Materials shall have at least 14 calendar days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the

inadvertently produced documents.  Any Party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

15.  **Inadvertent Disclosure of Privileged Documents.**  The inadvertent production or disclosure of any document or thing protected by the attorney-client privilege, common interest privilege, work-product immunity, or that is otherwise immune from discovery shall not operate as a waiver of any such privilege or immunity. After learning of the inadvertent production or disclosure, the Producing Party must send to any Receiving Party or Parties a written request for the return or destruction of such documents or things.  Upon receiving such a request, the Receiving Party or Parties shall *immediately* take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the Producing Party of compliance with this Paragraph.  If the Receiving Party or Parties disclosed the inadvertently produced document or thing before being notified by the Producing Party, the Receiving Party or Parties must take reasonable steps to retrieve the inadvertently produced document or thing.

a.  If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege, common interest privilege, work-product immunity, or that is otherwise immune from discovery, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing

Party or the Receiving Party certifies compliance with this Paragraph.  Within 10 calendar days after receiving such notification, the Producing Party shall provide to the Receiving Party a privilege log identifying all such returned or destroyed documents and things and state the basis for the claim of privilege or immunity. Within 10 calendar days after receiving such a privilege log, and after the Parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel production of such documents and things, the protection of which is still disputed.  If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege, common interest privilege, work-product immunity, or that they are otherwise immune from discovery.

b.    With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, the Receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

  c.  In no event, however, shall the return or destruction of documents under this Paragraph be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel.  Furthermore, until and unless such motion to compel is granted, the Receiving Party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

16. **Filing Confidential Materials With The Court.**  Only those portions of a party's submission which otherwise meet the requirements of protection from public filing under the attorney-client privilege, work product doctrine, common interest privilege, or the standards articulated in Fed. R. Civ. P. 26(c)(1) shall be filed under seal. Where a party that wishes to file Confidential Material designated by another Party disagrees with such designation, the Parties shall undertake reasonable efforts to communicate before filing documents or memoranda described in this paragraph to ensure that only the minimum amount of material the parties ask the Court to consider will be filed under seal.  Any material filed under seal for the Court's consideration will be filed in accordance with the procedures set forth in the local rules and the standard procedures of the Court.

17. Designation by a party of material as protected pursuant to this Protective Order cannot be used as the sole basis for filing material under seal in connection with a

dispositive or trial-related motion.  Only those portions of a party's submission which otherwise meet the requirements of protection from public filing under the attorney-client privilege, work product doctrine, or the standards articulated in F.R.C.P. Rule 26(c)(1) shall be filed under seal.  The parties shall meet and confer before filing documents or memoranda described in this paragraph to ensure that only the minimum amount of material the parties ask the Court to consider will be filed under seal.

18.     Any material filed under seal for the Court's consideration shall include a hand-delivered copy to chambers.

19.     **Challenges to Designation.**   At any time after the delivery of any Confidential Material, the Receiving Party may challenge the Producing Party's designation of all or any portion thereof by providing written notice thereof to the Producing Party.  If the Parties are unable to agree as to whether the designation is appropriate, the Receiving Party shall notify the Producing Party in writing that it maintains its objection to the designation of all or a portion of the designated material. Thereafter, the Producing Party shall have 14 calendar days from the date of this notice to file a motion for protective order with regard to any such documents in dispute.  The Producing Party shall have the burden of establishing that the disputed documents are entitled to confidential treatment as provided in this Protective Order.  If the Producing Party does not timely file a motion for a protective order, then the documents in dispute shall no longer be subject to confidential treatment as provided in this Protective Order. All designated documents are entitled to confidential treatment as provided in this

Protective Order unless and until (i) the Parties agree in writing to the contrary, (ii) a Producing Party fails to timely file a motion for a protective order, or (iii) a contrary determination is made by the Court as to whether all or a portion of a designated document is entitled to confidential treatment as provided in this Protective Order.

20. **Use of Independently Obtained, Unrestricted, Public, or Produced Information.** This Protective Order shall *not* impose any restrictions on (i) the use of disclosure by a Party of information or material properly obtained by the Party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation) or (ii) a Party from disclosing its own confidential information as it deems appropriate. This Protective Order also shall not apply to information that (iii) was properly known to the Receiving Party before it was disclosed in this litigation, (iv) is or became party of the public knowledge through no breach of the provisions of this Protective Order, (v) is independently developed by the Receiving Party without access to the Confidential Material of the Producing Party, or (vi) is disclosed to the Receiving Party by a Third Party without restriction as to the disclosure, so long as the Third Party has the right to disclose the information to the Receiving Party.

21. **Return or Destruction Upon Termination of Litigation.** Within 60 calendar days of the termination of this litigation, including any appeals, each Receiving Party shall either destroy or return to the Producing Party or Parties all documents designated by the Producing Party or Parties as "Confidential," or "Confidential - Outside Counsel's Eyes Only," and all copies of such documents, and shall destroy all extracts

and/or data taken from such documents.  Each Receiving Party shall provide to the Producing Party or Parties a certification as to such return or destruction as within the 60 calendar day period.  Attorneys shall, however, be entitled to retain an archival set of all documents filed with the Court, all correspondence generated in connection with the litigation, all attorney work product, expert reports, deposition and trial transcripts and exhibits, and discovery responses (but not document production) exchanged by the Parties.  Any materials designated "Confidential" or "Confidential - Outside Counsel's Eyes Only" included in the archival copy shall remain subject to the provisions of this Order.  Within 60 calendar days following the expiration of the last period for appeal from any order issued in connection with this litigation, the Parties shall remove any Confidential Materials from the office of the Clerk of Court.  Following that 60 day period, the Clerk of Court shall destroy all Confidential Materials.

22.    **Modification of the Protective Order.**  Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

23.    **No Waiver of Any Claim or Defense.**  No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

24.    **Subpoena or Court Order.**  If a Receiving Party is served with a subpoena or Court order that would compel disclosure of any Confidential Materials of another

Party, then no more than 10 calendar days after receiving the subpoena or order, the requesting party must (1) notify the Producing Party, in writing (by email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the materials covered by the subpoena or order are subject to this Protective Order; and (3) deliver a copy of this Protective Order to the party that caused the subpoena or order to issue.  The purpose of these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party an opportunity to seek protection for its Confidential Materials in the court from which the subpoena or order issued.  The Producing Party shall bear the burden and expense of seeking protection in that court. Nothing in this provision should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

25.    **Survival of Protective Order.**  The obligations imposed by this Protective Order shall survive the termination of this litigation including appeals.

Dated:  November 22, 2013          *s/ Jeanne J. Graham*
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____in the city of _____ , county _____ , state of _____ ; I am currently employed by _____ located at _____and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. 13-cv-02070 and related cases, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential - Outside Counsel's Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____       _____
                        (Date)                                      (Signature)

**EXHIBIT B**

**DESIGNATED PERSONS**

| PARTY | DESIGNATED PERSONS |
|-------|--------------------|
|       |                    |
|       |                    |
|       |                    |
|       |                    |
|       |                    |
|       |                    |
|       |                    |
|       |                    |
|       |                    |

**EXHIBIT C**

**DESIGNATED PERSONS**

| PARTY | DESIGNATED PERSONS |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |