# EXHIBIT 4



# PARKER ■ ROSEN
### Wise Counsel. Winning Results.

| HOME | PEOPLE | OUR FIRM | PRACTICE AREAS | NEWS | RESOURCES | CONTACT |

## Contact Us

888 Colwell Building
123 Third Street North
Minneapolis, Minnesota 55401

Tel: 612.767.3000
Fax: 612.767.3001

Andrew D. Parker

Daniel N. Rosen

Frederick C. Brown

Mark J. Kiperstin

Anthony G. Edwards


Barbara Livick

Mark Kennedy

## Maps & Directions

View Larger Map »

**Directions from the East**: Take I-94 west to Minneapolis. Take the 11th Street exit (one way) and follow 11th Street. Turn right on Hennepin Ave. Turn left on Fifth Street North. Turn right on Second Avenue North. Drive one block, crossing Fourth Street North. There is a municipal parking ramp (Ramp C) immediately on your left. This is an inexpensive, safe and well lit parking alternative to parking on the street. Leaving the parking lot, turn to the left. Walk to the corner of Third Street North and Second Avenue, where our building is located. Our address is 123 Third Street North. Our offices are on the eighth floor..





**Directions from the West**: Take I-394 east to Minneapolis. Take the 4th Street exit. Turn left on Second Avenue north and cross through the intersection of Second Avenue and Fourth Street North. There is a municipal parking ramp (Ramp C) immediately on your left. This is an inexpensive, safe and well lit parking alternative to parking on the street. Leaving the parking lot, turn to the left. Walk to the corner of Third Street North and Second Avenue, where our building is located. Our address is 123 Third Street North. Our offices are on the eighth floor.

**Directions from the North (from I-94):** Take I-94 east to Minneapolis. Take the 4th Street ext. Turn left on Second Avenue north and cross through the intersection of Second Avenue and Fourth Street North. There is a municipal parking lot immediately on your left. This is an inexpensive, safe and well lit parking alternative to parking on the street. Leaving the parking lot, turn to the left. Walk to the corner of Third Street North and Second Avenue, where our building is located. Our address is 123 Third Street North. Our offices are on the eighth floor.

**Directions from the North (from I-35W):** Take I-35W south to Washington Ave. Turn right (west) on Washington Ave. Turn left on First Avenue. Drive three blocks to Fifth Street North and turn right. Turn right on Second Avenue North. Drive one block, crossing Fourth Street North. There is a municipal parking ramp (Ramp C) immediately on your left. This is an inexpensive, safe and well lit parking alternative to parking on the street. Leaving the parking lot, turn to the left. Walk to the corner of Third Street North and Second Avenue, where our building is located. Our address is 123 Third Street North. Our offices are on the eighth floor.

**Directions from the South**: Take I-35W north to Minneapolis. Take the MN-65/5th Ave. S exit. Continue to follow 5th Avenue South and turn left on Seventh Street and drive 8 blocks until Seventh Street Curves around The Target Center. Bear to the right on Second Avenue North and drive four blocks crossing Fourth Street North. There is a municipal parking ramp (Ramp C) immediately on your left. This is an inexpensive, safe and well lit parking alternative to parking on the street. Leaving the parking lot, turn to the left. Walk to the corner of Third Street North and Second Avenue, where our building is located. Our address is 123 Third Street North. Our offices are on the eighth floor.

© 2010 Parker Rosen, LLC | All Rights Reserved.

888 Colwell Building 123 Third Street North
Minneapolis, Minnesota 55401 Tel: 612.767.3000

Attorney Advertising. This web site is designed for general information only. The information presented at this site should not be construed to be formal legal advice nor the formation of a lawyer/client relationship.

# EXHIBIT 5



ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

Frank M. Gasparo
T 212 370 6273
F 212 307 5598
FMGasparo@Venable.com

January 16, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

**Re: Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087); Skky v. Myxer, Inc. (13-cv-2070); Skky v. Thumplay Ringtones, LLC (13-cv-2072); Skky v. Dada Entertainment, Inc. (13-cv-2083)**

Dear Ryan,

On behalf of all Defendants in the above-listed litigations ("Skky Litigations"), we write to raise an issue discovered recently concerning Skky's lead counsel of record and to request a meet and confer with all parties to discuss the same.

