**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Skky, Inc., <br>       Plaintiff, <br> vs. <br> Thumbplay Ringtones, LLC, <br>       Defendant. | Civil No. 13-2072 (PJS/JJG) <br><br> **ORDER ON STIPULATION REGARDING ELECTRONICALLY STORED INFORMATION** |
| Skky, Inc., <br>       Plaintiff, <br> vs. <br> Dada Entertainment, Inc., <br>       Defendant. | Civil No. 13-2083 (PJS/JJG) |
| Skky, Inc., <br>       Plaintiff, <br> vs. <br> Manwin USA, Inc. and Manwin Holdings, s.ar.1, <br>       Defendants. | Civil No. 13-2086 (PJS/JJG) |
| Skky, Inc., <br>       Plaintiff, <br> vs. <br> Vivid Entertainment, LLC, <br>       Defendant. | Civil No. 13-2087 (PJS/JJG) |
| Skky, Inc., <br>       Plaintiff, <br> vs. <br> Playboy Enterprises, Inc., <br>       Defendant. | Civil No. 13-2089 (PJS/JJG) |

Pursuant to the Stipulation Regarding Electronically Stored Information (ECF Nos. 43, 44, 43, 41, and 43, respectively), entered into by the parties, seeking to establish a process for the production of electronically stored information,

**IT IS HEREBY ORDERED** that the Stipulation (ECF Nos. 43, 44, 43, 41, and 43, respectively) is **ADOPTED** and electronically stored information shall be produced as follows:

**I.   Electronic Data**

Electronic data should be provided in the following format:

A.   *TIFFs*.  Single-page 300 dpi CCITT Group IV black and white TIFFs should be provided, with page break information in load file identifying document start and end.

Conversion of Excel documents (redacted Excels to be produced in TIFF):  When Excel files are converted to TIFFs, any hidden Rows, Cells or Columns will be unhidden in the version that will be converted, printing will be done over then down, and print settings will be set to fit to page to ensure no text is cutoff. Autodates in headers or footers should reflect the date last modified.

Conversion of PowerPoint documents:  When PowerPoint documents are converted to TIFFs, the version that will be converted will show the speaker notes, to the extent that they exist.

Conversion of Word documents: When Word documents are converted to TIFFs, the version that will be converted is as it was last saved by the custodian. This means that if it was last saved with track changes turned on that the images and metadata will reflect the track changes.

B. *Color*.

Parties will accommodate reasonable requests for production of specific images in color. If documents are produced in color, they will be produced in JPG format.

C. *Database Load Files/Cross-Reference Files*. Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.

Example of Opticon Delimited File:

>   ABC0000001,ABC001,D:\IMAGES\001\ABC0000001.TIF,Y,,,3
>
>   ABC0000002,ABC001,D:\IMAGES\001\ABC0000002.TIF,,,,,
>
>   ABC0000003,ABC001,D:\IMAGES\001\ABC0000003.TIF,,,,,
>
>   ABC0000004,ABC001,D:\IMAGES\001\ABC0000004.TIF,Y,,,2
>
>   ABC0000005,ABC001,D:\IMAGES\001\ABC0000005.TIF,,,,,

Example of Concordance Delimited File:

>   þBegDocþþEndDocþþAttachRangeþþCustodianþ

The objective coding and/or electronic file metadata should be provided in the following format:

        1.        Fields should be delimited by the default Concordance field delimiter for ANSI character 20 ().

        2.        String values within the fields file should be enclosed with a text delimiter (þ).

        3.        The first line should contain objective coding and or electronic file metadata headers and below the first line there should be exactly one line for each document.

        4.        Each row of objective coding and/or electronic file metadata must contain the same number of fields as the header row.

        5.        Multi-values should be separated by a semicolon (;).

D.    *Text Files*.  For each document, a document-level text file should be provided in addition to the TIFFs.  The text of native files should be extracted directly from the native file and each text file will be named using its corresponding image files (e.g., ABC0000001.TXT).  Documents for which text cannot be extracted will be produced with OCR.

E.    *Redactions*.  With respect to documents containing redacted text, no text will be provided for the redacted portion.  OCR will be provided for the un-redacted portions of the documents.

F. *Unique IDs*.  Each image should have a unique file name which will be the Bates number of that page.  The Bates number must appear on the face of the image in the lower right corner (e.g., ABC0000001.TIF).

G. *Unique Documents*.  Parties agree to take reasonable efforts to de-duplicate, using a verifiable process, documents across custodians.  While a single document could be produced several times in the production the document will only be produced one time for a single custodian.  An all custodians field (or duplicate custodians field) will be provided with each production and updated as needed.

H. *Metadata Fields*.  No metadata will be produced for redacted documents.

Metadata pertaining to time/date will be maintained in *Greenwich Mean Time (GMT)*.

The following metadata fields as defined below should be provided if they exist:

STARTNO

ENDNO

CUSTODIAN / Dupe custodian

ATTACH_RANGE

DATE OF DOCUMENT

FROM

TO

CC/BCC

Additionally, the following information will be included:

Native_Path (native file link)

OCR Text path (path to OCR/extracted text on disk)

Parent-child relationships (attachment information)

I. *Native Format*. The parties reserve their rights to request production of electronic documents in their native format. The parties will work in good faith to provide documents in native format when requested. Parties may produce electronically stored information in native format if so desired, notwithstanding the provisions in this Agreement.

