# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Manwin USA, Inc., and Manwin Holding, s.ar.l, <br><br> Defendants. | Case No.: 13-2086 (PJS/JJG) |
| Skky, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Vivid Entertainment, LLC, <br><br> Defendant. | Case No.: 13-2087 (PJS/JJG) |
| Skky, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Playboy Enterprises, Inc., <br><br> Defendants. | Case No.: 13-02086-PJS-JJG <br><br> **Declaration of Ryan M. Schultz in Support of Plaintiff Skky, Inc.'s Memorandum in Support of Its Motion to Compel** |

Under 28 U.S.C. § 1746, I, Ryan M. Schultz, hereby declare as follows:

1. I am an attorney at the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., and I represent Plaintiff Skky, Inc. ("Skky") in the above captioned matter.

2. I submit this Declaration in support of Skky's Memorandum in Support of Its Motion to Compel.

3. Attached as Exhibit 1 is a true and correct copy of Skky's First Set of Requests for Admissions Directed to Playboy.

4. Attached as Exhibit 2 is a true and correct copy of Skky's First Set of Interrogatories Directed to Playboy.

5. Attached as Exhibit 3 is a true and correct copy of Skky's First Set of Requests for Production Directed to Playboy.

6. Attached as Exhibit 4 is a true and correct copy of Skky's First Set of Requests for Admissions Directed to Manwin.

7. Attached as Exhibit 5 is a true and correct copy of Skky's First Set of Interrogatories Directed to Manwin.

8. Attached as Exhibit 6 is a true and correct copy of Skky's First Set of Requests for Production Directed to Manwin.

9. Attached as Exhibit 7 is a true and correct copy of Skky's First Set of Requests for Admissions Directed to Vivid.

10. Attached as Exhibit 8 is a true and correct copy of Skky's First Set of Interrogatories Directed to Vivid.

11. Attached as Exhibit 9 is a true and correct copy of Skky's First Set of Requests for Production Directed to Vivid.

12. Attached as Exhibit 10 is a true and correct copy of Playboy's Responses to Skky's First Set of Requests for Admissions Directed to Playboy.

13. Attached as Exhibit 11 is a true and correct copy of Playboy's Responses to Skky's First Set of Interrogatories Directed to Playboy.

14. Attached as Exhibit 12 is a true and correct copy of Playboy's Responses to Skky's First Set of Requests for Production Directed to Playboy.

15.   Attached as Exhibit 13 is a true and correct copy of Manwin's Responses to Skky's First Set of Requests for Admissions Directed to Manwin.

16.   Attached as Exhibit 14 is a true and correct copy of Manwin's Responses to Skky's First Set of Interrogatories Directed to Manwin.

17.   Attached as Exhibit 15 is a true and correct copy of Mawin's Responses to Skky's First Set of Requests for Production Directed to Manwin.

18.   Attached as Exhibit 16 is a true and correct copy of Vivid's Responses to Skky's First Set of Requests for Admissions Directed to Vivid.

19.   Attached as Exhibit 17 is a true and correct copy of Vivid's Responses to Skky's First Set of Interrogatories Directed to Vivid.

20.   Attached as Exhibit 18 is a true and correct copy of Vivid's Responses to Skky's First Set of Requests for Production Directed to Vivid.

21.   Attached as Exhibit 19 is a true and correct copy of an email exchange between Todd Nosher and myself from December 18, 2013 and December 19, 2013.

22.   Attached as Exhibit 20 is a true and correct copy of an email I sent to Timothy Heverin and Todd Nosher on January 19, 2014.

23.   Attached as Exhibit 21 is a true and correct copy of a letter I sent to Todd Nosher and Timothy Heverin on February 12, 2014, proposing modifications to the Protective Order for each case.

24.   Attached as Exhibit 22 is a true and correct copy of a letter I received from Todd Nosher dated February 18, 2014.

25.   Attached as Exhibit 23 is a true and correct copy of a letter I received from Emily Wood dated February 12, 2014.

26. I met and conferred with counsel for Defendants Playboy, Manwin, and Vivid on December 19, 2013. I informed Defendants' counsel that the electronically stored information issue did not prevent the production of paper documents, nor did it prevent responses to Skky's requests for admission or interrogatories.

27. On December 17, 2013, Defendants Playboy, Manwin, and Vivid produced 61 prior art documents. These prior art documents were not responsive to any of Skky's discovery requests.

28. Counsel for Defendants Playboy and Manwin have represented that most, if not all, documents responsive to Skky's discovery requests relating to technical information are only available in Quebec. Counsel for Defendants Playboy and Manwin contends that these documents cannot be provided to Skky due to the December 20, 2013 Order from the Court of Quebec. Further, Playboy and Manwin's Counsel has indicated that documents responsive to Skky's discovery requests relating to financial information are available outside of Quebec and are not subject to the Court of Quebec Order. Playboy and Manwin have not produced any of these financial documents to date.

29. Skky completed its infringement contentions without any responsive discovery from Defendants. Skky served its infringement contentions to Defendants on February 24, 2014 in accordance with the Scheduling Order for each case.

30. Skky has provided Defendants with responsive production, including Skky's confidential and highly confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Minneapolis, Minnesota this 4th day of March, 2014.

March 4, 2014

*s/Ryan Schultz*
Ryan M. Schultz