# EXHIBIT 1

**United States District Court**
**District of Minnesota**

---

Skky, Inc.,

        Plaintiff,

vs.

Playboy Enterprises, Inc.,

        Defendant.

Case No.:  13-2089 (PJS/JJG)

**Plaintiff's First Set of Requests for Admission**

---

**Skky, Inc.'s First Set of Requests for Admission (Nos. 1 – 4)**

**Definitions**

1.    "Defendant," "you," or "your" (unless defined otherwise in a specific document request) shall mean Playboy Enterprises, Inc., including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.    "Skky" or "Plaintiff" refers to Skky, Inc.

3.    "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.    "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.    "Web Site" refers to any top level domain name (i.e., www.google.com).

6.    "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent applications that led to its issuance.

7.     "Services" means at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues.

8.     The term "each" shall mean each and every.

9.     The term "any" shall include the word all, and vice versa.

10.    The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Requests for Admission

**Request No. 1:**

Admit that all image files available through your Services are compressed files (e.g., JPEG, GIF, or PNG).

**Request No. 2:**

Admit that all video files available through your Services are compressed files (e.g., MPEG, MOV, M4P, or WMV).

**Request No. 3:**

Admit that all audio files available through your Services are compressed files (e.g., AAC, MP3, or WMA).

**Request No. 4:**

Admit that all audio, image, and video files available through your Services are stored in a computer or server memory.

Dated: <u>October 31, 2013</u>          **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: <u>*s/Ryan Schultz*</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

84301888.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Requests for Admission (1-4)** was served on the following by the method(s) indicated:

Frank M. Gasparo                                    **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                                       **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz                              **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens                          **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                                        **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com


Dated: October 31, 2013

                                    *s/ Benjamen C. Linden*
                                    Benjamen C. Linden
                                    Robins, Kaplan, Miller & Ciresi L.L.P.
                                    2800 LaSalle Plaza
                                    800 LaSalle Avenue
                                    Minneapolis, MN  55402-2015
                                    Tel.:  612-349-8500

84302671.1

# EXHIBIT 2

**United States District Court**
**District of Minnesota**

_____

Skky, Inc.,                                Case No.:  13-2089 (PJS/JJG)

         Plaintiff,

                                       **Plaintiff's First Set of Interrogatories**

vs.

Playboy Enterprises, Inc.,

         Defendant.

_____

**Skky, Inc.'s First Set of Interrogatories (Nos. 1 – 7)**

**Definitions**

1.    "Defendant," "you," or "your" (unless defined otherwise in a specific document request) shall mean Playboy Enterprises, Inc., including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.    "Skky" or "Plaintiff" refers to Skky, Inc.

3.    "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.    "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.    "Web Site" refers to any top level domain name (i.e., www.google.com).

6.    "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent applications that led to its issuance.

7.     "Services" means at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues.

8.     The term "each" shall mean each and every.

9.     The term "any" shall include the word all, and vice versa.

10.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Interrogatories

**Interrogatory No. 1:**

Identify by name all Web Sites and mobile applications that you have developed, owned, operated, managed, or maintained, in whole or in part, since January 1, 2000, including those that you no longer develop, own, operate, manage, or maintain.

**Interrogatory No. 2:**

Identify the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services. For each individual identified, describe the individual's responsibilities and his or her relevant knowledge regarding the Services.

**Interrogatory No. 3:**

Identify and describe your relationship with any third parties with which you have relationships or agreements—formal or informal—regarding the design, development,

testing, deployment, maintenance, or management any financial or technical aspect of the Services.

**Interrogatory No. 4:**

Identify the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services.

**Interrogatory No. 5:**

Identify the three most knowledgeable individuals regarding the use or access of the Services by any device that is capable of receiving data over a cellular network, including, but not limited to, technical or design considerations, subscription or advertising services, and strategic planning.

**Interrogatory No. 6:**

Identify the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Interrogatory No. 7:**

For each of the Web Sites and mobile applications identified in response to Interrogatory 1, identify and describe the storage mediums on which any audio, visual, or graphical content is kept, including, without limitation, location and entity/entities that owns, manages, or controls the storage medium.

Dated: <u>October 31, 2013</u>         **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: <u>*s/Ryan Schultz*</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Interrogatories (1-7)** was served on the following by the method(s) indicated:

Frank M. Gasparo                          **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                            **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz                       **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens                   **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                          **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com


Dated: October 31, 2013

                                               *s/ Benjamen C. Linden*
                                               Benjamen C. Linden
                                               Robins, Kaplan, Miller & Ciresi L.L.P.
                                               2800 LaSalle Plaza
                                               800 LaSalle Avenue
                                               Minneapolis, MN  55402-2015
                                               Tel.:  612-349-8500

# EXHIBIT 3

**United States District Court**
**District of Minnesota**

Skky, Inc.,                                    Case No.:  13-2089 (PJS/JJG)

        Plaintiff,

                                        **Plaintiff's First Set of Document**
vs.                                                          **Requests**

Playboy Enterprises, Inc.,

        Defendant.

## Skky, Inc.'s First Set of Document Requests (Nos. 1 – 28)

## Definitions

1.    "Defendant," "you," or "your" (unless defined otherwise in a specific document request) shall mean Playboy Enterprises, Inc., including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.    "Skky" or "Plaintiff" refers to Skky, Inc.

3.    "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.    "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.    "Web Site" refers to any top level domain name (i.e., www.google.com).

6.    "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent applications that led to its issuance.

7.     "Services" means at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues.

8.     The term "each" shall mean each and every.

9.     The term "any" shall include the word all, and vice versa.

10.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Document Requests

**Request No. 1:**

All documents that relate to when and how Playboy first became aware of the Asserted Patent.

**Request No. 2:**

All documents that relate to communications between you and any third party concerning this litigation or the Asserted Patent, including communications with licensees, contractors, manufacturers, or agents.

**Request No. 3:**

Documents sufficient to identify Web Sites owned, operated, controlled, or maintained in whole or in part by Playboy from January 1, 2000 through the present.

**Request No. 4:**

Documents sufficient to identify mobile applications developed, owned, operated,

84301834.1

controlled, or maintained in whole or in part by Playboy from January 1, 2000 through the present.

**Request No. 5:**

Documents sufficient to show the location of servers supporting Web Sites owned, operated, controlled, or maintained in whole or in part by Playboy from June 16, 2009 through the present.

**Request No. 6:**

Documents sufficient to show the location of servers supporting mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Playboy from June 16, 2009 through the present.

**Request No. 7:**

All documents sufficient to identify any relationship or agreements with any third party that performs, licenses, has purchased, manufactures, maintains, designs, or develops any of the Services or any portions of the Services.

**Request No. 8:**

All documents referring or relating to your relationship or agreements with any third party that aids, facilitates, or makes possible access and use of the Services by any device that is capable of receiving data over a cellular network.

**Request No. 9:**

All business, marketing, and strategic plans relating to the use or access of Services by a device that is capable of receiving data over a cellular network, including but not limited to sales forecasts, from January 1, 2000 to the present.

**Request No. 10:**

Documents sufficient to show the amount of advertising revenue the Services generated, from January 1, 2000 to the present.

**Request No. 11:**

Documents sufficient to show the amount of advertising revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Request No. 12:**

Documents sufficient to show the amount of subscription revenue the Services generated, from January 1, 2000 to the present.

**Request No. 13:**

Documents sufficient to show the amount of subscription revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Request No. 14:**

All documents relating to any agreement between Playboy and any other person or entity relating to the development or maintenance of the Services.

**Request No. 15:**

All documents relating to any agreement between Playboy and any other person or entity relating to the distribution or accessibility of Services to customers.

**Request No. 16:**

All documents relating to any agreement between Playboyany other person or entity relating to the distribution or accessibility of Services to customers using a device that is

capable of receiving data over a cellular network.

**Request No. 17:**

All documents relating to any valuations—formal or informal—of the accessibility or use of the Services by a device that is capable of receiving data over a cellular network, with respect to any feature of the Services.

**Request No. 18:**

All patent license agreements related to wireless delivery of content to a device that is capable of receiving data over a cellular network.

**Request No. 19:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the Services, from January 1, 2000 to the present.

**Request No. 20:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the use or access of the Services by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 21:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services, from January 1, 2000 to the present.

**Request No. 22:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services for use or access by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 23:**

All documents sufficient to determine all of your former or current related entities and divisions involved in the former, current, and anticipated design and manufacture of each Service, including documents sufficient to determine the role, structure, and contribution of each such entity, from January 1, 2000 to the present.

**Request No. 24:**

Documents sufficient to show the identities, responsibilities, and duties of your former and current personnel having any responsibilities that relate to the oversight, support, design, development, manufacture, engineering, and/or marketing of the use or access any Service by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 25:**

Documents sufficient to show your organizational structure, including any actual or proposed changes, with respect to its parents, divisions, affiliates, subsidiaries, and any other related entities responsible for the Services, including all organization charts, tables, or diagrams or other documents, from January 1, 2000 to the present.

**Request No. 26:**

Documents sufficient to show the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Request No. 27:**

Documents sufficient to show the number of times the Services have been accessed by each type of device that is capable of receiving data over a cellular network, on a quarterly basis, identified in your answer to Interrogatory 6, since June 16, 2009.

**Request No. 28:**

Documents sufficient to show the number of times the Services have been accessed, on a quarterly basis, since June 16, 2009.

Dated: <u>October 31, 2013</u>           **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: <u>*s/Ryan Schultz*</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Requests for Documents (1-28)** was served on the following by the method(s) indicated:

Frank M. Gasparo                                        **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY 10020
fmgasparo@venable.com

Todd M. Nosher                                          **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY 10020
tmnosher@venable.com

Tamany Vinson Bentz                                     **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens                                 **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
bberens@berensmiller.com

Justi Rae Miller                                        **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
jmiller@berensmiller.com

Dated: October 31, 2013

                                    *s/ Benjamen C. Linden*
                                    Benjamen C. Linden
                                    Robins, Kaplan, Miller & Ciresi L.L.P.
                                    2800 LaSalle Plaza
                                    800 LaSalle Avenue
                                    Minneapolis, MN 55402-2015
                                    Tel.: 612-349-8500

84302672.1

# EXHIBIT 4

**United States District Court**
**District of Minnesota**

---

Skky, Inc.,

   Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

   Defendants.

Case No.:  13-2086 (PJS/JJG)

**Plaintiff's First Set of Requests for**
**Admission**

---

**Skky, Inc.'s First Set of Requests for Admission (Nos. 1 – 4)**

**Definitions**

1. "Defendants," "you," or "your" (unless defined otherwise in a specific document request) shall mean Manwin USA, Inc., and Manwin Holding, s.ar.l, including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2. "Skky" or "Plaintiff" refers to Skky, Inc.

3. "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4. "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5. "Web Site" refers to any top level domain name (i.e., www.google.com).

6. "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent

applications that led to its issuance.

7.     "Services" means at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues.

8.     The term "each" shall mean each and every.

9.     The term "any" shall include the word all, and vice versa.

10.    The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Requests for Admission

**Request No. 1:**

Admit that all image files available through your Services are compressed files (e.g., JPEG, GIF, or PNG).

**Request No. 2:**

Admit that all video files available through your Services are compressed files (e.g., MPEG, MOV, M4P, or WMV).

**Request No. 3:**

Admit that all audio files available through your Services are compressed files (e.g., AAC, MP3, or WMA).

**Request No. 4:**

Admit that all audio, image, and video files available through your Services are stored

in a computer or server memory.

Dated: <u>October 31, 2013</u>          **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: <u>*s/Ryan Schultz*</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Requests for Admission (1-4)** was served on the following by the method(s) indicated:

Frank M. Gasparo                       **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                        **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz                 **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens               **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                         **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com

Dated: October 31, 2013

                            *s/ Benjamen C. Linden*
                            Benjamen C. Linden
                            Robins, Kaplan, Miller & Ciresi L.L.P.
                            2800 LaSalle Plaza
                            800 LaSalle Avenue
                            Minneapolis, MN  55402-2015
                            Tel.:  612-349-8500

# EXHIBIT 5

**United States District Court**
**District of Minnesota**

---

Skky, Inc.,                                    Case No.:  13-2086 (PJS/JJG)

        Plaintiff,

                               **Plaintiff's First Set of Interrogatories**

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

        Defendants.

---

### Skky, Inc.'s First Set of Interrogatories (Nos. 1 – 7)

### Definitions

1.     "Defendants," "you," or "your" (unless defined otherwise in a specific document request) shall mean Manwin USA, Inc., and Manwin Holding, s.ar.l., including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.     "Skky" or "Plaintiff" refers to Skky, Inc.

3.      "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.     "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.     "Web Site" refers to any top level domain name (i.e., www.google.com).

6.      "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent

applications that led to its issuance.

7. "Services" means at least brazzers.com. brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues.

8. The term "each" shall mean each and every.

9. The term "any" shall include the word all, and vice versa.

10. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

**Interrogatories**

**Interrogatory No. 1:**

Identify by name all Web Sites and mobile applications that you have developed, owned, operated, managed, or maintained, in whole or in part, since January 1, 2000, including those that you no longer develop, own, operate, manage, or maintain.

**Interrogatory No. 2:**

Identify the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services. For each individual identified, describe the individual's responsibilities and his or her relevant knowledge regarding the Services.

**Interrogatory No. 3:**

Identify and describe your relationship with any third parties with which you have

relationships or agreements—formal or informal—regarding the design, development, testing, deployment, maintenance, or management any financial or technical aspect of the Services.

**Interrogatory No. 4:**

Identify the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services.

**Interrogatory No. 5:**

Identify the three most knowledgeable individuals regarding the use or access of the Services by any device that is capable of receiving data over a cellular network, including, but not limited to, technical or design considerations, subscription or advertising services, and strategic planning.

**Interrogatory No. 6:**

Identify the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Interrogatory No. 7:**

For each of the Web Sites and mobile applications identified in response to Interrogatory 1, identify and describe the storage mediums on which any audio, visual, or graphical content is kept, including, without limitation, location and entity/entities that owns, manages, or controls the storage medium.

Dated: <u>October 31, 2013</u>  **ROBINS, KAPLAN, MILLER & CIRESI, LLP**

By: <u>*s/Ryan Schultz*</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

84301614.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Interrogatories (1-7)** was served on the following by the method(s) indicated:

Frank M. Gasparo                                                      **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                                                        **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz                                      **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens                                **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                                                         **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com

Dated: October 31, 2013

                                              *s/ Benjamen C. Linden*
                                              Benjamen C. Linden
                                              Robins, Kaplan, Miller & Ciresi L.L.P.
                                              2800 LaSalle Plaza
                                              800 LaSalle Avenue
                                              Minneapolis, MN  55402-2015
                                              Tel.:  612-349-8500

# EXHIBIT 6

**United States District Court**
**District of Minnesota**

Skky, Inc.,                                                          Case No.:  13-2086 (PJS/JJG)

        Plaintiff,

vs.                                                                       **Plaintiff's First Set of Document**
**Requests**

Manwin USA, Inc., and Manwin Holding, s.ar.l,

        Defendants.

**Skky, Inc.'s First Set of Document Requests (Nos. 1 – 28)**

1.    "Defendants," "you," or "your" (unless defined otherwise in a specific document request) shall mean Manwin USA, Inc., and Manwin Holding, s.ar.l, including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.    "Skky" or "Plaintiff" refers to Skky, Inc.

3.    "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.    "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.    "Web Site" refers to any top level domain name (i.e., www.google.com).

6.    "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent applications that led to its issuance.

7.     "Services" means at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues.

8.     The term "each" shall mean each and every.

9.     The term "any" shall include the word all, and vice versa.

10.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Document Requests

**Request No. 1:**

All documents that relate to when and how Manwin first became aware of the Asserted Patent.

**Request No. 2:**

All documents that relate to communications between you and any third party concerning this litigation or the Asserted Patent, including communications with licensees, contractors, manufacturers, or agents.

**Request No. 3:**

Documents sufficient to identify Web Sites owned, operated, controlled, or maintained in whole or in part by Manwin from January 1, 2000 through the present.

**Request No. 4:**

Documents sufficient to identify mobile applications developed, owned, operated,

controlled, or maintained in whole or in part by Manwin from January 1, 2000 through the present.

**Request No. 5:**

Documents sufficient to show the location of servers supporting Web Sites owned, operated, controlled, or maintained in whole or in part by Manwin from June 16, 2009 through the present.

**Request No. 6:**

Documents sufficient to show the location of servers supporting mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Manwin from June 16, 2009 through the present.

**Request No. 7:**

All documents sufficient to identify any relationship or agreements with any third party that performs, licenses, has purchased, manufactures, maintains, designs, or develops any of the Services or any portions of the Services.

**Request No. 8:**

All documents referring or relating to your relationship or agreements with any third party that aids, facilitates, or makes possible access and use of the Services by any device that is capable of receiving data over a cellular network.

**Request No. 9:**

All business, marketing, and strategic plans relating to the use or access of Services by a device that is capable of receiving data over a cellular network, including but not limited to sales forecasts, from January 1, 2000 to the present.

**Request No. 10:**

Documents sufficient to show the amount of advertising revenue the Services generated, from January 1, 2000 to the present.

**Request No. 11:**

Documents sufficient to show the amount of advertising revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Request No. 12:**

Documents sufficient to show the amount of subscription revenue the Services generated, from January 1, 2000 to the present.

**Request No. 13:**

Documents sufficient to show the amount of subscription revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Request No. 14:**

All documents relating to any agreement between Manwin and any other person or entity relating to the development or maintenance of the Services.

**Request No. 15:**

All documents relating to any agreement between Manwin and any other person or entity relating to the distribution or accessibility of Services to customers.

**Request No. 16:**

All documents relating to any agreement between Manwin and any other person or entity relating to the distribution or accessibility of Services to customers using a device that

is capable of receiving data over a cellular network.

**Request No. 17:**

All documents relating to any valuations—formal or informal—of the accessibility or use of the Services by a device that is capable of receiving data over a cellular network, with respect to any feature of the Services.

**Request No. 18:**

All patent license agreements related to wireless delivery of content to a device that is capable of receiving data over a cellular network.

**Request No. 19:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the Services, from January 1, 2000 to the present.

**Request No. 20:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the use or access of the Services by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 21:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services, from January 1, 2000 to the present.

**Request No. 22:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services for use or access by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 23:**

All documents sufficient to determine all of your former or current related entities and divisions involved in the former, current, and anticipated design and manufacture of each Service, including documents sufficient to determine the role, structure, and contribution of each such entity, from January 1, 2000 to the present.

**Request No. 24:**

Documents sufficient to show the identities, responsibilities, and duties of your former and current personnel having any responsibilities that relate to the oversight, support, design, development, manufacture, engineering, and/or marketing of the use or access any Service by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 25:**

Documents sufficient to show your organizational structure, including any actual or proposed changes, with respect to its parents, divisions, affiliates, subsidiaries, and any other related entities responsible for the Services, including all organization charts, tables, or diagrams or other documents, from January 1, 2000 to the present.

**Request No. 26:**

Documents sufficient to show the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Request No. 27:**

Documents sufficient to show the number of times the Services have been accessed by each type of device that is capable of receiving data over a cellular network, on a quarterly basis, identified in your answer to Interrogatory 6, since June 16, 2009.

**Request No. 28:**

Documents sufficient to show the number of times the Services have been accessed, on a quarterly basis, since June 16, 2009.

Dated: <u>October 31, 2013</u>        **ROBINS, KAPLAN, MILLER & CIRESI, LLP**

By: _s/Ryan Schultz_
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Requests for Documents (1-28)** was served on the following by the method(s) indicated:

| | |
|---|---|
| Frank M. Gasparo<br>VENABLE LLP<br>1270 Avenue of the Americas<br>Twenty-Fourth Floor<br>New York, NY 10020<br>fmgasparo@venable.com | **Via email and U.S. mail** |
| Todd M. Nosher<br>VENABLE LLP<br>1270 Avenue of the Americas<br>Twenty-Fourth Floor<br>New York, NY 10020<br>tmnosher@venable.com | **Via email** |
| Tamany Vinson Bentz<br>VENABLE LLP<br>2049 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067<br>tjbentz@venable.com | **Via email** |
| Barbara Podlucky Berens<br>BERENS MILLER, P.A.<br>3720 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>bberens@berensmiller.com | **Via email** |
| Justi Rae Miller<br>BERENS MILLER, P.A.<br>3720 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>jmiller@berensmiller.com | **Via email** |

Dated: October 31, 2013

*s/ Benjamen C. Linden*
Benjamen C. Linden
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel.: 612-349-8500

84302672.1

# EXHIBIT 7

**United States District Court**
**District of Minnesota**

---

Skky, Inc.,

      Plaintiff,

vs.

Vivid Entertainment, LLC,

      Defendant.

Case No.:  13-2087 (PJS/JJG)

**Plaintiff's First Set of Requests for**
**Admission**

---

### Skky, Inc.'s First Set of Requests for Admission (Nos. 1 – 4)

### Definitions

1.    "Defendant," "you," or "your" (unless defined otherwise in a specific document request) shall mean Vivid Entertainment, LLC, including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.    "Skky" or "Plaintiff" refers to Skky, Inc.

3.    "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.    "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.    "Web Site" refers to any top level domain name (i.e., www.google.com).

6.    "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent applications that led to its issuance.

84301881.1

7.  "Services" means at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues.

8.  The term "each" shall mean each and every.

9.  The term "any" shall include the word all, and vice versa.

10.  The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.  The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Requests for Admission

**Request No. 1:**

Admit that all image files available through your Services are compressed files (e.g., JPEG, GIF, or PNG).

**Request No. 2:**

Admit that all video files available through your Services are compressed files (e.g., MPEG, MOV, M4P, or WMV).

**Request No. 3:**

Admit that all audio files available through your Services are compressed files (e.g., AAC, MP3, or WMA).

**Request No. 4:**

Admit that all audio, image, and video files available through your Services are stored in a computer or server memory.

Dated: <u>October 31, 2013</u>     **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: <u>*s/Ryan Schultz*</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Requests for Admission (1-4)** was served on the following by the method(s) indicated:

Frank M. Gasparo                  **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                   **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz           **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens          **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                  **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com

Dated: October 31, 2013

                               *s/ Benjamen C. Linden*
                               Benjamen C. Linden
                               Robins, Kaplan, Miller & Ciresi L.L.P.
                               2800 LaSalle Plaza
                               800 LaSalle Avenue
                               Minneapolis, MN  55402-2015
                               Tel.:  612-349-8500

# EXHIBIT 8

**United States District Court**
**District of Minnesota**

---

Skky, Inc.,

           Plaintiff,

vs.

Vivid Entertainment, LLC,

           Defendant.

Case No.:  13-2087 (PJS/JJG)

**Plaintiff's First Set of Interrogatories**

---

### Skky, Inc.'s First Set of Interrogatories (Nos. 1 – 7)

### Definitions

1.    "Defendant," "you," or "your" (unless defined otherwise in a specific document request) shall mean Vivid Entertainment, LLC, including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.    "Skky" or "Plaintiff" refers to Skky, Inc.

3.    "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.    "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.    "Web Site" refers to any top level domain name (i.e., www.google.com).

6.    "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent applications that led to its issuance.

7. "Services" means at least vivid.com, touchvivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues.

8. The term "each" shall mean each and every.

9. The term "any" shall include the word all, and vice versa.

10. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Interrogatories

**Interrogatory No. 1:**

Identify by name all Web Sites and mobile applications that you have developed, owned, operated, managed, or maintained, in whole or in part, since January 1, 2000, including those that you no longer develop, own, operate, manage, or maintain.

**Interrogatory No. 2:**

Identify the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services. For each individual identified, describe the individual's responsibilities and his or her relevant knowledge regarding the Services.

**Interrogatory No. 3:**

Identify and describe your relationship with any third parties with which you have relationships or agreements—formal or informal—regarding the design, development,

testing, deployment, maintenance, or management any financial or technical aspect of the Services.

**Interrogatory No. 4:**

Identify the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services.

**Interrogatory No. 5:**

Identify the three most knowledgeable individuals regarding the use or access of the Services by any device that is capable of receiving data over a cellular network, including, but not limited to, technical or design considerations, subscription or advertising services, and strategic planning.

**Interrogatory No. 6:**

Identify the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Interrogatory No. 7:**

For each of the Web Sites and mobile applications identified in response to Interrogatory 1, identify and describe the storage mediums on which any audio, visual, or graphical content is kept, including, without limitation, location and entity/entities that owns, manages, or controls the storage medium.

Dated: <u>October 31, 2013</u>          **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: *s/Ryan Schultz*
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Interrogatories (1-7)** was served on the following by the method(s) indicated:

Frank M. Gasparo                    **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                    **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz               **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens             **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                     **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com

Dated: October 31, 2013

                               *s/ Benjamen C. Linden*
                               Benjamen C. Linden
                               Robins, Kaplan, Miller & Ciresi L.L.P.
                               2800 LaSalle Plaza
                               800 LaSalle Avenue
                               Minneapolis, MN  55402-2015
                               Tel.:  612-349-8500

# EXHIBIT 9

**United States District Court**
**District of Minnesota**

---

Skky, Inc.,

        Plaintiff,

vs.

Vivid Entertainment, LLC,

        Defendant.

Case No.:  13-2087 (PJS/JJG)

**Plaintiff's First Set of Document**
**Requests**

---

**Skky, Inc.'s First Set of Document Requests (Nos. 1 – 28)**

**Definitions**

1.  "Defendant," "you," or "your" (unless defined otherwise in a specific document request) shall mean Vivid Entertainment, LLC, including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.  "Skky" or "Plaintiff" refers to Skky, Inc.

3.  "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.  "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.  "Web Site" refers to any top level domain name (i.e., www.google.com).

6.  "Asserted Patent" means the patent asserted in Skky's First Amended Complaint, which is U.S. Patent No. 7,548,875 (the "'875 patent") and the patent applications that led to its issuance.

7.    "Services" means at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues.

8.    The term "each" shall mean each and every.

9.    The term "any" shall include the word all, and vice versa.

10.    The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## Document Requests

**Request No. 1:**

All documents that relate to when and how Vivid first became aware of the Asserted Patent.

**Request No. 2:**

All documents that relate to communications between you and any third party concerning this litigation or the Asserted Patent, including communications with licensees, contractors, manufacturers, or agents.

**Request No. 3:**

Documents sufficient to identify Web Sites owned, operated, controlled, or maintained in whole or in part by Vivid from January 1, 2000 through the present.

**Request No. 4:**

Documents sufficient to identify mobile applications developed, owned, operated,

controlled, or maintained in whole or in part by Vivid from January 1, 2000 through the present.

**Request No. 5:**

Documents sufficient to show the location of servers supporting Web Sites owned, operated, controlled, or maintained in whole or in part by Vivid from June 16, 2009 through the present.

**Request No. 6:**

Documents sufficient to show the location of servers supporting mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Vivid from June 16, 2009 through the present.

**Request No. 7:**

All documents sufficient to identify any relationship or agreements with any third party that performs, licenses, has purchased, manufactures, maintains, designs, or develops any of the Services or any portions of the Services.

**Request No. 8:**

All documents referring or relating to your relationship or agreements with any third party that aids, facilitates, or makes possible access and use of the Services by any device that is capable of receiving data over a cellular network.

**Request No. 9:**

All business, marketing, and strategic plans relating to the use or access of Services by a device that is capable of receiving data over a cellular network, including but not limited to sales forecasts, from January 1, 2000 to the present.

**Request No. 10:**

Documents sufficient to show the amount of advertising revenue the Services generated, from January 1, 2000 to the present.

**Request No. 11:**

Documents sufficient to show the amount of advertising revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Request No. 12:**

Documents sufficient to show the amount of subscription revenue the Services generated, from January 1, 2000 to the present.

**Request No. 13:**

Documents sufficient to show the amount of subscription revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Request No. 14:**

All documents relating to any agreement between Vivid and any other person or entity relating to the development or maintenance of the Services.

**Request No. 15:**

All documents relating to any agreement between Vivid and any other person or entity relating to the distribution or accessibility of Services to customers.

**Request No. 16:**

All documents relating to any agreement between Vivid and any other person or entity relating to the distribution or accessibility of Services to customers using a device that is

capable of receiving data over a cellular network.

**Request No. 17:**

All documents relating to any valuations—formal or informal—of the accessibility or use of the Services by a device that is capable of receiving data over a cellular network, with respect to any feature of the Services.

**Request No. 18:**

All patent license agreements related to wireless delivery of content to a device that is capable of receiving data over a cellular network.

**Request No. 19:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the Services, from January 1, 2000 to the present.

**Request No. 20:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the use or access of the Services by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 21:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services, from January 1, 2000 to the present.

**Request No. 22:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services for use or access by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 23:**

All documents sufficient to determine all of your former or current related entities and divisions involved in the former, current, and anticipated design and manufacture of each Service, including documents sufficient to determine the role, structure, and contribution of each such entity, from January 1, 2000 to the present.

**Request No. 24:**

Documents sufficient to show the identities, responsibilities, and duties of your former and current personnel having any responsibilities that relate to the oversight, support, design, development, manufacture, engineering, and/or marketing of the use or access any Service by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Request No. 25:**

Documents sufficient to show your organizational structure, including any actual or proposed changes, with respect to its parents, divisions, affiliates, subsidiaries, and any other related entities responsible for the Services, including all organization charts, tables, or diagrams or other documents, from January 1, 2000 to the present.

**Request No. 26:**

Documents sufficient to show the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Request No. 27:**

Documents sufficient to show the number of times the Services have been accessed by each type of device that is capable of receiving data over a cellular network, on a quarterly basis, identified in your answer to Interrogatory 6, since June 16, 2009.

**Request No. 28:**

Documents sufficient to show the number of times the Services have been accessed, on a quarterly basis, since June 16, 2009.

Dated: <u>October 31, 2013</u>        **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: *s/Ryan Schultz*
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2013, a copy of the attached **Plaintiff's First Set of Requests for Documents (1-28)** was served on the following by the method(s) indicated:

Frank M. Gasparo                                    **Via email and U.S. mail**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                                       **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz                                  **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens                              **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                                     **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com

Dated: October 31, 2013

*s/ Benjamen C. Linden*
Benjamen C. Linden
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Tel.:  612-349-8500

84302672.1

# EXHIBIT 10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   C.A. No. 13-cv-02089-PJS/JJG |
| | ) |
| | ) |
| | ) |
| Playboy Enterprises, Inc., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## PLAYBOY'S RESPONSES TO SKKY'S
## FIRST SET OF REQUESTS FOR ADMISSION

Defendant Playboy Enterprises, Inc. ("Playboy") hereby responds to Plaintiff Skky, Inc.'s ("Skky") First Set of Requests for Admission (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to and included in Playboy's response to each Request, whether or not mentioned expressly in any particular response. Playboy does not waive any of its General Objections by stating Specific Objections to any particular Request. Playboy's responses are based solely on Playboy's current knowledge and belief. Playboy reserves the right to modify or supplement any of its responses and/or raise additional objections as such need may arise and in accordance with the Federal Rules of Civil Procedure.

1.      Playboy incorporates by reference its General Objections from i) Playboy's Responses to Skky's First Set of Requests for Production and ii) Playboy's Responses to Skky's First Set of Interrogatories.

2.      Playboy objects to each Request and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action (the "Scheduling Order") an d/or other applicable rules.   Playboy wil l respond to each request to the degree required by such Order and rules.

3.      Playboy objects to each Request to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, or any other applicable privilege, protection, or immunity.   Such information will not be provided in response to Skky's Requests.   No admission or denial by Playboy in response to any Request constitutes a waiver of any such applicable privilege, protection or immunity.

4.      Playboy objects to each Request to the extent that it lacks sufficient information to either admit or deny the Request after a reasonable inquiry.

5.      Playboy objects to each Request to the extent that it cannot be answered or otherwise responded to without violating foreign law.

6.      Playboy objects to each Request as unduly burdensome and not limited by way of relevant time period.

7.     Playboy objects to each Request to the extent that it seeks to compel Playboy to provide admissions from persons or business entities not within the possession, custody or control of Playboy.

8.     Playboy objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks admissions that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

9.     Playboy objects to each Request to the extent that it purports to require Playboy to make a legal conclusion, or to perform a legal or other analysis or determination.

10.     Playboy objects to each Request to the extent that it seeks admissions about the content of publicly accessible documents or information, because it is equally convenient for Skky to obtain such documents or information.

11.     Playboy objects to each Request as premature to the extent that a response would require, or is more properly addressed by, expert discovery. Expert discovery has not yet begun. Playboy reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

12.     Playboy objects to each Request as premature to the extent that it seeks admissions that would require claim construction.

13.     Playboy objects to each Request that includes more than one separately stated Request.   In such cases, each subpart will be counted as a separate Request. Playboy will respond to only the number of Requests permitted by the Court pursuant to the Scheduling Order.

14. Discovery relating to this action is in its very early stages and Playboy's factual investigation is ongoing. Playboy's responses herein are, therefore, made without prejudice to Playboy's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request No. 1:**

Admit that all image files available through your Services are compressed files (e.g., JPEG, GIF, or PNG).

**Response to Request No. 1:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "image files" which renders a meaningful response impossible. Playboy further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to admit or deny this Request. Playboy further

4

objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Playboy further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* image files available through your Services" where literal interpretation of such Request would be unduly burdensome; Playboy cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Playboy cannot respond to this Request at the present time and therefore denies the same.

**Request No. 2:**

Admit that all video files available through your Services are compressed files (e.g., MPEG, MOV, M4P, or WMV).

**Response to Request No. 2**:

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "video files" which renders a meaningful response impossible. Playboy further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in

5

Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to admit or deny this Request. Playboy further objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Playboy further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* video files available through your Services" where literal interpretation of such Request would be unduly burdensome; Playboy cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Playboy cannot respond to this Request at the present time and therefore denies the same.

**Request No. 3:**

Admit that all audio files available through your Services are compressed files (e.g., AAC, MP3, or WMA).

**Response to Request No. 3:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "audio files" which renders a meaningful response impossible. Playboy

further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to admit or deny this Request. Playboy further objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Playboy further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* audio files available through your Services" where literal interpretation of such Request would be unduly burdensome; Playboy cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Playboy cannot respond to this Request at the present time and therefore denies the same.

**Request No. 4:**

Admit that all audio, image, and video files available through your Services are stored in a computer or server memory.

**Response to Request No. 4**

Playboy objects to this Request as it propounds multiple requests; Playboy will respond to each individual Request accordingly.   Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Playboy further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "audio, image and video files" which renders a meaningful response impossible.   Playboy further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues."   Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.   Until that time, Playboy is unable to admit or deny this Request.   Playboy further objects to this Request to the extent that it seeks information in the possession, custody or control of a third party.   Playboy further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* audio, video and image files available through your Services" where literal interpretation of such Request would be unduly burdensome;

8

Playboy cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Playboy cannot respond to this Request at the present time and therefore denies the same.

Dated:     December 5, 2013          Respectfully submitted,

Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens & Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Fmgasparo@venable.com
Tmnosher@venable.com

*ATTORNEYS FOR DEFENDANT*
*PLAYBOY ENTERPRISES, INC.*

# EXHIBIT 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

Skky, Inc.,                         )

                       Plaintiff,         )

v.                           )    C.A. No. 13-cv-02089-PJS/JJG

Playboy Enterprises, Inc.,    )

                       Defendant.    )

_____ )

## PLAYBOY'S RESPONSES TO SKKY'S FIRST SET OF INTERROGATORIES

Defendant Playboy Enterprises, Inc. ("Playboy") hereby responds to Plaintiff Skky, Inc.'s ("Plaintiff" or "Skky") First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to and included in Playboy's response to each Interrogatory, whether or not mentioned expressly in any particular response. Playboy does not waive any of its General Objections by stating Specific Objections to any particular Interrogatory. Playboy's responses are based solely on Playboy's current knowledge and belief. Playboy reserves the right to modify or supplement any of its responses and/or raise additional objections as such need may arise and in accordance with the Federal Rules of Civil Procedure.

1.     Playboy incorporates by reference its General Objections from i) Playboy's Responses to Skky's First Set of Requests for Production and ii) Playboy's Responses to Skky's First Set of Requests for Admissions.

2.     Playboy objects to each Interrogatory and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action ("Scheduling Order") and/or other applicable rules.  Playboy will respond to each Interrogatory only to the degree required by such Order and rules.

3.     Playboy objects to each Interrogatory to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege, protection or immunity.  Such information will not be provided in response to Skky's Interrogatories. No response from Playboy to any Interrogatory constitutes a waiver of any such applicable privilege, protection or immunity.

4.     Playboy objects to each Interrogatory as overly broad and unduly burdensome as not limited by way of relevant time period or scope.

5.     Playboy objects to each Interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

6.     Playboy objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Playboy objects to each Interrogatory to the extent that it purports to require Playboy to make a legal conclusion, or to perform a legal or other analysis or determination.

8.      Playboy objects to each Interrogatory to the extent that it seeks publicly accessible information because it is equally convenient for Skky to obtain such information.

9.      Playboy objects to each Interrogatory to the extent that it seeks information that cannot be disclosed without violating foreign law.

10.      Playboy objects to each Interrogatory as premature to the extent that a response would require o r is more properly addressed by expert discovery.  Expert discovery has not yet begun.  Playboy reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

11.      Playboy objects to each Interrogatory as premature to the extent that a response would require claim construction.

12.      Playboy objects to each Interrogatory that includes more than one separately stated matter.   In such cases, each subpart will be counted as separate Interrogatories.  Playboy will respond to only the number of interrogatories permitted under the Scheduling Order.

13.      Discovery relating to this action is in its early stages and Playboy's factual investigation is ongoing.  Playboy's responses herein are, therefore, made without

3

prejudice to Playboy's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

14.    Playboy expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Identify by name all Web Sites and mobile applications that you have developed, owned, operated, managed, or maintained, in whole or in part, since January 1, 2000, including those that you no longer develop, own, operate, manage, or maintain.

**Response to Interrogatory No. 1**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Playboy further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "maintained" which render a meaningful response impossible.  Playboy further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*all* Web Sites and mobile applications."  Playboy further objects to this Interrogatory to the extent that it seeks

4

information in the possession, custody, or control of a third party. Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

**Interrogatory No. 2:**

Identify the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services. For each individual identified, describe the individual's responsibilities and his or her relevant knowledge regarding the Services.

**Response to Interrogatory No. 2**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "testing," "deployment" and "maintenance" which render a meaningful response impossible. Playboy further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

Playboy further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party.   Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Playboy responds as follows:   Playboy incorporates by reference the individuals identified in Playboy's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.   Playboy reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 3:**

Identify and describe your relationship with any third parties with which you have relationships or agreements—formal or informal—regarding the design, development, testing, deployment, maintenance, or  management any financial or technical aspect of the Services.

**Response to Interrogatory No. 3**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Playboy further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "relationship," "management [sic] any financial or technical aspect of the Services," "deployment" and "testing" which render a meaningful response impossible.  Playboy further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in

this action nor reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* financial or technical aspect of the Services." Playboy further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information. Playboy further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Playboy responds as follows: Playboy incorporates by reference the individuals identified in Playboy's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Playboy reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 4:**

Identify the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services.

**Response to Interrogatory No. 4**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined term "subscription services" which renders a meaningful response impossible. Playboy further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* subscription services or advertising with respect to the Services." Playboy further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

8

Playboy further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Playboy responds as follows: Playboy incorporates by reference the individuals identified in Playboy's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Playboy reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 5:**

Identify the three most knowledgeable individuals regarding the use or access of the Services by any device that is capable of receiving data over a cellular network, including, but not limited to, technical or design considerations, subscription or advertising services, and strategic planning.

**Response to Interrogatory No. 5**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "use," "device," "access," "data," "cellular network," "subscription or advertising services" and "strategic planning" which render a meaningful response impossible. Playboy further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in

this action nor reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* device."   Playboy objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.  Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.  Playboy further objects to this Interrogatory to the extent that it seeks information in the possession, custody or control of a third party.  Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Playboy responds as follows:   Playboy incorporates by reference the individuals identified in Playboy's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Playboy reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 6:**

Identify the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Response to Interrogatory No. 6**

Playboy objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "devices," "data," "cellular network" and "accessed" which render a meaningful response impossible. Playboy further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information. Playboy further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

**Interrogatory No. 7:**

For each of the Web Sites and mobile applications identified in response to Interrogatory 1, identify and describe the storage mediums on which any audio, visual, or graphical content is kept, including, without limitation, location and entity/entities that owns, manages, or controls the storage medium.

**Response to Interrogatory No. 7**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "storage medium" which render a meaningful response impossible. Playboy further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* audio, visual or graphical content." Playboy further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Playboy incorporates by reference its response to Interrogatory No. 1. Playboy reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

Dated:     December, 5 2013                     Respectfully submitted,

                                                Barbara Podlucky Berens (#209788)
                                                Justi Rae Miller (#387330)
                                                Berens Miller, P.A.
                                                3720 IDS Center 80 South Eighth Street
                                                Minneapolis, MN 55402
                                                Telephone: (612) 349-6171
                                                Facsimile: (612) 349-6416
                                                Bberens@berensmiller.com
                                                Jmiller@berensmiller.com

                                                Frank M. Gasparo (Admitted *Pro Hac Vice*)
                                                Todd M. Nosher (Admitted *Pro Hac Vice*)
                                                Venable LLP
                                                1270 Avenue of the Americas
                                                Twenty-Fourth Floor
                                                New York, New York 10020
                                                Telephone: (212) 307-5500
                                                Facsimile: (212) 307-5598
                                                Fmgasparo@venable.com
                                                Tmnosher@venable.com

                                                *ATTORNEYS FOR DEFENDANT*
                                                *PLAYBOY ENTERPRISES, INC.*

13

# EXHIBIT 12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Skky, Inc.,                        )
                                   )
              Plaintiff,           )
                                   )
       v.                          )
                                   )    C.A. No. 13-cv-02089-PJS/JJG
                                   )
                                   )
                                   )
Playboy Enterprises, Inc.,         )
                                   )
                                   )
                                   )
              Defendant.           )
                                   )
_____)

## PLAYBOY'S RESPONSES TO SKKY'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Playboy Enterprises, Inc. ("Playboy") hereby responds to Plaintiff Skky, Inc.'s ("Skky") First Set of Requests for Production (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to, and included in, Playboy's response to each Request, whether or not mentioned expressly in any particular response. Playboy does not waive any of its General Objections by stating Specific Objections to any particular Request. Playboy's responses are based solely on Playboy's current knowledge and belief. Playboy reserves the right to modify or supplement any of its responses and/or raise additional objections as such need may arise.

1.     Playboy incorporates by reference its General Objections from i) Playboy's Responses to Skky's First Set of Interrogatories and ii) Playboy's Responses to Skky's First Set of Requests for Admissions.

2.     Playboy objects to each Request and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action ("Scheduling Order") and/or any other applicable rules.  Playboy will respond to each Request to the degree required by such Order and rules.

3.     Playboy objects to each Request to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege, protection or immunity.  No response or production by Playboy constitutes a waiver of any such applicable privilege, protection or immunity.

4.     Playboy objects to each Request to the extent it seeks the production of documents and things that cannot be located after a reasonable inquiry.

5.     Playboy objects to each Request to the extent that it seeks production of "any" and/or "all" documents in circumstances where literal interpretation of such Request would be unduly burdensome.  In such circumstances, subject to any other applicable objection, Playboy will produce responsive, non-privileged, non-immune documents relevant to a claim or defense sufficient to respond to the Request and/or query within, to the extent they exist, are in Playboy's possession, custody or control and can be located after a reasonable search.

2

6.     Playboy objects to each Request to the extent that it seeks to compel Playboy to produce documents and things not within the possession, custody or control of Playboy.

7.     Playboy objects to each Request to the extent that it purports to oblige Playboy to perform a legal or other analysis or determination to ascertain whether a document supports or refutes any claim asserted by Skky or any defense asserted by Playboy.

8.     Playboy objects to each request to the extent that it seeks the production of both discoverable and non-discoverable or objectionable material, and reserves the right to redact from documents and things any non-responsive or irrelevant matter, or matter for which Playboy may claim privilege or immunity.

9.     Playboy objects to each request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order.

10.    Playboy objects to each Request to the extent that production of the requested materials will violate the laws of the jurisdiction in which the requested materials are located.

11.    Playboy objects to each Request as unduly burdensome and not limited by way of relevant scope or time period.

12.    Playboy objects to each Request to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

3

13.     Playboy objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

14.     Playboy objects to each Request to the extent it seeks information that is publically available and equally accessible to Skky.

15.     Discovery relating to this action is in its very early stages and Playboy's factual investigation is ongoing.  Playboy's responses herein are, therefore, made without prejudice to Playboy's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

16.     Playboy expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1:

All documents that relate to when and how Playboy first became aware of the Asserted Patent.

### Response to Request No. 1:

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.  Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.

4

Subject to the foregoing General Objections, Playboy will produce responsive, non-privileged, non-immune documents sufficient to show when Playboy first became aware of the Asserted Patent to the extent they exist, are in Playboy's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 2:**

All documents that relate to communications between you and any third party concerning this litigation or the Asserted Patent, including communications with licensees, contractors, manufacturers, or agents.

**Response to Request No. 2**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege or immunity.

**Request No. 3:**

Documents sufficient to identify Web Sites owned, operated, controlled, or maintained in whole or in part by Playboy from January 1, 2000 through the present.

**Response to Request No. 3:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the terms "controlled" and "maintained" are unclear as used in the Request.

**Request No. 4:**

Documents sufficient to identify mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Playboy from January 1, 2000 through the present.

**Response to Request No. 4:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Playboy further objects to this request to

6

the extent that it seeks the production of documents and things that are protected by the

attorney-client privilege, work product immunity or any other applicable privilege or

immunity. Playboy further objects to this Request as vague, ambiguous and unclear to

the extent it relies on undefined terms. For example, the terms "mobile applications,"

"controlled" and "maintained" are unclear as used in the Request.

**Request No. 5:**

Documents sufficient to show the location of servers supporting Web Sites owned,
operated, controlled, or maintained in whole or in part by Playboy from June 16, 2009
through the present.

## Response to Request No. 5:

Playboy objects to this Request to the extent it seeks production of documents and

things that are not relevant to any claim or defense in this action, and are not reasonably

calculated to lead to the discovery of admissible evidence. Playboy further objects to this

Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For

example, the terms "controlled," "supporting" and "maintained" are unclear as used in

the Request.

Subject to the forgoing General and Specific objections, Playboy will produce

responsive, non-privileged, non-immune documents dated on or after June 16, 2009

sufficient to show the location of servers serving playboy.com and m.playboy.com to the

extent they exist, and which are in Playboy's possession, custody or control and can be

located after a reasonable search and whose production will not violate the laws of any

jurisdiction in which the requested materials are located.

**Request No. 6:**

Documents sufficient to show the location of servers supporting mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Playboy from June 16, 2009 through the present.

**Response to Request No. 6:**

Playboy objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "mobile applications," "supporting," "controlled" and "maintained" are unclear as used in the Request.

**Request No. 7:**

All documents sufficient to identify any relationship or agreements with any third party that performs, licenses, has purchased, manufactures, maintains, designs, or develops any of the Services or any portions of the Services.

**Response to Request No. 7:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Playboy further objects to this Request to the extent it

8

seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "relationship" and "maintains" are unclear as used in this Request. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

Subject to the forgoing General and Specific objections, Playboy will produce responsive, non-privileged, non-immune documents sufficient to show such relationships or agreements concerning playboy.com and m.playboy.com to the extent they exist, are in Playboy's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

9

**Request No. 8:**

All documents referring or relating to your relationship or agreements with any third party that aids, facilitates, or makes possible access and use of the Services by any device that is capable of receiving data over a cellular network.

<u>**Response to Request No. 8:**</u>

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "relationship," "access," "device," "data" and "cellular network" are unclear as used in this Request. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has

not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

Subject to the forgoing General and Specific objections, Playboy will produce responsive, non-privileged, non-immune documents dated on or after June 16, 2009 sufficient to show such relationships or agreements concerning playboy.com, and m.playboy.com to the extent they exist, and which are in Playboy's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 9:**

All business, marketing, and strategic plans relating to the use or access of Services by a device that is capable of receiving data over a cellular network, including but not limited to sales forecasts, from January 1, 2000 to the present.

**<u>Response to Request No. 9:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product

immunity or any other applicable privilege or immunity.  Playboy further objects to this

Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For

example, the terms "relationship," "access," "device," "data" and "cellular network" are

unclear as used in this Request.  Playboy further objects to this Request as premature,

vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff

defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in

Skky's infringement contentions or that are later identified by Playboy as discovery

continues, as well as any mobile applications identified in Skky's infringement

contentions or that are later identified by Playboy as discovery continues."  Plaintiff has

not yet served infringement contentions, and according to the Scheduling Order, will not

serve infringement contentions until February 24, 2014.   Until that time, Playboy is

unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 10:**

Documents sufficient to show the amount of advertising revenue the Services generated,
from January 1, 2000 to the present.

**<u>Response to Request No. 10:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope.  Playboy further

objects to this Request to the extent it seeks production of documents and things that are

not relevant to any claim or defense in this action, and are not reasonably calculated to

lead to the discovery of admissible evidence.  Playboy further objects to this request to

the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.   Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the term "advertising revenue" is unclear as used in this Request.   Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues."   Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.   Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 11:**

Documents sufficient to show the amount of advertising revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**<u>Response to Request No. 11:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to

13

lead to the discovery of admissible evidence.  Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the terms "advertising revenue," "device", "access," "data" and cellular network" are unclear as used in this Request. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 12:**

Documents sufficient to show the amount of subscription revenue the Services generated, from January 1, 2000 to the present.

**<u>Response to Request No. 12:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Playboy further

14

objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "subscription revenue" is unclear as used in this Request. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 13:**

Documents sufficient to show the amount of subscription revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**<u>Response to Request No. 13:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope.  Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the terms "subscription revenue," "access," "device," "data" and "cellular network" are unclear as used in this Request. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 14:**

All documents relating to any agreement between Playboy and any other person or entity relating to the development or maintenance of the Services.

**Response to Request No. 14:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Playboy further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 15:**

All documents relating to any agreement between Playboy and any other person or entity relating to the distribution or accessibility of Services to customers.

<u>**Response to Request No. 15:**</u>

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "distribution or accessibility" is unclear as used in this Request. Playboy further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or

18

that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 16:**

All documents relating to any agreement between Playboy and any other person or entity relating to the distribution or accessibility of Services to customers using a device that is capable of receiving data over a cellular network.

**<u>Response to Request No. 16:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "distribution," " accessibility," "device,"

19

"data" and "cellular network" are unclear as used in this Request.  Playboy further

objects to this Request to the extent that it seeks the production of documents and things

that may be subject to an obligation of confidentiality to any third-party, whether by

agreement or applicable court order.   Playboy further objects to this Request as

premature, vague, and ambiguous to the extent that it relies on the term "Services," which

Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites

identified in Skky's infringement contentions or that are later identified by Playboy as

discovery continues, as well as any mobile applications identified in Skky's infringement

contentions or that are later identified by Playboy as discovery continues."  Plaintiff has

not yet served infringement contentions, and according to the Scheduling Order, will not

serve infringement contentions until February 24, 2014.   Until that time, Playboy is

unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 17:**

All documents relating to any valuations—formal or informal—of the accessibility or use
of the Services by a device that is capable of receiving data over a cellular network, with
respect to any feature of the Services.

**<u>Response to Request No. 17:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope.   Playboy further

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents relating to the Request.  Playboy further objects to this Request to the extent it

seeks production of documents and things that are not relevant to any claim or defense in

20

this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "valuations," "accessibility," "device," "data" and "cellular network" are unclear as used in this Request. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 18:**

All patent license agreements related to wireless delivery of content to a device that is capable of receiving data over a cellular network.

**<u>Response to Request No. 18:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all

patent licenses." Playboy further objects to this Request to the extent it seeks production

of documents and things that are not relevant to any claim or defense in this action, and

are not reasonably calculated to lead to the discovery of admissible evidence. Playboy

further objects to this request to the extent that it seeks the production of documents and

things that are protected by the attorney-client privilege, work product immunity or any

other applicable privilege or immunity. Playboy further objects to this Request as vague,

ambiguous and unclear to the extent it relies on undefined terms. For example, the terms

"wireless delivery," "device," "data" and "cellular network" are unclear as used in this

Request. Playboy further objects to this Request to the extent that it seeks the production

of documents and things that may be subject to an obligation of confidentiality to any

third-party, whether by agreement or applicable court order.

**Request No. 19:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly,
quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit,
incremental profit, operating profit, and net profit for the Services, from January 1, 2000
to the present.

**<u>Response to Request No. 19:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope. Playboy further

objects to this Request to the extent it seeks financials on a scale more finite than a yearly

basis. Playboy further objects to this Request to the extent it seeks production of

22

documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 20:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the use or access of the Services by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Response to Request No. 20:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request to the extent it seeks financials on a scale more finite than a yearly

23

basis.   Playboy further objects to this Request to the extent it seeks production of

documents and things that are not relevant to any claim or defense in this action, and are

not reasonably calculated to lead to the discovery of admissible evidence.   Playboy

further objects to this request to the extent that it seeks the production of documents and

things that are protected by the attorney-client privilege, work product immunity or any

other applicable privilege or immunity.   Playboy further objects to this Request as

premature, vague, and ambiguous to the extent that it relies on the term "Services," which

Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites

identified in Skky's infringement contentions or that are later identified by Playboy as

discovery continues, as well as any mobile applications identified in Skky's infringement

contentions or that are later identified by Playboy as discovery continues."   Plaintiff has

not yet served infringement contentions, and according to the Scheduling Order, will not

serve infringement contentions until February 24, 2014.   Until that time, Playboy is

unable to determine the Web Sites about which Plaintiff seeks information.   Playboy

further objects to this Request as vague, ambiguous and unclear to the extent it relies on

undefined terms.   For example, the terms "device," "data" and "cellular network" are

unclear as used in this Request.

**Request No. 21:**

Documents sufficient to show direct and indirect expenses associated with providing and
maintaining the Services, from January 1, 2000 to the present.

**Response to Request No. 21:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.  Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.  For example, the terms "maintaining" is unclear as used in this Request.

**Request No. 22:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services for use or access by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

<u>**Response to Request No. 22:**</u>

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For

26

example, the terms "maintaining," "access, "device," "data" and "cellular network" are unclear as used in this Request.

**Request No. 23:**

All documents sufficient to determine all of your former or current related entities and divisions involved in the former, current, and anticipated design and manufacture of each Service, including documents sufficient to determine the role, structure, and contribution of each such entity, from January 1, 2000 to the present.

**Response to Request No. 23:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Playboy further objects to this Request as duplicative of other Skky Requests. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in

27

Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "related entities" is unclear as used in this Request.

**Request No. 24:**

Documents sufficient to show the identities, responsibilities, and duties of your former and current personnel having any responsibilities that relate to the oversight, support, design, development, manufacture, engineering, and/or marketing of the use or access any Service by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**<u>Response to Request No. 24:</u>**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Playboy further objects to this Request as duplicative of other Skky Requests. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as premature, vague, and ambiguous

28

to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "access," "oversight," "device," "data" and "cellular network" are unclear as used in this Request.

Subject to the forgoing General and Specific objections, Playboy will produce responsive, non-privileged, non-immune documents from on or after June 16, 2009 sufficient to identify the personnel having direct responsibilities relating to playboy.com and m.playboy.com to the extent they exist, are in Playboy's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 25:**

Documents sufficient to show your organizational structure, including any actual or proposed changes, with respect to its parents, divisions, affiliates, subsidiaries, and any other related entities responsible for the Services, including all organization charts, tables, or diagrams or other documents, from January 1, 2000 to the present.

**Response to Request No. 25:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.   Playboy further objects to this Request as duplicative of other Skky Requests. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 26:**

Documents sufficient to show the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Response to Request No. 26:**

Playboy objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Playboy further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.   Playboy further objects to this Request as duplicative of other Skky Requests. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Playboy further objects to this Request as vague, ambiguous and unclear.  For example, the terms "data," "device" and "cellular network" are unclear as used in this Request.  Playboy further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery

31

continues." Plaintiff has not yet served infringement contentions, and according to the

Scheduling Order, will not serve infringement contentions until February 24, 2014. Until

that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks

information. Playboy further objects to this Request as vague, ambiguous and unclear to

the extent it relies on undefined terms.   For example, the terms device," "data" and

"cellular network" are unclear as used in this Request. Playboy further objects to this

Request to the extent that it seeks publically accessible documents or information, as it is

equally convenient for Skky to obtain such documents or information.

**Request No. 27:**

Documents sufficient to show the number of times the Services have been accessed by
each type of device that is capable of receiving data over a cellular network, on a
quarterly basis, identified in your answer to Interrogatory 6, since June 16, 2009.

**Response to Request No. 27:**

Playboy objects to this Request as duplicative of other Skky Requests. Playboy

further objects to this Request to the extent it seeks production of documents and things

that are not relevant to any claim or defense in this action, and are not reasonably

calculated to lead to the discovery of admissible evidence. Playboy further objects to this

request to the extent that it seeks the production of documents and things that are

protected by the attorney-client privilege, work product immunity or any other applicable

privilege or immunity. Playboy further objects to this Request as vague, ambiguous and

unclear to the extent it relies on undefined terms.   For example, the terms "device,"

"data" and "cellular network" are unclear as used in this Request. Playboy further

objects to this Request as premature, vague, and ambiguous to the extent that it relies on

the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information.

Playboy incorporates herein by reference its objections to and response to Interrogatory No. 6.

**Request No. 28:**

Documents sufficient to show the number of times the Services have been accessed, on a quarterly basis, since June 16, 2009.

**Response to Request No. 28:**

Playboy objects to this Request as duplicative of other Skky Requests. Playboy further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Playboy further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Playboy further objects to this Request as vague, ambiguous and unclear. For example, the term "accessed" is unclear as used in this Request. Playboy

33

further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least playboy.com, m.playboy.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Playboy as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Playboy is unable to determine the Web Sites about which Plaintiff seeks information. Playboy further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "accessed" is unclear as used in this Request.

Dated:    December 5, 2013              Respectfully submitted,

Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens & Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Fmgasparo@venable.com
tmnosher@venable.com

*ATTORNEYS FOR DEFENDANT*
*PLAYBOY ENTERPRISES, INC.*

# EXHIBIT 13

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Skky Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 13-02086-PJS-JJG |
| | ) | |
| | ) | |
| Manwin USA, Inc., | ) | |
| Manwin Holding, s.a.r.l., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MANWIN'S RESPONSES TO SKKY'S
## FIRST SET OF REQUESTS FOR ADMISSION

Defendants Manwin USA, Inc. and Manwin Holding, s.a.r.l. (collectively,

"Manwin"), hereby respond to Plaintiff Skky, Inc.'s ("Skky") First Set of Requests for

Admission (the "Requests") as follows:

### GENERAL OBJECTIONS

The following General Objections and Statements shall be applicable to and

included in Manwin's response to each Request, whether or not mentioned expressly in

any particular response. Manwin does not waive any of its General Objections by stating

Specific Objections to any particular Request. Manwin's responses are based solely on

Manwin's current knowledge and belief. Manwin reserves the right to modify or

supplement any of its responses and/or raise additional objections as such need may arise and in accordance with the Federal Rules of Civil Procedure.

1.    Manwin incorporates by reference its General Objections from i) Manwin's Responses to Skky's First Set of Requests for Production and ii) Manwin's Responses to Skky's First Set of Interrogatories.

2.    Manwin objects to each Request and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action (the "Scheduling Order") and/or other applicable rules. Manwin will respond to each request to the degree required by such Order and rules

3.    Manwin objects to each Request to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, or any other applicable privilege, protection, or immunity.  Such information will not be provided in response to Skky's Requests.  No admission or denial by Manwin in response to any Request constitutes a waiver of any such applicable privilege, protection or immunity.

4.    Manwin objects to each Request to the extent that it lacks sufficient information to either admit or deny the Request after a reasonable inquiry.

5.    Manwin objects to each Request to the extent that it cannot be answered or otherwise responded to without violating foreign law.

6.    Manwin objects to each Request as unduly burdensome and not limited by way of relevant time period.

7.      Manwin objects to each Request to the extent that it seeks to compel Manwin to provide admissions from persons or business entities not within the possession, custody or control of Manwin.

8.      Manwin objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks admissions that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

9.      Manwin objects to each Request to the extent that it purports to require Manwin to make a legal conclusion, or to perform a legal or other analysis or determination.

10.     Manwin objects to each Request to the extent that it seeks admissions about the content of publicly accessible documents or information, because it is equally convenient for Skky to obtain such documents or information.

11.     Manwin objects to each Request as premature to the extent that a response would require, or is more properly addressed by, expert discovery.  Expert discovery has not yet begun.  Manwin reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

12.     Manwin objects to each Request as premature to the extent that it seeks admissions that would require claim construction.

13.     Manwin objects to each Request that includes more than one separately stated Request.  In such cases, each subpart will be counted as a separate Request; Manwin will respond to only the number of Requests permitted by the Court pursuant to the Scheduling Order.

14.     Discovery relating to this action is in its very early stages and Manwin's factual investigation is ongoing.  Manwin's responses herein are, therefore, made without prejudice to Manwin's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request No. 1:**
Admit that all image files available through your Services are compressed files (e.g., JPEG, GIF, or PNG).

**Response to Request No. 1:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Manwin further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "image files" which renders a meaningful response impossible.  Manwin further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues."  Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.   Until that time, Manwin is unable to admit or deny this Request.  Manwin further

objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Manwin further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* image files available through your Services" where literal interpretation of such Request would be unduly burdensome; Manwin cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Manwin cannot respond to this Request at the present time and therefore denies the same.

**Request No. 2:**

Admit that all video files available through your Services are compressed files (e.g., MPEG, MOV, M4P, or WMV).

**Response to Request No. 2:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "video files" which renders a meaningful response impossible. Manwin further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified

5

in Skky's infringement contentions or that are later identified by Manwin as discovery

continues." Plaintiff has not yet served infringement contentions, and the Scheduling

Order does not require the Plaintiff to serve infringement contentions until February 24,

2014. Until that time, Manwin is unable to admit or deny this Request. Manwin further

objects to this Request to the extent that it seeks information in the possession, custody or

control of a third party. Manwin further objects to this Request as overly broad, unduly

burdensome and as seeking discovery that is neither relevant to any claim or defense in

this action nor reasonably calculated to lead to the discovery of admissible evidence to

the extent it seeks information relating to "*all* video files available through your

Services" where literal interpretation of such Request would be unduly burdensome;

Manwin cannot respond to this request without Plaintiff significantly limiting, narrowing

and/or refining the same. Based on the foregoing General and Specific Objections,

Manwin cannot respond to this Request at the present time and therefore denies the same.

**Request No. 3:**

Admit that all audio files available through your Services are compressed files (e.g., AAC, MP3, or WMA).

**Response to Request No. 3:**

Manwin objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope. Manwin further

objects to this Request as vague and ambiguous to the extent that it relies on the

undefined term "audio files" which renders a meaningful response impossible. Manwin

6

further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to admit or deny this Request. Manwin further objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Manwin further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* audio files available through your Services" where literal interpretation of such Request would be unduly burdensome; Manwin cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Manwin cannot respond to this Request at the present time and therefore denies the same.

**Request No. 4:**

Admit that all audio, image, and video files available through your Services are stored in a computer or server memory.

7

**Response to Request No. 4:**

Manwin objects to this Request as it propounds three (3) separate requests and Manwin will respond to each individual Request accordingly. Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "audio, image and video files" which renders a meaningful response impossible. Manwin further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to admit or deny this Request. Manwin further objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Manwin further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* audio, video and image files available through your Services" where literal interpretation of such Request would be unduly burdensome;

8

Manwin cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Manwin cannot respond to this Request at the present time and therefore denies the same.


Dated:      December 5, 2013                    Respectfully submitted,

                                                Barbara Podlucky Berens (#209788)
                                                Justi Rae Miller (#387330)
                                                Berens & Miller, P.A.
                                                3720 IDS Center 80 South Eighth Street
                                                Minneapolis, MN 55402
                                                Telephone: (612) 349-6171
                                                Facsimile: (612) 349-6416
                                                Bberens@berensmiller.com
                                                Jmiller@berensmiller.com

                                                Frank M. Gasparo (Admitted *Pro Hac Vice*)
                                                Todd M. Nosher (Admitted *Pro Hac Vice*)
                                                Venable LLP
                                                1270 Avenue of the Americas
                                                Twenty-Fourth Floor
                                                New York, New York 10020
                                                Telephone: (212) 307-5500
                                                Facsimile: (212) 307-5598
                                                Fmgasparo@venable.com
                                                Tmnosher@venable.com

                                                *ATTORNEYS FOR DEFENDANTS*
                                                *MANWIN USA, INC. AND MANWIN HOLDING,*
                                                *S.A.R.L.*

# EXHIBIT 14

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 13-02086-PJS-JJG |
| | ) |
| | ) |
| Manwin USA, Inc., | ) |
| Manwin Holding, s.a.r.l., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MANWIN'S RESPONSES TO SKKY'S FIRST SET OF INTERROGATORIES

Defendants Manwin USA, Inc. and Manwin Holding, s.a.r.l. (collectively, "Manwin") hereby respond to Plaintiff Skky, Inc.'s ("Plaintiff" or "Skky") First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to and included in Manwin's response to each Interrogatory, whether or not mentioned expressly in any particular response. Manwin does not waive any of its General Objections by stating Specific Objections to any particular Interrogatory. Manwin's responses are based solely on Manwin's current knowledge and belief. Manwin reserves the right to modify or supplement any of its responses and/or raise additional objections as such need may arise and in accordance with the Federal Rules of Civil Procedure.

1.      Manwin incorporates by reference its General Objections from i) Manwin's Responses to Skky's First Set of Requests for Production and ii) Manwin's Responses to Skky's First Set of Requests for Admissions.

2.      Manwin objects to each Interrogatory and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action ("Scheduling Order") and/or other applicable rules. Manwin will respond to each Interrogatory only to the degree required by such Order and rules.

3.      Manwin objects to each Interrogatory to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privileges or any other applicable privilege, protection or immunity.  Such information will not be provided in response to Skky's Interrogatories. No response from Manwin to any Interrogatory constitutes a waiver of any such applicable privilege, protection or immunity.

4.      Manwin objects to each Interrogatory as overly broad and unduly burdensome as not limited by way of relevant time period or scope.

5.      Manwin objects to each Interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

6.      Manwin objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Manwin objects to each Interrogatory to the extent that it purports to require Manwin to make a legal conclusion, or to perform a legal or other analysis or determination.

8.     Manwin objects to each Interrogatory to the extent that it seeks publicly accessible information because it is equally convenient for Skky to obtain such information.

9.     Manwin objects to each Interrogatory to the extent that it seeks information that cannot be disclosed without violating foreign law.

10.     Manwin objects to each Interrogatory as premature to the extent that a response would require or is more properly addressed by expert discovery.  Expert discovery has not yet begun.  Manwin reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

11.     Manwin objects to each Interrogatory as premature to the extent that a response would require claim construction.

12.     Manwin objects to each Interrogatory that includes more than one separately stated matter.   In such cases, each subpart will be counted as separate Interrogatories.  Manwin will respond to only the number of interrogatories permitted under the Scheduling Order.

13.     Discovery relating to this action is in its early stages and Manwin's factual investigation is ongoing.   Manwin's responses herein are, therefore, made without prejudice to Manwin's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

14.     Manwin expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Identify by name all Web Sites and mobile applications that you have developed, owned, operated, managed, or maintained, in whole or in part, since January 1, 2000, including those that you no longer develop, own, operate, manage, or maintain.

**Response to Interrogatory No. 1**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "maintained" which render a meaningful response impossible.   Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*all* Web Sites and mobile

4

applications." Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Manwin further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

**Interrogatory No. 2:**

Identify the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services. For each individual identified, describe the individual's responsibilities and his or her relevant knowledge regarding the Services.

**Response to Interrogatory No. 2**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "testing," "deployment" and "maintenance" which render a meaningful response impossible. Manwin further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time,

Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party.   Manwin further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Manwin responds as follows:   Manwin incorporates by reference the individuals identified in Manwin's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.   Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 3:**

Identify and describe your relationship with any third parties with which you have relationships or agreements—formal or informal—regarding the design, development, testing, deployment, maintenance, or management any financial or technical aspect of the Services.

**Response to Interrogatory No. 3**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "relationship," "management [sic] any financial or technical aspect of the Services," "deployment" and "testing" which render a meaningful response impossible.   Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in

this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* financial or technical aspect of the Services." Manwin further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the schedule agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Manwin further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Manwin responds as follows: Manwin incorporates by reference the individuals identified in Manwin's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 4:**

Identify the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services.

**Response to Interrogatory No. 4**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined term "subscription services" which renders a meaningful response impossible. Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* subscription services or advertising with respect to the Services." Manwin further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time,

8

Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party.   Manwin further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Manwin responds as follows:   Manwin incorporates by reference the individuals identified in Manwin's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 5:**

Identify the three most knowledgeable individuals regarding the use or access of the Services by any device that is capable of receiving data over a cellular network, including, but not limited to, technical or design considerations, subscription or advertising services, and strategic planning.

**Response to Interrogatory No. 5**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "use," "device," "access," "data," "cellular network," "subscription or advertising services" and "strategic planning" which render a meaningful response impossible.   Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in

9

this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* device." Manwin objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody or control of a third party. Manwin further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Manwin responds as follows: Manwin incorporates by reference the individuals identified in Manwin's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 6:**

Identify the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Response to Interrogatory No. 6**

Manwin objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "devices," "data," "cellular network" and "accessed" which render a meaningful response impossible. Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Manwin further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

11

**Interrogatory No. 7:**

For each of the Web Sites and mobile applications identified in response to Interrogatory 1, identify and describe the storage mediums on which any audio, visual, or graphical content is kept, including, without limitation, location and entity/entities that owns, manages, or controls the storage medium.

**Response to Interrogatory No. 7**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "storage medium" which render a meaningful response impossible. Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* audio, visual or graphical content." Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Manwin further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Manwin incorporates by reference it response to Interrogatory No. 1. Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

Dated:      December 5, 2013                    Respectfully submitted,

Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens & Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Fmgasparo@venable.com
Tmnosher@venable.com

*ATTORNEYS FOR DEFENDANTS
MANWIN USA, INC. AND MANWIN
HOLDING, S.A.R.L.*

13

# EXHIBIT 15

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    C.A. No. 13-02086-PJS-JJG |
| | ) |
| | ) |
| Manwin USA, Inc., | ) |
| Manwin Holding, s.a.r.l., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MANWIN'S RESPONSES TO SKKY'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendants Manwin USA, Inc. and Manwin Holding, s.a.r.l. (collectively, "Manwin") hereby respond to Plaintiff Skky, Inc.'s ("Skky") First Set of Requests for Production (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to, and shall be included in, Manwin's response to each Request, whether or not mentioned expressly in any particular response. Manwin does not waive any of its General Objections by stating Specific Objections to any particular Request. Manwin's responses are based solely on Manwin's current knowledge and belief. Manwin reserves the right to modify or supplement any of its responses and/or raise additional objections as such need may arise.

1.     Manwin incorporates by reference its General Objections from i) Manwin's Responses to Skky's First Set of Interrogatories and ii) Manwin's Responses to Skky's First Set of Requests for Admissions.

2.     Manwin objects to each Request and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action ("Scheduling Order") and/or any other applicable rules. Manwin will respond to each Request to the degree required by such Order and rules.

3.     Manwin objects to each Request to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege, protection or immunity.  No response or production by Manwin constitutes a waiver of any such applicable privilege, protection or immunity.

4.     Manwin objects to each Request to the extent it seeks the production of documents and things that cannot be located after a reasonable inquiry.

5.     Manwin objects to each Request to the extent that it seeks production of "any" and/or "all" documents in circumstances where literal interpretation of such Request would be unduly burdensome.  In such circumstances, subject to any other applicable objection, Manwin will produce responsive, non-privileged, non-immune documents relevant to a claim or defense sufficient to respond to the Request and/or query within, to the extent they exist, are in Manwin's possession, custody or control and can be located after a reasonable search.

2

6.     Manwin objects to each Request to the extent that it seeks to compel Manwin to produce documents and things not within the possession, custody or control of Manwin.

7.     Manwin objects to each Request to the extent that it purports to oblige Manwin to perform a legal or other analysis or determination to ascertain whether a document supports or refutes any claim asserted by Skky or any defense asserted by Manwin.

8.     Manwin objects to each request to the extent that it seeks the production of both discoverable and non-discoverable or objectionable material, and reserves the right to redact from documents and things any non-responsive or irrelevant matter, or matter for which Manwin may claim privilege or immunity.

9.     Manwin objects to each request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order.

10.    Manwin objects to each Request to the extent that production of the requested materials will violate the laws of the jurisdiction in which the requested materials are located.

11.    Manwin objects to each Request as unduly burdensome and not limited by way of relevant time period.

12.    Manwin objects to each Request to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

3

13.     Manwin objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

14.     Manwin objects to each Request to the extent it seeks information that is publically available and equally accessible to Skky.

15.     Discovery relating to this action is in its very early stages and Manwin's factual investigation is ongoing.  Manwin's responses herein are, therefore, made without prejudice to Manwin's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

16.     Manwin expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

All documents that relate to when and how Manwin first became aware of the Asserted Patent.

**Response to Request No. 1:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.  Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.

4

Subject to the foregoing General and Specific Objections, Manwin will produce responsive, non-privileged, non-immune documents sufficient to show when Manwin first became aware of the Asserted Patent to the extent they exist, are in Manwin's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 2:**

All documents that relate to communications between you and any third party concerning this litigation or the Asserted Patent, including communications with licensees, contractors, manufacturers, or agents.

**Response to Request No. 2**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.  Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege or immunity.

**Request No. 3:**

Documents sufficient to identify Web Sites owned, operated, controlled, or maintained in whole or in part by Manwin from January 1, 2000 through the present.

**<u>Response to Request No. 3:</u>**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.   Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.   Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the terms "controlled" and "maintained" are unclear as used in the Request.

**Request No. 4:**

Documents sufficient to identify mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Manwin from January 1, 2000 through the present.

**<u>Response to Request No. 4</u>:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further

objects to this Request to the extent it seeks production of documents and things that are

not relevant to any claim or defense in this action, and are not reasonably calculated to

lead to the discovery of admissible evidence.   Manwin further objects to this request to

the extent that it seeks the production of documents and things that are protected by the

attorney-client privilege, work product immunity or any other applicable privilege or

immunity.   Manwin further objects to this Request as vague, ambiguous and unclear to

the extent it relies on undefined terms.   For example, the terms "mobile applications,"

"controlled" and "maintained" are unclear as used in the Request.

**Request No. 5:**

Documents sufficient to show the location of servers supporting Web Sites owned,
operated, controlled, or maintained in whole or in part by Manwin from June 16, 2009
through the present.

**Response to Request No. 5:**

Manwin objects to this Request to the extent it seeks production of documents and

things that are not relevant to any claim or defense in this action, and are not reasonably

calculated to lead to the discovery of admissible evidence.   Manwin further objects to this

Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For

example, the terms "controlled," "supporting" and "maintained" are unclear as used in

the Request.

Subject to the forgoing General and Specific objections, Manwin will produce

responsive, non-privileged, non-immune documents dated on or after June 16, 2009

sufficient to show the location of servers serving brazzers.com and brazzersmobile.com

to the extent they exist, and which are in Manwin's possession, custody or control and

7

can be located after a reasonable search and whose production will not violate the laws of
any jurisdiction in which the requested materials are located.

**Request No. 6:**

Documents sufficient to show the location of servers supporting mobile applications
developed, owned, operated, controlled, or maintained in whole or in part by Manwin
from June 16, 2009 through the present.

**Response to Request No. 6:**

Manwin objects to this Request to the extent it seeks production of documents and
things that are not relevant to any claim or defense in this action, and are not reasonably
calculated to lead to the discovery of admissible evidence.  Manwin further objects to this
request to the extent that it seeks the production of documents and things that are
protected by the attorney-client privilege, work product immunity or any other applicable
privilege or immunity.  Manwin further objects to this Request as vague, ambiguous and
unclear to the extent it relies on undefined terms.  For example, the terms "mobile
applications," "supporting," "controlled" and "maintained" are unclear as used in the
Request.

**Request No. 7:**

All documents sufficient to identify any relationship or agreements with any third party
that performs, licenses, has purchased, manufactures, maintains, designs, or develops any
of the Services or any portions of the Services.

**Response to Request No. 7:**

Manwin objects to this Request as overly broad and unduly burdensome to the
extent it seeks information from time periods not relevant to any claim or defense in this
action and/or is otherwise not reasonably limited in time and scope.   Manwin further

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "relationship" and "maintains" are unclear as used in this Request. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

Subject to the forgoing General and Specific objections, Manwin will produce responsive, non-privileged, non-immune documents dated on or after June 16, 2009 sufficient to show such relationships or agreements concerning brazzers.com and brazzersmobile.com to the extent they exist, and which are in Manwin's possession,

9

custody or control and can be located after a reasonable search and whose production will

not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 8:**

All documents referring or relating to your relationship or agreements with any third
party that aids, facilitates, or makes possible access and use of the Services by any device
that is capable of receiving data over a cellular network.

**Response to Request No. 8:**

Manwin objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope.   Manwin further

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents relating to the Request.  Manwin further objects to this Request to the extent it

seeks production of documents and things that are not relevant to any claim or defense in

this action, and are not reasonably calculated to lead to the discovery of admissible

evidence.  Manwin further objects to this request to the extent that it seeks the production

of documents and things that are protected by the attorney-client privilege, work product

immunity or any other applicable privilege or immunity.  Manwin further objects to this

Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For

example, the terms "relationship," "access," "device," "data" and "cellular network" are

unclear as used in this Request.  Manwin further objects to this Request as premature,

vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff

defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified

in Skky's infringement contentions or that are later identified by Manwin as discovery

continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

Subject to the forgoing General and Specific objections, Manwin will produce responsive, non-privileged, non-immune documents dated on or after June 16, 2009 sufficient to show such relationships or agreements concerning brazzers.com and brazzersmobile.com to the extent they exist, and which are in Manwin's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 9:**

All business, marketing, and strategic plans relating to the use or access of Services by a device that is capable of receiving data over a cellular network, including but not limited to sales forecasts, from January 1, 2000 to the present.

**Response to Request No. 9:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible

11

evidence. Manwin further objects to this request to the extent that it seeks the production

of documents and things that are protected by the attorney-client privilege, work product

immunity or any other applicable privilege or immunity. Manwin further objects to this

Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For

example, the terms "relationship," "access," "device," "data" and "cellular network" are

unclear as used in this Request. Manwin further objects to this Request as premature,

vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff

defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified

in Skky's infringement contentions or that are later identified by Manwin as discovery

continues, as well as any mobile applications identified in Skky's infringement

contentions or that are later identified by Manwin as discovery continues." Plaintiff has

not yet served infringement contentions, and according to the Scheduling Order, will not

serve infringement contentions until February 24, 2014. Until that time, Manwin is

unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 10:**

Documents sufficient to show the amount of advertising revenue the Services generated,
from January 1, 2000 to the present.

**Response to Request No. 10:**

Manwin objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope. Manwin further

objects to this Request to the extent it seeks production of documents and things that are

not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "advertising revenue" is unclear as used in this Request. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 11:**

Documents sufficient to show the amount of advertising revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Response to Request No. 11:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further

13

objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "advertising revenue," "device", "access," "data" and cellular network" are unclear as used in this Request. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 12:**

Documents sufficient to show the amount of subscription revenue the Services generated, from January 1, 2000 to the present.

**Response to Request No. 12:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the term "subscription revenue" is unclear as used in this Request.  Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 13:**

Documents sufficient to show the amount of subscription revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

15

**Response to Request No. 13:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the terms "subscription revenue," "access," "device," "data" and "cellular network" are unclear as used in this Request. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 14:**

16

All documents relating to any agreement between Manwin and any other person or entity relating to the development or maintenance of the Services.

**Response to Request No. 14:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "maintenance" is unclear as used in this Request. Manwin further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications

17

identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 15:**

All documents relating to any agreement between Manwin and any other person or entity relating to the distribution or accessibility of Services to customers.

**Response to Request No. 15:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "distribution" and "accessibility" are unclear as used in this Request. Manwin further objects to this Request to the extent that it seeks the

production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 16:**

All documents relating to any agreement between Manwin and any other person or entity relating to the distribution or accessibility of Services to customers using a device that is capable of receiving data over a cellular network.

**Response to Request No. 16:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of

19

admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "distribution," "accessibility," "device," "data" and "cellular network" are unclear as used in this Request. Manwin further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 17:**

All documents relating to any valuations—formal or informal—of the accessibility or use of the Services by a device that is capable of receiving data over a cellular network, with respect to any feature of the Services.

**Response to Request No. 17:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "valuations," "accessibility," "device," "data" and "cellular network" are unclear as used in this Request. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

21

**Request No. 18:**

All patent license agreements related to wireless delivery of content to a device that is capable of receiving data over a cellular network.

**<u>Response to Request No. 18:</u>**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all patent licenses." Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "wireless delivery," "device," "data" and "cellular network" are unclear as used in this Request. Manwin further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order.

**Request No. 19:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the Services, from January 1, 2000 to the present.

**Response to Request No. 19:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Manwin further objects to this Request to the extent it seeks financials on a scale more finite than a yearly basis.  Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 20:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit,

incremental profit, operating profit, and net profit for the use or access of the Services by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Response to Request No. 20:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request to the extent it seeks financials on a scale more finite than a yearly basis. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on

24

undefined terms.   For example, the terms "device," "data" and "cellular network" are unclear as used in this Request.

**Request No. 21:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services, from January 1, 2000 to the present.

**<u>Response to Request No. 21:</u>**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.  Until that time, Manwin is unable to

25

determine the Web Sites about which Plaintiff seeks information.  Manwin further

objects to this Request as vague, ambiguous and unclear to the extent it relies on

undefined terms.  For example, the term "maintaining" is unclear as used in this Request.

**Request No. 22:**

Documents sufficient to show direct and indirect expenses associated with providing and
maintaining the Services for use or access by a device that is capable of receiving data
over a cellular network, from January 1, 2000 to the present.

**Response to Request No. 22:**

Manwin objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope.  Manwin further

objects to this Request to the extent it seeks production of documents and things that are

not relevant to any claim or defense in this action, and are not reasonably calculated to

lead to the discovery of admissible evidence.  Manwin further objects to this request to

the extent that it seeks the production of documents and things that are protected by the

attorney-client privilege, work product immunity or any other applicable privilege or

immunity.  Manwin further objects to this Request as premature, vague, and ambiguous

to the extent that it relies on the term "Services," which Plaintiff defines as "at least

brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's

infringement contentions or that are later identified by Manwin as discovery continues, as

well as any mobile applications identified in Skky's infringement contentions or that are

later identified by Manwin as discovery continues."  Plaintiff has not yet served

infringement contentions, and according to the Scheduling Order, will not serve

infringement contentions until February 24, 2014.  Until that time, Manwin is unable to

determine the Web Sites about which Plaintiff seeks information.  Manwin further

objects to this Request as vague, ambiguous and unclear to the extent it relies on

undefined terms.   For example, the terms "maintaining," "access," device," "data" and

"cellular network" are unclear as used in this Request.

**Request No. 23:**

All documents sufficient to determine all of your former or current related entities and
divisions involved in the former, current, and anticipated design and manufacture of each
Service, including documents sufficient to determine the role, structure, and contribution
of each such entity, from January 1, 2000 to the present.

**<u>Response to Request No. 23:</u>**

Manwin objects to this Request as overly broad and unduly burdensome to the

extent it seeks information from time periods not relevant to any claim or defense in this

action and/or is otherwise not reasonably limited in time and scope.   Manwin further

objects to this Request as overly broad and unduly burdensome to the extent it seeks "all"

documents relating to the Request.   Manwin further objects to this Request as duplicative

of other Skky Requests. Manwin further objects to this Request to the extent it seeks

production of documents and things that are not relevant to any claim or defense in this

action, and are not reasonably calculated to lead to the discovery of admissible evidence.

Manwin further objects to this request to the extent that it seeks the production of

documents and things that are protected by the attorney-client privilege, work product

immunity or any other applicable privilege or immunity.  Manwin further objects to this

Request as premature, vague, and ambiguous to the extent that it relies on the term

"Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "related entities" is unclear as used in this Request.

**Request No. 24:**

Documents sufficient to show the identities, responsibilities, and duties of your former and current personnel having any responsibilities that relate to the oversight, support, design, development, manufacture, engineering, and/or marketing of the use or access any Service by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Response to Request No. 24:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Manwin further objects to this Request as duplicative of other Skky Requests. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the

extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Service," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "access," "oversight," "device," "data" and "cellular network" are unclear as used in this Request.

Subject to the forgoing General and Specific objections, Manwin will produce responsive, non-privileged, non-immune documents dated on or after June 16, 2009 sufficient to identify the personnel having direct responsibilities relating to brazzers.com and brazzersmobile.com, to the extent they exist, and which are in Manwin's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 25:**

Documents sufficient to show your organizational structure, including any actual or proposed changes, with respect to its parents, divisions, affiliates, subsidiaries, and any other related entities responsible for the Services, including all organization charts, tables, or diagrams or other documents, from January 1, 2000 to the present.

**Response to Request No. 25:**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.  Manwin further objects to this Request as duplicative of other Skky Requests. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues."   Plaintiff has not yet served infringement contentions, and

according to the Scheduling Order, will not serve infringement contentions until February 24, 2014.   Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 26:**

Documents sufficient to show the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**<u>Response to Request No. 26:</u>**

Manwin objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Manwin further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.   Manwin further objects to this Request as duplicative of other Skky Requests. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Manwin further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications

31

identified in Skky's infringement contentions or that are later identified by Manwin as

discovery continues."   Plaintiff has not yet served infringement contentions, and

according to the Scheduling Order, will not serve infringement contentions until February

24, 2014.   Until that time, Manwin is unable to determine the Web Sites about which

Plaintiff seeks information.  Manwin further objects to this Request as vague, ambiguous

and unclear to the extent it relies on undefined terms.   For example, the terms "device,"

"data" and "cellular network" are unclear as used in this Request.  Mawin further objects

to this Request to the extent that it seeks publically accessible documents or information,

as it is equally convenient for Skky to obtain such documents or information.

**Request No. 27:**

Documents sufficient to show the number of times the Services have been accessed by
each type of device that is capable of receiving data over a cellular network, on a
quarterly basis, identified in your answer to Interrogatory 6, since June 16, 2009.

**<u>Response to Request No. 27:</u>**

Manwin objects to this Request as duplicative of other Skky Requests. Manwin

further objects to this Request to the extent it seeks production of documents and things

that are not relevant to any claim or defense in this action, and are not reasonably

calculated to lead to the discovery of admissible evidence.  Manwin further objects to this

request to the extent that it seeks the production of documents and things that are

protected by the attorney-client privilege, work product immunity or any other applicable

privilege or immunity.  Manwin further objects to this Request as vague, ambiguous and

unclear to the extent it relies on undefined terms.   For example, the terms "device,"

"accessed," "data" and "cellular network" are unclear as used in this Request.  Manwin

further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information.

Manwin incorporates herein by reference its objections to and response to Interrogatory No. 6.

**Request No. 28:**

Documents sufficient to show the number of times the Services have been accessed, on a quarterly basis, since June 16, 2009.

**Response to Request No. 28:**

Manwin objects to this Request as duplicative of other Skky Requests. Manwin further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Manwin further objects to this Request as premature, vague, and

ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least brazzers.com, brazzersmobile.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Manwin as discovery continues." Plaintiff has not yet served infringement contentions, and according to the Scheduling Order, will not serve infringement contentions until February 24, 2014. Until that time, Manwin is unable to determine the Web Sites about which Plaintiff seeks information. Manwin further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "accessed" is unclear as used in this Request.

Dated:      December 5, 2013                    Respectfully submitted,

Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens & Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Fmgasparo@venable.com
tmnosher@venable.com

*ATTORNEYS FOR DEFENDANTS
MANWIN USA, INC. AND MANWIN
HOLDING, S.A.R.L.*

# EXHIBIT 16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Skky, Inc.,

        Plaintiff,

    v.

        C.A. No. 13-cv-02087-PJS/JJG

Vivid Entertainment, LLC,

        Defendant.

## VIVID'S RESPONSES TO SKKY'S
## FIRST SET OF REQUESTS FOR ADMISSION

Defendant Vivid Entertainment, LLC ("Vivid"), hereby responds to Plaintiff Skky,

Inc.'s ("Skky") First Set of Requests for Admission (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to and

included in Vivid's response to each Request, whether or not mentioned expressly in any

particular response.   Vivid does not waive any of its General Objections by stating

Specific Objections to any particular Request.   Vivid's responses are based solely on

Vivid's current knowledge and belief.   Vivid reserves the right to modify or supplement

any of its responses and/or raise additional objections as such need may arise and in

accordance with the Federal Rules of Civil Procedure.

1.      Vivid incorporates by reference its General Objections from i)  Vivid's Responses to Skky's First Set of Requests for Production and ii) Vivid's Responses to Skky's First Set of Interrogatories.

2.      Vivid objects to each Request and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action (the "Scheduling Order") and/or other applicable rules. Vivid will respond to each request to the degree required by such Order and rules.

3.      Vivid objects to each Request to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, or any other applicable privilege, protection, or immunity.  Such information will not be provided in response to Skky's Requests.  No admission or denial by Vivid in response to any Request constitutes a waiver of any such applicable privilege, protection or immunity.

4.      Vivid objects to each Request to the extent that it lacks sufficient information to either admit or deny the Request after a reasonable inquiry.

5.      Vivid objects to each Request to the extent that it cannot be answered or otherwise responded to without violating foreign law.

6.      Vivid objects to each Request as unduly burdensome and not limited by way of relevant time period.

7.     Vivid objects to each Request to the extent that it seeks to compel Vivid to provide admissions from persons or business entities not within the possession, custody or control of Vivid.

8.     Vivid objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks admissions that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

9.     Vivid objects to each Request to the extent that it purports to require Vivid to make a legal conclusion, or to perform a legal or other analysis or determination.

10.    Vivid objects to each Request to the extent that it seeks admissions about the content of publicly accessible documents or information, because it is equally convenient for Skky to obtain such documents or information.

11.    Vivid objects to each Request as premature to the extent that a response would require, or is more properly addressed by, expert discovery. Expert discovery has not yet begun. Vivid reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

12.    Vivid object s to each Request as premature to the extent that it seeks admissions that would require claim construction.

13.    Vivid objects to each Request that includes more than one separately stated Request. In such cases, each subpart will be counted as a separate Request. Vivid will respond to only the number of Requests permitted by the Court pursuant to the Scheduling Order.

14.     Discovery relating to this action is in its very early stages and Vivid's factual investigation is ongoing.  Vivid's responses herein are, therefore, made without prejudice to Vivid's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request No. 1:**

Admit that all image files available through your Services are compressed files (e.g., JPEG, GIF, or PNG).

**Response to Request No. 1:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "image files" which renders a meaningful response impossible.   Vivid further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues."  Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.  Until that time, Vivid is unable to admit or deny this Request.  Vivid further objects to this Request to the

extent that it seeks information in the possession, custody or control of a third party. Vivid further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* image files available through your Services" where literal interpretation of such Request would be unduly burdensome; Vivid cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Vivid cannot respond to this Request at the present time and therefore denies the same.

**Request No. 2:**

Admit that all video files available through your Services are compressed files (e.g., MPEG, MOV, M4P, or WMV).

**Response to Request No. 2**:

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "video files" which renders a meaningful response impossible. Vivid further objects to this Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement

contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.    Until that time, Vivid is unable to admit or deny this Request.  Vivid further objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Vivid further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* video files available through your Services" where literal interpretation of such Request would be unduly burdensome; Vivid cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Vivid cannot respond to this Request at the present time and therefore denies the same.

**Request No. 3:**

Admit that all audio files available through your Services are compressed files (e.g., AAC, MP3, or WMA).

**Response to Request No. 3:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this Request as vague and ambiguous to the extent that it relies on the undefined term "audio files" which renders a meaningful response impossible.   Vivid further objects to this

6

Request as vague and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to admit or deny this Request. Vivid further objects to this Request to the extent that it seeks information in the possession, custody or control of a third party. Vivid further objects to this Request as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to "*all* audio files available through your Services" where literal interpretation of such Request would be unduly burdensome; Vivid cannot respond to this request without Plaintiff significantly limiting, narrowing and/or refining the same. Based on the foregoing General and Specific Objections, Vivid cannot respond to this Request at the present time and therefore denies the same.

**Request No. 4:**

Admit that all audio, image, and video files available through your Services are stored in a computer or server memory.

**Response to Request No. 4**

Vivid objects to this Request as it propounds multiple requests; Vivid will respond

to each individual Request accordingly.   Vivid objects to this Request as overly broad

and unduly burdensome to the extent it seeks information from time periods not relevant

to any claim or defense in this action and/or is otherwise not reasonably limited in time

and scope.   Vivid further objects to this Request as vague and ambiguous to the extent

that it relies on the undefined term "audio, image and video files" which renders a

meaningful response impossible.    Vivid further objects to this Request as vague and

ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at

least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's

infringement contentions or that are later identified Vivid as discovery continues, as well

as any mobile applications identified in Skky's infringement contentions or that are later

identified by Vivid as discovery continues."   Plaintiff has not yet served infringement

contentions, and the Scheduling Order does not require the Plaintiff to serve infringement

contentions until February 24, 2014.   Until that time, Vivid is unable to admit or deny

this Request.   Vivid further objects to this Request to the extent that it seeks information

in the possession, custody or control of a third party. Vivid further objects to this Request

as overly broad, unduly burdensome and as seeking discovery that is neither relevant to

any claim or defense in this action nor reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks information relating to "*all* audio, video and

image files available through your Services" where literal interpretation of such Request

would be unduly burdensome; Vivid cannot respond to this request without Plaintiff

8

significantly limiting, narrowing and/or refining the same. Based on the foregoing

General and Specific Objections, Vivid cannot respond to this Request at the present time

and therefore denies the same.


Dated:       December 5, 2013              Respectfully submitted,

                                           Barbara Podlucky Berens (#209788)
                                           Justi Rae Miller (#387330)
                                           Berens Miller, P.A.
                                           3720 IDS Center 80 South Eighth Street
                                           Minneapolis, MN 55402
                                           Telephone: (612) 349-6171
                                           Facsimile: (612) 349-6416
                                           Bberens@berensmiller.com
                                           Jmiller@berensmiller.com

                                           Frank M. Gasparo (Admitted *Pro Hac Vice*)
                                           Todd M. Nosher (Admitted *Pro Hac Vice*)
                                           Venable LLP
                                           1270 Avenue of the Americas
                                           Twenty-Fourth Floor
                                           New York, New York 10020
                                           Telephone: (212) 307-5500
                                           Facsimile: (212) 307-5598
                                           Fmgasparo@venable.com
                                           Tmnosher@venable.com

                                           *ATTORNEYS FOR DEFENDANT*
                                           *VIVID ENTERTAINMENT, LLC*

9

# EXHIBIT 17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Skky, Inc.,                                    )
                                               )
        Plaintiff,                          )
                                               )
    v.                                       )
                                               )   C.A. No. 13-cv-02087-PJS/JJG
                                               )
                                               )
                                               )
Vivid Entertainment, LLC,                      )
                                               )
                                               )
                                               )
        Defendant.                          )
                                               )
_____               )

## VIVID'S RESPONSES TO SKKY'S FIRST SET OF INTERROGATORIES

Defendant Vivid Entertainment, LLC ("Vivid") hereby responds to Plaintiff Skky, Inc.'s ("Plaintiff" or "Skky") First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to and included in Vivid's response to each Interrogatory, whether or not mentioned expressly in any particular response. Vivid does not waive any of its General Objections by stating Specific Objections to any particular Interrogatory. Vivid's responses are based solely on Vivid's current knowledge and belief. Vivid reserves the right to modify or supplement any of its responses and/or raise additional objections as such need may arise and in accordance with the Federal Rules of Civil Procedure.

1.      Vivid i ncorporates by reference its General Objections from i) Vivid's Responses to Skky's First Set of Requests for Production and ii) Vivid's Responses to Skky's First Set of Requests for Admissions.

2.      Vivid objects to each Interrogatory and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action ("Scheduling Order") and/or other applicable rules.   Vivid will respond to each Interrogatory only to the degree required by such Order and rules.

3.      Vivid objects to each Interrogatory to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege, protection or immunity.   Such information will not be provided in response to Skky's Interrogatories. No response from Vivid to any Interrogatory constitutes a waiver of any such applicable privilege, protection or immunity.

4.      Vivid objects to each Interrogatory as overly broad and unduly burdensome as not limited by way of relevant time period or scope.

5.      Vivid objects to each Interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

6.      Vivid objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or

2

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Vivid objects to each Interrogatory to the extent that it purports to require Vivid to make a legal conclusion, or to perform a legal or other analysis or determination.

8.      Vivid o bjects to each Interrogatory to the extent that it seeks publicly accessible information because it is equally convenient for Skky to obtain such information.

9.      Vivid objects to each Interrogatory to the extent that it seeks information that cannot be disclosed without violating foreign law.

10.     Vivid objects to each Interrogatory as premature to the extent that a response would require o r is more properly addressed by expert discovery.  Expert discovery has not yet begun.  Vivid reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

11.     Vivid objects to each Interrogatory as premature to the extent that a response would require claim construction.

12.     Vivid objects to each Interrogatory that includes more than one separately stated matter.   In such cases, each subpart will be counted as separate Interrogatories. Vivid will respond to only the number of interrogatories permitted under the Scheduling Order,

13.     Discovery relating to this action is in its early stages and Vivid's factual investigation is ongoing.  Vivid's responses herein are, therefore, made without prejudice

to Vivid's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

14.    Vivid expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Identify by name all Web Sites and mobile applications that you have developed, owned, operated, managed, or maintained, in whole or in part, since January 1, 2000, including those that you no longer develop, own, operate, manage, or maintain.

**Response to Interrogatory No. 1**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.    Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "maintained" which render a meaningful response impossible.  Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*all* Web Sites and mobile applications."   Vivid further objects to this Interrogatory to the extent that it seeks information in the

possession, custody, or control of a third party.   Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

**Interrogatory No. 2:**

Identify the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services. For each individual identified, describe the individual's responsibilities and his or her relevant knowledge regarding the Services.

**Response to Interrogatory No. 2**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "testing," "deployment" and "maintenance" which render a meaningful response impossible.   Vivid further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.   Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.   Vivid further objects to

this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Vivid responds as follows: Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 3:**

Identify and describe your relationship with any third parties with which you have relationships or agreements—formal or informal—regarding the design, development, testing, deployment, maintenance, or management any financial or technical aspect of the Services.

**Response to Interrogatory No. 3**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "relationship," "management [sic] any financial or technical aspect of the Services," "deployment" and "testing" which render a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

6

Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* financial or technical aspect of the Services." Vivid further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues."  Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.  Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.  Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party.  Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Vivid responds as follows:  Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 4:**

Identify the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services.

**Response to Interrogatory No. 4**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined term "subscription services" which renders a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* subscription services or advertising with respect to the Services." Vivid further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information. Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control

of a third party.  Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Vivid responds as follows:  Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 5:**

Identify the three most knowledgeable individuals regarding the use or access of the Services by any device that is capable of receiving data over a cellular network, including, but not limited to, technical or design considerations, subscription or advertising services, and strategic planning.

**Response to Interrogatory No. 5**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "use," "device," "access," "data," "cellular network," "subscription or advertising services" and "strategic planning" which render a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the

extent it seeks information relating to "*any* device."   Vivid objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.   Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody or control of a third party. Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Vivid responds as follows:   Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.   Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 6:**

Identify the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**Response to Interrogatory No. 6**

Vivid objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "devices," "data," "cellular network" and "accessed" which render a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.   Vivid further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues."  Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014.  Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.  Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.  .

**Interrogatory No. 7:**

For each of the Web Sites and mobile applications identified in response to Interrogatory 1, identify and describe the storage mediums on which any audio, visual, or graphical content is kept, including, without limitation, location and entity/entities that owns, manages, or controls the storage medium.

**Response to Interrogatory No. 7**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "storage medium" which render a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* audio, visual or graphical content." Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing general and specific objections, Vivid incorporates by reference its response to Interrogatory No. 1. Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

Dated:      December 5, 2013                    Respectfully submitted,

                                                Barbara Podlucky Berens (#209788)
                                                Justi Rae Miller (#387330)
                                                Berens Miller, P.A.
                                                3720 IDS Center 80 South Eighth Street
                                                Minneapolis, MN 55402
                                                Telephone: (612) 349-6171
                                                Facsimile: (612) 349-6416
                                                Bberens@berensmiller.com
                                                Jmiller@berensmiller.com

                                                Frank M. Gasparo (Admitted *Pro Hac Vice*)
                                                Todd M. Nosher (Admitted *Pro Hac Vice*)
                                                Venable LLP
                                                1270 Avenue of the Americas
                                                Twenty-Fourth Floor
                                                New York, New York 10020
                                                Telephone: (212) 307-5500
                                                Facsimile: (212) 307-5598
                                                Fmgasparo@venable.com
                                                Tmnosher@venable.com

                                                *ATTORNEYS FOR DEFENDANT*
                                                *VIVID ENTERTAINMENT, LLC*

13

# EXHIBIT 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Skky, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   C.A. No. 13-cv-02087-PJS/JJG |
| | ) |
| | ) |
| | ) |
| Vivid Entertainment, LLC, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## VIVID'S RESPONSES TO SKKY'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Vivid Entertainment, LLC ("Vivid") hereby responds to Plaintiff Skky, Inc.'s ("Skky") First Set of Requests for Production (the "Requests") as follows:

### GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to and included in Vivid's response to each Request, whether or not mentioned expressly in any particular response. Vivid does not waive any of its General Objections by stating Specific Objections to any particular Request. Vivid's responses are based solely on Vivid's current knowledge and belief. Vivid reserves the right to modify or supplement any of its responses and/or raise additional objections as such need may arise.

1.      Vivid incorporates by reference its General Objections from i) Vivid's Responses to Skky's First Set of Interrogatories and ii) Vivid's Responses to Skky's First Set of Requests for Admissions.

2.      Vivid objects to each Request and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, December 4, 2013 Scheduling Order in this action ("Scheduling Order") and/or any other applicable rules. Vivid will respond to each Request to the degree required by such Order and rules.

3.      Vivid objects to each Request to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege, protection or immunity.  No response or production by Vivid constitutes a waiver of any such applicable privilege, protection or immunity.

4.      Vivid objects to each Request to the extent it seeks the production of documents and things that cannot be located after a reasonable inquiry.

5.      Vivid objects to each Request to the extent that it seeks production of "any" and/or "all" documents in circumstances where literal interpretation of such Request would be unduly burdensome.  In such circumstances, subject to any other applicable objection, Vivid will produce responsive, non-privileged, non-immune documents relevant to a claim or defense sufficient to respond to the Request and/or query within, to the extent they exist, are in Vivid's possession, custody or control and can be located after a reasonable search.

2

6.     Vivid objects to each Request to the extent that it seeks to compel Vivid to produce documents and things not within the possession, custody or control of Vivid.

7.     Vivid objects to each Request to the extent that it purports to oblige Vivid to perform a legal or other analysis or determination to ascertain whether a document supports or refutes any claim asserted by Skky or any defense asserted by Vivid.

8.     Vivid objects to each request to the extent that it seeks the production of both discoverable and non-discoverable or objectionable material, and reserves the right to redact from documents and things any non-responsive or irrelevant matter, or matter for which Vivid may claim privilege or immunity.

9.     Vivid objects to each request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order.

10.     Vivid objects to each Request to the extent that production of the requested materials will violate the laws of the jurisdiction in which the requested materials are located.

11.     Vivid objects to each Request as unduly burdensome and not limited by way of relevant scope or time period.

12.     Vivid objects to each Request to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

13.     Vivid objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

14.     Vivid objects to each Request to the extent it seeks information that is publically available and equally accessible to Skky.

15.     Discovery relating to this action is in its very early stages and Vivid's factual investigation is ongoing.  Vivid's responses herein are, therefore, made without prejudice to Vivid's right to introduce any and all documents or other evidence of any kind in future proceedings in this action.

16.     Vivid expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

All documents that relate to when and how Vivid first became aware of the Asserted Patent.

### Response to Request No. 1:

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.  Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.

4

Subject to the foregoing General and Specific Objections, Vivid will produce responsive, non-privileged, non-immune documents sufficient to show when Vivid first became aware of the Asserted Patent to the extent they exist, are in Vivid's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 2:**

All documents that relate to communications between you and any third party concerning this litigation or the Asserted Patent, including communications with licensees, contractors, manufacturers, or agents.

**Response to Request No. 2**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege or immunity.

**Request No. 3:**

Documents sufficient to identify Web Sites owned, operated, controlled, or maintained in whole or in part by Vivid from January 1, 2000 through the present.

**Response to Request No. 3:**

      Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.  For example, the terms "controlled" and "maintained" are unclear as used in the Request.

**Request No. 4:**

Documents sufficient to identify mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Vivid from January 1, 2000 through the present.

**Response to Request No. 4:**

      Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Vivid further objects to this request to the extent that it

seeks the production of documents and things that are protected by the attorney-client

privilege, work product immunity or any other applicable privilege or immunity.  Vivid

further objects to this Request as vague, ambiguous and unclear to the extent it relies on

undefined terms.   For example, the terms "mobile applications," "controlled" and

"maintained" are unclear as used in the Request.

**Request No. 5:**

Documents sufficient to show the location of servers supporting Web Sites owned,
operated, controlled, or maintained in whole or in part by Vivid from June 16, 2009
through the present.

**Response to Request No. 5:**

Vivid objects to this Request to the extent it seeks production of documents and

things that are not relevant to any claim or defense in this action, and are not reasonably

calculated to lead to the discovery of admissible evidence.  Vivid further objects to this

Request as vague, ambiguous and unclear to the extent it relies on undefined terms.  For

example, the terms "controlled," "supporting," and "maintained" are unclear as used in

the Request.

Subject to the forgoing General and Specific objections, Vivid will produce

responsive, non-privileged, non-immune documents dated on or after June 16, 2009

sufficient to show the location of servers serving vivid.com and touch.vivid.com to the

extent they exist, and which are in Vivid's possession, custody or control and can be

located after a reasonable search and whose production will not violate the laws of any

jurisdiction in which the requested materials are located.

**Request No. 6:**

Documents sufficient to show the location of servers supporting mobile applications developed, owned, operated, controlled, or maintained in whole or in part by Vivid from June 16, 2009 through the present.

**Response to Request No. 6:**

Vivid objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "mobile applications," "supporting," "controlled" and "maintained" are unclear as used in the Request.

**Request No. 7:**

All documents sufficient to identify any relationship or agreements with any third party that performs, licenses, has purchased, manufactures, maintains, designs, or develops any of the Services or any portions of the Services.

**Response to Request No. 7:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Vivid further objects to this Request to the extent it seeks

production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "relationship" and "maintains" are unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

Subject to the forgoing General and Specific objections, Vivid will produce responsive, non-privileged, non-immune documents sufficient to show such relationships or agreements concerning vivid.com and touch.vivid.com to the extent they exist, are in Vivid's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

9

**Request No. 8:**

All documents referring or relating to your relationship or agreements with any third party that aids, facilitates, or makes possible access and use of the Services by any device that is capable of receiving data over a cellular network.

**<u>Response to Request No. 8:</u>**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "relationship," "device," "data" and "cellular network" are unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served

10

infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

Subject to the forgoing General and Specific objections, Vivid will produce responsive, non-privileged, non-immune documents dated on or after June 16, 2009 sufficient to show such relationships or agreements concerning vivid.com and touch.vivid.com to the extent they exist, and which are in Vivid's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 9:**

All business, marketing, and strategic plans relating to the use or access of Services by a device that is capable of receiving data over a cellular network, including but not limited to sales forecasts, from January 1, 2000 to the present.

**Response to Request No. 9:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product

11

immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "relationship," "access," "device," "data" and "cellular network" are unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 10:**

Documents sufficient to show the amount of advertising revenue the Services generated, from January 1, 2000 to the present.

**Response to Request No. 10:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the

discovery of admissible evidence.  Vivid further objects to this request to the extent that it

seeks the production of documents and things that are protected by the attorney-client

privilege, work product immunity or any other applicable privilege or immunity.  Vivid

further objects to this Request as vague, ambiguous and unclear to the extent it relies on

undefined terms.   For example, the term "advertising revenue" is unclear as used in this

Request.    Vivid further objects to this Request as premature, vague, and ambiguous to

the extent that it relies on the term "Services," which Plaintiff defines as "at least

vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement

contentions or that are later identified by Vivid as discovery continues, as well as any

mobile applications identified in Skky's infringement contentions or that are later

identified by Vivid as discovery continues."  Plaintiff has not yet served infringement

contentions, and according to the proposed scheduling Order agreed upon by the parties,

will not serve infringement contentions until February 24, 2014.  Until that time, Vivid is

unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 11:**

Documents sufficient to show the amount of advertising revenue the Services generated
from use or access by a device that is capable of receiving data over a cellular network in
the United States, from January 1, 2000 to the present.

**Response to Request No. 11:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent

it seeks information from time periods not relevant to any claim or defense in this action

and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this

Request to the extent it seeks production of documents and things that are not relevant to

any claim or defense in this action, and are not reasonably calculated to lead to the

discovery of admissible evidence. Vivid further objects to this request to the extent that it

seeks the production of documents and things that are protected by the attorney-client

privilege, work product immunity or any other applicable privilege or immunity. Vivid

further objects to this Request as vague, ambiguous and unclear to the extent it relies on

undefined terms.   For example, the terms "advertising revenue," "device", "data" and

cellular network" are unclear as used in this Request.   Vivid further objects to this

Request as premature, vague, and ambiguous to the extent that it relies on the term

"Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other

Web Sites identified in Skky's infringement contentions or that are later identified by

Vivid as discovery continues, as well as any mobile applications identified in Skky's

infringement contentions or that are later identified by Vivid as discovery continues."

Plaintiff has not yet served infringement contentions, and according to the proposed

scheduling Order agreed upon by the parties, will not serve infringement contentions

until February 24, 2014.  Until that time, Vivid is unable to determine the Web Sites

about which Plaintiff seeks information.

**Request No. 12:**

Documents sufficient to show the amount of subscription revenue the Services generated, from January 1, 2000 to the present.

**<u>Response to Request No. 12:</u>**

Vivid objects to this Request as overly broad and unduly burdensome to the extent

it seeks information from time periods not relevant to any claim or defense in this action

and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the term "subscription revenue" is unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 13:**

Documents sufficient to show the amount of subscription revenue the Services generated from use or access by a device that is capable of receiving data over a cellular network in the United States, from January 1, 2000 to the present.

**Response to Request No. 13:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "subscription revenue," "access," "device," "data" and "cellular network" are unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 14:**

All documents relating to any agreement between Vivid and any other person or entity relating to the development or maintenance of the Services.

**Response to Request No. 14:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served

17

infringement contentions, and according to the proposed scheduling Order agreed upon

by the parties, will not serve infringement contentions until February 24, 2014.  Until that

time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 15:**

All documents relating to any agreement between Vivid and any other person or entity
relating to the distribution or accessibility of Services to customers.

**<u>Response to Request No. 15:</u>**

Vivid objects to this Request as overly broad and unduly burdensome to the extent

it seeks information from time periods not relevant to any claim or defense in this action

and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this

Request as overly broad and unduly burdensome to the extent it seeks "all documents

relating to any agreement."  Vivid further objects to this Request to the extent it seeks

production of documents and things that are not relevant to any claim or defense in this

action, and are not reasonably calculated to lead to the discovery of admissible evidence.

Vivid further objects to this request to the extent that it seeks the production of

documents and things that are protected by the attorney-client privilege, work product

immunity or any other applicable privilege or immunity.  Vivid further objects to this

Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For

example, the terms "distribution" and "accessibility" are unclear "as used in this Request.

Vivid further objects to this Request to the extent that it seeks the production of

documents and things that may be subject to an obligation of confidentiality to any third-

party, whether by agreement or applicable court order.  Vivid further objects to this

Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 16:**

All documents relating to any agreement between Vivid and any other person or entity relating to the distribution or accessibility of Services to customers using a device that is capable of receiving data over a cellular network.

**<u>Response to Request No. 16:</u>**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any agreement." Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product

immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "distribution," "accessibility," "device," "data" and "cellular network" are unclear as used in this Request. Vivid further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 17:**

All documents relating to any valuations—formal or informal—of the accessibility or use of the Services by a device that is capable of receiving data over a cellular network, with respect to any feature of the Services.

**Response to Request No. 17:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this

Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "valuations," "accessibility," "device," "data" and "cellular network" are unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 18:**

All patent license agreements related to wireless delivery of content to a device that is capable of receiving data over a cellular network.

**Response to Request No. 18:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.  Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.  For example, the terms "wireless delivery," "device," "data" and "cellular network" are unclear as used in this Request.  Vivid further objects to this Request to the extent that it seeks the production of documents and things that may be subject to an obligation of confidentiality to any third-party, whether by agreement or applicable court order.

**Request No. 19:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the Services, from January 1, 2000 to the present.

**Response to Request No. 19:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request to the extent it seeks financials on a scale more finite than a yearly basis. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 20:**

Documents sufficient to show (in U.S. dollars) revenue and profitability on a monthly, quarterly, and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit for the use or access of the Services by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Response to Request No. 20:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request to the extent it seeks financials on a scale more finite than a yearly basis. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that

24

time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "device," "data" and "cellular network" are unclear as used in this Request.

**Request No. 21:**

Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services, from January 1, 2000 to the present.

**<u>Response to Request No. 21:</u>**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and

according to the proposed scheduling Order agreed upon by the parties, will not serve

infringement contentions until February 24, 2014. Until that time, Vivid is unable to

determine the Web Sites about which Plaintiff seeks information. Vivid further objects to

this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.

For example, the term "maintaining" is unclear as used in this Request.

Subject to the forgoing General and Specific objections, Vivid will produce

responsive, non-privileged, non-immune documents dated on or after June 16, 2009 to

the extent they exist, and which are in Vivid's possession, custody or control and can be

located after a reasonable search and whose production will not violate the laws of any

jurisdiction in which the requested materials are located.

**Request No. 22:**

Documents sufficient to show direct and indirect expenses associated with providing and
maintaining the Services for use or access by a device that is capable of receiving data
over a cellular network, from January 1, 2000 to the present.

**Response to Request No. 22:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent

it seeks information from time periods not relevant to any claim or defense in this action

and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this

Request to the extent it seeks production of documents and things that are not relevant to

any claim or defense in this action, and are not reasonably calculated to lead to the

discovery of admissible evidence. Vivid further objects to this request to the extent that it

seeks the production of documents and things that are protected by the attorney-client

privilege, work product immunity or any other applicable privilege or immunity.   Vivid

further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "maintaining," "access, "device," "data" and "cellular network" are unclear as used in this Request.

Subject to the forgoing General and Specific objections, Vivid will produce responsive, non-privileged, non-immune documents dated on or after June 16, 2009 to the extent they exist, and which are in Vivid's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 23:**

All documents sufficient to determine all of your former or current related entities and divisions involved in the former, current, and anticipated design and manufacture of each Service, including documents sufficient to determine the role, structure, and contribution of each such entity, from January 1, 2000 to the present.

**Response to Request No. 23:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Vivid further objects to this Request as duplicative of other Skky Requests. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information. Vivid further objects to this Request as vague, ambiguous and unclear

28

to the extent it relies on undefined terms.   For example, the term "related entities" is unclear as used in this Request.

**Request No. 24:**

Documents sufficient to show the identities, responsibilities, and duties of your former and current personnel having any responsibilities that relate to the oversight, support, design, development, manufacture, engineering, and/or marketing of the use or access any Service by a device that is capable of receiving data over a cellular network, from January 1, 2000 to the present.

**Response to Request No. 24:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this Request as duplicative of other Skky Requests. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the

29

proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "access," device," "data" and "cellular network" are unclear as used in this Request.

Subject to the forgoing General and Specific objections, Vivid will produce responsive, non-privileged, non-immune documents dated on or after June 16, 2009 sufficient to identify the personnel having direct responsibilities relating to vivid.com and touch.vivid.com the extent they exist, and which are in Vivid's possession, custody or control and can be located after a reasonable search and whose production will not violate the laws of any jurisdiction in which the requested materials are located.

**Request No. 25:**

Documents sufficient to show your organizational structure, including any actual or proposed changes, with respect to its parents, divisions, affiliates, subsidiaries, and any other related entities responsible for the Services, including all organization charts, tables, or diagrams or other documents, from January 1, 2000 to the present.

**Response to Request No. 25:**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request. Vivid further objects to this Request as duplicative of other

Skky Requests. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

**Request No. 26:**

Documents sufficient to show the types of devices that are capable of receiving data over a cellular network that have accessed or viewed the Services since June 16, 2009.

**<u>Response to Request No. 26:</u>**

Vivid objects to this Request as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this

Request as overly broad and unduly burdensome to the extent it seeks "all" documents relating to the Request.   Vivid further objects to this Request as duplicative of other Skky Requests. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.  Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues."  Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014.  Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.  Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the terms "device," "data" and "cellular network" are unclear as used in this Request.  Vivid further objects to this Request to the extent that it seeks publically accessible documents or information, as it is equally convenient for Skky to obtain such documents or information.

32

**Request No. 27:**

Documents sufficient to show the number of times the Services have been accessed by each type of device that is capable of receiving data over a cellular network, on a quarterly basis, identified in your answer to Interrogatory 6, since June 16, 2009.

**<u>Response to Request No. 27:</u>**

Vivid objects to this Request as duplicative of other Skky Requests. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms. For example, the terms "device," "accessed," "data" and "cellular network" are unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.

Vivid incorporates herein by reference its objections to and response to Interrogatory No. 6.

**Request No. 28:**

Documents sufficient to show the number of times the Services have been accessed, on a quarterly basis, since June 16, 2009.

**<u>Response to Request No. 28:</u>**

Vivid objects to this Request as duplicative of other Skky Requests. Vivid further objects to this Request to the extent it seeks production of documents and things that are not relevant to any claim or defense in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this request to the extent that it seeks the production of documents and things that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Vivid further objects to this Request as vague, ambiguous and unclear. For example, the term "accessed" is unclear as used in this Request. Vivid further objects to this Request as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and according to the proposed scheduling Order agreed upon by the parties, will not serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites

about which Plaintiff seeks information.  Vivid further objects to this Request as vague, ambiguous and unclear to the extent it relies on undefined terms.   For example, the term "accessed" is unclear as used in this Request.

Dated:      December 5, 2013                    Respectfully submitted,

Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Fmgasparo@venable.com
Tmnosher@venable.com

*ATTORNEYS FOR DEFENDANT
VIVID ENTERPRISES, INC.*

# EXHIBIT 19

**Kabat, Andrew J.**

| | |
|---|---|
| **From:** | Nosher, Todd M. <TMNosher@Venable.com> |
| **Sent:** | Thursday, December 19, 2013 1:11 PM |
| **To:** | Schultz, Ryan M. |
| **Cc:** | Gasparo, Frank M.; Levin, Carly S.; Justi Miller; Linden, Benjamen C.; Bornstein, William; May, Patricia A. |
| **Subject:** | RE: Skky Litigation |

Ryan

We appreciate your time during today's meet and confer and your additional information and clarifications of Skky's discovery requests.

Based on clarifications of Skky's interrogatories, we were able to provide to you today the identity of two of the three individuals responsive to Interrogatory Nos. 2, 4 and 5 for Defendant Manwin. We should be able to identify the remaining individuals for Defendants upon follow-up discussions with our clients. We will also follow up with our clients regarding Skky Interrogatory Nos. 1, 3, 6 and 7 and Skky's RFAs based on your additional information and clarifications, and our standing objections. As for Interrogatory No. 6, as I stated today, I suspect that information can only be obtained from a third party, but will confirm. In light of next week's holiday schedule, and the corresponding travel and vacation plans of our clients, we propose to conclude our meet and confer after the New Year.

As for the parties' outstanding document requests, we look forward to the parties finalizing the ESI Agreement in order to begin production of ESI on a rolling basis.

Happy holidays,

Todd

Todd M. Nosher, Esq. | Venable LLP
t 212.808.5673 | f 212.307.5598
Rockefeller Center, 1270 Avenue of the Americas, The Twenty-Fourth Floor, New York, NY 10020

TMNosher@Venable.com | www.Venable.com

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Wednesday, December 18, 2013 8:47 PM
**To:** Nosher, Todd M.
**Cc:** Gasparo, Frank M.; Levin, Carly S.; Justi Miller; Linden, Benjamen C.; Bornstein, William; May, Patricia A.
**Subject:** RE: Skky Litigation

Todd,

As Defendants have not responded to any of Skky's requests for production, we would like to discuss all of these requests. The only documents produced by Defendants to date are 61 pieces of alleged prior art. It is not clear that these documents are responsive to any of the requests. Please let us know which request(s) Defendants assert the alleged prior art is being provided in response so we can determine if any of the requests do not need to be discussed on the call. So, in addition, to the requests you identified below, we would like to discuss all of Skky's requests for production tomorrow.

It should be noted that Manwin, Playboy, and Vivid provided the same objections and non-responses to the requests for production, requests for admission, and interrogatories no. 1, 4, and 7.  Thus, your reference to 200 pages is misleading.   Skky would anticipate that the discussion tomorrow as to anyone of the these defendants should resolve any issues for all of these defendants.

Regards,

Ryan

---

**From:** Nosher, Todd M. [mailto:TMNosher@Venable.com]
**Sent:** Wednesday, December 18, 2013 4:07 PM
**To:** Schultz, Ryan M.
**Cc:** Gasparo, Frank M.; Levin, Carly S.; Justi Miller; Linden, Benjamen C.; Bornstein, William; May, Patricia A.
**Subject:** RE: Skky Litigation

Ryan,

Thank you for the dial-in number.

As for the meeting agenda, referring generally to defendants' discovery responses -- which consist of nearly 200 pages of materials -- is exceedingly broad and will not lead to productive discussions.   Accordingly, please identify the specific responses that you wish to address (beyond RFAs 1-4 and Interrogatories 1, 4 and 7 mentioned in your previous email) so we may properly address your concerns.  We hope to avoid the need for multiple calls.

Best,

Todd

Todd M. Nosher, Esq.  | Venable LLP
t 212.808.5673 | f 212.307.5598
Rockefeller Center, 1270 Avenue of the Americas, The Twenty-Fourth Floor, New York, NY 10020

TMNosher@Venable.com | www.Venable.com

---

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Wednesday, December 18, 2013 4:24 PM
**To:** Nosher, Todd M.
**Cc:** Gasparo, Frank M.; Levin, Carly S.; Justi Miller; Linden, Benjamen C.; Bornstein, William; May, Patricia A.
**Subject:** RE: Skky Litigation

Todd,

We are confirmed for the call tomorrow.  12pm Eastern will work.  The call-in information is below:

Dial-in: 877-260-4544
Passcode: 612 349 8408

Agenda:

- Manwin, Playboy, and Vivid's (collectively "Defendants") Responses to Skky' Interrogatories
- Defendants' Responses to Skky's Requests for Production
- Defendants' Responses to Skky's Requests for Admissions

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

---

**From:** Nosher, Todd M. [mailto:TMNosher@Venable.com]
**Sent:** Wednesday, December 18, 2013 3:06 PM
**To:** Schultz, Ryan M.
**Cc:** Gasparo, Frank M.; Levin, Carly S.; Justi Miller; Nosher, Todd M.
**Subject:** Skky Litigation

Ryan

Skky has yet to confirm tomorrow's proposed meet and confer and has not circulated a bridge number for the same.  To the extent Skky intends to proceed with tomorrow's call, please circulate both a dial-in number and an outline of the proposed meet and confer topics.  Due to scheduling conflicts, we will have to move the call from 3 pm ET to 12 or 1 pm ET.

Best,

Todd


Todd M. Nosher, Esq. | Venable LLP
t 212.808.5673 | f 212.307.5598
Rockefeller Center, 1270 Avenue of the Americas, The Twenty-Fourth Floor, New York, NY 10020

TMNosher@Venable.com | www.Venable.com

*********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*********************************************************************
*********************************************************************

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com
_____

**********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
**********************************************************************
**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************
**********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
**********************************************************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT 20

**Kabat, Andrew J.**

| | |
|---|---|
| **From:** | Schultz, Ryan M. |
| **Sent:** | Sunday, January 19, 2014 4:47 PM |
| **To:** | Timothy J. Heverin |
| **Cc:** | BBerens@berensmiller.com; Linden, Benjamen C.; Thorson, Becky R.; cjfranecki@gmail.com; crigsby@foley.com; Levin, Carly S.; dlwitcoff@JonesDay.com; 'Emily M Wood'; Gasparo, Frank M.; Jason.Lien@maslon.com; JMiller@berensmiller.com; Klittman@foley.com; MMoran@foley.com; May, Patricia A.; Schutz, Ronald J.; George, Sharon C.; ted.budd@FaegreBD.com; Nosher, Todd M.; Bornstein, William |
| **Subject:** | RE: Skky, Inc. v. Myxer et al - ESI Stipulation |
| **Attachments:** | Skky - ESI Stip 1-12-13.DOCX |

Everyone,

Attached is the latest draft of the ESI stipulation that reflects the issues we discussed last week.  Please let us know if there are any further changes.

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

# EXHIBIT 21

# ROBINS, KAPLAN, MILLER & CIRESI LLP

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**RYAN M. SCHULTZ**
**rmschultz@rkmc.com**
**612-349-8408**

February 12, 2014

<u>**VIA E-MAIL**</u>

Todd Nosher, Esq.
Venable LLP
1270 Avenue of Americas
New York, NY 10020
E-mail: TMNosher@venable.com

Timothy Heverin, Esq.
Jones Day
77 West Wacker
Chicago, IL 60601
E-mail: tjheverin@jonesday.com

  *Re:  Skky, Inc. v. Manwin USA, Inc. et al*

Dear Tim and Todd:

  As a follow up to the meet and confer yesterday, Skky provides the following proposal related to your clients' alleged confidential concerns.  As outlined in Skky's opposition to the Motion to Disqualify, Skky proposes that the Protective Order be modified in the following manner:

- Modify Section 3 the Protective Order to allow for two types of designation under AEO, one for technical information and one for all other highly confidential information;
- Modify Section 8 to include a provision that Mr. Parker will not access information designated as highly confidential technical information (including source code), but will be able to access all other highly confidential information.  In addition, the prosecution bar in Section 5 to be limited to only review of  information designated as technical highly confidential information; and
- Modify Section 8 to state that all highly confidential information, technical or otherwise, be stored at Robins, Kaplan, Miller & Ciresi LLP for as long as Skky's offices remain at the same address as the Parker Rosen law firm.

ATLANTA  BOSTON  LOS ANGELES  MINNEAPOLIS  NAPLES  NEW YORK

84574580.1

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 2

These modifications to the Protective Order alleviate any concern that your clients may have regarding access to their highly confidential information that allegedly could be used in a competitive fashion by Skky.

If this proposal is not acceptable, Skky provides an alternative proposal to ensure discovery from Defendants is not further delayed.  As background, Defendants stated on the meet and confer that they could produce documents within 10-14 days from Feb. 11, 2014; however Defendants asserted that they would not produce documents before a stipulation was entered regarding access to information by the Parker Rosen law firm during the pendency of the Motion to Disqualify.  You are taking this position despite our affirmation that Skky's lead trial counsel of Robins, Kaplan, Miller, & Ciresi LLP will not share any confidential or highly confidential information disclosed by Defendants with the Parker Rosen law firm until the Motion to Disqualify is decided.

While we don't believe a stipulation is necessary, Skky proposes to file the attached stipulation the day before Defendants produce responsive documents to Skky's discovery requests.  The process is simple in that Defendants will call Skky's counsel to inform us that Defendants will be providing responsive documents to Skky's counsel either that day or the next day.  Upon receipt of the call, Skky will file the stipulation.

To be clear, Skky will agree to this proposal if the production of documents is substantial and includes responsive documents to the following categories:

- Documents evidencing all web sites owned by Defendant;

- Documents evidencing the types of files made available on each web site owned by Defendant;

- Documents evidencing the types of devices that access each web site owned by Defendant; and

- Documents evidencing the revenue generated or associated with each web site owned by Defendant.

By agreeing to this proposal, Skky is not waiving or agreeing that other documents responsive to the Requests for Production do not need to be produced or that Defendants production is complete.  Likewise, Skky understands that Defendants would not be producing all documents that are responsive to the Requests for Production at this time and that some additional documents may be produced at a later time.  However, this proposal is contingent on Defendants making a good-faith effort and a substantial production as the Requests have been pending for over three months, and there is no reason that Defendants would not have been collecting responsive documents while the Requests have been pending.  Skky would need written assurance from Defendants that a substantial production would occur prior to agreeing to this proposal.

Moreover, Defendants agree that they would not assert or imply that by agreeing to a stipulation related to the Parker Rosen law  firm that Skky agrees there is any merit to Defendants' concerns or assertions related to the Motion to Disqualify.

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 3

      Please inform us if either proposal is acceptable by Friday February 14, 2014.  If Defendants believe a telephonic conference would be beneficial to reach an agreement on either proposal, we are available.

Regards,

Ryan M. Schultz

**Junker, Chrisann J.**

| | |
|---|---|
| **From:** | Schultz, Ryan M. |
| **Sent:** | Wednesday, February 12, 2014 3:38 PM |
| **To:** | Nosher, Todd M.; Schutz, Ronald J. |
| **Cc:** | Barbara Berens; Justi Miller; Gasparo, Frank M.; Kabat, Andrew J.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; Timothy J. Heverin; Emily M Wood; KLittman@foley.com; Linden, Benjamen C.; Junker, Chrisann J. |
| **Subject:** | Skky Litigations |
| **Attachments:** | Skky v. Manwin et al - Ltr 2-12-14.pdf; Skky - Stip regarding discovery v2.DOCX |

Counsel,

Please see the attached correspondence.

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Skky, Inc.,                                          Case No.:  13-2072 (PJS/JJG)

        Plaintiff,

vs.

Thumbplay Ringtones, LLC,

        Defendant.

Skky, Inc.,                                          Case No.:  13-2083 (PJS/JJG)

        Plaintiff,

vs.

Dada Entertainment, Inc.,

        Defendant.

Skky, Inc.,                                          Case No.:  13-2086 (PJS/JJG)

        Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

        Defendants.

Skky, Inc.,                                          Case No.:  13-2087 (PJS/JJG)

        Plaintiff,

vs.

Vivid Entertainment, LLC,

        Defendant.

Skky, Inc.,                                          Case No.:  13-2089 (PJS/JJG)

        Plaintiff,

vs.

Playboy Enterprises, Inc.,

        Defendant.

## STIPULATION REGARDING DISCOVERY

The parties hereby enter into the following stipulation regarding upcoming discovery.

Whereas, discovery in these cases are in the early stages as Defendants have only produced patents and other alleged prior art references to the asserted patent and not any information or documents, non-confidential, confidential, or highly confidential, as to each Defendant;

Whereas, Defendants have filed in each respective case a Motion to Disqualify the Parker Rosen law firm from representing Skky in the litigation and taken a position in the Motion to Disqualify that the Parker Rosen law firm should not have access to Defendants' confidential or highly confidential information;

Whereas, Skky opposes Defendants' Motions to Disqualify and Defendants' positions regarding access by the Parker Rosen law firm of Defendants' confidential or highly confidential information;

Whereas, the parties agree that discovery will continue while the Motion to Disqualify is pending before the Court, and Defendants will be producing information that is either confidential or highly confidential; and

Whereas, Defendants agree that this stipulation is not in any way an acquiescence, agreement, or suggestion by Skky as to the merits or assertions made by Defendants in the Motion to Disqualify but is solely being entered to allow discovery to begin.

The parties hereby stipulate and agree that Skky will not provide Parker Rosen LLC with access to confidential or highly confidential information provided by Defendants and that no attorney from Parker Rosen LLC will attend a deposition of Defendants until the Court resolves the Motions to Disqualify.

Dated:  February __, 2014     _/s/_____
           Ronald J. Schutz (0130849)
           Becky R. Thorson (0254861)
           Ryan M. Schultz (0392648)
           Benjamen Linden (0393232)
           ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
           800 LaSalle Avenue, Suite 2800
           Minneapolis, MN 55402
           Phone: (612). 349-8500

           Daniel N. Rosen (250909)
           PARKER ROSEN, LLC
           300 First Avenue North, Suite 200
           Minneapolis, MN 55401

           *Attorneys for Plaintiff*

*/s/*
David L. Witcoff (pro hac vice)
dlwitcoff@jonesday.com
Timothy J. Heverin (pro hac vice)
tjheverin@jonesday.com
Emily M. Wood (pro hac vice)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:   +1.312.782.3939
Facsimile:   +1.312.782.8585

David J.F. Gross
david.gross@FaegreBD.com
Theodore M. Budd
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS
DADA ENTERTAINMENT, INC. AND
THUMBPLAY RINGTONES, LLC


*s/*
Cynthia J. Rigsby (*admitted pro hac vice*)
Michelle A. Moran (*admitted pro hac vice*)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone:  (414) 271-2400
Fax:  (414) 297-4900
Email: crigsby@foley.com
mmoran@foley.com


Jason A. Lien (#028936)
Laurence J. Reszetar (#0386981)

- 5 -

Maslon Edelman Borman & Brand, LLP
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Fax: (612) 672-8397
Email: Jason.Lien@Maslon.com
 Laurence.Reszetar@Maslon.com


*Attorneys for Defendant and Counterclaim-Plaintiff
Myxer, Inc*


   /s/
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
jmiller@berensmiller.com
Frank M. Gasparo
(Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com

*Attorneys for Manwin USA, Inc., Manwin Holding,
s.ar.l, Vivid Entertainment, LLC, Playboy
Enterprises, Inc.*

# EXHIBIT 22



ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

February 18, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

**Re:  Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy
Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087); Skky v.
Thumbplay Ringtones, LLC (13-2072); Skky v. Dada Entertainment, Inc. (13-cv-2083)**

Dear Ryan,

On behalf of the above-listed defendants ("Defendants"), we write in response to your letter
dated February 12, 2014 and further to the February 11, 2014 meet and confer in the above-listed
litigations.[1]  We address Skky's proposals separately below.

**Skky's Proposal To Modify The Protective Order**

Skky's proposal to modify the Protective Order does not "alleviate" Defendants' confidentiality
concerns.  Rather, it highlights those concerns.

Because Skky and the Parker Rosen law firm share the same office, no confidential information
(technical, financial, highly confidential or otherwise) should be sent to, stored or otherwise kept
at that shared address, nor should any attorney or other individual with the Parker Rosen law
firm have access to this information regardless of the individual's physical location.

Defendants signed the Protective Order following what we believed were good faith negotiations
of that Order. Had Skky appropriately revealed that its litigation counsel is Skky's Chief
Operating Officer, that Messrs. Parker and Rosen both have proprietary interests in Skky or that
Skky moved its "corporate headquarters" into the Parker Rosen firm only weeks after certifying
a different principal place of business in its amended pleadings,[2] the Protective Order would
have looked significantly different.  Skky's piecemeal attempts to rectify issues with the
Protective Order caused by its lack of candor during the parties' negotiations are unavailing and
fail to adequately address Defendants' concerns.

---

[1] We note that Skky continues to treat the above-captioned litigations as one consolidated matter.
They are not.  These are five separate litigations and several defendants have unique positions
relating to the issues raised in Skky's letter.  We therefore ask that Skky address each litigation
separately in all correspondence going forward.

[2] These material facts eviscerated key safeguards of the Protective Order.



**Skky's Proposal To Amend Defendants' Proposed Stipulation[3]**

Recognizing the infirmity of its first proposal, Skky revisits our request to enter a stipulation memorializing Skky's offer to screen Parker Rosen pending the outcome of Defendants' motion to disqualify. But, once again, Skky refuses to sign a plain stipulation that mirrors its own verbal offer and continues to modify its offer with frequently changing conditions. Indeed, Defendants are concerned by Skky's attempts to use the current gaps in the Protective Order and the resulting risk to Defendants' confidentiality as leverage in the parties' discovery disputes.[4]

Despite our attempts to resolve this issue prior to the March 5, 2014 hearing, it appears the parties remain at an impasse.

Very Truly Yours,

s/ Todd M. Nosher

Todd M. Nosher

---

[3] Defendants are compelled to clarify the facts described in your letter. On January 27, 2014, Skky offered to screen Parker Rosen from Defendants' confidential information while Defendants' motion to disqualify is pending to allow Skky to proceed with depositions offered by Defendants on multiple dates prior to the March 5, 2014 hearing date. *See* Skky January 27 letter ("Skky will agree that any information or documents designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" under the Protective Order will not be disclosed or provided to attorneys with Parker Rosen until the Motion is resolved"). Defendants wrote to Skky on January 31, 2014 enclosing a proposed stipulation memorializing Skky's offer. *See* Defendants' January 31 letter. Rather than sign the stipulation, Skky responded by adding new conditions to its offer to screen Parker Rosen including four pages of discovery demands. *See* Skky February 5 letter. At the parties' February 11, 2014 meet and confer, Defendants explained that a stipulation was not the proper vehicle for Skky's purported discovery issues, and that the stipulation should simply reflect Skky's offer to screen Parker Rosen to assure Defendants the same level of protection as the Protective Order that Skky is now able to circumvent. Certain defendants also stated that, but for the ethical and confidentiality issues surrounding Parker Rosen's continued representation of Skky, they would be able to continue their rolling document productions in approximately two weeks. Those defendants never stated that they could substantially complete their productions by such date. Indeed, all Defendants still have outstanding objections to Skky's overly broad document requests and deposition notices which Skky has yet to narrow – including Manwin and Playboy who are bound by the December 20, 2013 Judgment of the Court of Quebec and Quebec Business Concerns Records Act ("QBCRA").

[4] Although Skky's proposed stipulations purportedly address the parties' discovery disputes, both fail to address any of the vast deficiencies in Skky's document production.

# VENABLE®LLP

cc:    Justi Rae Miller, Esq.
        Timothy Heverin, Esq.

**Junker, Chrisann J.**

| | |
|---|---|
| **From:** | Nosher, Todd M. <TMNosher@Venable.com> |
| **Sent:** | Tuesday, February 18, 2014 6:06 PM |
| **To:** | Schultz, Ryan M.; Schutz, Ronald J. |
| **Cc:** | Barbara Berens; Justi Miller; Gasparo, Frank M.; Kabat, Andrew J.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; Timothy J. Heverin; Emily M Wood; KLittman@foley.com; Linden, Benjamen C.; Junker, Chrisann J. |
| **Subject:** | RE: Skky Litigations |
| **Attachments:** | 2014.2.18 TMN Letter to Skky Counsel 1.pdf |

Counsel

Please see the attached letter.

Best,

Todd

Todd M. Nosher, Esq. | Venable LLP
t 212.808.5673 | f 212.307.5598
Rockefeller Center, 1270 Avenue of the Americas, The Twenty-Fourth Floor, New York, NY 10020

TMNosher@Venable.com | www.Venable.com

---

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Wednesday, February 12, 2014 4:38 PM
**To:** Nosher, Todd M.; Schutz, Ronald J.
**Cc:** Barbara Berens; Justi Miller; Gasparo, Frank M.; Kabat, Andrew J.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; Timothy J. Heverin; Emily M Wood; KLittman@foley.com; Linden, Benjamen C.; Junker, Chrisann J.
**Subject:** Skky Litigations

Counsel,

Please see the attached correspondence.

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

********************************************************************

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
**********************************************************************
**********************************************************************

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************

# EXHIBIT 23

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601.1692

TELEPHONE: +1.312.782.3939 • FACSIMILE: +1.312.782.8585

DIRECT NUMBER: 312-269-4001
EWOOD@JONESDAY.COM

JP010186                       February 12, 2014
460094-600001

VIA E-MAIL

Ryan M. Schultz
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 La Salle Plaza
800 La Salle Avenue
Minneapolis, MN 55402-2015

> Re:  Skky, Inc. v. Dada Entertainment, Inc.; Skky, Inc. v. Thumbplay
>      Ringtones, LLC; Skky, Inc. v. Manwin USA, Inc. and Manwin
>      Holding s.a.r.l; Skky v. Playboy Enterprises, Inc.; Skky v. Vivid
>      Entertainment, LLC

Dear Ryan:

On behalf of the above-listed defendants ("Defendants"), I write to you regarding Skky's document production served on December 5, 2013 ("production"). Skky's production is deficient in several respects. Defendants have reason to believe that numerous documents are in Skky's possession, custody and/or control, that are responsive to document requests propounded by Defendants, and that have not been produced.

To date, Skky has failed to produce documents that fall under the following non-exhaustive list of categories of requested documents:

- Documents concerning Skky's decision(s) to bring these actions against Defendants and its decisions to accuse the accused products of infringement, including documents relating to Skky's first knowledge of accused products, documents that identify who participated in or contributed to the decision to bring suit, and all documents relied on in connection with the filing of the complaints;

- Documents concerning any study, test, analysis and or investigation concerning whether Defendants infringe any claim of the patent in suit, and that otherwise support Skky's contention that Defendants have infringed any claim of the patent-in-suit;

- Documents concerning all products that Skky contends infringe any claims of the patent-in-suit;

CHI-1920504v1

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Ryan M. Schultz
February 12, 2014
Page 2

- Documents concerning any effort by anyone to license or enforce any rights in the patent-in-suit, including communications with third parties;

- Documents sufficient to show all current and past investors and owners of Skky and its predecessor 4 Media;

- Documents sufficient to show the corporate structure of Skky and its predecessor 4 Media;

- Documents concerning any and all validity and/or infringement analyses or opinions regarding the patent in suit;

- Documents authored by the inventors of the patent in suit including articles, abstracts, papers, product literature, and internal technical memoranda;

- Documents concerning any claim of inventorship to the patent in suit or related patents and related patent applications by individuals other than the named inventors including John Luther;

- Documents concerning the conception and reduction to practice of the patent-in-suit;

- Written or recorded statements by any inventor of the patent in suit or related patents and related patent applications concerning the subject matter disclosed in the patent in suit or related patents and related patent applications;

- Agreements relating to the patent-in-suit or related patents and related patent applications including licenses, sublicenses, assignments, covenants, interests (including liens), purchase or acquisitions, any transfer or rights to the patent-in-suit, or any other agreement relating to the patent-in-suit;

- Litigation funding agreements relating to these or related litigations;

- Documents concerning communications between Skky and any party against whom Skky has asserted the patent-in-suit;

- Documents concerning any search for prior art with respect to the patent-in-suit, including analyses, memos, summaries, or notes;

CHI-1920504v1

JONES DAY

Ryan M. Schultz
February 12, 2014
Page 3

- Documents concerning communications and demonstrations with Verizon
  Wireless and any other third party regarding the claimed technology in the patent-
  in-suit.

In particular, Defendants are aware that there have been negotiations and a resulting
settlement agreement between Skky and Myxer, Inc., yet none of the documents and
communications relating to that settlement have been produced.  These documents are directly
responsive to Defendants' document requests and must be produced.

Please confirm when Skky will be producing these documents or when Skky is available
for a meet-and-confer regarding these deficiencies..

Very truly yours,

Emily M. Wood