# EXHIBIT 1

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Wednesday, December 18, 2013 8:47 PM
**To:** Nosher, Todd M.
**Cc:** Gasparo, Frank M.; Levin, Carly S.; Justi Miller; Linden, Benjamen C.; Bornstein, William; May, Patricia A.
**Subject:** RE: Skky Litigation

Todd,

As Defendants have not responded to any of Skky's requests for production, we would like to discuss all of these requests. The only documents produced by Defendants to date are 61 pieces of alleged prior art. It is not clear that these documents are responsive to any of the requests. Please let us know which request(s) Defendants assert the alleged prior art is being provided in response so we can determine if any of the requests do not need to be discussed on the call. So, in addition, to the requests you identified below, we would like to discuss all of Skky's requests for production tomorrow.

It should be noted that Manwin, Playboy, and Vivid provided the same objections and non-responses to the requests for production, requests for admission, and interrogatories no. 1, 4, and 7. Thus, your reference to 200 pages is misleading. Skky would anticipate that the discussion tomorrow as to anyone of the these defendants should resolve any issues for all of these defendants.

Regards,

Ryan
*************************

# EXHIBIT 2

## Bentz, Tamany V.

| | |
|---|---|
| **From:** | Nosher, Todd M. <TMNosher@Venable.com> |
| **Sent:** | Friday, January 31, 2014 2:35 PM |
| **To:** | Schultz, Ryan M.; Schutz, Ronald J. |
| **Cc:** | Barbara Berens; Justi Miller; Gasparo, Frank M.; Saad, Martin L.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; May, Patricia A.; Emily M Wood; Timothy J. Heverin; KLittman@foley.com |
| **Subject:** | Skky Litigations |
| **Attachments:** | 2014.1.31 TMN Letter to Skky re Stip.pdf; Stip.pdf |

Counsel

Please see attached letter and enclosed stipulation.

Best

Todd


Todd M. Nosher, Esq.  | Venable LLP
t 212.808.5673 | f 212.307.5598
Rockefeller Center, 1270 Avenue of the Americas, The Twenty-Fourth Floor, New York, NY 10020

TMNosher@Venable.com  | www.Venable.com

# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

January 31, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

**Re: Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087); Skky v. Thumbplay Ringtones, LLC (13-2072); Skky v. Dada Entertainment, Inc. (13-cv-2083)**

Dear Ryan,

On behalf of the above-listed defendants ("Defendants"), we enclose a proposed Stipulation and Order ("Stipulation") reflecting Skky's recent proposal to screen Parker Rosen LCC from Defendants' confidential and highly confidential information until such time as the Court rules on Defendants' motion to disqualify ("Motion"). To restore the safeguards to Defendants' confidentiality, the Stipulation must be signed before Defendants take part in any deposition or other discovery of confidential information while Defendants' Motion is still pending.

Very Truly Yours,

s/ Todd M. Nosher

Todd M. Nosher

*Enclosure*

cc:   Timothy Heverin, Esq.
      Kevin Littman, Esq.
      Justi Rae Miller, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Skky, Inc.,                                 Case No.:  13-2072 (PJS/JJG)

        Plaintiff,

vs.

Thumbplay Ringtones, LLC,

        Defendant.

Skky, Inc.,                                 Case No.:  13-2083 (PJS/JJG)

        Plaintiff,

vs.

Dada Entertainment, Inc.,

        Defendant.

Skky, Inc.,                                 Case No.:  13-2086 (PJS/JJG)

        Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

        Defendants.

Skky, Inc.,                                 Case No.:  13-2087 (PJS/JJG)

        Plaintiff,

vs.

Vivid Entertainment, LLC,

        Defendant.

---

Skky, Inc.,                                    Case No.:  13-2089 (PJS/JJG)

        Plaintiff,

vs.

Playboy Enterprises, Inc.,

        Defendant.

---

## STIPULATION AND ORDER

**WHEREAS** Defendants Dada Entertainment, Inc., Manwin USA, Inc., Manwin Holding, s.a.r.l., Playboy Enterprises, Inc., Thumbplay Ringtones, LLC and Vivid Entertainment, LLC'S (collectively "Defendants") filed a Motion to Dismiss Parker Rosen LLC from the above-captioned litigations ("Pending Motion" at Dkt Nos. 37-42); and

**WHEREAS** Plaintiff Skky Inc. ("Skky") seeks to take depositions (the "depositions") in the above-captioned litigations on dates earlier than the anticipated date on which the Court will issue a decision on Defendants' pending motion; and

**WHEREAS** the depositions will likely result in testimony regarding confidential or highly confidential information,

**IT IS HEREBY STIPULATED THAT** Skky will not provide Parker Rosen LLC or any attorney, employee or person otherwise associated with Parker Rosen any access to any information, materials, or testimony designated by Defendants as confidential or highly confidential under the Protective Orders in these matters unless, and only to the

extent that (if at all), the Court rules otherwise in its final decision on Defendants'

Pending Motion, and that no Parker Rosen attorney will attend the depositions.

**SO ORDERED**.

_____
JEANNE J. GRAHAM
United States Magistrate Judge

**DATED** February ___, 2014                    Respectfully submitted,


_s/_____
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
BERENS MILLER P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (_pro hac vice_)
Todd M. Nosher (_pro hac vice_)
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com

ATTORNEYS FOR DEFENDANTS
Manwin USA, Inc., Manwin Holding, s.a.r.l.,
Playboy Enterprises, Inc., and Vivid Entertainment, LLC'S

*s/*_____

David L. Witcoff (*pro hac vice*)
dlwitcoff@jonesday.com
Timothy J. Heverin (*pro hac vice*)
tjheverin@jonesday.com
Emily M. Wood (*pro hac vice*)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585
Theodore M. Budd (No. 314778)
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS Dada
Entertainment, Inc. and Thumbplay Ringtones LLC.


*s/*_____

Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan M. Schultz (0392648)
Benjamen Linden (0393232)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612). 349-8500

ATTORNEYS FOR PLAINTIFF

# EXHIBIT 3

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Wednesday, February 05, 2014 6:25 PM
**To:** Nosher, Todd M.; Schutz, Ronald J.
**Cc:** Barbara Berens; Justi Miller; Gasparo, Frank M.; Saad, Martin L.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; May, Patricia A.; Emily M Wood; Timothy J. Heverin; KLittman@foley.com; Junker, Chrisann J.; Linden, Benjamen C.
**Subject:** Skky Litigations

Counsel,

The parties have been discussing various issues related to discovery, including the scheduling of depositions and Defendants' proposed stipulation regarding the Parker Rosen law firm.  While we are amenable to a stipulation to address Defendants' concerns, Skky has concerns that also need to be addressed in the stipulation.  As such, Skky provides the attached stipulation and proposed order.

Some discussion points on some of the stipulations is provided below.  We are more than willing to discuss others at a meet and confer.

In particular, discovery has been pending for several months with Defendants raising a variety of issues for delaying discovery.  This stipulation, in light of the ESI order recently entered, should alleviate any further roadblocks to discovery.

Likewise, Skky has informed Defendants on numerous occasions that deposition dates in late February were not sufficient because it would not provide Skky with enough time to incorporate the responses and testimony into its claim charts.  The notices were served on December 23, 2013, and Defendants only recently provided dates.  However, these were unworkable based on deadlines that Skky was facing, as we had articulated to Defendants prior to Defendants providing dates.

Defendants also have informed Skky for the first time that witnesses will need translators for the depositions.  Skky proposes that the calculation of time on the record reflect the inherent increased time associated with a translator.  In addition, Skky proposes that any witness who uses a translator at a deposition must use a translator at trial.  These proposal apply to all parties.

In light of the progress of the cases and discovery, Skky proposes to move the claim construction deadlines by 30 days.  This should provide the parties with sufficient time to conduct some discovery prior to the extended deadline.  This extension would not change other deadlines, like close of fact discovery or trial.  Defendants have offered to agree to an extension on these deadlines in the past, so this stipulation takes those offers into account.

This stipulation intends to resolve the remaining secondary issues that have precluded discovery from occurring in these litigations. Skky believes that this stipulation alleviates concerns of all parties and is the more appropriate approach, rather than Defendants' proposed stipulation.

We believe a meet and confer on Friday February 7, 2014 should be conducted to discuss any proposed changes to the stipulation. We are available between 9am-noon; 3-5pm Central on Friday. Please let us know a time that works for Defendants. The call-in information is below:

Dial-in: 877-260-4544
Pass code: 612 349 8408

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Skky, Inc.,                                    Case No.: 13-2072 (PJS/JJG)

        Plaintiff,

vs.

Thumbplay Ringtones, LLC,

        Defendant.

---

Skky, Inc.,                                    Case No.:  13-2083 (PJS/JJG)

        Plaintiff,

vs.

Dada Entertainment, Inc.,

        Defendant.

---

Skky, Inc.,                                    Case No.:  13-2086 (PJS/JJG)

        Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

        Defendants.

---

Skky, Inc.,                                    Case No.:  13-2087 (PJS/JJG)

        Plaintiff,

vs.

Vivid Entertainment, LLC,

        Defendant.

---

Skky, Inc.,                                   Case No.:  13-2089 (PJS/JJG)

        Plaintiff,

vs.

Playboy Enterprises, Inc.,

        Defendant.

## STIPULATION REGARDING DISCOVERY AND JOINT MOTION TO AMEND THE SCHEDULING ORDER

The parties hereby enter into the following stipulation regarding upcoming discovery and jointly move the Court for an extension of certain deadlines provided in the Scheduling Order entered in each respective case identified above.

Whereas, discovery in these cases are in the early stages as Defendants have only produced patents and other alleged prior art references to the asserted patent and not any information or documents, non-confidential, confidential, or highly confidential, as to each Defendant;

Whereas, the parties have engaged in some discussions regarding the scheduling of Rule 30(b)(6) depositions that Skky noticed on each Defendant on December 23, 2013;

Whereas, Dada Entertainment, Inc. ("Dada") has proposed to make voluntary witnesses for its Rule 30(b)(6) deposition available in Milan, Italy on February 19, 2014 and according to Dada a translator is required;

Whereas, Playboy Enterprises, Inc. ("Playboy") has proposed to make a voluntary witness for its Rule 30(b)(6) deposition available in Montreal, Quebec on February 20, 2014 and according to Playboy a translator is required;

Whereas, Manwin U.S.A., Inc. and Manwin Holdings, s.ar.l (collectively "Manwin") have proposed to make a voluntary witness for their Rule 30(b)(6) available in Montreal, Quebec on February 20, 2014 and according to Manwin a translator is required;

Whereas, Vivid Entertainment, Inc. has proposed to make a witness for its Rule 30(b)(6) deposition available in California, USA on February 18, 2014;

Whereas, Thumbplay Ringtones, Inc. ("Thumbplay") has proposed to make a witness for its Rule 30(b)(6) available in Durgano, Colorado on February 24, 2014 and make another witness available in San Francisco, California, but has not yet provided a date for this witness;

Whereas, Defendants did not inform Skky during the negotiations of the discovery limits in the Scheduling Order that their witnesses would need translators at the depositions;

Whereas, Skky disagrees with Defendants Manwin and Playboy's position that the Rule 30(b)(6) depositions must occur in Quebec due to the Canadian court order regarding the Quebec Business Concerns Records Act, but Skky has agreed to take these depositions in Quebec solely to allow discovery to continue;

Whereas, Defendants have filed in each respective case a Motion to Disqualify the Parker Rosen law firm from representing Skky in the litigation and taken a position in the

Motion to Disqualify that the Parker Rosen law firm should not have access to Defendants' confidential or highly confidential information;

Whereas, Skky opposes Defendants' Motions to Disqualify and Defendants' positions regarding access by the Parker Rosen law firm of Defendants' confidential or highly confidential information;

Whereas, the parties agree that discovery will continue while the Motion to Disqualify is pending before the Court, and Defendants will be producing information that is either confidential or highly confidential.

The parties hereby stipulate and agree to the following:

- Defendants Playboy and Manwin will file a Motion for Protective Order by February 7, 2014 regarding documents they believe are precluded from discovery that were requested in Skky's requests for production due to the Canadian court order regarding the Quebec Business Concerns Records Act;

- Defendants will substantially produce responsive documents to Skky's Requests for Production, served on October 31, 2013, by February 14, 2014;

- Defendants will supplement responses to Skky's Interrogatories and Requests for Admission, served on October 31, 2013, by February 14, 2014;

- The parties will coordinate dates for the noticed Rule 30(b)(6) depositions such that the depositions will be completed by March 14, 2014;

- Defendants Manwin U.S.A., Inc., Manwin Holdings, s.ar.l and Playboy Enterprises, Inc. agree that deposition transcripts and exhibits may be removed from Quebec and used for any purpose permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence;

- The parties agree that any deponent that requires a translator for a deposition will not provide testimony at trial in English; and

- Skky will not provide Parker Rosen LLC with access to confidential or highly confidential information provided by Defendants and that no attorney from Parker Rosen LLC will attend a deposition of Defendants until the Court resolves the Motions to Disqualify.

The parties also jointly move per Local Rule 16.3 to amend the Court's Scheduling Order and further agree to jointly seek amending the Court's Scheduling Order for the items identified below. While certain deadlines are agreed upon to be extended, the other substantive requirements for the disclosures shall remain as provided in the Scheduling Order:

- Section 4 under Fact Discovery be amended to state: "To the extent that an interpreter/translator is required at a deposition, each hour on the record shall be counted as one-half hour of deposition time";

- Deadline for motions that seek to amend to add parties must be served by April 28, 2014;

- Skky's Infringement Claim Chart will be due on or before March 24, 2014;

- Defendants' Responsive Claim Charts will be due on or before April 24, 2014;

- Defendants' Prior Art Statement will be due on or before May 14, 2014;

- Skky's Responsive Prior Art Statement will be due on or before June 16, 2014;

- Parties will exchange claim terms on June 28, 2014;

- Parties will exchange proposed claim constructions on or before July 14, 2014;

- Parties will meet and confer regarding claim construction on or before July 28, 2014; and

- Parties will file a joint statement regarding claim construction on or before August 8, 2014.

The modification of these deadlines in the Scheduling Order will not alter other dates, including close of fact discovery, deadline for dispositive and non-dispositive motions, and trial. The parties agree that there is good cause for the amended Scheduling Order because the Court recently entered an order on electronically stored information. Moreover, there is a dispute about whether the Parker Rosen law firm, Skky's co-counsel of record, may have access to Defendants' confidential and highly confidential information. A hearing is set on this issue for March 5, 2014. If it is determined that

Parker Rosen is entitled to have access to this information, it will need time to assist in the preparation of disclosures for Skky.

In light of the proposed stipulation above regarding access by the Parker Rosen law firm during the pendency of the Motions to Disqualify and the recent order regarding ESI, discovery may commence in earnest between the parties. Some discovery is necessary before the parties begin to exchange disclosures related to claim construction in order for the parties to understand the scope of each's claims and defenses.

To date, Skky has served requests for admission, interrogatories, requests for production, and notices for Rule 30(b)(6) depositions on all Defendants. Defendants have provided objections to these discovery requests and produced patents and other publications that Defendants contend are prior art. Defendants need to substantively respond to Skky's discovery requests, which will occur as provided in the above stipulation. Skky has been diligent in pursuing discovery and Defendants have agreed to produce discovery and witnesses, provided the Parker Rosen law firm will not have access to confidential and highly confidential information until the Court decides the pending Motion to Disqualify. Skky has responded to interrogatories from Defendants Dada and Thumbplay, along with production of documents to Defendants Dada, Thumbplay, and Manwin.

Discovery has not been completed because Defendants have asserted that an order regarding ESI was necessary because responsive documents and information was

electronically stored.  The parties believe the proposed extension will allow sufficient time for completion of some discovery because the agreed upon modifications allow for a period of discovery before the claim construction exchanges are made by the parties.

Dated:  February __, 2014                         /s/_____
                                                  Ronald J. Schutz (0130849)
                                                  Becky R. Thorson (0254861)
                                                  Ryan M. Schultz (0392648)
                                                  Benjamen Linden (0393232)
                                                  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                                  800 LaSalle Avenue, Suite 2800
                                                  Minneapolis, MN 55402
                                                  Phone: (612). 349-8500

                                                  Daniel N. Rosen (250909)
                                                  PARKER ROSEN, LLC
                                                  300 First Avenue North, Suite 200
                                                  Minneapolis, MN 55401

                                                  *Attorneys for Plaintiff*

_/s/_
_____
David L. Witcoff (pro hac vice)
dlwitcoff@jonesday.com
Timothy J. Heverin (pro hac vice)
tjheverin@jonesday.com
Emily M. Wood (pro hac vice)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:   +1.312.782.3939
Facsimile:    +1.312.782.8585

David J.F. Gross
david.gross@FaegreBD.com
Theodore M. Budd
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS
DADA ENTERTAINMENT, INC. AND
THUMBPLAY RINGTONES, LLC


_s/_
Cynthia J. Rigsby _(admitted pro hac vice)_
Michelle A. Moran _(admitted pro hac vice)_
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone:  (414) 271-2400
Fax:  (414) 297-4900
Email: crigsby@foley.com
mmoran@foley.com


Jason A. Lien (#028936)
Laurence J. Reszetar (#0386981)

Maslon Edelman Borman & Brand, LLP
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Fax: (612) 672-8397
Email: Jason.Lien@Maslon.com
 Laurence.Reszetar@Maslon.com


*Attorneys for Defendant and Counterclaim-Plaintiff*
*Myxer, Inc*


    /s/ _____
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
jmiller@berensmiller.com
Frank M. Gasparo
(Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com


*Attorneys for Manwin USA, Inc., Manwin Holding,*
*s.ar.l, Vivid Entertainment, LLC, Playboy*
*Enterprises, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Skky, Inc.,                                    Case No.:  13-2072 (PJS/JJG)

          Plaintiff,

vs.

Thumbplay Ringtones, LLC,

          Defendant.

Skky, Inc.,                                    Case No.:  13-2083 (PJS/JJG)

          Plaintiff,

vs.

Dada Entertainment, Inc.,

          Defendant.

Skky, Inc.,                                    Case No.:  13-2086 (PJS/JJG)

          Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

          Defendants.

Skky, Inc.,                                    Case No.:  13-2087 (PJS/JJG)

          Plaintiff,

vs.

Vivid Entertainment, LLC,

          Defendant.

Skky, Inc.,                                    Case No.:  13-2089 (PJS/JJG)

        Plaintiff,

vs.

Playboy Enterprises, Inc.,

        Defendant.

## ORDER [PROPOSED] REGARDING STIPULATIONS AND AMENDING THE

## SCHEDULING ORDER

It is hereby ordered that:

- Defendants Playboy and Manwin will file a Motion for Protective Order by February 7, 2014 regarding documents they believe are precluded from discovery that were requested in Skky's requests for production due to the Canadian court order regarding the Quebec Business Concerns Records Act;

- Defendants will substantially produce responsive documents to Skky's Requests for Production, served on October 31, 2013, by February 14, 2014;

- Defendants will supplement responses to Skky's Interrogatories and Requests for Admission, served on October 31, 2013, by February 14, 2014;

- The parties will coordinate dates for the noticed Rule 30(b)(6) depositions such that the depositions will be completed by March 14, 2014;

- Defendants Manwin U.S.A., Inc., Manwin Holdings, s.ar.l and Playboy Enterprises, Inc. agree that deposition transcripts and exhibits may be removed from Quebec and used for any purpose permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence;

- The parties agree that any deponent that requires a translator for a deposition will not provide testimony at trial in English; and

- Skky will not provide Parker Rosen LLC with access to confidential or highly confidential information provided by Defendants and that no attorney from Parker Rosen LLC will attend a deposition of Defendants until the Court resolves the Motions to Disqualify.

It is further hereby ordered that the Scheduling Order be amended as follows:

- Section 4 under Fact Discovery be amended to state: "To the extent that an interpreter/translator is required at a deposition, each hour on the record shall be counted as one-half hour of deposition time";

- Deadline for motions that seek to amend to add parties must be served by April 28, 2014;

- Skky's Infringement Claim Chart will be due on or before March 24, 2014;

- Defendants' Responsive Claim Charts will be due on or before April 24, 2014;

- Defendants' Prior Art Statement will be due on or before May 14, 2014;

- Skky's Responsive Prior Art Statement will be due on or before June 16, 2014;

- Parties will exchange claim terms on June 28, 2014;

- Parties will exchange proposed claim constructions on or before July 14, 2014;

- Parties will meet and confer regarding claim construction on or before July 28, 2014; and

- Parties will file a joint statement regarding claim construction on or before August 8, 2014.

Dated:                              BY THE COURT:

_____

# EXHIBIT 4

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Wednesday, February 12, 2014 4:38 PM
**To:** Nosher, Todd M.; Schutz, Ronald J.
**Cc:** Barbara Berens; Justi Miller; Gasparo, Frank M.; Kabat, Andrew J.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; Timothy J. Heverin; Emily M Wood; KLittman@foley.com; Linden, Benjamen C.; Junker, Chrisann J.
**Subject:** Skky Litigations

Counsel,

Please see the attached correspondence.

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

# ROBINS, KAPLAN, MILLER & CIRESI LLP

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RYAN M. SCHULTZ
rmschultz@rkmc.com
612-349-8408

February 12, 2014

**VIA E-MAIL**

Todd Nosher, Esq.
Venable LLP
1270 Avenue of Americas
New York, NY 10020
E-mail: TMNosher@venable.com

Timothy Heverin, Esq.
Jones Day
77 West Wacker
Chicago, IL 60601
E-mail: tjheverin@jonesday.com

  *Re: Skky, Inc. v. Manwin USA, Inc. et al*

Dear Tim and Todd:

  As a follow up to the meet and confer yesterday, Skky provides the following proposal related to your clients' alleged confidential concerns. As outlined in Skky's opposition to the Motion to Disqualify, Skky proposes that the Protective Order be modified in the following manner:

- Modify Section 3 the Protective Order to allow for two types of designation under AEO, one for technical information and one for all other highly confidential information;
- Modify Section 8 to include a provision that Mr. Parker will not access information designated as highly confidential technical information (including source code), but will be able to access all other highly confidential information. In addition, the prosecution bar in Section 5 to be limited to only review of information designated as technical highly confidential information; and
- Modify Section 8 to state that all highly confidential information, technical or otherwise, be stored at Robins, Kaplan, Miller & Ciresi LLP for as long as Skky's offices remain at the same address as the Parker Rosen law firm.

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 2

These modifications to the Protective Order alleviate any concern that your clients may have regarding access to their highly confidential information that allegedly could be used in a competitive fashion by Skky.

If this proposal is not acceptable, Skky provides an alternative proposal to ensure discovery from Defendants is not further delayed. As background, Defendants stated on the meet and confer that they could produce documents within 10-14 days from Feb. 11, 2014; however Defendants asserted that they would not produce documents before a stipulation was entered regarding access to information by the Parker Rosen law firm during the pendency of the Motion to Disqualify. You are taking this position despite our affirmation that Skky's lead trial counsel of Robins, Kaplan, Miller, & Ciresi LLP will not share any confidential or highly confidential information disclosed by Defendants with the Parker Rosen law firm until the Motion to Disqualify is decided.

While we don't believe a stipulation is necessary, Skky proposes to file the attached stipulation the day before Defendants produce responsive documents to Skky's discovery requests. The process is simple in that Defendants will call Skky's counsel to inform us that Defendants will be providing responsive documents to Skky's counsel either that day or the next day. Upon receipt of the call, Skky will file the stipulation.

To be clear, Skky will agree to this proposal if the production of documents is substantial and includes responsive documents to the following categories:

- Documents evidencing all web sites owned by Defendant;

- Documents evidencing the types of files made available on each web site owned by Defendant;

- Documents evidencing the types of devices that access each web site owned by Defendant; and

- Documents evidencing the revenue generated or associated with each web site owned by Defendant.

By agreeing to this proposal, Skky is not waiving or agreeing that other documents responsive to the Requests for Production do not need to be produced or that Defendants production is complete. Likewise, Skky understands that Defendants would not be producing all documents that are responsive to the Requests for Production at this time and that some additional documents may be produced at a later time. However, this proposal is contingent on Defendants making a good-faith effort and a substantial production as the Requests have been pending for over three months, and there is no reason that Defendants would not have been collecting responsive documents while the Requests have been pending. Skky would need written assurance from Defendants that a substantial production would occur prior to agreeing to this proposal.

Moreover, Defendants agree that they would not assert or imply that by agreeing to a stipulation related to the Parker Rosen law firm that Skky agrees there is any merit to Defendants' concerns or assertions related to the Motion to Disqualify.

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 3


Please inform us if either proposal is acceptable by Friday February 14, 2014. If
Defendants believe a telephonic conference would be beneficial to reach an agreement on either
proposal, we are available.

Regards,

Ryan M. Schultz

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2072 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Thumbplay Ringtones, LLC, | |
| Defendant. | |

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2083 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Dada Entertainment, Inc., | |
| Defendant. | |

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2086 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Manwin USA, Inc., and Manwin Holding, s.ar.l, | |
| Defendants. | |

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2087 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Vivid Entertainment, LLC, | |
| Defendant. | |

Skky, Inc.,                                           Case No.:  13-2089 (PJS/JJG)

          Plaintiff,

vs.

Playboy Enterprises, Inc.,

          Defendant.

## STIPULATION REGARDING DISCOVERY

The parties hereby enter into the following stipulation regarding upcoming discovery.

Whereas, discovery in these cases are in the early stages as Defendants have only produced patents and other alleged prior art references to the asserted patent and not any information or documents, non-confidential, confidential, or highly confidential, as to each Defendant;

Whereas, Defendants have filed in each respective case a Motion to Disqualify the Parker Rosen law firm from representing Skky in the litigation and taken a position in the Motion to Disqualify that the Parker Rosen law firm should not have access to Defendants' confidential or highly confidential information;

Whereas, Skky opposes Defendants' Motions to Disqualify and Defendants' positions regarding access by the Parker Rosen law firm of Defendants' confidential or highly confidential information;

Whereas, the parties agree that discovery will continue while the Motion to Disqualify is pending before the Court, and Defendants will be producing information that is either confidential or highly confidential; and

Whereas, Defendants agree that this stipulation is not in any way an acquiescence, agreement, or suggestion by Skky as to the merits or assertions made by Defendants in the Motion to Disqualify but is solely being entered to allow discovery to begin.

The parties hereby stipulate and agree that Skky will not provide Parker Rosen LLC with access to confidential or highly confidential information provided by Defendants and that no attorney from Parker Rosen LLC will attend a deposition of Defendants until the Court resolves the Motions to Disqualify.

Dated:  February __, 2014

/s/ _____
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan M. Schultz (0392648)
Benjamen Linden (0393232)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612). 349-8500

Daniel N. Rosen (250909)
PARKER ROSEN, LLC
300 First Avenue North, Suite 200
Minneapolis, MN 55401

*Attorneys for Plaintiff*

/s/
_____

David L. Witcoff (pro hac vice)
dlwitcoff@jonesday.com
Timothy J. Heverin (pro hac vice)
tjheverin@jonesday.com
Emily M. Wood (pro hac vice)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone:  +1.312.782.3939
Facsimile:   +1.312.782.8585

David J.F. Gross
david.gross@FaegreBD.com
Theodore M. Budd
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS
DADA ENTERTAINMENT, INC. AND
THUMBPLAY RINGTONES, LLC


s/
_____

Cynthia J. Rigsby (*admitted pro hac vice*)
Michelle A. Moran (*admitted pro hac vice*)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone:  (414) 271-2400
Fax:  (414) 297-4900
Email: crigsby@foley.com
mmoran@foley.com


Jason A. Lien (#028936)
Laurence J. Reszetar (#0386981)

Maslon Edelman Borman & Brand, LLP
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Fax: (612) 672-8397
Email: Jason.Lien@Maslon.com
 Laurence.Reszetar@Maslon.com


*Attorneys for Defendant and Counterclaim-Plaintiff
Myxer, Inc*


    /s/ _____
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
jmiller@berensmiller.com
Frank M. Gasparo
(Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com

*Attorneys for Manwin USA, Inc., Manwin Holding,
s.ar.l, Vivid Entertainment, LLC, Playboy
Enterprises, Inc.*

# EXHIBIT 5

**From:** Nosher, Todd M. [mailto:TMNosher@Venable.com]
**Sent:** Thursday, January 30, 2014 9:19 PM
**To:** Schultz, Ryan M.; Schutz, Ronald J.
**Cc:** Barbara Berens; Justi Miller; Gasparo, Frank M.; Saad, Martin L.; Nosher, Todd M.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; May, Patricia A.
**Subject:** Skky Litigations

Dear Ryan

Attached please find Manwin, Playboy and Vivid's Objections to Skky's Amended 30(b)(6) notices.

Below are the proposed deposition dates and locations for each.

Vivid – February 12 @ Venable (Los Angeles, CA)
Manwin – February 19 @ Heenan Blaikie (Montreal, QC)
Playboy – February 19 @ Hennan Blaikie (Montreal, QC)

# EXHIBIT 6



ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

February 5, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue - 2800 LaSalle Plaza
Minneapolis MN 55402

**Re:  Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087)**

Dear Ryan,

I write further to my January 30, 2014 email proposing deposition dates in the above matters.  Nearly one week has passed and Skky has yet to confirm any of the dates.  Because we have not heard from Skky regarding these dates – including the proposed Vivid deposition now one week away – and given the busy schedules of all deponents, the dates as initially proposed are no longer available.  We propose new dates below.

Additionally, Skky has yet to sign the proposed stipulation screening Parker Rosen from Defendants' confidential and highly confidential information while Defendants' motion to disqualify is still pending ("Motion").  *See* Defendants' January 31, 2014 Letter and Proposed Stipulation.  Again, to restore the safeguards to Defendants' confidentiality, the Stipulation must be signed before Skky will take part in any deposition or other discovery of confidential information while Defendants' Motion is still pending.  We do not anticipate that Skky will have any issues with this stipulation as Skky has already offered to implement such screening.  *See* Skky's January 27, 2014 Letter ("Skky will agree that any information or documents designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" under the Protective Order will not be disclosed or provided to attorneys with Parker Rosen until the Motion is resolved.  To be clear, no attorney with Parker Rosen will be attending these depositions.").

| Vivid | February 18, 2014 |
| Playboy | February 20, 2014 |
| Manwin | February 20, 2014 |

Very Truly Yours,

s/ Todd M. Nosher

Todd M. Nosher

cc:     Justi Rae Miller, Esq.

# EXHIBIT 7

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Friday, February 07, 2014 5:57 PM
**To:** Nosher, Todd M.; Schutz, Ronald J.
**Cc:** Barbara Berens; Justi Miller; Gasparo, Frank M.; Saad, Martin L.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; Timothy J. Heverin; Emily M Wood; KLittman@foley.com; Junker, Chrisann J.; Linden, Benjamen C.; Kabat, Andrew J.
**Subject:** RE: Skky Litigations

Counsel,

We are available at 9am Central/10am Eastern for the call on Tuesday.  As for deposition dates, Skky has informed Defendants on numerous occasions that the week of February 17 would not work.  Despite knowing this unavailability, Defendants provided dates during that week.

Nevertheless, the stipulation proposed by Skky addresses the issues related to the scheduling of depositions.  To the extent Defendants have any counter proposals, it would be efficient to receive such proposals in advance of the call on Tuesday rather than first introducing them to Skky on the call.

We will use the same call-in information:

Dial-in: 877-260-4544
Pass code: 612 349 8408

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

**From:** Nosher, Todd M. [mailto:TMNosher@Venable.com]
**Sent:** Friday, February 07, 2014 4:04 PM
**To:** Schultz, Ryan M.; Schutz, Ronald J.
**Cc:** Barbara Berens; Justi Miller; Gasparo, Frank M.; Saad, Martin L.; Thorson, Becky R.; Bornstein, William; Bentz, Tamany V.; May, Patricia A.; Nosher, Todd M.; Timothy J. Heverin; Emily M Wood; KLittman@foley.com
**Subject:** Skky Litigations

Counsel

Please see the attached letter.

Best

Todd


Todd M. Nosher, Esq.  | Venable LLP
t 212.808.5673 | f 212.307.5598
Rockefeller Center, 1270 Avenue of the Americas, The Twenty-Fourth Floor, New York, NY 10020

TMNosher@Venable.com | www.Venable.com

*****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*****************************************************************
*****************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*****************************************************************

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic
Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email
and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained
in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes
of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or
recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com
_____

# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Skky, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 13-cv-02087-PJS/JJG |
| | ) | |
| | ) | |
| | ) | |
| Vivid Entertainment, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## VIVID'S FIRST AMENDED RESPONSES TO SKKY'S FIRST SET OF INTERROGATORIES

Defendant Vivid Entertainment, LLC ("Vivid") hereby supplements and/or amends its responses to Plaintiff Skky, Inc.'s ("Plaintiff" or "Skky") First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Vivid incorporates the General Objections stated in its original responses served on December 5, 2013, as if set forth fully herein.

## SPECIFIC OBJECTIONS AND RESPONSES AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Identify by name all Web Sites and mobile applications that you have developed, owned, operated, managed, or maintained, in whole or in part, since January 1, 2000, including those that you no longer develop, own, operate, manage, or maintain.

**Response to Interrogatory No. 1**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.   Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "maintained" which render a meaningful response impossible.  Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*all* Web Sites and mobile applications."  Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party.   Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

**Supplemental Response to Interrogatory No. 1**

Vivid incorporates its General and Specific Objections as if set forth fully herein. Subject to and without waiving its previously-asserted objections, Vivid states that it does not operate, manage, maintain or develop websites.  Vivid identifies the following websites that it owns: Vivid.com; Vividceleb.com; Kimksuperstar.com; Kendraexposed.com; Christycanyon.com; Brandnewfaces.com;

Karissashannonsuperstar.com; Montanaexposed.com;

Mindymccreadybaseballmistress.com; Vividalt.com; Kelliusa.com; The11thhole.com;

Toasteexposed.com; Hendrixsextape.com; Jessiasuperstar.com; Vividparodies.com;

Philvaronessecretsexstash.com; Vividcams.com; and Vividmen.com.

**Interrogatory No. 2:**

Identify the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services. For each individual identified, describe the individual's responsibilities and his or her relevant knowledge regarding the Services.

**Response to Interrogatory No. 2**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "testing," "deployment" and "maintenance" which render a meaningful response impossible. Vivid further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to

3

determine the Web Sites about which Plaintiff seeks information. Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Vivid responds as follows: Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Supplemental Response to Interrogatory No. 2**

Vivid incorporates its General and Specific Objections as if set forth fully herein. Subject to and without waiving its previously-asserted objections, Vivid states that it cannot identify "the three most knowledgeable individuals regarding the design, development, testing, deployment, and maintenance of the Services" because it does not operate any websites including those identified in Skky's definition of "Services." Vivid can identify Jean-Marie Kesch a current Vivid employee who has knowledge regarding Vivid's websites since August 2013. Additional responsive information may be in the possession of third party WebQuest, Inc.

**Interrogatory No. 3:**

Identify and describe your relationship with any third parties with which you have relationships or agreements—formal or informal—regarding the design, development, testing, deployment, maintenance, or management any financial or technical aspect of the Services.

4

**Response to Interrogatory No. 3**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "relationship," "management [sic] any financial or technical aspect of the Services," "deployment" and "testing" which render a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* financial or technical aspect of the Services." Vivid further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information. Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Vivid

5

further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Vivid responds as follows:  Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Supplemental Response to Interrogatory No. 3**

Vivid incorporates its General and Specific Objections as if set forth fully herein. Subject to and without waiving its previously-asserted objections, Vivid states that it will produce documents pursuant to Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 4:**

Identify the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services.

**Response to Interrogatory No. 4**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope.  Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined term "subscription services" which renders a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence.  Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* subscription services or advertising with respect to the Services." Vivid further objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.  Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party.  Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Vivid responds as follows:  Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Supplemental Response to Interrogatory No. 4**

Vivid incorporates its General and Specific Objections as if set forth fully herein. Subject to and without waiving its previously-asserted objections, Vivid states that it cannot identify "the three most knowledgeable individuals regarding any subscription services or advertising with respect to the Services" because it does not operate any websites including those identified in Skky's definition of "Services." Additional responsive information may be in the possession of third party WebQuest, Inc.

**Interrogatory No. 5:**

Identify the three most knowledgeable individuals regarding the use or access of the Services by any device that is capable of receiving data over a cellular network, including, but not limited to, technical or design considerations, subscription or advertising services, and strategic planning.

**Response to Interrogatory No. 5**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "use," "device," "access," "data," "cellular network," "subscription or advertising services" and "strategic planning" which render a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the

8

extent it seeks information relating to "*any* device."   Vivid objects to this Interrogatory as premature, vague, and ambiguous to the extent that it relies on the term "Services," which Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues, as well as any mobile applications identified in Skky's infringement contentions or that are later identified by Vivid as discovery continues." Plaintiff has not yet served infringement contentions, and the Scheduling Order does not require the Plaintiff to serve infringement contentions until February 24, 2014. Until that time, Vivid is unable to determine the Web Sites about which Plaintiff seeks information.   Vivid further objects to this Interrogatory to the extent that it seeks information in the possession, custody or control of a third party.  Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Vivid responds as follows:  Vivid incorporates by reference the individuals identified in Vivid's Initial Disclosures, served on November 22, 2013, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Supplemental Response to Interrogatory No. 5**

Vivid incorporates its General and Specific Objections as if set forth fully herein. Subject to and without waiving its previously-asserted objections, Vivid states that it cannot identify the three most knowledgeable individuals regarding the "use or access of the Services by any device that is capable of receiving data over a cellular network"

because it does not operate any websites including those identified in Skky's definition of

"Services." Additional responsive information may be in the possession of third party

WebQuest, Inc.

**Interrogatory No. 6:**

Identify the types of devices that are capable of receiving data over a cellular network
that have accessed or viewed the Services since June 16, 2009.

**Response to Interrogatory No. 6**

Vivid objects to this Interrogatory as vague and ambiguous to the extent that it

relies on at least the undefined terms "devices," "data," "cellular network" and

"accessed" which render a meaningful response impossible. Vivid further objects to this

Interrogatory as overly broad, unduly burdensome and as seeking discovery that is

neither relevant to any claim or defense in this action nor reasonably calculated to lead to

the discovery of admissible evidence.  Vivid further objects to this Interrogatory as

premature, vague, and ambiguous to the extent that it relies on the term "Services," which

Plaintiff defines as "at least vivid.com, touch.vivid.com, and any other Web Sites

identified in Skky's infringement contentions or that are later identified Vivid as

discovery continues, as well as any mobile applications identified in Skky's infringement

contentions or that are later identified by Vivid as discovery continues."  Plaintiff has not

yet served infringement contentions, and the Scheduling Order d oes not require the

Plaintiff to serve infringement contentions until February 24, 2014.  Until that time, Vivid

is unable to determine the Web Sites about which Plaintiff seeks information.  Vivid

further objects to this Interrogatory to the extent that it seeks information in the

possession, custody, or control of a third party. Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

**Supplemental Response to Interrogatory No. 6**

Vivid incorporates its General and Specific Objections as if set forth fully herein. Subject to and without waiving its previously-asserted objections, Vivid states that it will produce documents pursuant to Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 7:**

For each of the Web Sites and mobile applications identified in response to Interrogatory 1, identify and describe the storage mediums on which any audio, visual, or graphical content is kept, including, without limitation, location and entity/entities that owns, manages, or controls the storage medium.

**Response to Interrogatory No. 7**

Vivid objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information from time periods not relevant to any claim or defense in this action and/or is otherwise not reasonably limited in time and scope. Vivid objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "mobile applications" and "storage medium" which render a meaningful response impossible. Vivid further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Vivid further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* audio, visual or graphical content." Vivid further objects to this Interrogatory to the extent that it seeks information in the

11

possession, custody, or control of a third party. Vivid further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing general and specific objections, Vivid incorporates by reference its response to Interrogatory No. 1. Vivid reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Supplemental Response to Interrogatory No. 7**

Vivid incorporates its General and Specific Objections as if set forth fully herein. Subject to and without waiving its previously-asserted objections, Vivid states that it cannot respond to this interrogatory because it does not operate any websites including those identified in Skky's definition of "Services." Additional responsive information may be in the possession of third party WebQuest, Inc.

Dated:     March 4, 2013                    Respectfully submitted,

                                           /s/ Tamany Vinson Bentz
                                           Barbara Podlucky Berens (#209788)
                                           Justi Rae Miller (#387330)
                                           Berens Miller, P.A.
                                           3720 IDS Center 80 South Eighth Street
                                           Minneapolis, MN 55402
                                           Telephone: (612) 349-6171
                                           Facsimile: (612) 349-6416
                                           Bberens@berensmiller.com
                                           Jmiller@berensmiller.com

                                           Frank M. Gasparo (Admitted *Pro Hac Vice*)
                                           Todd M. Nosher (Admitted *Pro Hac Vice*)
                                           Venable LLP
                                           1270 Avenue of the Americas
                                           Twenty-Fourth Floor
                                           New York, New York 10020
                                           Telephone: (212) 307-5500
                                           Facsimile: (212) 307-5598
                                           Fmgasparo@venable.com
                                           Tmnosher@venable.com

                                           Tamany Vinson Bentz (Admitted *Pro Hac Vice)*
                                           Venable LLP
                                           2049 Century Park East, Suite 2100
                                           Los Angeles, California 90067
                                           Telephone: (310) 229-9900
                                           Facsimile: (310) 229-9901
                                           tjbentz@venable.com

                                           *ATTORNEYS FOR DEFENDANT*
                                           *VIVID ENTERTAINMENT, LLC*

13

VERIFICATION

I, Jean-Marie Kesch, am Executive Vice President of On-Line Services for Vivid Entertainment LLC. I am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing responses to interrogatories. I am informed and believe, and on the basis of such information and belief, hereby verify on behalf of Vivid Entertainment LLC that the facts stated in the supplemental answer to interrogatories are true and correct, although some of the facts may not be within my personal knowledge.

Dated: March 4, 2014

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 6, 2014, a true and accurate copy

of the foregoing was served via first class and electronic mail upon:

Ronald J. Schutz
Becky R. Thorson
Ryan Schultz
Benjamen Linden
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500

Andrew D. Parker
PARKER ROSEN, LLC
300 First Avenue North, Suite 200
Minneapolis, MN 55401
Phone: (612) 767-3000

*/s/ Tamany Vinson Bentz*

15