# EXHIBIT 1

# COURT OF QUÉBEC

CANADA
PROVINCE OF QUÉBEC
DISTRICT OF MONTREAL

No: 500-22-*208549-132*

Date : December 20, 2013

PRESENT : THE HONORABLE   <u>ARMANDO AZNAR, J.C.Q.</u>**j.c.q.**

**9219-1568 QUÉBEC INC.**

Petitioner

## JUDGMENT

[1]   **THE COURT**, having been seized with Petitioner's Motion for the Issuance of an Order pursuant to the *Business Concerns Records Act*;

[2]   **GIVEN** the proceedings and the exhibits filed in the Court's record;

[3]   **CONSIDERING** the Affidavit;

[4]   **CONSIDERING** Petitioner's Counsel's representations;

[5]   **CONSIDERING** the mandatory provisions of the *Business Concerns Records Act*, R.S.Q. c. D-12;

[6]   **WHEREAS** the conditions for the issuance of an order pursuant to section 4 of the *Business Concerns Records Act*, R.S.Q. c. D-12 have been met;

500-22-                                                                    2

**FOR THESE REASONS, THE COURT :**

    **GRANTS** Petitioner's Motion;

    **ORDERS** 9219-1568 Québec Inc. not to remove, send or cause to be sent outside of Québec any document, résumé or digest of document (including but not limited to any source code, account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report or any other writing or material), irrespective of whether it is kept or stored in physical format, electronic format or other format, that relates to 9219-1568 Québec Inc. or any other business concern in Québec;

    **GIVES ACT** to the undertaking of 9219-1568 Québec Inc. (Exhibit R-9) not to remove, send or cause to be sent outside of Québec any document, résumé or digest of document (including but not limited to any source code, account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report or any other writing or material), irrespective of whether it is kept or stored in physical format, electronic format or other format, that relates to 9219-1568 Québec Inc. or any other business concern in Québec;

    **ORDERS** provisional execution of the present judgment notwithstanding appeal;

    **THE WHOLE** without costs.

                                                  j.c.q.

                        ARMANDO AZNAR, J.C.Q.

HBdocs - 16167217v1

                        COPIE CONFORME

                        Greffier adjoint

CANADA

PROVINCE OF QUÉBEC
DISTRICT OF MONTREAL

500-22-208549-132

*le 20 décembre 2013*
*Motion granted to its*
*according to its*
*conclusion on 3*
*[signature]*
ARMANDO AZNAR, J.C.Q.

COURT OF QUÉBEC

**9219-1568 QUÉBEC INC.**, a legal person duly incorporated pursuant to the provisions of the Québec *Business Corporations Act* having its seat at 7777 Décarie Boulevard., Suite 300, in the City and District of Montreal, Province of Québec

Petitioner

## MOTION FOR THE ISSUANCE OF AN ORDER PURSUANT TO THE *BUSINESS CONCERNS RECORDS ACT*
(R.S.Q., c. D-12, section 4)

**TO ONE OF THE HONORABLE JUDGES OF THE COURT OF QUÉBEC, SITTING IN PRACTICE DIVISION IN AND FOR THE DISTRICT OF MONTREAL, PETITIONER RESPECTFULLY STATES AS FOLLOWS:**

A.    INTRODUCTION

1.    Petitioner 9219-1568 Québec Inc. is a Montreal-based information technology firm doing business under the name of Mindgeek Canada (**"Mindgeek Canada"**). It formerly did business under the name **"Manwin Canada"**;

2.    Mindgeek Canada specializes in websites. It creates, develops and manages some of the most recognized mainstream and adult entertainment brands in the world. It employs approximately 800 employees who work out of its Montreal offices;

3.    As more fully detailed below, Mindgeek Canada is currently facing requests (and has reason to believe that additional requests are likely to be made) in various patent infringement lawsuits now pending in United States District Courts (the **"U.S. District Courts"**) calling for the removal or sending out of Québec by Mindgeek Canada of documents, résumés or digests of documents relating to business concerns in Québec (**"Québec Business Information"**), the whole in contravention to the provisions of the Quebec *Business Concerns Records Act*, R.S.Q. c. D-12 (the "**Act**");

4.    Petitioner therefore respectfully petitions this Honourable Court to issue an order pursuant to section 4 of the Act enjoining Mindgeek Canada from removing, sending, or causing to be sent Quebec Business Information out of Quebec in violation of the Act;

## B.    THE PROCEEDINGS PENDING IN THE UNITED STATES

5.    Legal proceedings instituted by so-called "non-practising entities", often colloquially referred to as "patent trolls", are a growing concern in the United States, where they have been accused of clogging the Court system, hindering the innovation functions of the economy and businesses, preventing businesses from using technologies that are well-known and universally used, and placing enormous financial burdens on corporations with actual and legitimate business activities and employees;

6.    Such proceedings are often instituted by companies having no significant activities other than monetizing patents and bringing expensive and protracted legal proceedings alleging patent infringement in the hope of exacting sufficient pressure to force defendants to settle and pay significant amounts of money to fund their next round of lawsuits;

7.    The seriousness of the concerns raised by "patent troll" litigation is such that U.S. President Barack Obama has recently issued executive actions and legislative recommendations to counter such proceedings, as appears from the White House press release filed as **Exhibit R-1**;

8.    Mindgeek Canada and certain other entities are currently facing proceedings for patent infringement in the United States, being pursued by companies which do not seem to have any significant business activities other than monetizing patents and bringing such legal proceedings;

### 1.    The Joao Case

9.    Mindgeek Canada, Mindgeek s.a.r.l. (formerly known as Manwin Holding, s.a.r.l) ("**Mindgeek Holding**"), Manwin D.P. Corp. ("**Manwin D.P.**"), Licensing IP International s.a.r.l. (f/k/a Manwin Licensing International s.a.r.l.), as well as Manwin Billing MU Ltd., Manwin Billing US Corp (f/k/a "Ahava Incorporated"), Manwin Billing Ireland, Ltd. and Manwin Billing CY Ltd. are currently the object of proceedings instituted before the U.S. District Court for the Southern District of New York by Joao Control & Monitoring Systems, LLC ("**Joao**"), a company which appears to have no significant business activities other than seeking to monetize patents it claims to own through patent litigation;

10.   Joao's Complaint is based on claims of infringement of an alleged patent concerning *"systems and methods for receiving and monitoring video information by a video recording device or camera"*, as appears from Joao's Third Amended Complaint dated March 11, 2013, **Exhibit R-2**;

### 2.   The Skky Case

11.   Proceedings are also pending before the U.S. District Court for the District of Minnesota, where a complaint was filed against Manwin USA, Inc. ("**Manwin USA, Inc.**") and Mindgeek Holding by Skky, Inc. ("**Skyy**"), a company which appears to have no other significant business activities than to monetize patents it claims to own through legal proceedings;

12.   Skky's Complaint is based on claims of patent infringement concerning the use of a technology for the compression, storing, and/or transmission of compressed audio and/or visual files to cellular phones, the whole as appears from Skky's First Amended Complaint dated September 20, 2013, **Exhibit R-3**;

13.   Skky has additionally filed a separate patent infringement suit against Playboy Enterprises Inc., ("**Playboy**") in the U.S. District Court for the District of Minnesota alleging infringement relating to websites that are now managed by Mindgeek Canada, the whole as appears from the Complaint filed as **Exhibit R-4**;

### 3.   The ExitExchange Case

14.   Proceedings are also pending before the U.S. District Court for the Eastern District of Texas, Marshall Division, where a complaint was filed against Manwin USA and Manwin D.P. by ExitExchange Corp. ("**ExitExchange**"), a company which appears to have no significant business activities other than to monetize patents it claims to own through legal proceedings;

15.   ExitExchange's Complaint is based on claims of infringement by defendants of an alleged patent covering *"systems and methods for providing a type of Internet advertisement commonly known as pop-under advertisements. Pop-under advertisement is opened behind a browser window"*, the whole as appears from ExitExchange's Complaint dated May 10, 2013, **Exhibit R-5**;

## C.   THE REQUESTS FOR THE REMOVAL OR SENDING OUT OF QUÉBEC OF DOCUMENTS RELATING TO A BUSINESS CONCERN IN QUÉBEC

16.   In the course of the proceedings in the Joao, Skky and ExitExchange cases, requests have been made and/or are likely to be made in the near future for the communication of Québec Business Information that are currently located in Québec, that relate to the business activities of Mindgeek Canada, and that form part of its records or archives;

### 1.  Nature of the Outstanding Documentary Requests

17.  Discovery will shortly commence against Mindgeek Canada (and other related defendants) in the Joao litigation. Based upon the discovery requests served by Joao against co-defendants in that case, Mindgeek Canada can expect to receive discovery requests from the plaintiffs that will implicate Québec Business Information subject to the Act;

18.  On or about October 31, 2013, Skky served Manwin USA and Mindgeek Holding with a request for the communications of numerous documents, including *inter alia* the following:

  a)  *"All business, marketing, and strategic plans relating to the use or access of Services by a device that is capable of receiving data over a cellular network, including but not limited to sales forecasts, from January 1, 2000 to present"* (Request No. 9);

  b)  *"Documents sufficient to show the amount of advertising revenue the Services generated, from January 1, 2000 to present"* (Request No. 10);

  c)  *"Documents sufficient to show the amount of subscription revenue the Services generated, from January 1, 2000 to present"* (Request No. 12);

  d)  *"All documents relating to any valuations – formal or informal – of the accessibility or use of the Services by a device that is capable of receiving data over a cellular network, with respect to any feature of the Service"* (Request No. 17);

  e)  *"Documents sufficient to show direct and indirect expenses associated with providing and maintaining the Services, from January 1, 2000 to the present"* (Request No. 21);

  f)  *"All documents sufficient to determine all of your former or current related entities and divisions involved in the former, current, and anticipated design and manufacture of each Service, including documents sufficient to determine the role, structure, and contribution of each such entity, from January 1, 2000 to the present"* (Request No. 23);

the whole as appears from Skky's First Set of Document Requests, filed as Exhibit R-6;

19.  The said request purports to require disclosure not only from defendants Manwin USA and Mindgeek Holding, but also from their "affiliates", a group defined so as to include Mindgeek Canada;

Heenan Blaikie

20. Many of the documents requested by Skky, including documents that pertain to Playboy, are located in Montreal, are under the control of Mindgeek Canada, and relate to Mindgeek Canada's business activities in Québec;

21. In the ExitExchange case, a Discovery Order was issued by the U.S. District Court on November 4th, 2013, which *inter alia* requires defendants to:

> "produce or permit the inspection of all documents, electronically stored information, and tangible things in possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas" [at par. 3(b)]

The whole as appears from a copy of the Discovery Order, **Exhibit R-7**;

22. The Discovery Order (Exhibit R-7) also provides that "*[t]he parties may serve subpoenas for third parties to produce documents and/or provide deposition testimony […]*" (para. 5(e));

23. Many of the documents that defendants in the ExitExchange case could be required to communicate pursuant to this Discovery Order are located in Montreal, are under the control of Mindgeek Canada, and relate to Mindgeek Canada's business activities in Québec;

24. On October 14, 2013, ExitExchange's attorneys informed Manwin USA and Manwin D.P.'s attorneys that they wished to inspect in the United States the source code allegedly infringing ExitExchange's patent (the "**Source Code**"), the whole as appears from an email dated October 14, 2013, **Exhibit R-8**;

25. However, some Source Code is not in the possession of Manwin USA or Manwin D.P., but is rather located on servers in Montreal, is under the control of Mindgeek Canada, and relates to the business activities of Mindgeek Canada;

   **2.    The Communication of the Documents Sought (or Likely to be Sought) by Plaintiffs in these Cases is Prohibited by the Québec *Business Concerns Records Act***

26. The Québec *Business Concerns Records Act* provides, at section 2, that:

> "no person shall, pursuant to or under any requirement issued by any legislative, judicial or administrative authority outside Québec, remove or cause to be removed, or send or cause to be sent, from any place in Québec to a place outside Québec, any document or résumé or digest of any document relating to any concern."

27.  Under the Act, a "document" is broadly defined as including "*any account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report and any other writing or material forming part of the records or archives of a business concern*";

28.  Many of the documents requested (or that could likely be requested) by plaintiffs in the Joao, Skky and ExitExchange cases, including source code, are documents which the Act prohibits Mindgeek Canada from removing or sending out of Québec as they are currently located in Québec, relate to the activities of Mindgeek Canada, and form part of its records or archives;

29.  As such, the Act prohibits Mindgeek Canada from complying with any request or order requesting the communications of such documents in any of these cases;

### 3.    The Potential Consequences of not Complying with the Requests

30.  Should Mindgeek Canada or the other defendants in the Joao, Skky or ExitExchange cases fail to produce the Québec Business Information requested by plaintiffs or ordered by the Court to be provided in each of these cases, Joao, Skky and/or ExitExchange could be entitled to obtain orders compelling the production of the subject Québec Business Information;

31.  In order to obtain such an order, upon non-production by Mindgeek Canada, a plaintiff would file a "Motion to Compel" stating that it has served discovery requests on a defendant pursuant to the Federal Rules of Civil Procedure and that despite a discussion (or "meet and confer") with defendant's counsel, defendant has failed to make the disclosures requested by plaintiff;

32.  Should an order compelling the requested discovery be issued, a defendant who fails to then comply with that order would find itself in violation of a court order and would be subject to sanctions under the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 37). The penalties for such contempt can be severe and could result in fines, in the drawing of adverse inferences by the court, in the issuance of orders prohibiting defendants from supporting or opposing claims or defenses, in the issuance of a default judgment, etc.;

33.  Petitioner has objective reasons to fear that the U.S. District Courts supervising the Joao, Skky and/or ExitExchange cases would, upon plaintiffs' requests, issue orders compelling Mindgeek Canada to remove

or send Québec Business Information out of Québec in violation of the Act;

34.   Should the U.S. District Courts supervising any of these cases issue such an order, Mindgeek Canada will be placed in the untenable position of either having to knowingly violate Québec law or be found in contempt by the U.S. District Courts;

35.   Mindgeek Canada believes that the existence of an order issued by this Court compelling it to comply with the Act may provide additional protection against the entry of sanctions by the U.S. District Courts in the pending U.S. litigations;

36.   Consequently, Petitioner respectfully petitions this Honorable Court to:

   a)   order Mindgeek Canada not to remove, send or cause to be sent outside of Québec any Québec Business Information, including without limitations, any source code, account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report, irrespective of whether it is kept or stored in physical format, electronic format or other format, that relates to Mindgeek Canada or any other business concern in Québec

   b)   give effect to Mindgeek Canada's undertaking in this regard, in the form of **Exhibit R-9**.

## FOR THESE REASONS, MAY IT PLEASE THE COURT TO:

**GRANT** the present Motion;

**ORDER** 9219-1568 Québec Inc. not to remove, send or cause to be sent outside of Québec any document, résumé or digest of document (including but not limited to any source code, account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report or any other writing or material), irrespective of whether it is kept or stored in physical format, electronic format or other format, that relates to 9219-1568 Québec Inc. or any other business concern in Québec;

**GIVE ACT** to the undertaking of 9219-1568 Québec Inc. (Exhibit R-9) not to remove, send or cause to be sent outside of Québec any document, résumé or digest of document (including but not limited to any source code, account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report or any other writing or material), irrespective of whether it is kept or

stored in physical format, electronic format or other format, that relates to 9219-1568 Québec Inc. or any other business concern in Québec;

**ORDER** provisional execution of the present judgment notwithstanding appeal;

**THE WHOLE** without costs.


**MONTREAL**, December 19, 2013

**HEENAN BLAIKIE** S.E.N.C.R.L., **SRL/LLP**

_____

**HEENAN BLAIKIE** LLP
Attorneys for Petitioner
9219-1568 QUÉBEC INC.


TRUE COPY

_Heenan Blaikie LLP_
HEENAN BLAIKIE LLP

## AFFIDAVIT

I, the undersigned, Antoine Gignac, lawyer, domiciled and residing at 4302, Papineau Avenue, apt. 402, in the City and District of Montreal, Province of Québec, H2H 1S9, hereby solemnly affirm as follows:

1.   I occupy the position of in-house legal counsel for Petitioner 9219-1568 Québec Inc.;

2.   All the facts alleged in the present *Motion for the Issuance of an order pursuant to the Business Concerns Records Act* are true.

AND I HAVE SIGNED

_____
ANTOINE GIGNAC

Solemnly affirmed to before me at
Montreal, this 19 day of December, 2013

_____
Commissioner of Oaths for the
Province of Québec

TRUE COPY

Heenan Blaikie LLP
HEENAN BLAIKIE LLP

Heenan Blaikie

500-22-208549-132

COURT OF QUÉBEC
DISTRICT OF MONTREAL

9219-1568 QUÉBEC INC.

Petitioner

**MOTION FOR THE ISSUANCE OF AN
ORDER PURSUANT TO THE
BUSINESS CONCERNS RECORDS ACT
and AFFIDAVIT OF ANTOINE GIGNAC**

COPY FOR THE COURT

Code: BJ-0039       Our ref. : 059909-0137514 921.1251

Mᵉ Patrick Ferland       Telephone : 514 846.2251
                          Fax : 514 921.1251

**Heenan Blaikie** LLP
A V O C A T S / L A W Y E R S
1250, René-Lévesque Blvd. West, suite 2500
Montréal (Québec)  H3B 4Y1

# EXHIBIT 2

# Québec ⊞⊞

© Éditeur officiel du Québec

**Updated to 1 December 2013**
This document has official status.

chapter D-12

# BUSINESS CONCERNS RECORDS ACT

**1.** In this Act, the following words mean:

*(a)* "document": any account, balance sheet, statement of receipts and expenditure, profit and loss statement, statement of assets and liabilities, inventory, report and any other writing or material forming part of the records or archives of a business concern;

*(b)* "concern": any business concern in Québec;

*(c)* "requirement": any demand, direction, order, subpoena or summons.

R. S. 1964, c. 278, s. 1.

**2.** Subject to section 3, no person shall, pursuant to or under any requirement issued by any legislative, judicial or administrative authority outside Québec, remove or cause to be removed, or send or cause to be sent, from any place in Québec to a place outside Québec, any document or résumé or digest of any document relating to any concern.

R. S. 1964, c. 278, s. 2.

**3.** The prohibition enacted in section 2 shall not apply in the case of the removal or sending of a document out of Québec

*(a)* by an agency, branch, legal person or firm carrying on business in Québec, to a principal, head office, affiliated legal person or firm, agency or branch situated outside Québec, in the ordinary course of their business;

*(b)* by or on behalf of a natural or legal person, a partnership or an association that is not a legal person carrying on business in Québec, to a territory subject to another political jurisdiction in which the sale of the securities of such person, partnership or association has been authorized;

*(c)* by or on behalf of any such person, partnership or association carrying on business in Québec as a broker, security issuer or salesman within the meaning of the Securities Act (chapter V-1.1), to a territory subject to another political jurisdiction in which any such person, partnership or association has been registered or is otherwise authorized to carry on business as broker, security issuer or salesman, as the case may be;

*(d)* whenever such removal or sending is authorized by any law of Québec or of the Parliament of Canada, in accordance with their respective jurisdictions.

R. S. 1964, c. 278, s. 3; 2009, c. 52, s. 590.

**4.** Whenever there is reason to believe that a requirement has been or is likely to be made for the removal or sending out of Québec of a document relating to a concern, the Attorney General may apply to a judge of the Court of Québec, in the judicial district where the concern in question is located, for an order requiring any person, whether or not designated in the requirement, to furnish an undertaking or

security to ensure that such person will not remove or send out of Québec the document mentioned in the said requirement.

The application to the judge of the Court of Québec shall be made by summary petition. In case of urgency, it may be filed and presented to the judge without prior service. The judge may however order the service thereof within such time, in such manner and on such conditions as he may consider expedient.

Every person having an interest in a concern may exercise the rights contemplated in this section.

R. S. 1964, c. 278, s. 4; 1965 (1st sess.), c. 17, s. 2; 1988, c. 21, s. 66; 1999, c. 40, s. 109.

**5.** Every person who, having received notice of a petition to a judge of the Court of Québec under section 4, infringes the provisions of section 2, shall be guilty of contempt of court.

Every person who has furnished, or has received from the judge an order to furnish, an undertaking or security and who infringes the provisions of section 2 shall be guilty of contempt of court in addition to any obligation provided by the undertaking or security furnished or ordered by the judge.

R. S. 1964, c. 278, s. 5; 1965 (1st sess.), c. 17, s. 2; 1988, c. 21, s. 66; 1990, c. 4, s. 388; 1992, c. 61, s. 267.

**6.** *(This section ceased to have effect on 17 April 1987).*

1982, c. 21, s. 1; U. K., 1982, c. 11, Sch. B, Part I, s. 33.

## REPEAL SCHEDULE

In accordance with section 17 of the Act respecting the consolidation of the statutes (chapter R-3), chapter 278 of the Revised Statutes, 1964, in force on 31 December 1977, is repealed effective from the coming into force of chapter D-12 of the Revised Statutes.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Skky, Inc.,                                          Case No.:  13-2072 (PJS/JJG)

      Plaintiff,

vs.

Thumbplay Ringtones, LLC,

      Defendant.

Skky, Inc.,                                          Case No.:  13-2083 (PJS/JJG)

      Plaintiff,

vs.

Dada Entertainment, Inc.,

      Defendant.

Skky, Inc.,                                          Case No.:  13-2086 (PJS/JJG)

      Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

      Defendants.

Skky, Inc.,                                          Case No.:  13-2087 (PJS/JJG)

      Plaintiff,

vs.

Vivid Entertainment, LLC,

      Defendant.

Skky, Inc.,                                    Case No.:  13-2089 (PJS/JJG)

      Plaintiff,

vs.

Playboy Enterprises, Inc.,

      Defendant.

## STIPULATION REGARDING DISCOVERY

The parties hereby enter into the following stipulation regarding upcoming discovery.

Whereas, discovery in these cases are in the early stages as Defendants have only produced patents and other alleged prior art references to the asserted patent and not any information or documents, non-confidential, confidential, or highly confidential, as to each Defendant;

Whereas, Defendants have filed in each respective case a Motion to Disqualify the Parker Rosen law firm from representing Skky in the litigation and taken a position in the Motion to Disqualify that the Parker Rosen law firm should not have access to Defendants' confidential or highly confidential information;

Whereas, Skky opposes Defendants' Motions to Disqualify and Defendants' positions regarding access by the Parker Rosen law firm of Defendants' confidential or highly confidential information;

- 2 -

Whereas, the parties agree that discovery will continue while the Motion to Disqualify is pending before the Court, and Defendants will be producing information that is either confidential or highly confidential; and

Whereas, Defendants agree that this stipulation is not in any way an acquiescence, agreement, or suggestion by Skky as to the merits or assertions made by Defendants in the Motion to Disqualify but is solely being entered to allow discovery to begin.

The parties hereby stipulate and agree that Skky will not provide Parker Rosen LLC with access to confidential or highly confidential information provided by Defendants and that no attorney from Parker Rosen LLC will attend a deposition of Defendants until the Court resolves the Motions to Disqualify.

Dated: February __, 2014

/s/_____
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan M. Schultz (0392648)
Benjamen Linden (0393232)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612). 349-8500

Daniel N. Rosen (250909)
PARKER ROSEN, LLC
300 First Avenue North, Suite 200
Minneapolis, MN 55401

*Attorneys for Plaintiff*

*/s/*
David L. Witcoff (pro hac vice)
dlwitcoff@jonesday.com
Timothy J. Heverin (pro hac vice)
tjheverin@jonesday.com
Emily M. Wood (pro hac vice)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585

David J.F. Gross
david.gross@FaegreBD.com
Theodore M. Budd
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS
DADA ENTERTAINMENT, INC. AND
THUMBPLAY RINGTONES, LLC

*s/*
Cynthia J. Rigsby *(admitted pro hac vice)*
Michelle A. Moran *(admitted pro hac vice)*
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone:  (414) 271-2400
Fax:  (414) 297-4900
Email: crigsby@foley.com
mmoran@foley.com

Jason A. Lien (#028936)
Laurence J. Reszetar (#0386981)

Maslon Edelman Borman & Brand, LLP
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Fax: (612) 672-8397
Email: Jason.Lien@Maslon.com
 Laurence.Reszetar@Maslon.com


*Attorneys for Defendant and Counterclaim-Plaintiff
Myxer, Inc*


     /s/ _____
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
jmiller@berensmiller.com
Frank M. Gasparo
(Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com

*Attorneys for Manwin USA, Inc., Manwin Holding,
s.ar.l, Vivid Entertainment, LLC, Playboy
Enterprises, Inc.*

## ROBINS, KAPLAN, MILLER & CIRESI LLP

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RYAN M. SCHULTZ
rmschultz@rkmc.com
612-349-8408

February 12, 2014

**VIA E-MAIL**

Todd Nosher, Esq.
Venable LLP
1270 Avenue of Americas
New York, NY 10020
E-mail: TMNosher@venable.com

Timothy Heverin, Esq.
Jones Day
77 West Wacker
Chicago, IL 60601
E-mail: tjheverin@jonesday.com

    *Re:*    *Skky, Inc. v. Manwin USA, Inc. et al*

Dear Tim and Todd:

    As a follow up to the meet and confer yesterday, Skky provides the following proposal related to your clients' alleged confidential concerns. As outlined in Skky's opposition to the Motion to Disqualify, Skky proposes that the Protective Order be modified in the following manner:

- Modify Section 3 the Protective Order to allow for two types of designation under AEO, one for technical information and one for all other highly confidential information;
- Modify Section 8 to include a provision that Mr. Parker will not access information designated as highly confidential technical information (including source code), but will be able to access all other highly confidential information. In addition, the prosecution bar in Section 5 to be limited to only review of information designated as technical highly confidential information; and
- Modify Section 8 to state that all highly confidential information, technical or otherwise, be stored at Robins, Kaplan, Miller & Ciresi LLP for as long as Skky's offices remain at the same address as the Parker Rosen law firm.

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 2

These modifications to the Protective Order alleviate any concern that your clients may have regarding access to their highly confidential information that allegedly could be used in a competitive fashion by Skky.

If this proposal is not acceptable, Skky provides an alternative proposal to ensure discovery from Defendants is not further delayed. As background, Defendants stated on the meet and confer that they could produce documents within 10-14 days from Feb. 11, 2014; however Defendants asserted that they would not produce documents before a stipulation was entered regarding access to information by the Parker Rosen law firm during the pendency of the Motion to Disqualify. You are taking this position despite our affirmation that Skky's lead trial counsel of Robins, Kaplan, Miller, & Ciresi LLP will not share any confidential or highly confidential information disclosed by Defendants with the Parker Rosen law firm until the Motion to Disqualify is decided.

While we don't believe a stipulation is necessary, Skky proposes to file the attached stipulation the day before Defendants produce responsive documents to Skky's discovery requests. The process is simple in that Defendants will call Skky's counsel to inform us that Defendants will be providing responsive documents to Skky's counsel either that day or the next day. Upon receipt of the call, Skky will file the stipulation.

To be clear, Skky will agree to this proposal if the production of documents is substantial and includes responsive documents to the following categories:

- Documents evidencing all web sites owned by Defendant;

- Documents evidencing the types of files made available on each web site owned by Defendant;

- Documents evidencing the types of devices that access each web site owned by Defendant; and

- Documents evidencing the revenue generated or associated with each web site owned by Defendant.

By agreeing to this proposal, Skky is not waiving or agreeing that other documents responsive to the Requests for Production do not need to be produced or that Defendants production is complete. Likewise, Skky understands that Defendants would not be producing all documents that are responsive to the Requests for Production at this time and that some additional documents may be produced at a later time. However, this proposal is contingent on Defendants making a good-faith effort and a substantial production as the Requests have been pending for over three months, and there is no reason that Defendants would not have been collecting responsive documents while the Requests have been pending. Skky would need written assurance from Defendants that a substantial production would occur prior to agreeing to this proposal.

Moreover, Defendants agree that they would not assert or imply that by agreeing to a stipulation related to the Parker Rosen law firm that Skky agrees there is any merit to Defendants' concerns or assertions related to the Motion to Disqualify.

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 3

Please inform us if either proposal is acceptable by Friday February 14, 2014.  If Defendants believe a telephonic conference would be beneficial to reach an agreement on either proposal, we are available.

Regards,

Ryan M. Schultz

# EXHIBIT 4

## BERENS & MILLER, P.A.

ATTORNEYS AT LAW
3720 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402
WWW.BERENSMILLER.COM

JUSTI RAE MILLER
JMILLER@BERENSMILLER.COM

TELEPHONE
(612) 349-6171

FAX
(612) 349-6416

January 6, 2014

The Honorable Jeanne J. Graham
United State District Court
342 Federal Building
316 N. Robert Street
St. Paul, MN 55106

*By ECF*

     Re: *Skky, Inc. v. Manwin USA, Inc. and Manwin Holding s.a.r.l (13-cv-2086);*
*Skky, Inc. v. Playboy Enterprises, Inc. (13-cv-2089)*

Dear Judge Graham:

     Berens & Miller, PA, along with Venable LLP, represent Defendants Manwin USA, Inc., Manwin Holding s.a.r.l (collectively "Manwin") and Playboy Enterprises, Inc. ("Playboy" and collectively with Manwin "Defendants") in the above-captioned litigations. We write to bring to the Court's attention a Judgment recently issued by a foreign court that is relevant to discovery in both matters as described below.[1]

     On December 20, 2013, the Court of Quebec, upon motion by 9219-1568 Quebec Inc. ("Quebec Inc."), issued the attached Judgment and endorsed motion preventing the removal from Quebec of any "document, resume or digest of document (including but not limited to any source code account, balance sheet...profit and loss statement, statement of assets and liabilities, inventory, report or any other writing or material), irrespective of whether it is kept or stored in physical format, electronic format or other format that relates to 9219-1568 Quebec Inc. or any other business concern in Quebec." *See* Judgment at 1 (Exhibit 1 attached hereto); *see also* Endorsed Motion (Exhibit 2 attached hereto). In issuing its Judgment, the Court of Quebec cites to, and relies on, the Quebec Business Concerns Records Act, R.S.Q. c D-12, which similarly prevents the removal from Quebec of "any document or resume or digest of any document relating to any concern." *See* QBCRA (Exhibit 3 attached hereto). Quebec Inc. is in possession of certain documents, Electronically Stored Information ("ESI") and/or other discovery residing in Quebec that is subject to the Judgment and likely relevant in the above-captioned litigations.

---

[1] In an effort to save judicial and party resources, Defendants elected to send this letter in lieu of seeking relief under Fed. R. Civ. P. 26(c), but if advised by the Court will do so.

Judge Graham
January 6, 2013

Compliance with the Judgment will require the parties to perform discovery[2] in a manner consistent with the Judgment and QBCRA.

Counsel for Defendants spoke with Plaintiff's counsel today and the parties are available for a teleconference at the Court's convenience to the extent Your Honor deems such conference necessary. We thank the Court for its time and consideration.

Respectfully submitted,

Justi R. Miller

---

[2] Discovery is in its very early stages. On December 4, 2013 the Court issued its Scheduling Order and the parties still have yet to reach an agreement on the parameters of ESI discovery.

2

# EXHIBIT 5

## Kodi, Elizabeth O.

**Subject:**          FW: Skky v. Manwin et al
**Attachments:**     Skky v General Media - Amended Complaint.pdf; Skky v Manwin - First Amended Notice
                     of Rule 30(b)(6) Depo.pdf; Skky v Playboy - First Amended Notice of Rule 30(b)(6)
                     Depo.pdf; Skky v Vivid - First Amended Notice of Rule 30(b)(6) Depo.pdf

**From:** Schultz, Ryan M. [mailto:RMSchultz@rkmc.com]
**Sent:** Thursday, January 16, 2014 2:06 PM
**To:** Nosher, Todd M.
**Cc:** Gasparo, Frank M.; Justi Miller (JMiller@berensmiller.com) (JMiller@berensmiller.com); Schutz, Ronald J.; Thorson,
Becky R.; Linden, Benjamen C.; Bornstein, William; May, Patricia A.; Booth, Amanda J.
**Subject:** Skky v. Manwin et al

Todd,

Per our discussion today, attached is the amended complaint for General Media.  As you will note, it has a similar
structure as the amended complaints for the other defendants that have been agreed upon by defendants.  Please let us
know if there are any questions by close of business tomorrow on the amended complaint.

Also, I spoke with the clerk of court today.  He indicated that we did not need to file anything in regards to General
Media with the Court and that we may proceed with the case.  We plan on filing the amended complaint on Monday.

As for the document requests to Manwin and Playboy, below is a list of technical documents we discussed today.  Again,
we are not waiving or agreeing to narrow the discovery requests.  This list is being provided to ascertain what, if any,
documents may be located solely at Quebec, Inc.  As I stated on the phone, it is difficult for us to know what category of
documents, if any, are maintained by Quebec, Inc. as we have not been given any understanding as to the role that
Quebec, Inc. may play for Playboy and the Manwin Defendants.  However, we are providing this list in an attempt to
work with Defendants.

It is our understanding from the call today that financial documents are not at issue, and only technical documents may
be related to the Canadian Court order.  To be clear, we are not agreeing that the Canadian order has any relevance or
relation to the pending litigation and discovery obligations on Playboy and the Manwin defendants. Below is a list of
technical documents we have requested in the discovery requests:

- Technical documents related to the creation of content made available on web sites/mobile applications
  operated by/for either defendant
- Technical documents related to the storage of content made available on web sites/mobile applications
  operated by/for either defendant
- Technical documents related to the accessibility of content by devices on web sites/mobile applications
  operated by/for either defendant
- Technical documents related to the types of devices that access the web sites/mobile applications operated
  by/for either defendant
- Technical documents related to the format of each file that is made available on the web sites/mobile
  applications operated by/for either defendant

As we discussed, attached are Plaintiff's amended notices of Rule 30(b)(6) depositions for each defendant or defendant
group.  We have offered on several occasions for Defendants to provide dates and locations for these

depositions. Defendants have not provided such information despite these requests. As such, we are serving these amended notices, and expect these depositions to occur on these dates at the location identified in each notice.

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

# EXHIBIT 6

**United States District Court**
**District of Minnesota**

---

Skky, Inc.,

        Plaintiff,

vs.

Playboy Enterprises, Inc.,

        Defendant.

Case No.:  13-2089 (PJS/JJG)

**Plaintiff's First Notice of Deposition**
**Pursuant to Rule 30(b)(6)**

---

### Skky, Inc.'s First Notice of Deposition Pursuant to Rule 30(b)(6)

PLEASE TAKE NOTICE that Plaintiff Skky, Inc., by its attorneys, will take the videotaped deposition upon oral examination of Playboy Enterprises, Inc. ("Playboy"), in accordance with Fed. R. Civ. P. 30(b)(6). The deposition will take place at the law offices of Venable LLP, Rockefeller Center, 1270 Avenue of the Americas, Twenty-Fourth Floor, New York, NY, 10020, on January 8, 2014, commencing at 9:00 a.m., or at such other time and place as agreed to by the parties. The deposition will be taken before any officer authorized to administer an oath. Testimony shall be recorded by stenographic and audio/visual means. The deposition will continue until completed as provided in the Federal Rules of Civil Procedure.

In accordance with Fed. R. Civ. P. 30(b)(6), Playboy shall designate one or more officers, directors, managing agents or other persons to testify on its behalf concerning the topics set forth in Schedule A attached to this Notice.

84435860.1

Dated: <u>December 23, 2013</u>    **ROBINS, KAPLAN, MILLER & CIRESI, LLP**

By: <u>*s/Ryan Schultz*</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 23, 2013, a copy of the attached **Plaintiff's First Notice of Deposition Pursuant to Rule 30(b)(6)** was served on the following by the method(s) indicated:

Frank M. Gasparo                                      **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY 10020
fmgasparo@venable.com

Todd M. Nosher                                        **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY 10020
tmnosher@venable.com

Tamany Vinson Bentz                                   **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens                               **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
bberens@berensmiller.com

Justi Rae Miller                                      **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
jmiller@berensmiller.com

Dated: December 23, 2013

*s/ Ryan M. Schultz*
Ryan M. Schultz

Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Tel.:  612-349-8500

## SCHEDULE A

### Definitions

As used herein and in all further discovery requests, unless specified otherwise, the terms listed below shall be defined as follows:

1.      "Defendant," "you," or "your" (unless defined otherwise in a specific document request) shall mean Playboy Enterprises, Inc., including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.      "Skky" or "Plaintiff" refers to Skky, Inc.

3.      "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.      "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.      "Web Site" refers to any top level domain name (i.e., www.google.com).

6.      "Mobile Application" refers to an application that is accessible on cellular phone, tablet, or other mobile device that is made available to end users through a distribution platform (i.e. Apple's App Store, Google Play, Windows Phone Store, or Blackberry AppWorld).

7.      The term "each" shall mean each and every.

8.      The term "any" shall include the word all, and vice versa.

9.      The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

10.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## TOPICS

**Topic No. 1:**

The identity of all Web Sites or Mobile Applications operated, managed, owned, supported, or maintained, in whole or in part, by or for you since June 16, 2009.

**Topic No. 2:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts about the types and formats of image, video, and/or audio data files made available on the Web Site or Mobile Application that can be viewed, heard, or received by the end user.

**Topic No. 3:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts about the identity and role of any third parties that are involved in the operation, maintenance, or support of the Web Site or Mobile Application, including, but not limited to, each third party's role in making each Web Site or Mobile Application available to end users.

**Topic No. 4:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts regarding the location(s) where and how the image, video, and/or audio data files are stored, located, and made available for end users.

**Topic No. 5:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1,

describe the process by which the image, video, and/or audio data files are provided to or accessed by end users.

**Topic No. 6:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts regarding the creation and accessibility of content that is made available on each Web Site or Mobile Application, including, but not limited to, third parties who provide content to you, upload content to your Web Sites or Mobile Applications, or have a contractual agreement with you to make content available to end users of your Web Sites or Mobile Applications.

**Topic No. 7:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, financial information regarding revenue and profitability on a quarterly and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit from January 1, 2000 to the present.  For each Web Site or Mobile Application, the location of the financial information identified in response to this Topic.

**Topic No. 8:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, financial or accounting software used by you or a third party at your direction or control to manage, track, store, access, view, or review financial information related to each Web Site or Mobile Application.

**Topic No. 9:**

The three most knowledgeable people regarding each topic described in Topic Nos. 2-8.

**Topic No. 10:**

The documents used or referred to in preparation or responses to Topic Nos. 2-8, including the location of all responsive documents.

**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2086 (PJS/JJG) |
| Plaintiff, | |
| | **Plaintiff's First Notice of Deposition** |
| vs. | **Pursuant to Rule 30(b)(6)** |
| Manwin USA, Inc., and Manwin Holding, s.ar.l, | |
| Defendants. | |

### Skky, Inc.'s First Notice of Deposition Pursuant to Rule 30(b)(6)

PLEASE TAKE NOTICE that Plaintiff Skky, Inc., by its attorneys, will take the videotaped deposition upon oral examination of Manwin USA, Inc., and Manwin Holding, s.ar.l ("Manwin"), in accordance with Fed. R. Civ. P. 30(b)(6). The deposition will take place at the law offices of Venable LLP, Rockefeller Center, 1270 Avenue of the Americas, Twenty-Fourth Floor, New York, NY, 10020, on January 8, 2014, commencing at 9:00 a.m., or at such other time and place as agreed to by the parties. The deposition will be taken before any officer authorized to administer an oath. Testimony shall be recorded by stenographic and audio/visual means. The deposition will continue until completed as provided in the Federal Rules of Civil Procedure.

In accordance with Fed. R. Civ. P. 30(b)(6), Manwin shall designate one or more officers, directors, managing agents or other persons to testify on its behalf concerning the topics set forth in Schedule A attached to this Notice.

84440276.1

Dated: December 23, 2013        **ROBINS, KAPLAN, MILLER & CIRESI, LLP**

By: *s/Ryan Schultz*
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

84440276.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 23, 2013, a copy of the attached **Plaintiff's First Notice of Deposition Pursuant to Rule 30(b)(6)** was served on the following by the method(s) indicated:

Frank M. Gasparo                                        **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
fmgasparo@venable.com

Todd M. Nosher                                          **Via email**
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY  10020
tmnosher@venable.com

Tamany Vinson Bentz                                     **Via email**
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
tjbentz@venable.com

Barbara Podlucky Berens                                 **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
bberens@berensmiller.com

Justi Rae Miller                                        **Via email**
BERENS MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
jmiller@berensmiller.com


Dated: December 23, 2013

                            _s/ Ryan M. Schultz_____
                            Ryan M. Schultz

Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Tel.:  612-349-8500

**SCHEDULE A**

**Definitions**

As used herein and in all further discovery requests, unless specified otherwise, the terms listed below shall be defined as follows:

1.    "Defendants," "you," or "your" (unless defined otherwise in a specific document request) shall mean Manwin USA, Inc., and Manwin Holding, s.ar.l, including, without limitation, past and present parent companies, divisions, subsidiaries, affiliates, directors, agents, representatives, attorneys, and employees, as well as predecessors with an interest.

2.    "Skky" or "Plaintiff" refers to Skky, Inc.

3.    "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

4.    "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

5.    "Web Site" refers to any top level domain name (i.e., www.google.com).

6.    "Mobile Application" refers to an application that is accessible on cellular phone, tablet, or other mobile device that is made available to end users through a distribution platform (i.e. Apple's App Store, Google Play, Windows Phone Store, or Blackberry AppWorld).

7.    The term "each" shall mean each and every.

8.    The term "any" shall include the word all, and vice versa.

9.    The terms "and," "or," and "and/or" shall be construed in the conjunctive or

the disjunctive, whichever makes the request more inclusive.

10.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

## TOPICS

**Topic No. 1:**

The identity of all Web Sites or Mobile Applications operated, managed, owned, supported, or maintained, in whole or in part, by or for you since June 16, 2009.

**Topic No. 2:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts about the types and formats of image, video, and/or audio data files made available on the Web Site or Mobile Application that can be viewed, heard, or received by the end user.

**Topic No. 3:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts about the identity and role of any third parties that are involved in the operation, maintenance, or support of the Web Site or Mobile Application, including, but not limited to, each third party's role in making each Web Site or Mobile Application available to end users.

**Topic No. 4:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts regarding the location(s) where and how the image, video, and/or audio data files are stored, located, and made available for end users.

**Topic No. 5:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, describe the process by which the image, video, and/or audio data files are provided to or accessed by end users.

**Topic No. 6:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, facts regarding the creation and accessibility of content that is made available on each Web Site or Mobile Application, including, but not limited to, third parties who provide content to you, upload content to your Web Sites or Mobile Applications, or have a contractual agreement with you to make content available to end users of your Web Sites or Mobile Applications.

**Topic No. 7:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, financial information regarding revenue and profitability on a quarterly and annual basis, including sales volume, gross sales and net sales, gross profit, incremental profit, operating profit, and net profit from January 1, 2000 to the present. For each Web Site or Mobile Application, the location of the financial information identified in response to this Topic.

**Topic No. 8:**

For each Web Site or Mobile Application to be identified in response to Topic No. 1, financial or accounting software used by you or a third party at your direction or control to manage, track, store, access, view, or review financial information related to each Web Site or Mobile Application.

**Topic No. 9:**

The three most knowledgeable people regarding each topic described in Topic Nos. 2-8.

**Topic No. 10:**

The documents used or referred to in preparation or responses to Topic Nos. 2-8, including the location of all responsive documents.

# EXHIBIT 7

**Kodi, Elizabeth O.**

---

| | |
|---|---|
| **Subject:** | FW: Skky v. Manwin et al - Notices of Deposition Pursuant to Rule 30(b)(6) |

---

**From:** Nosher, Todd M.
**Sent:** Saturday, January 04, 2014 6:05 PM
**To:** 'Schultz, Ryan M.'; Gasparo, Frank M.; Bentz, Tamany V.; 'Barbara Berens (BBerens@berensmiller.com)'; 'Justi Miller (JMiller@berensmiller.com) (JMiller@berensmiller.com)'
**Cc:** 'Schutz, Ronald J.'; 'Thorson, Becky R.'; 'Bornstein, William'; 'Linden, Benjamen C.'; 'May, Patricia A.'; 'Booth, Amanda J.'
**Subject:** RE: Skky v. Manwin et al - Notices of Deposition Pursuant to Rule 30(b)(6)

Ryan

The deposition dates you noticed six hours before Christmas Eve are unacceptable. As we have made clear -- now multiple times -- our clients are away on holiday break through January 6. We plan to discuss your notices at length with our clients upon their return and will respond accordingly.

Best

Todd

-----Original Message-----
**From:** Schultz, Ryan M. [RMSchultz@rkmc.com]
**Sent:** Saturday, January 04, 2014 10:15 AM Eastern Standard Time
**To:** Gasparo, Frank M.; Nosher, Todd M.; Bentz, Tamany V.; Barbara Berens (BBerens@berensmiller.com); Justi Miller (JMiller@berensmiller.com) (JMiller@berensmiller.com)
**Cc:** Schutz, Ronald J.; Thorson, Becky R.; Bornstein, William; Linden, Benjamen C.; May, Patricia A.; Booth, Amanda J.
**Subject:** RE: Skky v. Manwin et al - Notices of Deposition Pursuant to Rule 30(b)(6)

Counsel,

I am confirming the depositions noticed in the email below.  Please let me know what is needed, if any, to enter your offices.  Also, we would like to reschedule the deposition for Playboy to Jan. 10, 2014 at 9:00am.  Please confirm that this date is acceptable for the Playboy deposition.

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com| www.rkmc.com

**From:** Schultz, Ryan M.
**Sent:** Monday, December 23, 2013 6:23 PM
**To:** 'fmgasparo@venable.com'; Nosher, Todd M. (TMNosher@Venable.com); Bentz, Tamany V. (TJBentz@Venable.com); Barbara Berens (BBerens@berensmiller.com); Justi Miller (JMiller@berensmiller.com) (JMiller@berensmiller.com)
**Cc:** Schutz, Ronald J.; Thorson, Becky R.; Bornstein, William; Linden, Benjamen C.; May, Patricia A.; Booth, Amanda J.
**Subject:** Skky v. Manwin et al - Notices of Deposition Pursuant to Rule 30(b)(6)

Counsel,

Attached are Skky's First Notices of Deposition Pursuant to Rule 30(b)(6) to Vivid, Playboy, and Manwin, respectively.

Regards,

Ryan

Ryan M. Schultz
Patent Attorney
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402
Direct: 612.349.8408 | Fax: 612.339.4181
rmschultz@rkmc.com|www.rkmc.com

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

# EXHIBIT 8

## Kodi, Elizabeth O.

**Subject:**            FW: Skky Litigations
**Attachments:**            Manwin's Objections to Plaintiff's Amended 30(b)(6) Notice.pdf; Vivid's Objections to
                        Plaintiff's Amended 30(b)(6) Notice.pdf; Playboy's Objections to Plaintiff's Amended
                        30(b)(6) Notice.pdf

**From:** Nosher, Todd M. [mailto:TMNosher@Venable.com]
**Sent:** Thursday, January 30, 2014 9:19 PM
**To:** Schultz, Ryan M.; Schutz, Ronald J.
**Cc:** Barbara Berens; Justi Miller; Gasparo, Frank M.; Saad, Martin L.; Nosher, Todd M.; Thorson, Becky R.; Bornstein,
William; Bentz, Tamany V.; May, Patricia A.
**Subject:** Skky Litigations

Dear Ryan

Attached please find Manwin, Playboy and Vivid's Objections to Skky's Amended 30(b)(6) notices.

Below are the proposed deposition dates and locations for each.

Vivid – February 12 @ Venable (Los Angeles, CA)
Manwin – February 19 @ Heenan Blaikie (Montreal, QC)
Playboy – February 19 @ Hennan Blaikie (Montreal, QC)

# EXHIBIT 9



ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS    NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

February 5, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue - 2800 LaSalle Plaza
Minneapolis MN 55402

**Re: Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087)**

Dear Ryan,

I write further to my January 30, 2014 email proposing deposition dates in the above matters. Nearly one week has passed and Skky has yet to confirm any of the dates. Because we have not heard from Skky regarding these dates – including the proposed Vivid deposition now one week away – and given the busy schedules of all deponents, the dates as initially proposed are no longer available. We propose new dates below.

Additionally, Skky has yet to sign the proposed stipulation screening Parker Rosen from Defendants' confidential and highly confidential information while Defendants' motion to disqualify is still pending ("Motion"). *See* Defendants' January 31, 2014 Letter and Proposed Stipulation. Again, to restore the safeguards to Defendants' confidentiality, the Stipulation must be signed before Defendants take part in any deposition or other discovery of confidential information while Defendants' Motion is still pending. We do not anticipate that Skky will have any issues with this stipulation as Skky has already offered to implement such screening. *See* Skky's January 27, 2014 Letter ("Skky will agree that any information or documents designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" under the Protective Order will not be disclosed or provided to attorneys with Parker Rosen until the Motion is resolved. To be clear, no attorney with Parker Rosen will be attending these depositions.").

| Vivid | February 18, 2014 |
| Playboy | February 20, 2014 |
| Manwin | February 20, 2014 |

Very Truly Yours,

s/ Todd M. Nosher

Todd M. Nosher

cc:    Justi Rae Miller, Esq.

# EXHIBIT 10

# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

January 31, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

**Re: Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087); Skky v. Thumbplay Ringtones, LLC (13-2072); Skky v. Dada Entertainment, Inc. (13-2083)**

Dear Ryan,

On behalf of the above-listed defendants ("Defendants"), we enclose a proposed Stipulation and Order ("Stipulation") reflecting Skky's recent proposal to screen Parker Rosen LCC from Defendants' confidential and highly confidential information until such time as the Court rules on Defendants' motion to disqualify ("Motion"). To restore the safeguards to Defendants' confidentiality, the Stipulation must be signed before Defendants take part in any deposition or other discovery of confidential information while Defendants' Motion is still pending.

Very Truly Yours,

s/ Todd M. Nosher

Todd M. Nosher

*Enclosure*

cc:   Timothy Heverin, Esq.
      Kevin Littman, Esq.
      Justi Rae Miller, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Skky, Inc.,                                    Case No.:  13-2072 (PJS/JJG)

      Plaintiff,

vs.

Thumbplay Ringtones, LLC,

      Defendant.

---

Skky, Inc.,                                    Case No.:  13-2083 (PJS/JJG)

      Plaintiff,

vs.

Dada Entertainment, Inc.,

      Defendant.

---

Skky, Inc.,                                    Case No.:  13-2086 (PJS/JJG)

      Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

      Defendants.

---

Skky, Inc.,                                    Case No.:  13-2087 (PJS/JJG)

      Plaintiff,

vs.

Vivid Entertainment, LLC,

      Defendant.

---

Skky, Inc.,                                        Case No.: 13-2089 (PJS/JJG)

       Plaintiff,

vs.

Playboy Enterprises, Inc.,

       Defendant.

## STIPULATION AND ORDER

**WHEREAS** Defendants Dada Entertainment, Inc., Manwin USA, Inc., Manwin Holding, s.a.r.l., Playboy Enterprises, Inc., Thumbplay Ringtones, LLC and Vivid Entertainment, LLC'S (collectively "Defendants") filed a Motion to Dismiss Parker Rosen LLC from the above-captioned litigations ("Pending Motion" at Dkt Nos. 37-42); and

**WHEREAS** Plaintiff Skky Inc. ("Skky") seeks to take depositions (the "depositions") in the above-captioned litigations on dates earlier than the anticipated date on which the Court will issue a decision on Defendants' pending motion; and

**WHEREAS** the depositions will likely result in testimony regarding confidential or highly confidential information,

**IT IS HEREBY STIPULATED THAT** Skky will not provide Parker Rosen LLC or any attorney, employee or person otherwise associated with Parker Rosen any access to any information, materials, or testimony designated by Defendants as confidential or highly confidential under the Protective Orders in these matters unless, and only to the

extent that (if at all), the Court rules otherwise in its final decision on Defendants'

Pending Motion, and that no Parker Rosen attorney will attend the depositions.

**SO ORDERED**.

_____
JEANNE J. GRAHAM
United States Magistrate Judge


**DATED** February ___, 2014                          Respectfully submitted,


_s/_____
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
BERENS MILLER P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (*pro hac vice*)
Todd M. Nosher (*pro hac vice*)
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com

ATTORNEYS FOR DEFENDANTS
Manwin USA, Inc., Manwin Holding, s.a.r.l.,
Playboy Enterprises, Inc., and Vivid Entertainment, LLC'S

*s/*  _____

David L. Witcoff (*pro hac vice*)
dlwitcoff@jonesday.com
Timothy J. Heverin (*pro hac vice*)
tjheverin@jonesday.com
Emily M. Wood (*pro hac vice*)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585
Theodore M. Budd (No. 314778)
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS Dada
Entertainment, Inc. and Thumbplay Ringtones LLC.

*s/*  _____

Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan M. Schultz (0392648)
Benjamen Linden (0393232)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612). 349-8500

ATTORNEYS FOR PLAINTIFF

# EXHIBIT 11

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Skky, Inc.,                                    Case No.:  13-2072 (PJS/JJG)

       Plaintiff,

vs.

Thumbplay Ringtones, LLC,

       Defendant.

---

Skky, Inc.,                                    Case No.:  13-2083 (PJS/JJG)

       Plaintiff,

vs.

Dada Entertainment, Inc.,

       Defendant.

---

Skky, Inc.,                                    Case No.:  13-2086 (PJS/JJG)

       Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

       Defendants.

---

Skky, Inc.,                                    Case No.:  13-2087 (PJS/JJG)

       Plaintiff,

vs.

Vivid Entertainment, LLC,

       Defendant.

Skky, Inc.,                                    Case No.:  13-2089 (PJS/JJG)

      Plaintiff,

vs.

Playboy Enterprises, Inc.,

      Defendant.

## STIPULATION REGARDING DISCOVERY AND JOINT MOTION TO AMEND THE SCHEDULING ORDER

The parties hereby enter into the following stipulation regarding upcoming discovery and jointly move the Court for an extension of certain deadlines provided in the Scheduling Order entered in each respective case identified above.

Whereas, discovery in these cases are in the early stages as Defendants have only produced patents and other alleged prior art references to the asserted patent and not any information or documents, non-confidential, confidential, or highly confidential, as to each Defendant;

Whereas, the parties have engaged in some discussions regarding the scheduling of Rule 30(b)(6) depositions that Skky noticed on each Defendant on December 23, 2013;

Whereas, Dada Entertainment, Inc. ("Dada") has proposed to make voluntary witnesses for its Rule 30(b)(6) deposition available in Milan, Italy on February 19, 2014 and according to Dada a translator is required;

Whereas, Playboy Enterprises, Inc. ("Playboy") has proposed to make a voluntary witness for its Rule 30(b)(6) deposition available in Montreal, Quebec on February 20, 2014 and according to Playboy a translator is required;

Whereas, Manwin U.S.A., Inc. and Manwin Holdings, s.ar.l (collectively "Manwin") have proposed to make a voluntary witness for their Rule 30(b)(6) available in Montreal, Quebec on February 20, 2014 and according to Manwin a translator is required;

Whereas, Vivid Entertainment, Inc. has proposed to make a witness for its Rule 30(b)(6) deposition available in California, USA on February 18, 2014;

Whereas, Thumbplay Ringtones, Inc. ("Thumbplay") has proposed to make a witness for its Rule 30(b)(6) available in Durgano, Colorado on February 24, 2014 and make another witness available in San Francisco, California, but has not yet provided a date for this witness;

Whereas, Defendants did not inform Skky during the negotiations of the discovery limits in the Scheduling Order that their witnesses would need translators at the depositions;

Whereas, Skky disagrees with Defendants Manwin and Playboy's position that the Rule 30(b)(6) depositions must occur in Quebec due to the Canadian court order regarding the Quebec Business Concerns Records Act, but Skky has agreed to take these depositions in Quebec solely to allow discovery to continue;

Whereas, Defendants have filed in each respective case a Motion to Disqualify the Parker Rosen law firm from representing Skky in the litigation and taken a position in the

Motion to Disqualify that the Parker Rosen law firm should not have access to Defendants' confidential or highly confidential information;

Whereas, Skky opposes Defendants' Motions to Disqualify and Defendants' positions regarding access by the Parker Rosen law firm of Defendants' confidential or highly confidential information;

Whereas, the parties agree that discovery will continue while the Motion to Disqualify is pending before the Court, and Defendants will be producing information that is either confidential or highly confidential.

The parties hereby stipulate and agree to the following:

- Defendants Playboy and Manwin will file a Motion for Protective Order by February 7, 2014 regarding documents they believe are precluded from discovery that were requested in Skky's requests for production due to the Canadian court order regarding the Quebec Business Concerns Records Act;

- Defendants will substantially produce responsive documents to Skky's Requests for Production, served on October 31, 2013, by February 14, 2014;

- Defendants will supplement responses to Skky's Interrogatories and Requests for Admission, served on October 31, 2013, by February 14, 2014;

- The parties will coordinate dates for the noticed Rule 30(b)(6) depositions such that the depositions will be completed by March 14, 2014;

- Defendants Manwin U.S.A., Inc., Manwin Holdings, s.ar.l and Playboy Enterprises, Inc. agree that deposition transcripts and exhibits may be removed from Quebec and used for any purpose permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence;

- The parties agree that any deponent that requires a translator for a deposition will not provide testimony at trial in English; and

- Skky will not provide Parker Rosen LLC with access to confidential or highly confidential information provided by Defendants and that no attorney from Parker Rosen LLC will attend a deposition of Defendants until the Court resolves the Motions to Disqualify.

The parties also jointly move per Local Rule 16.3 to amend the Court's Scheduling Order and further agree to jointly seek amending the Court's Scheduling Order for the items identified below. While certain deadlines are agreed upon to be extended, the other substantive requirements for the disclosures shall remain as provided in the Scheduling Order:

- Section 4 under Fact Discovery be amended to state: "To the extent that an interpreter/translator is required at a deposition, each hour on the record shall be counted as one-half hour of deposition time";

- Deadline for motions that seek to amend to add parties must be served by April 28, 2014;

- Skky's Infringement Claim Chart will be due on or before March 24, 2014;

- Defendants' Responsive Claim Charts will be due on or before April 24, 2014;

- Defendants' Prior Art Statement will be due on or before May 14, 2014;

- Skky's Responsive Prior Art Statement will be due on or before June 16, 2014;

- Parties will exchange claim terms on June 28, 2014;

- Parties will exchange proposed claim constructions on or before July 14, 2014;

- Parties will meet and confer regarding claim construction on or before July 28, 2014; and

- Parties will file a joint statement regarding claim construction on or before August 8, 2014.

The modification of these deadlines in the Scheduling Order will not alter other dates, including close of fact discovery, deadline for dispositive and non-dispositive motions, and trial. The parties agree that there is good cause for the amended Scheduling Order because the Court recently entered an order on electronically stored information. Moreover, there is a dispute about whether the Parker Rosen law firm, Skky's co-counsel of record, may have access to Defendants' confidential and highly confidential information. A hearing is set on this issue for March 5, 2014. If it is determined that

Parker Rosen is entitled to have access to this information, it will need time to assist in the preparation of disclosures for Skky.

In light of the proposed stipulation above regarding access by the Parker Rosen law firm during the pendency of the Motions to Disqualify and the recent order regarding ESI, discovery may commence in earnest between the parties. Some discovery is necessary before the parties begin to exchange disclosures related to claim construction in order for the parties to understand the scope of each's claims and defenses.

To date, Skky has served requests for admission, interrogatories, requests for production, and notices for Rule 30(b)(6) depositions on all Defendants. Defendants have provided objections to these discovery requests and produced patents and other publications that Defendants contend are prior art. Defendants need to substantively respond to Skky's discovery requests, which will occur as provided in the above stipulation. Skky has been diligent in pursuing discovery and Defendants have agreed to produce discovery and witnesses, provided the Parker Rosen law firm will not have access to confidential and highly confidential information until the Court decides the pending Motion to Disqualify. Skky has responded to interrogatories from Defendants Dada and Thumbplay, along with production of documents to Defendants Dada, Thumbplay, and Manwin.

Discovery has not been completed because Defendants have asserted that an order regarding ESI was necessary because responsive documents and information was

electronically stored. The parties believe the proposed extension will allow sufficient time for completion of some discovery because the agreed upon modifications allow for a period of discovery before the claim construction exchanges are made by the parties.

Dated:  February __, 2014                    /s/_____
                                             Ronald J. Schutz (0130849)
                                             Becky R. Thorson (0254861)
                                             Ryan M. Schultz (0392648)
                                             Benjamen Linden (0393232)
                                             ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                             800 LaSalle Avenue, Suite 2800
                                             Minneapolis, MN 55402
                                             Phone: (612). 349-8500

                                             Daniel N. Rosen (250909)
                                             PARKER ROSEN, LLC
                                             300 First Avenue North, Suite 200
                                             Minneapolis, MN 55401

                                             *Attorneys for Plaintiff*

/s/
David L. Witcoff (pro hac vice)
dlwitcoff@jonesday.com
Timothy J. Heverin (pro hac vice)
tjheverin@jonesday.com
Emily M. Wood (pro hac vice)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:   +1.312.782.3939
Facsimile:   +1.312.782.8585

David J.F. Gross
david.gross@FaegreBD.com
Theodore M. Budd
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS
DADA ENTERTAINMENT, INC. AND
THUMBPLAY RINGTONES, LLC


s/
Cynthia J. Rigsby (*admitted pro hac vice*)
Michelle A. Moran (*admitted pro hac vice*)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone:  (414) 271-2400
Fax:  (414) 297-4900
Email: crigsby@foley.com
mmoran@foley.com


Jason A. Lien (#028936)
Laurence J. Reszetar (#0386981)

- 10 -

Maslon Edelman Borman & Brand, LLP
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Fax: (612) 672-8397
Email: Jason.Lien@Maslon.com
 Laurence.Reszetar@Maslon.com


*Attorneys for Defendant and Counterclaim-Plaintiff
Myxer, Inc*


    /s/ _____
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
jmiller@berensmiller.com
Frank M. Gasparo
(Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com

*Attorneys for Manwin USA, Inc., Manwin Holding,
s.ar.l, Vivid Entertainment, LLC, Playboy
Enterprises, Inc.*

# EXHIBIT 12

**ROBINS, KAPLAN, MILLER & CIRESI** LLP

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

RYAN M. SCHULTZ
rmschultz@rkmc.com
612-349-8408

February 12, 2014

**VIA E-MAIL**

Todd Nosher, Esq.
Venable LLP
1270 Avenue of Americas
New York, NY 10020
E-mail: TMNosher@venable.com

Timothy Heverin, Esq.
Jones Day
77 West Wacker
Chicago, IL 60601
E-mail: tjheverin@jonesday.com

> Re:   *Skky, Inc. v. Manwin USA, Inc. et al*

Dear Tim and Todd:

As a follow up to the meet and confer yesterday, Skky provides the following proposal related to your clients' alleged confidential concerns. As outlined in Skky's opposition to the Motion to Disqualify, Skky proposes that the Protective Order be modified in the following manner:

- Modify Section 3 the Protective Order to allow for two types of designation under AEO, one for technical information and one for all other highly confidential information;
- Modify Section 8 to include a provision that Mr. Parker will not access information designated as highly confidential technical information (including source code), but will be able to access all other highly confidential information. In addition, the prosecution bar in Section 5 to be limited to only review of information designated as technical highly confidential information; and
- Modify Section 8 to state that all highly confidential information, technical or otherwise, be stored at Robins, Kaplan, Miller & Ciresi LLP for as long as Skky's offices remain at the same address as the Parker Rosen law firm.

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 2

These modifications to the Protective Order alleviate any concern that your clients may have regarding access to their highly confidential information that allegedly could be used in a competitive fashion by Skky.

If this proposal is not acceptable, Skky provides an alternative proposal to ensure discovery from Defendants is not further delayed. As background, Defendants stated on the meet and confer that they could produce documents within 10-14 days from Feb. 11, 2014; however Defendants asserted that they would not produce documents before a stipulation was entered regarding access to information by the Parker Rosen law firm during the pendency of the Motion to Disqualify. You are taking this position despite our affirmation that Skky's lead trial counsel of Robins, Kaplan, Miller, & Ciresi LLP will not share any confidential or highly confidential information disclosed by Defendants with the Parker Rosen law firm until the Motion to Disqualify is decided.

While we don't believe a stipulation is necessary, Skky proposes to file the attached stipulation the day before Defendants produce responsive documents to Skky's discovery requests. The process is simple in that Defendants will call Skky's counsel to inform us that Defendants will be providing responsive documents to Skky's counsel either that day or the next day. Upon receipt of the call, Skky will file the stipulation.

To be clear, Skky will agree to this proposal if the production of documents is substantial and includes responsive documents to the following categories:

- Documents evidencing all web sites owned by Defendant;

- Documents evidencing the types of files made available on each web site owned by Defendant;

- Documents evidencing the types of devices that access each web site owned by Defendant; and

- Documents evidencing the revenue generated or associated with each web site owned by Defendant.

By agreeing to this proposal, Skky is not waiving or agreeing that other documents responsive to the Requests for Production do not need to be produced or that Defendants production is complete. Likewise, Skky understands that Defendants would not be producing all documents that are responsive to the Requests for Production at this time and that some additional documents may be produced at a later time. However, this proposal is contingent on Defendants making a good-faith effort and a substantial production as the Requests have been pending for over three months, and there is no reason that Defendants would not have been collecting responsive documents while the Requests have been pending. Skky would need written assurance from Defendants that a substantial production would occur prior to agreeing to this proposal.

Moreover, Defendants agree that they would not assert or imply that by agreeing to a stipulation related to the Parker Rosen law firm that Skky agrees there is any merit to Defendants' concerns or assertions related to the Motion to Disqualify.

Mr. Nosher and Mr. Heverin
February 12, 2014
Page 3


    Please inform us if either proposal is acceptable by Friday February 14, 2014.  If Defendants believe a telephonic conference would be beneficial to reach an agreement on either proposal, we are available.


            Regards,

            Ryan M. Schultz

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Skky, Inc.,                                    Case No.:  13-2072 (PJS/JJG)

      Plaintiff,

vs.

Thumbplay Ringtones, LLC,

      Defendant.

---

Skky, Inc.,                                    Case No.:  13-2083 (PJS/JJG)

      Plaintiff,

vs.

Dada Entertainment, Inc.,

      Defendant.

---

Skky, Inc.,                                    Case No.:  13-2086 (PJS/JJG)

      Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

      Defendants.

---

Skky, Inc.,                                    Case No.:  13-2087 (PJS/JJG)

      Plaintiff,

vs.

Vivid Entertainment, LLC,

      Defendant.

---

Skky, Inc.,                                    Case No.:  13-2089 (PJS/JJG)

       Plaintiff,

vs.

Playboy Enterprises, Inc.,

       Defendant.

### STIPULATION REGARDING DISCOVERY

The parties hereby enter into the following stipulation regarding upcoming discovery.

Whereas, discovery in these cases are in the early stages as Defendants have only produced patents and other alleged prior art references to the asserted patent and not any information or documents, non-confidential, confidential, or highly confidential, as to each Defendant;

Whereas, Defendants have filed in each respective case a Motion to Disqualify the Parker Rosen law firm from representing Skky in the litigation and taken a position in the Motion to Disqualify that the Parker Rosen law firm should not have access to Defendants' confidential or highly confidential information;

Whereas, Skky opposes Defendants' Motions to Disqualify and Defendants' positions regarding access by the Parker Rosen law firm of Defendants' confidential or highly confidential information;

Whereas, the parties agree that discovery will continue while the Motion to Disqualify is pending before the Court, and Defendants will be producing information that is either confidential or highly confidential; and

Whereas, Defendants agree that this stipulation is not in any way an acquiescence, agreement, or suggestion by Skky as to the merits or assertions made by Defendants in the Motion to Disqualify but is solely being entered to allow discovery to begin.

The parties hereby stipulate and agree that Skky will not provide Parker Rosen LLC with access to confidential or highly confidential information provided by Defendants and that no attorney from Parker Rosen LLC will attend a deposition of Defendants until the Court resolves the Motions to Disqualify.

Dated: February __, 2014

_/s/_____

Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan M. Schultz (0392648)
Benjamen Linden (0393232) ·
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612). 349-8500

Daniel N. Rosen (250909)
PARKER ROSEN, LLC
300 First Avenue North, Suite 200
Minneapolis, MN 55401

*Attorneys for Plaintiff*

/s/
David L. Witcoff (pro hac vice)
dlwitcoff@jonesday.com
Timothy J. Heverin (pro hac vice)
tjheverin@jonesday.com
Emily M. Wood (pro hac vice)
ewood@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601.1692
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585

David J.F. Gross
david.gross@FaegreBD.com
Theodore M. Budd
ted.budd@FaegreBD.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402.3901
Telephone:  612.766.7000
Facsimile:  612.766.1600

ATTORNEYS FOR DEFENDANTS
DADA ENTERTAINMENT, INC. AND
THUMBPLAY RINGTONES, LLC

s/
Cynthia J. Rigsby (*admitted pro hac vice*)
Michelle A. Moran (*admitted pro hac vice*)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone:  (414) 271-2400
Fax:  (414) 297-4900
Email: crigsby@foley.com
mmoran@foley.com

Jason A. Lien (#028936)
Laurence J. Reszetar (#0386981)

Maslon Edelman Borman & Brand, LLP
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Fax: (612) 672-8397
Email: Jason.Lien@Maslon.com
  Laurence.Reszetar@Maslon.com


*Attorneys for Defendant and Counterclaim-Plaintiff
Myxer, Inc*


    /s/
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
jmiller@berensmiller.com
Frank M. Gasparo
(Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com

*Attorneys for Manwin USA, Inc., Manwin Holding,
s.ar.l, Vivid Entertainment, LLC, Playboy
Enterprises, Inc.*

# EXHIBIT 13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Skky, Inc.,                               )
                                          )
        Plaintiff,                      )
                                          )
    v.                                 )
                                          )   C.A. No. 13-cv-02086-PJS/JJG
                                          )
                                          )
                                          )
Manwin USA, Inc.;                         )
Manwin Holding, s.a.r.l.                  )
                                          )
                                          )
                                          )
        Defendants.                     )
_____ )

## DEFENDANTS MANWIN USA, INC. AND MANWIN HOLDING, S.A.R.L.'S THIRD AMENDED INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Manwin USA, Inc. and Manwin Holding, s.a.r.l (collectively, "Manwin"), hereby further amend its November 22, 2013 initial disclosures to Plaintiff Skky, Inc. These disclosures are preliminary and are based upon information and documents presently and reasonably available to Manwin and currently within its custody, possession, or control. Manwin reserves the right to supplement or amend its disclosures at any time based upon its continuing investigation and discovery pursuant to its obligations under the Federal Rules of Civil Procedure. By making these disclosures, Manwin does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit,

and Manwin does not waive its right to object to the production of any document or tangible thing disclosed herein on the bases of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection.

In addition, these disclosures are presently limited to Manwin's accused products identified by Plaintiff in its Amended Complaint.

Subject to and without waiver of the foregoing reservations and objections, Manwin makes the following initial disclosures:

**A.   The name, and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), and subject to the foregoing reservations, Manwin states that the following individuals, on whom it may rely to support its claims and defenses, are likely to have discoverable information relating to the issues in this litigation.  Manwin requests that certain designated individuals below only be contacted through the undersigned counsel for Manwin as identified:

| Name | Contact Information | Subject of Information |
|---|---|---|
| John Mikkelsen | 212 SE. Second Street, Suite 321, Minneapolis, MN 55414 | Named inventor of the '875 patent in suit and pending related patents.  Believed to have knowledge of the '875 patent, prosecution of the '875 patent, the prior art, and the subject matter of the purported invention disclosed in the '875 patent. |
| Robert Friedson | 25 Kamennoostrovsky Ave., Apt. 61 St. Petersburg Russia, 197101 | Named inventor of the '875 patent in suit and pending related patents.  Believed to have knowledge of the '875 |

2

| | | |
|---|---|---|
| | | patent, prosecution of the '875 patent, the prior art, and the subject matter of the purported invention disclosed in the '875 patent. |
| John P. Luther | Ladas Perry<br>224 South Michigan Avenue<br>Chicago, IL 60604 | Prosecuting attorney for the '875 patent-in-suit. Believed to have knowledge of the '875 patent, prosecution of the '875 patent, the prior art, and knowledge regarding inventorship of the '875 patent and pending related patents. |
| Ladas Perry | 224 South Michigan Avenue<br>Chicago, IL 60604 | Prosecuting firm for the '875 patent-in-suit. Believed to have knowledge of the '875 patent, prosecution of the '875 patent, the prior art, and knowledge regarding inventorship of the '875 patent and pending related patents. |
| Patterson Thuente Pedersen P.A. | 4800 IDS Center 80 South 8th Street Minneapolis MN 55402-2100 | Prosecuting firm for the pending related patents. Believed to have knowledge of the patent, prosecution, the prior art concerning the pending related patents. |
| Individuals identified in Plaintiff's Initial Disclosures. | Presently unknown | At least the topics for which the individuals have been identified. |
| Individuals identified in Initial Disclosures from other defendants in the related actions including but not limited to pending Civil Action Nos. 13-2070; 13-2072; 13-2083; 13-2086; | Presently unknown | At least the topics for which the individuals have been identified. |

3

| | | |
|---|---|---|
| and 13-2087 in the District of Minnesota. | | |
| Perry Stathopoulos | c/o Venable LLP 1270 Avenue of the Americas Twenty-Fourth Floor New York, New York 10020 (212) 307-5500 | Knowledge of the accused product(s). |
| Any witness needed to authenticate or lay the foundation for a document, or to establish the chain of custody. | | |
| All persons or entities identified in Manwin's discovery responses to any discovery requests served in this action. | | |
| Robert Naegele III | 1104 County Road 112 Carbondale CO 81623 | Director of Skky believed to have knowledge of Skky and the '875 patent and pending related patents |
| Rod McGrew | 8306 Wilshire Blvd. Suite 484 Beverly Hills CA 90210 | Director of Skky believed to have knowledge of Skky and the '875 patent and pending related patents |
| Timothy R. Redpath | 21 Tamal Vista Suite 230 Corte Madera CA 94925 | Believed to have knowledge of Skky and the '875 patent and pending related patents |
| Horace Hills Irvine | 3433 Broadway Street NE, Minneapolis MN 55413 | Believed to have knowledge of Skky and the '875 patent and pending related patents |
| Steven Lamar | 1877 Centro West St. Belvedere Tiburon, CA 94920-1910 | Believed to have knowledge of Skky and the '875 patent and pending related patents |
| Parker Rosen LLC | 888 Colwell Building 123 North Third Street Minneapolis MN 55401 | Shares corporate headquarters with Skky and believed to have knowledge |

4

| | | |
|---|---|---|
| | | regarding Skky and the '875 patent and pending related patent |
| Andrew Parker | 888 Colwell Building 123 North Third Street Minneapolis MN 55401 | Executive Officer of Skky believed to have knowledge of Skky and the '875 patent and pending related patents |

In addition, Manwin reserves the right to amend and supplement its response to this disclosure with any person or entity identified in Plaintiff's or Defendants' in related actions[1] Rule 26(a)(1) Initial Disclosures or discovery requests or responses.

Manwin's investigation is ongoing and Manwin reserves the right to disclose additional names of individuals likely to have discoverable information that Manwin may use to support its claims or defenses as such names may be discovered during the pendency of this case.

**B.    A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Manwin identifies the following categories of documents within its possession, custody, or control that Manwin may use to support its claims or defenses. The disclosure provided herein is based upon information reasonably available at this time. Documents protected by attorney-client

---

[1] Skky, Inc. v. Myxer, Inc., No. 13-cv-2070 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Thumbplay Ringtones, LLC, No. 13-cv-2072 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Click Sales, Inc, No. 13-cv-2081 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Dada Entertainment, Inc., No. 13-cv-2083 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Vivid Entertainment, LLC, No. 13-cv-2087 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Reflected Networks, Inc., No. 13-cv-2088 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Playboy Enterprises, Inc., No. 13-cv-2089 (PJS-JJG) (D. Minn. July 31, 2013).

and attorney work product privileges are not identified, categorized, or included herein. By disclosing the following categories of documents, Manwin does not waive any objections that it has or may have to the production or admissibility of these documents. Moreover, by disclosing the following categories of documents, Manwin does not waive any objections that it has or may have to producing these documents.

1. Certain documents relating to Manwin's corporate structure.

2. Certain documents and things relating to U.S. Patent No. 7,548,875 ("'875 Patent"), including the prosecution file history as well as the prosecution file histories for the pending related patent applications.

3. Prior art to the '875 Patent and pending related patent applications.

Manwin reserves the right to supplement this response as additional information is obtained during discovery in this matter. Manwin also reserves the right to rely on documents identified by all other parties in this litigation.

**C.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;**

Manwin reserves the right to seek its litigation expenses including all costs and reasonable attorneys' fees in this action, and any further relief the Court may deem just and proper. It is not possible for Manwin to compute or accurately estimate the extent of these expenses at this time, which will not be known until the conclusion of this case.

Manwin reserves the right to amend and supplement its response to this disclosure as it obtains additional information through discovery and investigation. A complete response to this question may not be possible until the close of expert discovery.

    **D.**    **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, Manwin is not aware of any insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If any are so liable, Manwin will promptly inform Plaintiff and will make a copy of the appropriate insurance policy available for inspection and copying at a location, date, and time agreeable to all parties.

Dated: January 31, 2014

Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
**Berens Miller P.A.**
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (*Admitted Pro Hac Vice*)
Todd M. Nosher (*Admitted Pro Hac Vice*)
**Venable LLP**
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com

*ATTORNEYS FOR DEFENDANTS MANWIN
USA, INC. AND MANWIN HOLDING, S.AR.L.*

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document is being served on the below-listed counsel of record via electronic and certified mail this 31st day of January 2014.

Todd M. Nosher

Served upon:
Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

9

# EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Skky, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 13-cv-02089-PJS/JJG |
| | ) | |
| | ) | |
| | ) | |
| Playboy Enterprises, Inc., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT PLAYBOY ENTERPRISES, INC.'S
## THIRD AMENDED INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P.
## 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Playboy Enterprises, Inc. ("Playboy") hereby further amends its November 22, 2013 initial disclosures to Plaintiff Skky, Inc. These disclosures are preliminary and are based upon information and documents presently and reasonably available to Playboy and currently within its custody, possession, or control. Playboy reserves the right to supplement or amend its disclosures at any time based upon its continuing investigation and discovery pursuant to its obligations under the Federal Rules of Civil Procedure. By making these disclosures, Playboy does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, and Playboy does not waive its right to object to the production of any document or tangible thing disclosed

herein on the bases of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection.

In addition, these disclosures are presently limited to Playboy's accused products identified by Plaintiff in its Amended Complaint.

Subject to and without waiver of the foregoing reservations and objections, Playboy makes the following initial disclosures:

**A.    The name, and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), and subject to the foregoing reservations, Playboy states that the following individuals, on whom it may rely to support its claims and defenses, are likely to have discoverable information relating to the issues in this litigation. Playboy requests that certain designated individuals below only be contacted through the undersigned counsel for Playboy as identified:

| Name | Contact Information | Subject of Information |
|---|---|---|
| John Mikkelsen | 212 SE. Second Street, Suite 321, Minneapolis, MN 55414 | Named inventor of the '875 patent in suit and pending related patents. Believed to have knowledge of the '875 patent, prosecution of the '875 patent, the prior art, and the subject matter of the purported invention disclosed in the '875 patent. |
| Robert Friedson | 25 Kamennoostrovsky Ave., Apt. 61 St. Petersburg Russia, 197101 | Named inventor of the '875 patent in suit and pending related patents. Believed to have knowledge of the '875 patent, prosecution of the '875 patent, the prior art, |

2

| | | and the subject matter of the purported invention disclosed in the '875 patent. |
|---|---|---|
| John P. Luther | Ladas Perry 224 South Michigan Avenue Chicago, IL 60604 | Prosecuting attorney for the '875 patent-in-suit. Believed to have knowledge of the '875 patent, prosecution of the '875 patent, the prior art, and knowledge regarding inventorship of the '875 patent and pending related patents. |
| Ladas Perry | 224 South Michigan Avenue Chicago, IL 60604 | Prosecuting firm for the '875 patent-in-suit. Believed to have knowledge of the '875 patent, prosecution of the '875 patent, the prior art, and knowledge regarding inventorship of the '875 patent and pending related patents. |
| Patterson Thuente Pedersen P.A. | 4800 IDS Center 80 South 8th Street Minneapolis MN 55402-2100 | Prosecuting firm for the pending related patents. Believed to have knowledge of the patent, prosecution, the prior art concerning the pending related patents. |
| Individuals identified in Plaintiff's Initial Disclosures. | Presently unknown | At least the topics for which the individuals have been identified. |
| Individuals identified in Initial Disclosures from other defendants in the related actions including but not limited to pending Civil Action Nos. 13-2070; 13-2072; 13-2083; 13-2086; and 13-2087 in the District | Presently unknown | At least the topics for which the individuals have been identified. |

| | | |
|---|---|---|
| of Minnesota. | | |
| Rena Patel | c/o Venable LLP<br>1270 Avenue of the<br>Americas<br>Twenty-Fourth Floor<br>New York, New York<br>10020<br>(212) 307-5500 | Knowledge of the accused<br>product(s). |
| Any witness needed to<br>authenticate or lay the<br>foundation for a document,<br>or to establish the chain of<br>custody. | | |
| All persons or entities<br>identified in Playboy's<br>discovery responses to any<br>discovery requests served in<br>this action. | | |
| Robert Naegele III | 1104 County Road 112<br>Carbondale CO 81623 | Director of Skky believed to<br>have knowledge of Skky<br>and the '875 patent and<br>pending related patents |
| Rod McGrew | 8306 Wilshire Blvd. Suite<br>484 Beverly Hills CA<br>90210 | Director of Skky believed to<br>have knowledge of Skky<br>and the '875 patent and<br>pending related patents |
| Timothy R. Redpath | 21 Tamal Vista Suite 230<br>Corte Madera CA 94925 | Believed to have knowledge<br>of Skky and the '875 patent<br>and pending related patents |
| Horace Hills Irvine | 3433 Broadway Street NE,<br>Minneapolis MN 55413 | Believed to have knowledge<br>of Skky and the '875 patent<br>and pending related patents |
| Steven Lamar | 1877 Centro West St.<br>Belvedere Tiburon, CA<br>94920-1910 | Believed to have knowledge<br>of Skky and the '875 patent<br>and pending related patents |
| Parker Rosen LLC | 888 Colwell Building<br>123 North Third Street<br>Minneapolis MN 55401 | Shares corporate<br>headquarters with Skky and<br>believed to have knowledge<br>regarding Skky and the '875 |

4

| | | patent and pending related patent |
|---|---|---|
| Andrew Parker | 888 Colwell Building 123 North Third Street Minneapolis MN 55401 | Executive Officer of Skky believed to have knowledge of Skky and the '875 patent and pending related patents |

In addition, Playboy reserves the right to amend and supplement its response to this disclosure with any person or entity identified in Plaintiff's or Defendants' in related actions[1] Rule 26(a)(1) Initial Disclosures or discovery requests or responses.

Playboy's investigation is ongoing and Playboy reserves the right to disclose additional names of individuals likely to have discoverable information that Playboy may use to support its claims or defenses as such names may be discovered during the pendency of this case.

> **B.** **A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Playboy identifies the following categories of documents within its possession, custody, or control that Playboy may use to support its claims or defenses. The disclosure provided herein is based upon information reasonably available at this time. Documents protected by attorney-client and attorney work product privileges are not identified, categorized, or included herein. By

---

[1] Skky, Inc. v. Myxer, Inc., No. 13-cv-2070 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Thumbplay Ringtones, LLC, No. 13-cv-2072 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Click Sales, Inc, No. 13-cv-2081 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Dada Entertainment, Inc., No. 13-cv-2083 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Manwin USA, Inc. et al., No. 13-cv-2086 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Vivid Entertainment, LLC, No. 13-cv-2087 (PJS-JJG) (D. Minn. July 31, 2013); Skky, Inc. v. Reflected Networks, Inc., No. 13-cv-2088 (PJS-JJG) (D. Minn. July 31, 2013).

disclosing the following categories of documents, Playboy does not waive any objections that it has or may have to the production or admissibility of these documents. Moreover, by disclosing the following categories of documents, Playboy does not waive any objections that it has or may have to producing these documents.

1.     Certain documents relating to Playboy's corporate structure.

2.     U.S. Patent No. 7,548,875 ("'875 Patent"), including the prosecution file history as well as the prosecution file histories for the pending related patent applications.

3.     Prior art to the '875 Patent and pending related patent applications.

Playboy reserves the right to supplement this response as additional information is obtained during discovery in this matter.  Playboy also reserves the right to rely on documents identified by all other parties in this litigation.

**C.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;**

Playboy reserves the right to seek its litigation expenses including all costs and reasonable attorneys' fees in this action, and any further relief the Court may deem just and proper.  It is not possible for Playboy to compute or accurately estimate the extent of these expenses at this time, which will not be known until the conclusion of this case.

Playboy reserves the right to amend and supplement its response to this disclosure as it obtains additional information through discovery and investigation.  A complete response to this question may not be possible until the close of expert discovery.

**D.    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, Playboy is not aware of any insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  If any are so liable, Playboy will promptly inform Plaintiff and will make a copy of the appropriate insurance policy available for inspection and copying at a location, date, and time agreeable to all parties.

Dated: January 31, 2014

_____

Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
**Berens Miller P.A.**
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (*Admitted Pro Hac Vice*)
**Venable LLP**
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com

*ATTORNEYS FOR DEFENDANT PLAYBOY
ENTERPRISES, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this document is being served on the

below-listed counsel of record via electronic and certified mail this 31st day of January 2014

Todd M. Nosher

Served upon:
Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

9

# EXHIBIT 15

**United States District Court**
**District of Minnesota**

Skky, Inc.,                                    Case No.: 13-2089 (PJS/JJG)

              Plaintiff,

vs.

Playboy Enterprises, Inc.,

              Defendant.

### Skky, Inc.'s Initial Disclosures

Plaintiff Skky, Inc. ("Skky") submits these Initial Disclosures. Skky reserves the right to call any witness and to present any exhibit or item at trial not listed in these disclosures but determined through discovery of Defendant's materials. Skky's Initial Disclosures are also made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures. Skky will supplement these disclosures as necessary.

**I.      The name and last known addresses of witnesses Skky may rely on**

1.      John Mikkelsen.  Mr. Mikkelsen may only be contacted through counsel. Mr. Mikkelsen is a co-inventor on the '875 patent, and is likely to have knowledge of the conception and development of the technologies involved in the inventions claimed in the '875 patent.

2.      Dr. Robert Freidson.  Dr. Freidson may only be contacted through counsel.  Dr. Freidson is a co-inventor on the '875 patent, and is likely to have knowledge of the conception and development of the technologies involved in the inventions claimed in that '875 patent.

84373460.1

## II.   Identification of categories of documents that Skky may rely on

Copies of the documents and things that are reasonably available to Skky and presently contemplated to be used in this action are as follows:

1. U.S. Patent No. 7,548,875.

2. File history of US. Patent No. 7,548,875.

3. Any documents produced by third parties in this litigation.

4. All discovery responses, expert reports, disclosures, and other documents produced in this litigation.

## III.   Identification of categories of damages claimed by Skky

Sky alleges that Defendant infringes, directly and/or indirectly, the '875 patent by making, using, selling, or offering to sell within the United States products that embody one or more of the claims in the patent. Under 35 U.S.C. § 284, Skky is entitled to damages adequate to compensate for this infringement, including at least a reasonable royalty, together with interest and costs. Skky may also be entitled to treble damages and attorneys' fees. In addition, pursuant to 35 U.S.C. § 283, Skky seeks injunctive relief from Defendants' continued infringement of any and all of the asserted patents. Skky reserves the right to claim other damages and categories of damages. Any further computation of damages is premature because fact and expert discovery has not taken place. The relevant Advisory Committee notes to the 1993 amendment to Rule 26(a)(1)(C), in fact, specifically relaxed the initial disclosure requirement for damages in cases like this one, where precise calculations depend on information not initially available to the patent holder: "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." Fed. R. Civ. P. 26(a)(1)(C) advisory committee's note.

## IV.   Identification of relevant insurance agreements

Skky is unaware of any relevant insurance agreement for this case.

Dated: <u>November 22, 2013</u>          **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: *s/Ryan Schultz*
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

**Certificate of Service**

I certify that on this 22nd day of November, 2013, I served Skky, Inc.'s Initial Disclosures on counsel of record for Defendant by electronic mail.


**ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: *s/Ryan Schultz*
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

**United States District Court**
**District of Minnesota**

Skky, Inc.,                                        Case No.:  13-2086 (PJS/JJG)

        Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

        Defendant.

### Skky, Inc.'s Initial Disclosures

Plaintiff Skky, Inc. ("Skky") submits these Initial Disclosures. Skky reserves the right to call any witness and to present any exhibit or item at trial not listed in these disclosures but determined through discovery of Defendant's materials. Skky's Initial Disclosures are also made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures. Skky will supplement these disclosures as necessary.

**I.     The name and last known addresses of witnesses Skky may rely on**

1.     John Mikkelsen.  Mr. Mikkelsen may only be contacted through counsel. Mr. Mikkelsen is a co-inventor on the '875 patent, and is likely to have knowledge of the conception and development of the technologies involved in the inventions claimed in the '875 patent.

2.     Dr. Robert Freidson.  Dr. Freidson may only be contacted through counsel.  Dr. Freidson is a co-inventor on the '875 patent, and is likely to have knowledge of the conception and development of the technologies involved in the inventions claimed in that '875 patent.

**II.   Identification of categories of documents that Skky may rely on**

Copies of the documents and things that are reasonably available to Skky and presently contemplated to be used in this action are as follows:

1. U.S. Patent No. 7,548,875.

2. File history of US. Patent No. 7,548,875.

3. Any documents produced by third parties in this litigation.

4. All discovery responses, expert reports, disclosures, and other documents produced in this litigation.

**III.   Identification of categories of damages claimed by Skky**

Sky alleges that Defendant infringes, directly and/or indirectly, the '875 patent by making, using, selling, or offering to sell within the United States products that embody one or more of the claims in the patent. Under 35 U.S.C. § 284, Skky is entitled to damages adequate to compensate for this infringement, including at least a reasonable royalty, together with interest and costs. Skky may also be entitled to treble damages and attorneys' fees. In addition, pursuant to 35 U.S.C. § 283, Skky seeks injunctive relief from Defendants' continued infringement of any and all of the asserted patents. Skky reserves the right to claim other damages and categories of damages. Any further computation of damages is premature because fact and expert discovery has not taken place. The relevant Advisory Committee notes to the 1993 amendment to Rule 26(a)(1)(C), in fact, specifically relaxed the initial disclosure requirement for damages in cases like this one, where precise calculations depend on information not initially available to the patent holder: "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." Fed. R. Civ. P. 26(a)(1)(C) advisory committee's note.

**IV.   Identification of relevant insurance agreements**

Skky is unaware of any relevant insurance agreement for this case.

Dated: <u>November 22, 2013</u>          **ROBINS, KAPLAN, MILLER & CIRESI, LLP**


By: *s/Ryan Schultz*
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

84373455.1

## Certificate of Service

I certify that on this 22nd day of November, 2013, I served Skky, Inc.'s Initial Disclosures on counsel of record for Defendant by electronic mail.

**ROBINS, KAPLAN, MILLER & CIRESI, LLP**

By: _s/Ryan Schultz_
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500

**PARKER ROSEN, LLC**

Andrew D. Parker (0195042)
300 First Avenue North, Suite 200
Minneapolis, MN 55401

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 16

# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500  F 212.307.5598   www.Venable.com

February 19, 2014

**BY E-MAIL ONLY**

Ryan Schultz
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis MN 55402

**Re:  Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l. (13-cv-2086); Skky v. Playboy
Enterprises, Inc. (13-cv-2089); Skky v. Vivid Entertainment, LLC (13-cv-2087)**

Dear Ryan

I write in response to your email dated February 13, 2014.

As a threshold matter, we ask Skky once again to refrain from treating the above-captioned
litigations as if they were consolidated cases. They are not. These are three separate litigations
involving defendants with unique positions relating to the issues raised in Skky's letter. To the
extent Skky would like to schedule a meet and confer with any particular defendant, please
propose specific dates and times for each defendant.

As to the substance of your email, we again confirm that Manwin and Playboy are bound by the
Quebec Business Concerns Records Act ("Act") and December 20, 2013 Judgment of the Court
of Quebec ("Judgment") and are expressly prohibited from producing discovery in any manner
that contravenes the Act or Judgment. Specifically, Manwin and Playboy are prohibited from
producing "any document, resume, or digest of document" including source code, reports, and
inventories "irrespective of whether it is kept or stored in physical format, electronic format or
other format" relating to "Quebec Inc. or any other business concern in Quebec." *See* Judgment
at 2. We understand that documents including, but not limited to, third-party agreements and
technical materials are implicated by the Act and Judgment.[1]

---

[1]  Manwin and Playboy have each produced over 7000 pages of documents to date that are not
covered by the Act and Judgment – almost double Skky's current production in each case. And
Manwin and Playboy will continue their rolling productions as soon as the protections to
Defendants' confidentiality are restored in these litigations. *See* Defendants' Motion to
Disqualify.

# VENABLE®LLP

Notwithstanding, the technical information requested by Skky (as ostensibly summarized by the bullet points in your January 16, 2014 email) may be obtained by way of depositions.[2]  Indeed, we have now offered six different deposition dates in the Manwin and Playboy litigations.[3]  Skky has refused all dates.[4]  Again, depositions may proceed so long as the deponent testifies based on his or her personal knowledge without reliance on any implicated documents.  *See e.g., Walsh v. Gaitan & Cusack*, [1993] R.D.J. 621 (Qc C.A.); *Pelnar v. Insurance Co. of North America*, [1985] R.D.J. 354 (Qc C.A.).  Additionally, any relevant third-party agreements that cannot be produced by Manwin or Playboy should be available directly from those third-parties.  *See* Fed. R. Civ. P. 45.  Simply put, the parties should have no issue balancing Skky's interests in discovery with Manwin and Playboy's obligations under the Act and Judgment.  We are happy to meet and confer on February 25th and/or 26th to discuss again specific Skky requests that may be impacted by the Act and Judgment and alternative forms of discovery available to Skky to obtain such information.  Of course, Manwin and Playboy continue to maintain all general and specific objections set forth in their discovery responses.  *See e.g.,* Manwin and Playboy's Responses and Objections to Skky's First Set of Document Requests, Interrogatories and Notices for 30(b)(6) depositions.

The Act and Judgment are not relevant to the Vivid case.  Vivid will continue its rolling document production and will continue supplementing its initial disclosures and discovery responses as required by the federal rules as soon as the safeguards to Defendants' confidentially are restored.  Like Manwin and Playboy, Vivid maintains all general and specific objections set forth in its discovery responses.  *See e.g.,* Vivid's Responses and Objections to Skky's First Set of Document Requests, Interrogatories and Notices for 30(b)(6) depositions.

---

[2] At the January 13, 2014 teleconference with Judge Graham, the court instructed the parties to meet and confer in an attempt to narrow Plaintiff's discovery requests.  Despite those instructions, Skky stated in its January 16, 2014 email that Skky is not "not waiving or agreeing to narrow the discovery requests."  Future discussions regarding Skky's requests will be far more productive if and when Skky limits the scope of its requests.

[3] Manwin and Playboy offered such voluntary depositions with the understanding that those depositions would be conducted in a manner consistent with the Act and Judgment.

[4] Your statement "we are generally available next week" and your request to hold meet and confer teleconferences in three litigations between February 19th and 21st is surprising.  Indeed, Playboy and Manwin recently offered to schedule depositions on February 18th and/or 20th.  *See* Nosher February 5, 2014 letter to Schultz.  Skky's refused to accept those dates because the week of February 17 did not work for Skky.  *See* Schulz February 7, 2014 email to Nosher ("As for deposition dates, Skky has informed Defendants on numerous occasions that the week of February 17 would not work").

# VENABLE LLP

Again, we are available on February 25th and/or 26th to conduct your requested meet and confer teleconferences individually in the Manwin, Playboy and Vivid cases.  We suggest the parties also use those dates to meet and confer to discuss Skky's deficient document production.[5]

Very Truly Yours,

s/ Todd M. Nosher

Todd M. Nosher

cc:    Justi Rae Miller, Esq.

---

[5]   Defendants have made multiple requests to meet and confer to discuss Skky's production deficiencies.  *See* Wood February 11, 2014 letter to Schultz; Nosher February 18, 2014 letter to Schultz.  Skky has failed to respond to any of Defendants' requests.