**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Skky, Inc.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Thumbplay Ringtones, LLC,<br><br>　　　　Defendant. | Civil No. 13-2072 (PJS/JJG)<br><br>**ORDER DENYING MOTION IN PART AND AMENDING PROTECTIVE ORDER** |
| Skky, Inc.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Dada Entertainment, Inc.,<br><br>　　　　Defendant. | Civil No. 13-2083 (PJS/JJG) |
| Skky, Inc.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Manwin USA, Inc., and Manwin Holding, s.ar.l,<br><br>　　　　Defendant. | Civil No. 13-2086 (PJS/JJG) |
| Skky, Inc.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Vivid Entertainment, LLC,<br><br>　　　　Defendants. | Civil No. 13-2087 (PJS/JJG) |

| | |
|---|---|
| Skky, Inc., | Civil No. 13-2089 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned on Defendants' Motions to Disqualify (ECF Nos. 44, 45, 37, 34, 37). The movants are Thumbplay Ringtones, LLC, Dada Entertainment, Inc., Manwin USA, Inc., and Manwin Holding, s.ar.l, Vivid Entertainment, LLC, and Playboy Enterprises, Inc. (collectively, "Defendants"). Defendants seek to disqualify any attorney employed with Parker Rosen, LLC ("Parker Rosen"), a law firm representing Plaintiff Skky, Inc.[1] ("Skky") from continuing representation of Skky. For the reasons set forth below, the motions are granted in part and denied in part.

**I.     Background**

The present patent-infringement cases were filed by Skky in July 2013. On November 22, 2013, Skky provided its initial disclosures. The disclosures did not contain information about attorney Andrew Parker's ("Parker") involvement in Skky's operations. Also on November 22, 2013, the Court approved the parties' stipulated protective order to preserve the privacy of certain documents.[2]

---

[1] Skky is also represented by attorneys from Robins, Kaplan, Miller, & Ciresi, who serve as lead counsel for Skky.

[2] Defendant Myxer, Inc. was also a party to the stipulated protective order, but does not join in the present motions.

In January 2014, Defendants' independent research revealed Skky's United States Securities and Exchange Commission filing, dated December 5, 2013. The filing listed Parker as one of three executive officers of Skky, later discovered to be the chief operating officer (COO). Notably, at that time, Parker was still listed as counsel for Skky in the present litigation. Defendants also learned that Skky's principal place of business shares the same address as Parker Rosen's office.[3] Skky had not disclosed these facts when negotiating the protective order with Defendants.

Defendants immediately contacted Skky. Skky agreed to remove Parker as counsel of record from the cases, and, according to Defendants, also emphasized that no Parker Rosen attorney would represent Skky in any of the present cases. Skky informed Defendants that it declined to disclose Parker's role as executive in its initial disclosures, because Skky did not intend to call Parker as a witness in support of its patent contentions. Skky then removed Parker as counsel for the Skky cases but added Daniel Rosen ("Rosen"), also of Parker Rosen, in Parker's place. Defendants again objected, but Skky refused to remove Rosen as counsel of record. Defendants bring the present motion to resolve the dispute. Alternative to disqualification, they request a modification of the current protective order.

**II.   Discussion**

   **a.  Disqualification**

Defendants move to disqualify the Parker Rosen law firm from further representation of Skky in the present cases. It is this Court's inherent power, authority, and duty to ensure the administration of justice and the integrity of the litigation process. *See, e.g.*, *Capellupo v. FMC*

---

[3] Skky explains that it was headquartered in Wayzata, Minnesota until November 2013, when it moved to the Parker Rosen address.

*Corp.*, 126 F.R.D. 545, 551 (D. Minn. 1989). Disqualification is committed to the district court's discretion. *Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad.*, 781 F. Supp. 2d 852, 855 (D. Minn. 2011). Disqualification of a party's counsel is an extreme measure and should be imposed only where "absolutely necessary." *Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (quotation omitted). "[T]he party seeking the disqualification of opposing counsel bears the burden of showing that disqualification is warranted." *Olson v. Snap Prods., Inc.*, 183 F.R.D. 539, 542 (D. Minn. 1998).

The professional conduct of attorneys licensed to practice in the District of Minnesota is governed by the Minnesota Rules of Professional Conduct. D. Minn. LR 83.6(d)(2); *Arctic Cat, Inc. v. Polaris Indus., Inc.*, Civ. No. 04-3419, 2004 WL 2944110, at *1 (D. Minn. Dec. 20, 2004). Defendants argue two Minnesota Rules of Professional Conduct support their motion. Rule 1.8(i) provides:

> (i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:
> > (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and
> > (2) contract with a client for a reasonable contingent fee in a civil case.

Relatedly, rule 1.8(k) governs the effect an ethical prohibition has on a law firm:

> (k) While lawyers are associated in a firm, a prohibition in the foregoing paragraphs (a) through (i) that applies to any one of them shall apply to all of them.

Defendants assert that replacing Parker with Parker's law partner, Rosen, or any other Parker Rosen attorney, fails to cure the professional responsibility concerns that Defendants had with Parker. The ethical concern they highlight is the proprietary interest Parker has in the actions, in violation of rule 1.8(i). As such, they argue that rule 1.8(k) requires disqualification of

the Parker Rosen law firm. Defendants stress that they will suffer undue prejudice unless Parker Rosen is disqualified because the arrangement between Parker Rosen and Skky undermines the confidentiality to which Defendants are entitled.

Skky responds that the present motions are brought solely to delay discovery and that no proprietary interest exists. In support of Skky's position, Parker submits a declaration on which he declares that he became COO of Skky on July 1, 2013, and that he assists in Skky's day-to-day operations. The portion of the declaration in which he discusses Parker Rosen's and his financial relationship with Skky provides:

> My compensation for being COO is the receipt of stock in Skky, which is presently about 2.5% of the total outstanding stock in Skky. The Parker Rosen law firm also receives a relatively small monthly monetary stipend. The stock is owned by a company that is controlled by myself and Mr. Rosen. Neither Mr. Rosen nor myself are employees of Skky.

The Court has carefully scrutinized the circumstances, the parties' arguments, and the relevant law. On such a motion, Defendants carry the burden of establishing that disqualification is warranted, particularly that a proprietary interest exists. The Court is cognizant of Defendants' concerns and finds the confidentiality concerns legitimate. Based on this record, however, Defendants failed to present the Court with authority establishing that Parker's involvement is indeed a proprietary interest implicating the rules of professional conduct and mandating disqualification of Parker Rosen. *See Eon Streams, Inc. v. Clear Channel Commc'ns, Inc.*, 3:05-CV-578, 2007 WL 954181, at *8 (E.D. Tenn. Mar. 27, 2007) (determining that stock ownership does not constitute a proprietary interest in litigation). As such, the Court denies this aspect of the motion.

### b. Protective Order

The Court next addresses Defendants' request to modify the protective order. Protective orders are common in patent cases and are granted for a variety of reasons. *See generally Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728 (D. Minn. 2008) (Schiltz, J.) (including a lengthy discussion of protective orders in patent cases). In determining whether to modify a protective order, a court must determine whether the moving party has demonstrated good cause. *Guzhagin v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 07-4650, 2009 WL 294305, at *2 (D. Minn. Feb. 5, 2009) (citing *Medtronic, Inc. v. Boston Scientific Corp.*, Civ. No. 99-1035, 2003 WL 352467, at *1 (D. Minn. Feb. 14, 2003)). A party seeking to modify a stipulated protective order "'must demonstrate particular good cause to obtain relief.'" *Id*. (quoting *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992)).

At the hearing on the matter, Defendants noted that Skky and Parker Rosen share the same address, same phone number, and could share the same network, computers, email, printers, copiers, staff, and file storage. Skky did not deny those assertions, nor did Skky provide the Court with additional information about the company controlled by Parker and Rosen. Moreover, Defendants negotiated the protective order without knowledge of considerations affecting confidentiality. The presence of Parker Rosen attorneys has caused and will continue to cause sincere confidentiality concerns for Defendants. All of this serves to establish that Defendants have demonstrated the particular good cause necessary to warrant a modification of the protective order.

In an effort to protect Defendants' confidential information as the litigation progresses, the Court amends the protective order so as to provide that no Parker Rosen attorney or staff person is permitted to access or review Defendants' confidential information or source code.

Additionally, no confidential information shall be sent to, stored, or reviewed in the Skky/Parker Rosen office space, located at 888 Colwell Building, 123 Third Street North, Minneapolis, Minnesota.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motions to Disqualify (ECF Nos. 44, 45, 37, 34, 37) are **GRANTED IN PART** and **DENIED IN PART**.

Dated: March 28, 2014

                                                    s/ *Jeanne J. Graham*
                                                    JEANNE J. GRAHAM
                                                    United States Magistrate Judge