# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | |
|     Plaintiff/Counterclaim Defendant, | Civil No. 13-2070 (PJS/JJG) |
| vs. | |
| Myxer, Inc., | **AMENDED PRETRIAL SCHEDULING ORDER** |
|     Defendant/Counterclaim Plaintiff. | |
| Skky, Inc., | Civil No. 13-2083 (PJS/JJG) |
|     Plaintiff, | |
| vs. | |
| Dada Entertainment, Inc., | |
|     Defendant. | |
| Skky, Inc., | Civil No. 13-2085 (PJS/JJG) |
|     Plaintiff, | |
| vs. | |
| General Media Communications, Inc., | |
|     Defendant. | |
| Skky, Inc., | Civil No. 13-2086 (PJS/JJG) |
|     Plaintiff, | |
| vs. | |
| Manwin USA, Inc., and Manwin Holding, s.ar.l, | |
|     Defendants. | |

| | |
|---|---|
| Skky, Inc., | Civil No. 13-2087 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Vivid Entertainment, LLC, | |
| Defendant. | |
| Skky, Inc., | Civil No. 13-2089 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |

In July of 2013, Plaintiff filed several actions alleging infringement of a patent against several separate defendants. Upon the request of the Plaintiff, the matters were consolidated for the pretrial phase. Defendant General Media Communications, Inc. ("GMCI") went into bankruptcy a few months later and that case was stayed. The stay was recently lifted. Defense counsel for GMCI is the same as for defendants Manwin USA, Inc., Manwin Holding, s.ar.l, Vivid Entertainment, LLC and Playboy Enterprises, Inc.

A Pretrial Scheduling Order was issued on December 4, 2013 in all of the cases, except GMCI. On February 24, 2014, a stipulation to extend certain dates was filed in the Myxer, Inc. ("Myxer") case (ECF No. 38) and an order was issued on February 27, 2014, extending those dates in the Myxer case only.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of

this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall now govern all of these proceedings.  This schedule may be modified upon a formal motion and showing of good cause as required by Local Rule 16.3.  The Court has indicated where cases are to be treated separately from the other cases.

**FACT DISCOVERY**

1. All pre-discovery disclosures required by Rule 26(a)(1) have been completed.  All pre-discovery disclosures of GMCI, required by Rule 26(a)(1), shall be completed on or before **April 30, 2014**.

2. Fact discovery shall be <u>commenced in time to be completed on or before</u> **February 27, 2015**.

3. Defendants collectively may serve up to **15 interrogatories** on Plaintiff directed at common discovery issues.  Each defendant or defendant group (a group includes all defendants that are legally related to each other – e.g., parent-subsidiary relationships, and does not include third-party customer relationships) may serve up to **20 individualized interrogatories** on Plaintiff.  Plaintiff may serve up to **25 interrogatories** on each defendant or defendant group.

   There is no limit on the number of requests for production of documents and things that may be propounded by any party group.

   Plaintiff and each defendant or defendant group may serve up to **25 requests for admission**.

   There is no limit on the number of requests for admissions that a document or thing is 1) authentic, 2) a business record, or 3) otherwise meets a condition for admissibility in evidence.  All requests seeking to establish authenticity or admissibility shall clearly be identified as such, and the parties shall attempt to seek stipulations regarding the authenticity of documents.  If a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

4. Plaintiff may take no more than **40 hours (measured by time on the record) of depositions** of each defendant or defendant group.

Each defendant or defendant group may take no more than **40 hours (measured by time on the record) of depositions** of Plaintiff.

No individual deposition by the defendants collectively shall exceed **2 seven-hour days**, except where an individual is also being deposed in his/her individual capacity and also as a Fed.R.Civ.P. 30(b)6 designee or as a named inventor of the '875 Patent. The deposition of an individual who is also a designee or inventor shall not exceed **3 seven-hour days**.

The parties shall coordinate scheduling of depositions, so that counsel for all parties may attend and question a witness, in an effort to avoid duplicative depositions. Defendants should coordinate to ask questions that are common and applicable to all cases to avoid duplicative questions to any witness.

## **EXPERT DISCOVERY**

1. Each party may call up to **4** expert witnesses. Accordingly, each party may take one deposition per expert.

2. Each party must identify to the opposing party the experts who will provide a report concerning the issues on which that party has the burden of persuasion no later than **15 days** after the Court issues the claim construction order.

   If the Court states that it will not issue a claim construction order, the parties must identify experts who will provide a report concerning the issues on which that party has the burden of persuasion by **15 days** after the Court issues its statement that it will not issue a claim construction order.

3. No later than **50 days** after the Court issues the claim construction order or statement that it will not issue a claim construction order, the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

4. Within **30 days** after the initial expert reports are exchanged, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

5. The procedures for expert discovery as provided by Federal Rule of Civil Procedure 26(b)(4) shall govern expert discovery.

6. The parties shall not seek drafts of expert reports, declarations, affidavits, or

notes taken by experts retained to testify in this case. The parties shall not seek documents relating to communications only between experts and counsel, including e-mail communications and invoices, except for documents, information and things included in or attached to such communications that are considered by the expert in his or her expert report, declaration, affidavit, or testimony. The parties shall not inquire at deposition or trial as to the contents of drafts of expert reports, declarations, affidavits, or notes pertaining thereto, and the parties shall not inquire at deposition or at trial as to the expert's communications, written or oral, with only counsel, except to the extent that the expert explicitly references or cites information from counsel in his or her expert report, declaration, affidavit, or testimony. Notwithstanding any of the foregoing, the parties can inquire about anything the expert considered in forming his or her opinions. The parties shall, however, identify and produce copies of any documents referenced or cited by the expert in his or her expert report. Furthermore, the parties are not restricted from (i) inquiring into the basis of any of the opinions expressed by any experts in his or her report, declaration, or affidavit, including the manner by which such opinions were reached, and information considered in reaching such opinions; or (ii) otherwise inquiring into the process by which an expert report, affidavit, or declaration was drafted, provided that, in so doing, the parties may not discover the contents of any such drafts of expert reports, declarations, affidavits, or notes pertaining thereto. Notwithstanding the above, the parties may discover all facts and data (including documents) considered by the expert in forming his/her opinions.

7. All expert discovery shall be completed within **30 days** after the rebuttal expert reports are exchanged.

## **DISCOVERY RELATING TO CLAIM CONSTRUCTION HEARING**

1. Plaintiff shall serve its Claim Chart to the party defending against infringement by **February 24, 2014**. Plaintiff shall serve its Claim Chart to GMCI by **April 25, 2014**. Plaintiff shall serve its Claim Chart to Myxer by **June 6, 2014**. The title of the Claim Chart shall identify the party serving it.

    This Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant(s) it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present.

    If there is a contention that there is infringement of any claims under the doctrine of equivalents, the party alleging infringement shall separately indicate this on its Claim Chart and, in addition to the information required for

literal infringement, that party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

For each claim that is alleged to have been indirectly infringed, the chart shall include an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement, with the duty to supplement as more information is developed.

Any relevant, non-privileged information related to infringement and not included in this Claim Chart is properly the subject of discovery.

2. Any party defending against infringement shall serve its Responsive Claim Chart to the party alleging infringement by **March 24, 2014**. GMCI shall serve its Responsive Claim Chart to the party alleging infringement by **May 23, 2014**. Myxer shall serve its Responsive Claim Chart to the party alleging infringement by **July 7, 2014**. The title of the Responsive Claim Chart shall identify the party serving it.

The Responsive Claim Chart shall indicate with specificity the elements, on the Claim Chart of the party alleging infringement, which it admits are present in its accused device or process, and which it contends are absent. In the latter regard, the party defending against infringement will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, the party defending against infringement shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

3. On or before **July 28, 2014**, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses that each party contends should be construed by the Court. On or before **August 25, 2014**, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes and will make this exchange on or before **August 12, 2014**.

At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties

shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

4. Following the parties' meet and confer described above, and no later than **September 9, 2014**, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

   At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

   a. The construction of those claim terms, phrases, or clauses on which the parties agree;

   b. Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

   c. Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

1. If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

   a. Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

   b. Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

   c. A briefing schedule.

**DISCOVERY RELATING TO VALIDITY/PRIOR ART**

1. On or before **April 14, 2014**, the party defending against infringement shall serve to the opposing party a Prior Art Statement listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement.  On or before **June 13, 2014**, GMCI shall serve its Prior Art Statement on Skky.  On or before **August 6, 2014**, Myxer shall serve its Prior Art Statement on Skky.

2. On or before **May 14, 2014**, the party alleging infringement shall serve its own Prior Art Statement, in which it will state in detail its position on what the prior art relied upon by the opposing party shows, if its interpretation differs, and its position on why the prior art does not invalidate the asserted patent claims.  On or before **July 14, 2014**, Skky shall serve its Prior Art Statement on GMCI.  On or before **August 6, 2014**, Skky shall serve its Prior Art Statement on Myxer.

3. The Prior Art Statements can be, but need not be, in the form of expert reports.

4. A party can add prior art to its original Statement only by leave of the Court.

**OTHER DISCOVERY ISSUES**

A party may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until **December 16, 2014**, provided that all relevant privileged documents are produced no later than **December 30, 2014**.  All additional discovery regarding the waiver will take place after **December 30, 2014** and shall be completed by **February 17, 2015**.

**ELECTRONIC DISCOVERY**

The parties agree to discuss and seek agreements on protocols with respect to identification, review, and production of electronically stored information.  Electronically stored information shall be produced in the format in which they are kept in the ordinary course of business or in an electronic format to be agreed upon by the parties.  The parties

will meet and confer regarding the scope and logistics of document production.

**ELECTRONIC SERVICE**

The parties have consented that service by electronic means shall be allowed as set forth in Fed.R.Civ.P. 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the serving party does not learn that the transmission failed.  The parties agree that a discovery request is deemed served upon a particular day if sent by 6:00 P.M., Central Time, on that calendar day; otherwise it is deemed served on the next calendar day.

**DISCOVERY DEFINITIONS**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale") and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**NON-DISPOSITIVE MOTIONS**

All non-dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, **and in the form prescribed by Local Rule 37.2.**  The "Meet and Confer" requirement should include attempts to do so through personal contact, rather than solely through correspondence.  All non-dispositive motions shall be scheduled for hearing by calling Judith Kirby, Courtroom Deputy for Magistrate Judge Graham, at (651) 848-1890, prior to filing, except when all parties are in agreement that no hearing is required.  Such an agreement shall

be expressly set forth in the notice of motion.

1. All motions that seek to amend to add parties must be served by **April 30, 2014**.

2. All motions that seek to amend the pleadings must be served by **July 11, 2014**.

3. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before **March 13, 2015**.

    If the parties retain expert witnesses, all non-dispositive motions relating to the expert discovery shall be served and filed by **15 days after the close of expert discovery**.

4. All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

5. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so. All motions must be filed and served within the time periods set forth in the local rules.

## **DISPOSITIVE MOTIONS**

All dispositive motions (notice of motion, motion, memorandum of law, affidavits and proposed order) must be served, filed and **HEARD** by **July 13, 2015**.

Counsel for the moving party shall call **Caryn Glover**, Courtroom Deputy for the Honorable Patrick J. Schiltz, at **(612) 664-5483** to schedule the hearing. Parties are reminded that the scheduling of a dispositive motion requires considerable advance notice (typically three (3) to four (4) months). Parties should attempt to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.

All dispositive motions must be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on CM/ECF, two (2) paper courtesy copies (three-hole punched and unstapled (and, if warranted, appropriately tabbed)) of the

pleading and all supporting documents shall be mailed or delivered to **Caryn Glover**, Courtroom Deputy, contemporaneously with the documents being posted on CM/ECF.

**TRIAL**

These cases shall be ready for **jury** trials beginning on **November 23, 2015**. An order will be issued at a future date setting out the order of the trials in these matters.

Dated:  April 18, 2014                             s/ *Jeanne J. Graham*
                                                                    JEANNE J. GRAHAM
                                                                    United States Magistrate Judge