# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Skky, Inc., | | |
| | Plaintiff, | Civil No. 13-2070 (PJS/JJG) |
| vs. | | **SKKY INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| Myxer, Inc., | | |
| | Defendant. | |
| Skky, Inc., | | |
| | Plaintiff, | Civil No. 13-2083 (PJS/JJG) |
| vs. | | |
| Dada Entertainment, Inc., | | |
| | Defendant. | |
| Skky, Inc., | | |
| | Plaintiff, | Civil No. 13-2085 (PJS/JJG) |
| vs. | | |
| General Media Communications, Inc., | | |
| | Defendant. | |
| Skky, Inc., | | |
| | Plaintiff, | Civil No. 13-2086 (PJS/JJG) |
| vs. | | |
| Manwin USA, Inc., and Manwin Holding, s.ar.l, | | |
| | Defendant. | |

| | | |
|---|---|---|
| Skky, Inc., | | |
| | Plaintiff, | |
| vs. | | Civil No. 13-2087 (PJS/JJG) |
| Vivid Entertainment, LLC, | | |
| | Defendant. | |
| Skky, Inc., | | |
| | Plaintiff, | Civil No. 13-2089 (PJS/JJG) |
| vs. | | |
| Playboy Enterprises, Inc., | | |
| | Defendant. | |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 1

ARGUMENT ............................................................................................................. 3

I. Skky's Motion for Leave to File an Amended Complaint Should Be Granted .......................................................................................................... 4

    A. Skky's motion is timely and made in good faith. .................................. 4

    B. Skky's proposed amendment will not cause Defendants to suffer unfair prejudice. ........................................................................... 4

    C. Skky's proposed amendment is not futile. ............................................. 4

CONCLUSION .......................................................................................................... 7

## TABLE OF AUTHORITIES

Page

**Cases**

*Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*,
   Civil Action No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147
   (E.D. Tex. Sept. 2, 2009) ............................................................................................. 5

*DataQuill Ltd. v. High Tech Computer Corp.*,
   887 F. Supp. 2d 999 (S.D. Cal. 2011) ..................................................................... 5, 6

*Englishtown, Inc. v. Rosetta Stone Inc.*,
   962 F. Supp. 2d 355 (D. Mass. 2013) ......................................................................... 6

*Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*,
   759 F. Supp. 2d 387 (S.D.N.Y. 2010) ........................................................................ 5

*K-Tec, Inc. v. Vita-Mix Corp.*,
   696 F.3d 1364 (Fed. Cir. 2012) .................................................................................. 5

*Lexington Luminance LLC v. Osram Sylvania Inc.*,
   972 F. Supp. 2d 88 (D. Mass. 2013) ........................................................................... 6

*Popp Telcom v. Am. Sharecom, Inc.*,
   210 F.3d 928 (8th Cir. 2000) ...................................................................................... 3

*Roberson v. Hayti Police Dep't*,
   241 F.3d 992 (8th Cir. 2001) ...................................................................................... 3

**Rules**

Fed. R. Civ. P. 15(a)(2) ..................................................................................................... 3

# INTRODUCTION

Skky seeks to amend its complaint to add a claim for willful infringement. Defendants have had actual knowledge of Skky's '875 patent since at least the first week of August, 2013, when Defendants received service of Skky's original complaint. Nevertheless, Defendants have continued to infringe the '875 patent. Accordingly, while it would not have been appropriate for Skky to plead willful infringement at the outset of this case, it is appropriate now.

Skky has filed its motion for leave to amend in good faith and within the time frame contemplated by the scheduling order in this case. Skky's proposed amendment would not unfairly prejudice Defendants. Instead, it would promote the interest of justice. Courts have repeatedly recognized that leave to amend to add a claim for willful infringement is warranted in circumstances analogous to those present here. Accordingly, Skky's motion should be granted.

# FACTUAL BACKGROUND

Skky owns United States Patent No. 7,548,875 (the "'875 patent"), titled *Media Delivery Platform*. The claimed method in the '875 patent covers the transmission of content rich media to wireless devices, such as smart phones. Specifically, what is claimed is: "A method of wirelessly delivering over the air one or more digital audio and/or visual files from one or more servers to one or more wireless device means comprising: compressing said one or more digital audio and/or visual files, . . . storing compressed audio and/or visual files in one or more storage mediums; and transmitting to said wireless device means said

compressed audio and/or visual files wirelessly over the air, with or without an Internet network."[1]

Defendants own several websites, and through these sites, compressed audio and visual files are stored and transmitted to wireless device means, including cellular phones. Because Defendants' websites practice the claimed invention of the '875 patent, Skky has brought claims against Defendants for direct infringement (including joint infringement) and induced infringement. Skky asserted these claims in its original complaint, which was served on all Defendants during the first week of August, 2013.[2] Since being served with Skky's original complaint, Defendants have continued to infringe Skky's '875 patent.

The scheduling order in the captioned cases sets today, July 11, 2014, as the deadline for filing motions seeking leave to amend the pleadings.[3] Accordingly, counsel for Skky emailed counsel for Defendants on July 10, 2014, stating that Skky desired to amend its complaint to include a willful infringement claim, including the specific allegations Skky intended to make to support that claim, and asking whether Defendants consented to this amendment. (Bornstein Decl. ¶ 3.)[4] Counsel for Vivid stated that Vivid did not consent to the amendment. (*Id.*) On July 11, 2014, counsel for Skky emailed counsel for the remaining defendants and again asked whether they consented to Skky's amendment. (*Id.*) Counsel for

---

[1] *See* Dkt. 1-1 for each above-captioned case.
[2] *See* Dkt. 6 for case 13-2070; Dkt. 5 for case 13-2083; Dkt. 5 for case 13-2085; Dkt. 6 for case 13-2086; Dkt. 5 for case 13-2087; Dkt. 6 for case 13-2089.
[3] *See* Dkt. 41 for case 13-2070; Dkt. 5 for case 13-2083; Dkt. 36 for case 13-2085; Dkt. 76 for case 13-2086; Dkt. 63 for case 13-2087; Dkt. 76 for case 13-2089.
[4] Redlined and clean versions of Skky's proposed amended complaint for each defendant are attached to the Declaration of William Bornstein as Exhibits 1-12.

Myxer and Dada stated that Myxer and Dada did not consent to the amendment. (*Id.*) Counsel for General Media, Manwin, and Playboy stated that they may not be able to take a position on the amendment before today's filing deadline. (*Id.*) Skky therefore proceeded with this motion.

### ARGUMENT

The Federal Rules of Civil Procedure state that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rules further state that "[t]he court should freely give leave when justice so requires." *Id.* In practice, leave to amend is commonly granted. Courts have explained that "[g]iven the courts' liberal viewpoint toward leave to amend, it should normally be granted absent good reason for denial." *Popp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000). Denial of motions seeking leave to amend "is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't,* 241 F.3d 992, 995 (8th Cir. 2001). None of these circumstances are present here. Instead, federal courts have repeatedly granted patent plaintiffs in similar situations leave to amend their pleadings to add claims for willful infringement. This Court should do the same thing here.

**I.     Skky's Motion for Leave to File an Amended Complaint Should Be Granted.**

   **A.     Skky's motion is timely and made in good faith.**

Skky's motion is timely, made in good faith, and will not inject any undue delay into these proceedings. Skky appropriately refrained from automatically pleading willful infringement at the outset of this case. However, given Defendants' decision to continue their respective allegedly infringing practices after having received notice of Skky's lawsuit, adding a claim for willful infringement is now appropriate. Skky's motion is timely filed under the Scheduling Order.

   **B.     Skky's proposed amendment will not cause Defendants to suffer unfair prejudice.**

Granting Skky leave to add a willful infringement claim will not cause Defendants to suffer any prejudice. The additional claim will implicate the same technical analysis as Skky's other claims, meaning Defendants' defense strategy should not be affected in any material way. Moreover, the fact that the willfulness claim will implicate the same technical analysis means that the discovery obligations and undertakings of either party will not be unfairly altered.

   **C.     Skky's proposed amendment is not futile.**

Skky's request to add a claim for willful infringement should also be allowed because, under the circumstances of this case, adding such a claim would not be futile. To prevail on a claim of willful infringement, a patentee must prove that: (1) the accused infringer "acted despite an objectively high

4

likelihood that its actions constituted infringement of a valid patent"; and (2) this objectively defined risk was either known or so obvious that the accused infringer should have known about it. *See K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012). Here, Skky intends to allege that Defendants have willfully infringed the '875 patent because they have continued to infringe despite learning of the '875 patent at the very least through service of Skky's original complaint. (*See* Bornstein Decl. Exs. 1 - 12.)

Skky has not yet received complete discovery regarding Defendants' knowledge of the '875 patent. However, at the very least, Defendants have had knowledge of the patent since the first week in August of 2013 when they received service of Skky's originally filed complaint. Post-filing conduct is sufficient to establish a case for willful infringement under these circumstances.

In *DataQuill Ltd. v. High Tech Computer Corp.*, 887 F. Supp. 2d 999, 1015-1016 (S.D. Cal. 2011), for example, the court ruled that plaintiffs could advance willful infringement claims based on post-filing conduct without first seeking a preliminary injunction. *See also Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 412 (S.D.N.Y. 2010) (acknowledging that patentee who does not practice its invention or directly compete with the accused infringer can sustain a claim for willful infringement based solely on the defendant's post-filing conduct); *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*, Civil Action No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147 at *10-13 (E.D. Tex. Sept. 2, 2009) (same).

Other federal courts have adopted this logic to expressly allow plaintiffs to amend their complaints to add claims for willful infringement based on post-

5

filing conduct. For example, in *Englishtown, Inc. v. Rosetta Stone Inc.*, 962 F. Supp. 2d 355 (D. Mass. 2013), the court considered a motion by the plaintiff to amend its complaint to add a willful infringement claim based on the defendant's post-filing conduct. In opposing the motion, the defendant argued that such an amendment was futile because it would fail to state a claim. *Id.* at 358. Specifically, the defendant argued that the plaintiff would have had to first seek a preliminary injunction to advance a viable willful infringement claim. *Id.* at 358. The court rejected this argument. The court adopted the *DataQuill* logic, observing that because the plaintiff "no longer practices the patents-in-suit and does not compete" with the defendant, it did not need to have first sought a preliminary injunction to advance willful infringement claims based on post-filing conduct. *Id.* at 359. The court allowed the plaintiff's motion for leave to file an amended complaint in its entirety.

In *Lexington Luminance LLC v. Osram Sylvania Inc.*, 972 F. Supp. 2d 88 (D. Mass. 2013), the court issued a similar holding. The plaintiff moved to file an amended complaint alleging that defendants willfully infringed a patent by continuing to sell infringing products after receiving notice of the patent with service of the original complaint. *Id.* at 94. The question, the court said, was "whether the amendment of a complaint to add an allegation of willful infringement is futile when that allegation is based solely upon the defendant's notice of the lawsuit and its decision to continue the allegedly infringing practice." *Id.* Because the plaintiff did not practice the patented invention and did not compete with the defendant, the court ruled that such an amendment was not futile, and allowed plaintiff's motion to amend. *Id.*

6

Consistent with the reasoning set forth in the cases above, Skky's proposed amendment is not futile. Rather, Skky's allegations are appropriate under the facts and circumstances of this case and will suffice to survive a motion to dismiss. It is therefore in the interest of justice for Skky's motion to be granted.

## CONCLUSION

Skky properly refrained from automatically pleading willful infringement at the outset of this case. Now, given that Defendants have continued their actions despite knowing that those actions likely infringe a valid patent, it is proper for Skky to add a claim for willful infringement. Skky's motion for leave to amend should therefore be granted.

Dated: <u>July 11, 2014</u>

ROBINS, KAPLAN, MILLER & CIRESI, LLP

By: <u>s/William Bornstein</u>
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)
William Bornstein (0392098)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349–8500

PARKER ROSEN, LLC
Daniel N. Rosen (0250909)
888 Colwell Building, 123 Third Street North
Minneapolis, MN 55401

*Counsel for Skky, Inc.*