## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2086 (PJS/JJG) |
| Plaintiff, | |
| v. | |
| Manwin USA, Inc.;<br>Manwin Holding, s.a.r.l., | |
| Defendants. | |

---

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2089 (PJS/JJG) |
| Plaintiff, | |
| v. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |

---

| | |
|---|---|
| Skky, Inc., | Case No.: 13-2085 (PJS/JJG) |
| Plaintiff, | |
| v. | |
| General Media Communications Inc., | |
| Defendant. | |

---

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO STAY
## PENDING *INTER PARTES* REVIEW OF THE PATENT-IN-SUIT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................iii

INTRODUCTION ................................................................................................ 1

RELEVANT FACTS............................................................................................ 3

*INTER PARTES* REVIEW.................................................................................. 4

ARGUMENT........................................................................................................ 5

    A. Courts Have Broad Discretion To Issue Stays ........................................... 5

    B. All Three Factors Favor A Stay Here........................................................ 7

        1. No Undue Prejudice or Clear Tactical Advantage............................... 7

        2. IPR Will Reduce or Simplify Issues for Trial.................................. 11

        3. The Early Stage of this Litigation Favors a Stay ............................. 13

CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

## Cases

*3M Innovative Props. Co. v. Dupont Dow Elastomers LLC*,
  2005 U.S. Dist. LEXIS 44877 (D. Minn. Sept. 8, 2005) ......................................... 7

*Acumed LLC v. Stryker Corp.*,
  551 F.3d 1323 (Fed. Cir. 2008) ................................................................................. 8

*BodyMedia, Inc. v. Basis Sci., Inc.*,
  2013 U.S. Dist. LEXIS 82830 (D. Del. Jun. 6, 2013) .............................................. 7

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
  2014 U.S. Dist. LEXIS 47430 (D. Del. Apr. 7, 2014) ......................................... 8, 11

*Boston Scientific Corp. v. Cordis Corp.*,
  777 F. Supp. 2d 783 (D. Del. 2011) ........................................................................... 8

*Brixham Solutions Ltd v. Juniper Networks, Inc.*,
  2014 U.S. Dist. LEXIS 58770 (N.D. Cal. Apr. 28, 2014) ............................... 6, 7, 13

*Cognex Corp. v. VCode Holdings, Inc.*,
  2006 U.S. Dist. LEXIS 98042 (D. Minn. Dec. 11, 2006) .................................... 7, 13

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*,
  2013 U.S. Dist. LEXIS 117718 (D. Minn. Aug. 20, 2013) ................................. 7, 13

*Destination Maternity Corp. v. Target Corp.*,
  2014 U.S. Dist. LEXIS 38148 (E.D. Pa. Mar. 24, 2014) ........................................ 11

*Equipements de Transformation IMAC v. Anheuser-Busch Cos.*,
  559 F. Supp. 2d 809 (E.D.M.I. 2008) ........................................................................ 6

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ................................................................................. 5

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
  2014 U.S. Dist. LEXIS 9149 (N.D. Cal. Jan. 23, 2014) ........................................... 8

*Evolutionary Intelligence, LLC v. LivingSocial, Inc.*,
  2014 U.S. Dist. LEXIS 81642 (N.D. Cal. June 16, 2014) ....................................... 14

*Evolutionary Intelligence, LLC v. Twitter, Inc.*,
  2014 U.S. Dist. LEXIS 28726 (N.D. Cal. Feb. 25, 2014) ....................................... 10

*Gioello Enters. Ltd. v. Mattel, Inc.*,
  2001 U.S. Dist. LEXIS 26158 (D. Del. Jan. 29, 2001) ........................................... 11

*Honeywell Int'l, Inc. v. Furuno Elec. Co. Ltd.*,
  2010 U.S. Dist. LEXIS 83707 (D. Minn. July 30, 2010) .......................................... 7

*In re TLI Communications LLC Patent Litigation*,
  No. 14-2534, ECF No. 49 (E.D. Va. July 25, 2014) ................................................. 9

*Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*,
  2014 U.S. Dist. LEXIS 75907 (W.D. Mo. June 4, 2014) ......................................... 6

*Internet Patents Corp. v. eBags, Inc.*,
  2013 U.S. Dist. LEXIS 122868 (N.D. Cal. Aug. 28, 2013) ..................... 6

*LELO, Inc. v. Std. Innovation (US) Corp.*,
  2014 U.S. Dist. LEXIS 87191 (N.D. Cal. June 24, 2014)..................... 12

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
  134 S. Ct. 2111 (2014) ..................................................... 14

*MercExchange, LLC v. eBay, Inc.*,
  500 F. Supp. 2d 556 (E.D. Va. 2007) ....................................... 6

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
  2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013) ........................ 11

*P&G v. CAO Group, Inc.*,
  2014 U.S. Dist. LEXIS 98739 (S.D. Ohio July 21, 2014)..................... 6

*Polaris Indus., Inc. v. BRP US Inc.*,
  2012 U.S. Dist. LEXIS 154479 (D. Minn. Oct. 29, 2012) ................. 11, 13

*Pragmatus AV, LLC v. Facebook, Inc.*,
  2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ............................... 6

*Riverbed Tech., Inc. v. Silver Peak Sys.*,
  2014 U.S. Dist. LEXIS 59382 (N.D. Cal. Mar. 14, 2014)..................... 14

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*,
  2013 U.S. Dist. LEXIS 27067 (N.D. Cal. Feb. 27, 2013) ..................... 12

*Timebase Party Ltd. v. Thomson Corp.*,
  2008 U.S. Dist. LEXIS 21775 (D. Minn. Feb. 7, 2008) ...................... 13

*TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corportation*,
  2013 U.S. Dist. LEXIS 132955 (N.D. Cal. Sept. 16, 2013) ................... 8

*VirtualAgility Inc. v. Salesforce.com*,
  2014 U.S. App. LEXIS 13015 (Fed. Cir. July 10, 2014)...................... 9

*Walker Digital, LLC v. Google, Inc.*,
  2013 U.S. Dist. LEXIS 52176 (D. Del. Apr. 11, 2013)....................... 9

**Statutes**

35 U.S.C. § 102 ............................................................... 4

35 U.S.C. § 103 ............................................................... 4

35 U.S.C. § 271(a) ........................................................... 14

35 U.S.C. § 271(b) ........................................................... 14

35 U.S.C. § 311(a)-(b) ...................................................... 4, 5

35 U.S.C. § 314(a) ........................................................... 5

35 U.S.C. § 314(b) ........................................................... 5

35 U.S.C. § 315(e)(2) ....................................................... 12

35 U.S.C. § 318(a) .......................................................... 12

35 U.S.C. § 6(a)-(c)............................................................................................................ 5

**Other Authorities**

H.R. Rep. No. 112-98 (2011)............................................................................................ 5

**Regulations**

37 C.F.R. § 42.100(c)....................................................................................................... 5

37 C.F.R. § 42.107(a)-(b)................................................................................................. 5

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and
    Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (August
    12, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*)................................................... 4

Defendants Manwin USA, Inc., Manwin Holding, s.a.r.l., Playboy Enterprises, Inc. and General Media Communications Inc. (collectively "Defendants"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of Defendants' Motion to Stay Pending *Inter Partes* Review of U.S. Patent No. 7,548,875 ("the '875 patent" or "patent-in-suit") – the lone patent asserted by Plaintiff Skky, Inc. ("Skky") in the above-captioned actions.

## INTRODUCTION

On August 1, 2014, Defendants filed a Petition for *Inter Partes* Review ("IPR") with the United States Patent and Trademark Office ("PTO") challenging the validity of all asserted claims of the '875 patent.[1] *See* Nosher Aff.[2] ¶ 3. The Petition sets forth new invalidity arguments – including new prior art not previously considered by the PTO – that Defendants believe will invalidate all asserted claims of the patent-in-suit. Precedent confirms that there is a high likelihood the Petition will be granted and that the PTO will assume review of the '875 patent. Indeed, according to PTO statistics, an overwhelming ~85% of all IPR petitions filed to date have been granted. Nosher Aff. Ex. 1; PTO IPR statistics. Prospects here are even greater given the strength of the invalidating art raised in Defendants' Petition. Assuming the Petition is granted, the IPR will conclude with a final determination within one year. Absent a stay from this Court, the present litigations will

---

[1] As set forth in Skky's infringement contentions dated February 24, 2014, Skky alleges that Defendants have variously infringed Claims 1, 2, 5, 15, 17, 19, 21, 22 and 23 of the '875 patent. All of these asserted claims are subject to Defendants' IPR Petition.

[2] Defendants submit the accompanying Affidavit of Todd M. Nosher dated August 6, 2014 ("Nosher Aff.") in conjunction with and in support of this motion.

continue in parallel with the IPR – costing significant time and resources – despite the probability of the asserted claims being held invalid.

Here, all factors weigh heavily in favor of a stay. <u>First</u>, the IPR will simplify the above-captioned litigations by reducing the number of issues to litigate at trial. This holds true regardless of the outcome of the IPR. If all asserted claims of '875 patent are held invalid by the PTO (and affirmed on any appeal), Skky must dismiss these litigations outright. Even if select claims are found unpatentable, the parties will avoid needless litigation of the same. And, should the asserted claims survive review, the estoppel provisions of the Leahy Smith America Invents Act ("AIA") will prevent Defendants from later asserting certain invalidity arguments in the litigations that they raised or could have raised during the IPR. <u>Second</u>, Skky is an admitted non-practicing entity ("NPE") who does not practice the purported technology of the asserted claims and does not compete with any of the Defendants. It has no products or customers. Therefore, Skky will suffer no undue prejudice from a stay. <u>Third</u>, the parties are still in the early stages of litigation. Although Skky filed its original Complaints one year ago, little has taken place substantively in each case. In fact, Skky recently sought leave to amend its pleadings and is now attempting to amend its infringement contentions, demonstrating that Skky is <u>still</u> developing its theories of the case. Because all factors favor a stay, and because IPR is a timely, cost-effective alternative to litigation, Defendants' respectfully request that the Court grant a stay pending *inter partes* review of the '875 patent.

**RELEVANT FACTS**

Plaintiff filed its Complaints on July 31, 2013.[3]  Dkt. No. 1.[4]  Two months later, Defendants consented to the filing of Skky's First Amended Complaints.  Dkt. No. 21.  On November 21, 2013, the Court held its Rule 26 conference and entered a Scheduling Order on December 4, 2014.  Dkt. No. 33.  During that time however, the GMCI action was stayed pursuant to Section 362 of the Bankruptcy Code following GMCI's Voluntary Petition for relief under Chapter 11.  GMCI did not emerge from bankruptcy proceedings until December 2013.  Thus, to maintain uniform schedules, the Court amended the Scheduling Order in <u>all</u> Skky litigations to accommodate the trailing GMCI litigation.  In doing so, the Court adjourned key discovery and claim construction dates – culminating in a new fact discovery deadline of February 27, 2015.

In addition to the adjournments triggered by GMCI's bankruptcy proceedings, significant disputes developed between the parties further impacting the discovery schedule.  For example, in January 2014, Defendants discovered that Skky's litigation counsel, Andrew Parker, was acting as Chief Executive Officer of Skky and that Skky had

---

[3]  In addition to the above captioned cases, Skky has filed six other litigations in this district within the last year including: *Skky, Inc. v. Myxer, Inc.*, No. 13-2070; *Skky, Inc. v. Thumbplay Ringtones, LLC*, No. 13-2072; *Skky, Inc. v. Click Sales, Inc.*, No. 13-2081; *Skky, Inc. v. Reflected Networks, Inc.*, 13-2088; *Skky, Inc. v. Dada Entertainment, Inc.*, 13-2083; and *Skky, Inc. v. Vivid Entertainment, LLC*, No. 13-2087 (collectively, the "Skky Litigations").

[4]  All references to docket entries herein refer to Civil Action No. 13-2086, *Skky Inc. v Manwin USA, Inc. and Manwin Holding, s.a.r.l.* ("the Manwin Dkt."). The documents referenced are also filed in the other above-captioned matters, however the docket numbers differ.

moved its corporate headquarters into the Parker Rosen law firm.[5]  Dkt. No. 37.  Skky's affiliation with Parker Rosen obliterated many of the safeguards the parties negotiated and included in their Protective Order.  *Id.*  Following motion practice, the Court ordered an amendment of the Protective Order prohibiting all Parker Rosen attorneys and staff from accessing Defendants' confidential and highly confidential information.  Only after these safeguards were restored on March 28, 2014, were Defendants able to begin producing confidential discovery.  As a result of the various activities of the parties described, discovery remains far from completion.

### *INTER PARTES* REVIEW

Congress enacted the AIA "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."  *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (August 12, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq*.).  As one of its improvements, the AIA replaced the existing *inter partes* reexamination procedure for challenging post-grant patent validity with a faster, more cost-effective *inter partes* review.  IPR aims "to create a timely, cost-effective alternative to litigation."  *Id.*  Here, any party other than the patent owner can challenge (by petition) the validity of one or more claims of a patent under 35 U.S.C. §§ 102 and/or 103 based on prior art consisting of patents and printed publications.  35 U.S.C. § 311(a)-(b).  The PTO will grant a petition if

---

[5] As the Court is aware, Skky failed to disclose these material facts during the parties' negotiation of the Protective Order.

4

it determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).

IPR is conducted before a panel of three technically-trained Administrative Patent Judges of the newly-formed Patent Trial and Appeal Board ("PTAB") – as opposed to review by a single Examiner in an *inter partes* reexamination (35 U.S.C. §§ 6(a)-(c), 311). The AIA, therefore, converted post-grant review "from an examinational [process] to an adjudicative proceeding."   H.R. Rep. No. 112-98, 46 (2011), reprinted in 2011 U.S.C.C.A.N. 67, 77.   If and when the PTO commences post-grant review, a final determination on invalidity must be issued within one year of the institution date unless there is good cause to extend the period by no more than six months.   37 C.F.R. § 42.100(c).[6]  Such extensions are rare.

## ARGUMENT

### A.    Courts Have Broad Discretion To Issue Stays

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).  A court may grant a stay "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources,

---

[6] Within three months of the petition's filing, a patent owner may submit a preliminary response stating why it believes the PTO should not institute IPR.  The patent owner may also waive its preliminary response to expedite the proceeding.  37 C.F.R. § 42.107(a)-(b). By statute, the PTO must decide whether to institute the IPR within three months of the due date of the patentee's preliminary response.  35 U.S.C. § 314(b).

especially if the evidence suggests that the patents-in-suit will not survive reexamination." *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007). As a corollary, and given "the interests of judicial economy and deference to the PTO's expertise," many courts recognize a "liberal policy in favor of granting stays" pending post-grant review. *Intellectual Ventures II LLC v. Commerce Bancshares, Inc*., 2014 U.S. Dist. LEXIS 75907, at *7 (W.D. Mo. June 4, 2014); *see also Equipements de Transformation IMAC v. Anheuser-Busch Cos.*, 559 F. Supp. 2d 809, 816 (E.D.M.I. 2008) (same); *Internet Patents Corp. v. eBags, Inc*., 2013 U.S. Dist. LEXIS 122868, at *6 (N.D. Cal. Aug. 28, 2013).

Consistent with this liberal policy, district courts routinely grant stays – even when the IPR petition is still pending. *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("[I]t is not uncommon for this court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent."). Courts do so because IPR petitions are so frequently granted. *Brixham Solutions Ltd v. Juniper Networks, Inc*., 2014 U.S. Dist. LEXIS 58770, at *4 (N.D. Cal. Apr. 28, 2014) ("Given the high rate at which the PTO grants petitions for *inter partes* review, even a petition requesting review is likely to simplify the issues in the case, at least where, as here, the petition contains no obvious deficiencies"); *P&G v. CAO Group, Inc.*, 2014 U.S. Dist. LEXIS 98739, at * 7 (S.D. Ohio July 21, 2014) (granting motion to stay pending IPR and holding "[w]hile the PTAB may decline to review the Petitions, the fact that 84% of all Petitions for IPR are granted is a compelling statistic.") (emphasis added); *Intellectual Ventures II LLC*, 2014 U.S. Dist. LEXIS 75907 at *12 ("[A]lthough the PTAB has not yet decided whether to

institute IPR, courts <u>routinely grant stays based on the filing of an IPR petition because the</u> <u>high probability that the request will be granted</u>) (emphasis added).[7]

To determine whether to issue a stay, district courts generally consider three factors: (1) if the stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the litigation and facilitate the trial of that case; and (3) whether discovery is near completion and trial imminent. *Cognex Corp. v. VCode Holdings, Inc.*, 2006 U.S. Dist. LEXIS 98042, at *13 (D. Minn. Dec. 11, 2006) (Graham, J.); *see also Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 2013 U.S. Dist. LEXIS 117718, at *3-4 (D. Minn. Aug. 20, 2013); *Honeywell Int'l, Inc. v. Furuno Elec. Co. Ltd.*, 2010 U.S. Dist. LEXIS 83707 (D. Minn. July 30, 2010); *3M Innovative Props. Co. v. Dupont Dow Elastomers LLC*, 2005 U.S. Dist. LEXIS 44877, at *1 (D. Minn. Sept. 8, 2005)).

**B.**     <u>**All Three Factors Favor A Stay Here**</u>

    **1.**  <u>**No Undue Prejudice or Clear Tactical Advantage**</u>

The mere potential for delay does not in itself establish undue prejudice. *BodyMedia, Inc. v. Basis Sci., Inc.*, 2013 U.S. Dist. LEXIS 82830, at *4 (D. Del. Jun. 6, 2013).  Courts will instead look to a variety of factors to determine prejudice including the

---

[7] Courts cite the speed in which the PTO grants IPR petitions as another compelling reason to issue stays.  *See Brixham Solutions Ltd.*, 2014 U.S. Dist. LEXIS 58770, at n.5 ("[I]n 2013 the PTO took an average of 63 days to [decide whether to institute IPR] rather than the full 90 days permitted by statute. Thus, even if the PTO rejects [challenger's] petition, [patentee] will suffer essentially no prejudice from the brief delay in this case.").

relationship of the litigating parties.[8] *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011). Because Skky is a non-practicing entity, it will suffer no undue prejudice if a stay is granted here. *See e.g*., *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc*., 2014 U.S. Dist. LEXIS 47430, at *16 (D. Del. Apr. 7, 2014). Indeed, "courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Evolutionary Intelligence, LLC v. Facebook, Inc*., 2014 U.S. Dist. LEXIS 9149, at *12-13 (N.D. Cal. Jan. 23, 2014); *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, 2013 U.S. Dist. LEXIS 132955, at *11 (N.D. Cal. Sept. 16, 2013) ("Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.") (citing *Acumed LLC v. Stryker Corp*., 551 F.3d 1323, 1327-28 (Fed. Cir. 2008).

Skky admittedly has no business activities other than attempting to monetize its patent through litigation. It has no products, no sales and no customers. Accordingly, Skky does not compete with any of the defendants that it has sued. Thus, even if Skky could demonstrate prejudice – which it cannot – it can be compensated monetarily for any damages resulting from the stay.[9] *Walker Digital, LLC v. Google, Inc*., 2013 U.S. Dist.

---

[8] Courts will also consider whether a stay was sought in a timely fashion. Here, Defendants requested a meet and confer to discuss a proposed stay the same day Defendants filed their IPR Petition. And Defendants filed the instant motion within days of submitting the Petition – and only hours after learning that Skky would not agree to a stay.

[9] Skky recognized this fact when it chose not to seek a preliminary injunction at the outset of these litigations.

LEXIS 52176, at *7 (D. Del. Apr. 11, 2013) ("because [plaintiff] is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages.").[10]

    The Federal Circuit highlighted this point several weeks ago in reversing a district court's decision against granting a stay pending post-grant review. *VirtualAgility Inc. v. Salesforce.com,* 2014 U.S. App. LEXIS 13015, at *31 (Fed. Cir. July 10, 2014). In writing for the majority, Judge Moore made clear that a stay "will not diminish the monetary damages" that plaintiffs may seek; "it only delays realization of those damages."[11] *Id.* at *31. And discussing facts that mirror Skky's activity to date, Judge Moore explained "[o]n this record, the evidence of competition is weak and the patentee's delays in pursuing suit and seeking preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay. We conclude that the district court clearly erred in concluding that undue prejudice here weighs heavily against granting the stay" and "abused its discretion when it denied the stay." *Id.* at *36. As discussed *infra*, Skky similarly delayed in filing suit and it did not seek preliminary injunctive relief. Thus, for reasons analogous to those cited by the Federal Circuit in *VirtualAgility*, the court should grant a stay here.

---

[10] Skky acknowledges that monetary damages are adequate, which is why it could not seek a preliminary injunction. In its recent motion seeking leave to amend its pleadings, Skky attempted to avoid the *Seagate* rule (requiring a party to seek a preliminary injunction to preserve its claims of post-suit willful infringement) because it does not practice the claimed invention and "does not compete with the defendant[s]." *See* Dkt. No. 106 at 5.

[11] Although *VirtualAgility* addressed a stay pending covered business method ("CBM") review, recent district court decisions demonstrate that the Federal Circuit's opinion is also relevant to stays pending IPR. *In re TLI Communications LLC Patent Litigation*, No. 14-2534, ECF No. 49 (E.D. Va. July 25, 2014).

A stay will likewise offer no clear tactical advantage to Defendants.  Defendants are simply asserting their statutory right to challenge the validity of the asserted claims using a cost-effective alternative to litigation.  Simultaneously moving to avoid parallel proceedings is hardly a tactical ploy.  To the contrary, the requested relief will benefit all parties by conserving time and resources.

Nevertheless, Defendants anticipate that Skky will once again launch allegations of delay – most likely objecting to the timing of Defendants' Petition.  But using the time-period permitted by the AIA to file an IPR petition does not demonstrate a dilatory motive. *Evolutionary Intelligence, LLC v. Twitter, Inc*., 2014 U.S. Dist. LEXIS 28726, at *7 (N.D. Cal. Feb. 25, 2014).  That is particularly true here where Skky did not disclose the asserted claims of the '875 patent until February 24, 2014 (by way of infringement contentions that were, and remain, deficient).[12]  And although Defendants served their Prior Art Statement approximately three months ago, Defendants' Petition included newly found prior art not listed in that Statement.  Finally, any claim of tactical delay is belied by Skky's own delay in asserting its purported intellectual property rights.  Although the '875 patent issued in June of 2009, Skky did not file Complaints in these litigations until <u>over four years later</u>.

---

[12]  Skky infringement contentions are deficient as Skky fails to articulate, *inter alia*, how Defendants allegedly transmit content to a wireless device and does not identify any direct infringer(s) in connection with Skky's alleged claims of indirect infringement.  Moreover, while Skky raises the "doctrine of equivalence [sic]" in the cover pleadings of its contentions, Skky fails to support any assertion of the doctrine of equivalents in its corresponding claim charts.

## 2. IPR Will Reduce or Simplify Issues for Trial

District courts throughout the country have articulated at least seven ways that *inter partes* review will simplify underlying patent infringement litigations:

> There are a number of ways a stay pending *inter partes* review can simplify the issues: (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the [review] may encourage a settlement without further involvement of the court, (5) the record of the [review] would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Destination Maternity Corp. v. Target Corp.*, 2014 U.S. Dist. LEXIS 38148, at *15-16 (E.D. Pa. Mar. 24, 2014); *see also Bonutti Skeletal Innovations, L.L.C.*, 2014 U.S. Dist. LEXIS 47430 at *17-18; *Neste Oil Oyj v. Dynamic Fuels, LLC*, 2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013); *Gioello Enters. Ltd. v. Mattel, Inc.*, 2001 U.S. Dist. LEXIS 26158, at *1 (D. Del. Jan. 29, 2001); *Polaris Indus., Inc. v. BRP US Inc.*, 2012 U.S. Dist. LEXIS 154479, at *8 (D. Minn. Oct. 29, 2012).

This simplification will occur regardless of the outcome of the IPR. *Destination Maternity Corp.*, 2014 U.S. Dist. LEXIS 38148 at *15-16 ("whatever outcome occurs [in the IPR], there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the scope of a modified claim."). If the PTO cancels all of the asserted claims and cancelation is affirmed on appeal, Skky must dismiss these litigations outright. If the PTO cancels only select claims, the parties need not spend time litigating invalid claims. *Robert*

*Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*, 2013 U.S. Dist. LEXIS 27067, at *4 (N.D. Cal. Feb. 27, 2013) (issues simplified by stay even though the PTO rejected reexamination of some of the asserted claims and one patent-in-suit was not subject to a request for reexamination).[13] And should the PTO affirm the asserted claims of the '875 patent, Defendants will be estopped from raising certain invalidity arguments in these actions that it raised or could have raised during the IPR.  35 U.S.C. §§ 315(e)(2), 318(a).

Because Defendants have petitioned for review of <u>all asserted claims</u> of the lone patent-in-suit, there is 100% overlap between the claims that will be reviewed by both the PTO and this Court.  Courts in this district have recognized the importance of such overlapping review.  In *Dane Techs., Inc. v. Gatekeeper Sys., Inc*., Judge Montgomery declined to issue a stay because not all asserted patents were subject to the pending IPR.  Specifically, Judge Montgomery explained that "unlike in *Polaris* where the patents in the plaintiff's complaint were the same patents challenged in *inter partes* review, Gatekeeper has only petitioned for review of two of the three patents in this case.  Even if the PTO decided to review the '836 Patent and the '979 Patent, Dane would still be left with its infringement claim for the '379 Patent languishing and unresolved." *Dane Techs., Inc. v. Gatekeeper Sys., Inc*., 2013 U.S. Dist. LEXIS 117718, at *7-8 (D. Minn. Aug. 20, 2013).  Conversely in *Polaris*, Judge Montgomery granted a stay pending post-grant

---

[13] Notably, "the standard is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Std. Innovation (US) Corp*., 2014 U.S. Dist. LEXIS 87191, at *10 (N.D. Cal. June 24, 2014) ("If this factor turned on LELO's suggestion of an all-or-nothing requirement, the intent of the AIA to streamline patent disputes would be needlessly frustrated, and the ability of district courts to efficiently manage their dockets.").

reexamination because, like here, all of the patents-in-suit were subject to PTO review. *Polaris Indus.*, 2012 U.S. Dist. LEXIS 154479 at *8-9.[14]

Because any outcome of the IPR will simplify and streamline these litigations, the Court should grant Defendants' motion to stay.

### 3. **The Early Stage of this Litigation Favors a Stay**

As for the third factor, the stage of litigation, courts will consider "whether discovery is near completion and trial imminent." *Cognex Corp.*, 2006 U.S. Dist. LEXIS 98042 at *13; *see also Dane Techs.*, 2013 U.S. Dist. LEXIS 117718, at *8; *Polaris Indus.*, 2012 U.S. Dist. LEXIS 154479 at *10. Courts also look to whether claim construction briefing has commenced. *Brixham Solutions Ltd.*, 2014 U.S. Dist. LEXIS 58770 at *5-6 ("Nor has claim construction yet occurred, although the parties have submitted their claim construction briefs. Therefore, this factor also favors entry of a stay."); *Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, 2014 U.S. Dist. LEXIS 81642, at *5 (N.D. Cal. June 16, 2014) ("no claim construction or other substantive briefs have been filed or

---

[14] The present request is unlike others previously considered by this Court. *See Timebase Party Ltd. v. Thomson Corp.*, 2008 U.S. Dist. LEXIS 21775 (D. Minn. Feb. 7, 2008) (Graham, J.); *Cognex Corp.*, 2006 U.S. Dist. LEXIS 98042. In *Timbase Party,* this Court denied a motion to stay pending the *ex parte* reexamination of one of two patents-in-suit asserted in consolidated actions because, *inter alia*, "[t]he PTO issued the [later] patent after considering the <u>same</u> three prior art references at issue in the reexamination [of the earlier patent]"). *Id.* at *8 (emphasis added). But here, Defendants' Petition is based entirely on <u>new</u> invalidity arguments and prior art combinations not previously considered by the PTO. Likewise, in *Cognex Corp.*, this Court denied a request for a stay pending *ex parte* reexamination, recognizing that the patentee "cannot intervene in the reexamination proceeding and has no control over it." *Id.* at 17. However, unlike *ex parte* reexaminations instituted by third parties, the PTO affords patentees direct control over their *inter partes* review defense.

scheduled. . . .[t]hat remains true.  The early stage of this case weighs in favor of a stay");

*Riverbed Tech., Inc. v. Silver Peak Sys.*, 2014 U.S. Dist. LEXIS 59382, at *5 (N.D. Cal.

Mar. 14, 2014) ("This case it is still in its early stages. Claims construction briefing has not

yet been filed. . . ").

Because of the GMCI bankruptcy proceedings and the time spent having to screen

the Parker Rosen firm from Defendants' confidential information; discovery is still far

from complete.  The parties have exchanged and answered limited interrogatories and

requests for admission.  They have also produced, and continue to produce documents on

a rolling basis.  But trial is not imminent; it is not scheduled until November 23, 2015. And

entire forms of discovery have yet to commence (the parties have not yet begun email

discovery under Section III of the Court's ESI Agreement Order <u>and there has not been a</u>

<u>single party deposition to date</u>).  Similarly, claim construction briefing has not yet been

scheduled. The infancy of this case is perhaps best illustrated by Skky's recent efforts to

amend its pleadings and infringement contentions.  Simply put, Skky is still developing its

theory of the case. [15]

---

[15] This is not surprising given the recent Supreme Court decision in *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111 (2014), which upended Skky's existing claims of induced infringement.  In a unanimous decision, the Supreme Court suggested that a defendant may not be liable for inducing infringement under 35 U.S.C. § 271(b) unless one party has committed direct infringement under § 271(a).  Here, Skky's own pleadings acknowledge that numerous third-parties perform at least some of the method steps of the asserted claims.  Therefore, Skky's infringement theory which was already infirm, has now become unsustainable. Recognizing this point, Skky refuses to respond to Defendants June 4, 2014 letter regarding *Akamai* and requesting dismissal of Skky's inducement claims.

With significant discovery looming ahead and Skky's claims of infringement rapidly deteriorating – these litigations are ripe for a stay pending post-grant review of all asserted claims of the '875 patent.

## <u>CONCLUSION</u>

For the forgoing reasons, Defendants respectfully request that the Court grant their Motion to Stay Pending *Inter Partes* Review of the patent-in-suit.

Dated: August 6, 2014

s/ Justi Rae Miller
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
**Berens & Miller P.A.**
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
**Venable LLP**
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com

Tamany Vinson Bentz (Admitted *Pro Hac Vice*)
**Venable LLP**
2049 Century Park E,
Los Angeles, CA 90067
Telephone:  (310) 229-9900
Facsimile: (310) 229-9901
tjbentz@venable.com

*ATTORNEYS FOR DEFENDANTS Manwin USA, Inc.,*
*Manwin Holding, S.A.R.L., Playboy Enterprises, Inc., and*
*General Media Communications, Inc.*