According to public records of the United States Securities and Exchange Commission ("SEC"), Andrew Parker is listed as *one of three Executive Officers of Skky Inc.*[1] (*See* SEC Form D attached hereto as Exhibit 1). We understand that this is the same Andrew Parker who currently serves as Skky's litigation counsel in the Skky Litigations.[2] If true, we have serious concerns that his role directly impacts the parties' Protective Order and his ability to serve as counsel in this case – which potentially violates Minnesota Rule of Professional Conduct 3.7.[3] Indeed, that

---

[1] The named inventors of the patent-in-suit, John Mikkelsen and Robert Friedson, are the only other Executive Officers listed. And while Messrs. Mikkelsen and Friedson were disclosed in Skky's Rule 26 disclosures, Mr. Parker was not.

[2] Indeed, SEC Form D lists 123 North Third Street (888 Colwell Building) Minneapolis, MN as the mailing address for Mr. Parker and the other Skky Executive Officers – and as Skky's principal place of business. That is the same professional address Mr. Parker provided to the Court in the Skky Litigations as reflected by the public docket.

[3] Given, *inter alia*, Mr. Parker's role as Executive Officer he will likely be a necessary fact witness in the Skky Litigations. This is particularly true since Skky lists Mr. Parker's Law Firm



a Skky Executive Officer is contemporaneously serving as its litigation counsel effectively eviscerates certain protections provided by the Protective Order (*see e.g.,* Protective Order ¶¶ 3-4), and we are particularly concerned that Skky failed to raise this material fact during what we believed were good faith negotiations of that Order.

We therefore request that Skky provide forthwith its availability for a meet and confer on January 21 or 22 to discuss this issue in further detail.  Needless to say, the scheduling of 30(b)(6) depositions of Defendants and any production of highly-confidential discovery will be postponed until this matter is resolved and Defendants' confidentiality protections are restored.


Very Truly Yours,

s/ Frank M. Gasparo

Frank M. Gasparo


Enclosures

cc:     Timothy J. Heverin, Esq.
        Kevin Littman, Esq.
        Justi Rae Miller, Esq.

---

address as its principal place of business on Form D.  (*Compare* Exhibit 1 *with* Parker Rosen website material attached hereto as Exhibit 2).

# EXHIBIT 6



ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

January 17, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

**Re:  Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087)**

Dear Ryan:

I write in response to your email dated January 16, 2014.

As I made clear on our call yesterday, the Playboy, Manwin and Vivid defendants ("Defendants") will not agree to schedule any 30(b)(6) depositions until the serious issues raised in our January 16, 2014 letter are resolved, either between the parties or with court intervention. Although we are encouraged that Skky recognizes the gravity of this matter by offering – the same day of receiving our letter – to remove Andrew Parker as lead litigation counsel of record, we continue to have concerns.

Again, it is improper that Skky's Executive Officer is serving as lead litigation counsel in these actions because, *inter alia*, he may access highly confidential information under the parties' current Protective Order and will almost certainly be a fact witness in the case.  Defendants are equally concerned that this issue was not disclosed by Skky or its counsel at any point in this litigation, but that we had to discover it through our own research.  Indeed, Skky did not disclose this critical fact during the parties' negotiation of the Protective Order or prior to Mr. Parker's negotiations with Vivid last week.

It is also troubling that Skky has provided varied information regarding its principal place of business to the Court in these actions and to the United States Securities and Exchange Commission ("SEC").  In both its original and amended pleadings, Skky represents that its principal place of business is 825 E. Wayzata Blvd., Wayzata Minnesota 55391. (*See* Complaints dated July 31, 2013; Amended Complaints dated September 26, 2013).  However, on its SEC Form D disclosure, Skky lists its principal place of business as 888 Colwell Building, 123 North Third Street, Minneapolis Minnesota 55401 – which is the same address as the Parker Rosen law firm. If Skky is indeed operating out of the Parker Rosen law firm, we have even greater concerns regarding the role of Andrew Parker and the Parker Rosen firm in this litigation.



We will discuss Skky's proposed remedy with our clients, but anticipate seeking additional assurances, including that the Parker Rosen firm – not just Andrew Parker – confirm that it will not serve as counsel and will not have access to highly confidential information in this litigation.   Once this matter is resolved, Defendants will discuss mutually agreeable dates for the 30(b)(6) depositions – reserving all rights to object to Skky's notices and the 30(b)(6) topics listed therein.


                                        Very Truly Yours,

                                        s/ Todd M. Nosher

                                        Todd M. Nosher

cc:  Justi Rae Miller, Esq.

# EXHIBIT 7

ROBINS, KAPLAN, MILLER & CIRESI LLP

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RYAN M. SCHULTZ
rmschultz@rkmc.com
612-349-8408

January 20, 2014

**VIA E-MAIL**

Todd Nosher, Esq.
Venable LLP
1270 Avenue of Americas
New York, NY 10020
E-mail: TMNosher@venable.com

> *Re:*   *Skky, Inc. v. Manwin USA, Inc. et al*

Dear Mr. Nosher:

We are in receipt of your letters of January 16 and 17, 2014 regarding the representation of Skky, Inc. ("Skky") by Mr. Andrew Parker of Parker Rosen LLC in the litigations against your clients. Your allegations are improper and unfounded, and are apparently nothing more than a **delay** tactic by Defendants. Indeed, the various issues raised in your letters have no factual or legal foundation.

Defendants' assertion that Skky was required to disclose Mr. Parker's role as an executive for Skky is incorrect. Defendants have not served any interrogatories related to the corporate structure of Skky. As such, Skky has at no time, to date, been under any obligation to disclose this fact to Defendants. As noted by Defendants, this fact was public information.

Mr. Parker's representation of Skky in this litigation does not violate Rule 3.7. Mr. Parker is not an inventor of the '875 patent nor performed any legal patent services for Skky. His role as Chief Operating Officer is related to the operations of the company, which do not relate to any dispute in the litigations. To the extent his testimony could be needed, it would only be cumulative of testimony from other fact witnesses identified by Skky. Moreover, any testimony elicited from Mr. Parker would be quite peripheral and would likely be contained in a document admissible as an exhibit. *See Humphrey on Behalf of State v. McLaren,* 402 N.W.2d 535, 541 (Minn. 1987). As such, Mr. Parker would not provide any testimony that would be considered necessary under Rule 3.7. Thus, Defendants' assertion of a violation of Rule 3.7 is incorrect.

Mr. Nosher
January 20, 2014
Page 2

      As to Skky's corporate headquarter's address, the correct information was provided in each of the filings you have cited.  At the time of the initial and amended complaint, the corporate offices of Skky were located on Wayzata Blvd.  In November 2013, the corporate offices moved to the Colwell building.  The SEC filing in December reflected the new address.  There is no factual basis for Defendants' assertion that Skky has misrepresented or hidden any information regarding the location of Skky's corporate headquarters.  The fact is that the headquarters moved, and this move was accurately reflected in the respective filings.

      Mr. Parker has not had access to any highly confidential information in this case because Defendants have not produced any such information.  To the extent it would have been an issue, the parties could have modified the Protective Order to exclude Mr. Parker from receiving such information.

      Defendants' assertions and concerns regarding Mr. Parker are frivolous and factually erroneous.  Nonetheless, Skky will file the necessary paperwork this week to substitute Mr. Daniel Rosen of Parker Rosen LLC for Mr. Parker as one of the counsel of record for Skky in the litigations.  Your assertion that no one from Parker Rosen can be counsel of record for Skky is baseless. Indeed, you fail to cite any authority for such an assertion.  The substitution of Mr. Rosen for Mr. Parker as counsel of record alleviates any issue your clients may have regarding Skky's counsel and resolves any remaining issues on this topic.

      As for the depositions that have been noticed, those depositions will occur on the date and location provided in the notices.  First, your concerns regarding Mr. Parker's representation of Skky has no relation to the scheduling of these depositions.  Second, we have offered Defendants numerous occasions to provide dates and locations for these depositions, starting on Dec. 19, 2013 during one of our meet and confers regarding Defendants' discovery responses.  Defendants continue to refuse to provide this information.  In light of Defendants' failure to provide the information, we had no choice but to set the dates and locations.  As such, we will conduct these depositions at the dates and location provided in the notices.

      Regards,

      Ryan M. Schultz

# EXHIBIT 8



ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

January 24, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

**Re:  Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy
Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087)**

Dear Ryan,

We write further to Skky's *First Amended Notice of Deposition Pursuant to Rule 30(b)(6)* sent to
Defendants Manwin USA, Inc. Manwin Holding, s.a.r.l, Playboy Enterprises, Inc. and Vivid
Entertainment LLC (collectively "Defendants").

As we have now made clear multiple times, Defendants will not schedule 30(b)(6) depositions
until the serious matters raised in our letters dated January 16 and 17, and during our January 16
and January 24 meet and confer teleconferences, are resolved.  While Skky now recognizes that
it was inappropriate for its Chief Operating Officer to contemporaneously serve as lead litigation
counsel in the above-captioned litigations, its purported remedy in substituting Mr. Parker with one
of his two (2) legal partners this week is equally improper under the Minnesota Rules of Professional
Conduct.   *See*  M.R.P.C. 1.8(i) and (k).   That Skky has admittedly "moved" its "corporate
headquarters" to a suite shared by the Parker Rosen firm *after the filing of these actions* is equally
troubling.  Indeed, but for Defendants' own discovery of these material facts, Skky would have had
unfettered access to all of  Defendants' confidential and highly confidential information and source
code without Defendants ever being aware of the same.

Accordingly, and to be clear, the noticed 30(b)(6) depositions of Defendants will not take place on
your requested dates next week (*i.e.*, January 29-31).  Any decision to ignore this notice – and our
previous warnings – and travel to take such depositions will be done at Skky's own expense.  Once
the above matter is resolved, and the proper safeguards to Defendants' confidentiality are restored,
Defendants will discuss mutually agreeable dates and locations[1] for the 30(b)(6) depositions –
reserving all rights to object to Skky's notices and the 30(b)(6) topics.

---

[1] We note that your purported notices to Manwin and Playboy request depositions in New York.
But the recent Judgment from the Court of Quebec and the Quebec Business Concerns Records
Act prohibits, *inter alia*, depositions outside of Quebec.



Very Truly Yours,

s/ Todd M. Nosher

Todd M. Nosher


cc:      Timothy J. Heverin, Esq.
         Kevin Littman, Esq.
         Justi Rae Miller, Esq.

# EXHIBIT 9

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RYAN M. SCHULTZ
rmschultz@rkmc.com
612-349-8408

January 27, 2014

**VIA E-MAIL**

Todd Nosher, Esq.
Venable LLP
1270 Avenue of Americas
New York, NY 10020
E-mail: TMNosher@venable.com

     *Re:    Skky, Inc. v. Manwin USA, Inc. et al*

Dear Mr. Nosher:

     We are in receipt of your letter of January 24, 2014 regarding the representation of Skky, Inc. ("Skky") by Parker Rosen LLC in the litigations against your clients and the upcoming Rule 30(b)(6) depositions. The depositions that were properly and timely noticed will occur on the dates provided in the notices. Defendants have no basis to not attend these depositions, and Plaintiff will seek fees and costs associated with any failure of Defendants to attend under Rule 37.

     As I have told you several times, the substitution of Mr. Parker with Mr. Rosen was in no way acquiescing or agreeing that Defendants' assertion of an issue under Rule 3.7 had any merit. As described in detail in my January 20, 2014 correspondence, Defendants' assertion, in fact, based on Rule 3.7 lacked any merit. Defendants appear to have agreed upon this as you did not re-raise this issue in your January 24, 2014 correspondence. To be clear, the substitution was done merely to remove any concern so that the litigation may proceed without this unnecessary and meritless allegation.

     As to Defendants' second delay attempt based on Rule 1.8(i), this allegation is also baseless. First, Mr. Ron Schutz of Robins, Kaplan, Miller & Ciresi LLP is lead trial counsel for Skky. Your continued assertion that Mr. Parker is lead counsel is factually incorrect. Second, Mr. Parker's position at Skky is not a violation of Rule 1.8(i). Rule 1.8(i) only precludes a lawyer from obtaining a "proprietary interest in the cause of action or subject matter of the litigation the lawyer is conducting for a client." M.R.P.C. 1.8(i). Mr. Parker does not have an interest in the cause of action or subject matter of the litigation, which is patent infringement by your clients. Thus, Rule 1.8(i) is not implicated.

Mr. Nosher
January 27, 2014
Page 2


While Minnesota courts appear to not have addressed this particular Rule, courts analyzing similar rules of conduct have found that simply having an interest in the client's business does not violate this Rule.  In *Syscon Corp. v. United States*, the court of claims denied a motion to disqualify an attorney who was corporate counsel and held stock options in the client that was a participant in the litigation. No. 496-84C, 1986 U.S. Cl. Ct. LEXIS 851 (Ct. Cl. June 27, 1986).  The court reasoned that the attorney did not have a "proprietary interest" in the litigation simply because the attorney held stock in the company. *Id.* at 11.  The ownership of stock was not an interest in the litigation, but rather an interest in the company.  *Id*; *see also Eon Streams, Inc. v. Clear Channel Communs., Inc.,* No. 05-cv-578, 2007 U.S. Dist. LEXIS 23950 (E.D. Tenn. March 27, 2007) (denying a motion to disqualify an attorney who held stock options in a client involved in litigation).  Defendants' assertion based on Rule 1.8(i) lacks merit and is nothing more than a continued delay attempt by Defendants.  As such, Mr. Rosen is not precluded from representing Skky under Rule 1.8(k).

The fact that Skky rents office space at the same location as the Parker Rosen law firm is not supportive of any claim of misconduct.  Indeed, Defendants do not cite any rule or authority for such proposition.  There is simply no basis for any concern based on where Skky rents office space.

Lastly, Defendants' assertion that any deposition of Playboy and Manwin must be conducted in Quebec is unsupportable.  First, Skky maintains that the Canadian court order has no control on this litigation.  To the extent it may apply here, it only precludes the production of documents that are located in Quebec.  As Defendants told the Court and counsel, the order does not preclude responding to interrogatories or depositions.   It is concerning that Defendants are now taking a contrary position than what they told the Court and Skky.  Nevertheless, the Canadian court order does not preclude the depositions from occurring as it, at best, only relates to production of documents.

We will be conducting the Rule 30(b)(6) depositions that have been properly and timely noticed for this week.  Defendants are obligated to provide a witness for these depositions as Defendants have not sought and obtained a protective order from the Court to preclude the depositions. *See, e.g., Charm Floral et al. v. Wald Imports, LLC et al.*, No. C-10-1550-RSM, 2012 U.S. Dist. LEXIS 16007 (W.D. Wash. Feb. 9, 2012) ("Unless a party or witness files a motion for a protective order and seeks and obtains a stay prior to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition.").  Skky has extended significant professional courtesy to Defendants regarding possible dates and locations for these depositions, starting at our December 19, 2013 meet and confer where we asked for dates and locations.  However, Defendants have refused to provide this information at every turn.

With the upcoming deadlines that the parties agreed to and entered by the Court, Skky needs to conduct this discovery in sufficient time to prepare its infringement charts.  In light of the requirements in the Federal Rules of Civil Procedure, it is our expectation that Defendants

Mr. Nosher
January 27, 2014
Page 3

will present a witness at the depositions.  If Defendants fail to appear for these properly noticed depositions, Skky will seek any and all relief available to it, including seeking fees and costs.

Regards,

Ryan M. Schultz