J. *Non-Convertible Files*. Certain types of files such as system, program, video and sound files may not be amenable to conversion into anything meaningful in TIFF format. Responsive, non-convertible files will be produced in the form of a placeholder TIFF image. Some examples of file types that may not convert include file types with the following extensions: *.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd *

Other files may not be able to be converted to TIFF due to password protection or corruption (for example). If reasonable efforts to obtain useful TIFF images of

these files are unsuccessful, these non-convertible files will also be accounted for with a TIFF placeholder.

Nothing in the non-convertible file section is meant to include productions of data produced from databases.

Non-convertible files will be produced natively and with a placeholder TIFF image.  Each TIFF placeholder will contain the endorsed bates number, endorsed confidentiality designation and the name of the non-convertible file, including the file extension.

K. *Gaps*.  Productions should contain sequential bates numbers with no gaps.  There should be no gaps in bates numbers between productions.  A unique production volume number will be used for each production.  If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

L. *Parent-Child Relationships*. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

II. **Hard-Copy Production.**

Hard-copy documents should be provided in the following format:

A. *TIFFs*.  Single page 300dpi CCITT Group IV black and white TIFFs should be provided with page breaks in the load file identifying document start and end.

B.  *Color*. Parties will accommodate reasonable requests for production of specific images in color. If documents are produced in color, they will be produced in JPG format.

C.  *Unique IDs*. Each image should have a unique file name that will be the Bates number of that page. The Bates number must appear on the face of the image in the lower right corner (e.g., ABC0000001.TIF).

D.  *Gaps*. Productions should contain sequential bates numbers with no gaps. There should be no gaps in bates numbers between productions. A unique production volume number will be used for each production. If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

E.  *OCR*. Document level OCR text files will be provided. Each file will be named using the bates number of the first page of the document (e.g., a four page document that starts with ABC0000001 will bear the name ABC0000001.TXT).

F.  *Redactions*. With respect to documents containing redacted text, OCR will be provided for the non-redacted text.

G.  *Unitizing of Documents*. When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The parties will make reasonable efforts to have their vendors unitize documents

correctly and will commit to address situations where there are improperly unitized documents.

H.  *Database Load Files/Cross-Reference Files.*  Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.

   Example of Opticon Delimited File:

   ABC0000001,ABC001,D:\IMAGES\001\ABC0000001.TIF,Y,,,3

   ABC0000002,ABC001,D:\IMAGES\001\ABC0000002.TIF,,,,,

   ABC0000003,ABC001,D:\IMAGES\001\ABC0000003.TIF,,,,,

   ABC0000004,ABC001,D:\IMAGES\001\ABC0000004.TIF,Y,,,2

   ABC0000005,ABC001,D:\IMAGES\001\ABC0000005.TIF,,,,,

   Example of Concordance Delimited File :

   þBegDocþþEndDocþþCustodianþ

The objective coding and/or electronic file metadata should be provided in the following format:

   1.  Fields should be delimited by the default Concordance field delimiter for ANSI character 20 ().

   2.  String values within the fields file should be enclosed with a text delimiter (þ).

3. The first line should contain objective coding and or electronic file metadata headers and below the first line there should be exactly one line for each document.

4. Each row of objective coding and/or electronic file metadata must contain the same number of fields as the header row.

5. Multi-values should be separated by a semicolon (;).

I. *Parent-Child Relationships*. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

J. *Objective Coding Fields*. The following objective coding fields should be provided to the extent determinable: (i) Beginning Bates Number; (ii) Ending Bates Number; (iii) Custodian.

### III. E-MAIL DISCOVERY

A. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

B. E-mail production request shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. E-mail production requests shall identify the specific topic or category and time frame sought in each request. The parties shall cooperate to identify the proper custodians, proper

search terms, and proper time frame in a sufficient timely manner. Upon identification of custodians, the parties will limit e-mail production requests from a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

C. Each requesting party shall limit its e-mail production requests to a total of seven search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court, the requesting party shall bear all reasonable costs caused by such additional discovery.

IV.  **Miscellaneous Production Items**

A.  *Production Labels*.  The parties agree to attach a label to each piece of media containing production data.  The label will provide the following information:

> Party v. Party (case name)
>
> Case No. 000000 (case number)
>
> Month, Day, Year (date production was created on the disk)
>
> Volume Number
>
> Bates Range (no gaps from production to production and no gaps within productions)
>
> Confidential Designation (if necessary)

B.  *Production Media*.  Documents will be produced on CD-ROM or DVD disks or on portable hard drives.

V.  **Inadvertent Production of Documents.**

A.  The inadvertent production or disclosure of any document or thing protected by the attorney-client privilege, common interest privilege, work-product immunity, or that is otherwise immune from discovery (collectively "Inadvertently Produced Privileged Document") shall not operate as a waiver of any such privilege or immunity. In general the treatment of Inadvertently Produced Privileged Documents shall be governed by paragraph 15 of the Protective Order.

B	With respect to electronically stored information, where a previous production disk included both Inadvertently Produced Privileged Documents and non-privileged documents, the producing party will send a replacement disk containing all non-privileged documents that were contained on the original production disk. Electronic copies of the Inadvertently Produced Privileged Document will be removed from the electronic system of the receiving party. If the Inadvertently Produced Privilege Document requires redaction only, the producing party shall within thirty (30) days of the Notice of Recall, provide to the receiving party a redacted version of the document and an updated privilege log by submitting a replacement disk containing the original production with the redacted documents included.

C.	The mere production of ESI as part of a mass production shall not itself constitute waiver for any purpose.

D.	Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations. A party's meaningful compliance with this stipulation and efforts to promote efficient and reduce costs will be considered in cost-shifting determinations.

Dated:  January 29, 2014            s/ *Jeanne J. Graham*
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge