# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | Case No. 13-2086 (PJS/JJG) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING INTER PARTES REVIEW OF THE PATENT-IN-SUIT** |
| Manwin USA, Inc., and Manwin Holding, s.a.r.l, | |
| Defendants. | |

| | |
|---|---|
| Skky, Inc., | |
| Plaintiff, | Case No. 13-2089 (PJS/JJG) |
| v. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |

| | |
|---|---|
| Skky, Inc., | |
| Plaintiff, | Case No. 13-2085 (PJS/JJG) |
| v. | |
| General Media Communications, Inc., | |
| Defendant. | |

| | |
|---|---|
| Skky, Inc., | |
| Plaintiff, | Case No. 13-2087 (PJS/JJG) |
| v. | |
| Vivid Entertainment, Inc., | |
| Defendant. | |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES..................................................................................ii

INTRODUCTION ........................................................................................... 1

BACKGROUND AND RELEVANT FACTS................................................... 1

BACKGROUND AND RELEVANT FACTS................................................... 1

II.   DEFENDANTS' NUMEROUS MOTIONS HAVE FORCED SKKY
       TO ENGAGE IN EXTENSIVE MOTION PRACTICE TO OBTAIN
       RESPONSIVE DISCOVERY ...................................................................... 4

III.  DEFENDANTS FILED A LAST-MINUTE PETITION FOR INTER
       PARTES REVIEW WITHOUT ANY WARNING ...................................... 4

ARGUMENT................................................................................................... 5

I.    STAYING THIS ACTION WOULD CAUSE UNDUE PREJUDICE
       TO SKKY AND PROVIDE A CLEAR TACTICAL TO
       ADVANTAGE DEFENDANTS ................................................................. 6

       A.   A Stay Would Unfairly Advantage Defendants ................................. 6

       B.   A Stay Would Unduly Prejudice Skky............................................. 8

II.   THE PROGRESS MADE IN THESE CASES DOES NOT
       WARRANT STAYING THE PROCEEDINGS ....................................... 11

III.  SIMPLIFICATION OF THE ISSUES IS ENTIRELY SPECULATIVE.................. 12

IV.  DEFENDANTS WILL NOT SUFFER HARDSHIP OR INEQUITY IF
       THE STAY IS DENIED............................................................................ 16

CONCLUSION ............................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Automatic Mfg. Sys. v. Primera Tech., Inc.*,
   12-cv-1727, 2013 U.S. Dist. LEXIS 67790 (M.D.Fla. May 13, 2013) .................... 7, 13

*Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*,
   10-cv-2863, 2011 U.S. Dist. LEXIS 82665 (N.D. Cal. July 28, 2011) ........................ 10

*CDX Diagnostics, Inc. v. US Endoscopy Group, Inc.*,
   13-cv-5669, 2014 U.S. Dist. LEXIS 84992 (S.D.N.Y. June 20, 2014) ........... 6, 7, 10, 13

*Colorado River Water Conservation District v. U.S.*,
   424 U.S. 800 (1976) ...................................................................................................... 6

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*,
   12-cv-2730, 2013 U.S. Dist. LEXIS 117718 (D.Minn. Aug. 20, 2013).... 6, 8, 10, 13, 14

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,
   2014 U.S. Dist. LEXIS 81090 (N.D. Cal. June 11, 2014) ........................................... 15

*Freeny v. Apple Inc.*,
   13-cv-361, 2014 U.S. Dist. LEXIS 99595 (E.D. Tex. July 22, 2014)6, 8, 9, 10, 12, 13, 14, 15

*Horton, Inc. v. Kit Masters, Inc.*,
   08-cv-6291, 2009 U.S. Dist. LEXIS 47245 (D.Minn. June 5, 2009) ........................ 8, 13

*Intellectual Ventures II LLC v. JP Morgan Chase & Co.*,
   1:13-cv-3777-AKH, D.I. 154 (S.D.N.Y., Aug 11, 2014) ....................................... 6, 7, 8

*Landis v. North American Co.*,
   299 U.S. 248 (1936) .................................................................................................... 16

*Segin Sys. v. Stewart Title Guar. Co.*,
   13-cv-190, 2014 U.S. Dist. LEXIS 45595 (E.D.Va. March 31, 2014) ........................ 13

*SoftView LLC v. Apple Inc.*,
   10-cv-389, 2012 U.S. Dist. LEXIS 104677 (D.Del. July 26, 2012) ............................ 12

*Timebase Party Ltd. v. Thompson Corp.*,
   07-cv-4551, 2008 U.S. Dist. LEXIS 21775 (D.Minn. Feb. 12, 2008) .......................... 16

*Ultratec, Inc. & Captel, Inc. v. Sorenson Communs., Inc.*,
   13-cv-346, 2013 U.S. Dist. LEXIS 162459 (W.D.Wisc. Nov. 14, 2013).................... 6, 9

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F.Supp.2d 1028 (C.D. Cal. 2013) .......................................................................... 10

*VirtualAgility Inc. v. Salesforce.com*
  2014 U.S. App. LEXIS 13015  (Fed. Cir. July 10, 2014) ............................................ 10

**Statutes**

35 U.S.C. § 112 ................................................................................................... 3, 15

35 U.S.C. § 311 ...................................................................................................... 15

35 U.S.C. § 314(b) ................................................................................................... 5

35 U.S.C. § 315(b) ................................................................................................... 5

35 U.S.C. § 315(e) .................................................................................................. 15

35 U.S.C. § 316(a)(11) ......................................................................................... 5, 9

35 U.S.C. § 319 .................................................................................................... 5, 9

**INTRODUCTION**

Plaintiff Skky, Inc. ("Skky") opposes the Motion to Stay Pending *Inter Partes* Review ("IPR") of the Patent-in-Suit ("Motion to Stay") filed by Defendants Manwin USA, Inc., Manwin Holding, s.a.r.l., Playboy Enterprises, Inc., General Media Communications Inc., Vivid Entertainment, Inc. (collectively, "Defendants") because the Motion seeks to provide a tactical advantage of delay for Defendants. Indeed, Defendants waited until the last possible moment to file the petition. Moreover, these cases are at an advanced stage of litigation and the USPTO has not yet made a decision to institute an IPR. Even if it does, any USPTO proceeding would not be complete until long after trial is scheduled in these cases. Lastly, a stay will not simplify the issues in the case because there are numerous claims and defenses that cannot be resolved in the inter partes review, and not all of the Defendants have joined the inter partes petition.

The Motion should be denied.

**BACKGROUND AND RELEVANT FACTS**

**I.      THIS CASE HAS PROCEEDED MORE THAN HALF-WAY THROUGH PRETRIAL AND IS ON-COURSE FOR A NOVEMBER 2015 TRIAL.**

Skky, Inc. is the holder of U.S. Patent No. 7,548,875 (the "'875 Patent"). The '875 Patent claims priority to June 2001. In 2000 and 2001, the "mobile web" was still rudimentary, and much of the available services in the United States and elsewhere were text-based. Mr. Mikkelsen's and Dr. Freidson's invention was a response to a need to deliver content rich media files to mobile devices. As part of the inventors' initial work, they developed a prototype phone that could receive and play back content rich audio. As a result, Mr. Mikkelsen and Dr. Freidson applied for and were awarded the '875 Patent, claiming a method of compressing digital, storing, and transmitting digital files to a wireless device means.

On July 31, 2013, Skky filed its complaints against Defendants for patent infringement.  Since the beginning of these lawsuits, Skky has been proactive in litigating the cases in accordance with the deadlines in the Court's Scheduling Order in preparation for trials scheduled to begin in November 2015.  *See, e.g.*, Manwin D.I. 76.  Discovery is well underway, and the cases are halfway through the pretrial proceedings.

Skky timely provided its infringement contentions and later amended to include websites and information that was obtained from Defendants in discovery to support Skky's allegations of infringement of the '875 Patent. Skky accordingly amended its existing infringement charts, and provided additional charts, to reflect this newly discovered information.  Schultz Decl. ¶ 3. Skky also timely moved to amend its pleadings to include claims for willful infringement. *See, e.g.* Manwin D.I. 104. Contrary to Defendants' arguments, Skky has supported its infringement claims and theories with the discovery it obtained.

Fact discovery began in October 2013, when Skky served its discovery requests on Defendants.  Skky has also diligently fulfilled its discovery obligations in a timely fashion.  Skky's document production is substantially complete, and Skky has answered to Defendants' interrogatories. Schultz Decl. ¶ 4.  Skky has diligently requested discovery.  But Defendants unfortunately have not adequately responded to numerous requests. Schultz Decl. ¶ 5. Consequently, Skky has been unable to take a deposition – not because the case has failed to progress, but due to Defendants' own delay. *Id.*  Skky has made every effort to pursue discovery from Defendants and expects it to be completed by the February 2015 date set forth in the Scheduling Order.

As stated above, Skky provided its infringement contentions in the numerous infringement charts it served detailing its infringement theories, without the benefit of

2

any discovery from Defendants. Schultz Decl. ¶ 6. Defendants replied to those charts, and provided their prior art statements. Schultz Decl. ¶ 7. Defendants also alleged that the claims are invalid based on other grounds, such as lack of written description under 35 U.S.C. § 112. *Id*. Skky responded promptly, detailing why each piece of prior art did not invalidate the '875 patent. *Id*.

Claim construction proceedings have also progressed according to schedule. On July 28, 2014, the parties identified terms that each party believed needed construction. Schultz Decl. ¶ 8.  On August 12, the parties exchanged proposed constructions of the identified terms, along with any extrinsic evidence that they intended to rely upon. *Id*. The parties are scheduled to submit a joint claim construction statement to the Court prior to September 9, 2014, and request a date for a claim construction hearing.  *See, e.g.*, Manwin D.I. 76.

Further, Defendants have engaged in extensive third party discovery, and served four subpoenas on the third parties. Schultz Decl. ¶ 9.   Defendants also received document production from two third parties and conducted one deposition of a third party witness. *Id*.

Contrary to Defendants' arguments, this case is not in its infancy.  Indeed, to the extent fact discovery has not progressed further, it is due to Defendants' refusal to comply with their discovery deadlines and obligations.  This case can and should continue on its pretrial course and proceed to trial in November 2015.

## II.   DEFENDANTS' NUMEROUS MOTIONS HAVE FORCED SKKY TO ENGAGE IN EXTENSIVE MOTION PRACTICE TO OBTAIN RESPONSIVE DISCOVERY.

Although substantial progress has been made, Defendants have filed numerous motions to delay their production of relevant, responsive information.  The Court has denied these motions.  These include the following:

- On March 13, 2014, Defendants moved for a protective order seeking withold responsive technical documents due to a Quebec Court Order.  *See, e.g.*, Manwin D.I. 55.  The Court denied Defendants' motion. *See, e.g.*, Manwin D.I. 73.

- On June 25, 2014, Defendants once again moved for a protective order, this time to postpone damages discovery until liability was established.  *See, e.g.*, Manwin D.I. 77.  The Court denied the motion and ordered Defendants to produce financial documents by August 8th, 2014  *See, e.g.*, Manwin D.I. 101.

However, Defendants' production remains deficient.  Despite the Court's explicit order, Defendants financial production consisted of only seven documents total. Schultz Decl. ¶ 10. Skky has still not received Defendants' responsive technical documents, although its requests have been pending since October 2013. *Id.*

## III.   DEFENDANTS FILED A LAST-MINUTE PETITION FOR INTER PARTES REVIEW WITHOUT ANY WARNING.

Although this case has been litigated for the last year, Defendants Manwin, Playboy, and GMCI filed a request for inter partes review with the USPTO on August 1, 2014 without providing any prior notice to Skky or this Court.[1] A party may not petition for IPR more than one year after being served with a complaint alleging infringement of

---

[1] Notably, Defendant Vivid is not a party to the IPR petition, despite joining the other Defendants' motion to stay.  As such, Vivid may argue that it is not be bound by the estoppel provisions of the IPR.  *See* Section III *infra*.

4

the patent to be reviewed. 35 U.S.C. § 315(b).   Defendants waited as long as possible before petitioning the USPTO, and filed their petition for review on the last possible day before the one-year bar for filing such petition would have been reached.

At this time, Defendants only have a petition for IPR - the USPTO has not decided to institute the IPR based on that petition.  The USPTO may not make its decision to accept or deny the petition until February 2015.  35 U.S.C. § 314(b)  If the USPTO institutes an IPR, a final decision from the USPTO may not occur until February 2016, and could be determined as late as August 2016. 35 U.S.C. § 316(a)(11) .  The losing party to the IPR would have the ability to appeal the final decision to Federal Circuit, extending the potential resolution of the IPR into 2017.  35 U.S.C. § 319.  In contrast, the Scheduling Order sets these cases for trial in November 2015, almost an entire year before the USPTO proceedings may resolve.  *See, e.g.*, Manwin D.I. 76.

Defendants' IPR petition is primarily based on prior art that was already considered by the examiner during the prosecution of the '875 Patent, the Rolf patent (U.S. 7,065,342).  *See* Schultz Decl. Ex. 1. Examiners' reasons for allowance. Importantly, Defendants have been aware of the Rolf patent since at least the filing of this lawsuit.  In addition, Defendants did not cite any of the references included in the petition, such as Rolf, in their prior art statement.

## ARGUMENT

When deciding whether to issue a stay pending review proceedings before the USPTO, courts generally consider three factors:  1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; 2) the stage of the proceedings; and 3) whether a stay will simplify the issues in the litigation.  *See Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 12-cv-2730, 2013 U.S. Dist. LEXIS 117718 (D.

Minn. Aug. 20, 2013); *CDX Diagnostics, Inc.* 2014 U.S. Dist. LEXIS 84992 .  In

considering whether to impose a stay, a court must balance each interest "while keeping

in mind the 'virtually unflagging obligation of the federal courts to exercise …

jurisdiction' in cases properly before them, absent exceptional circumstances."  *Ultratec,*

*Inc. & Captel, Inc. v. Sorenson Communs., Inc.*, 13-cv-346, 2013 U.S. Dist. LEXIS

162459, at *6 (W.D. Wisc. Nov. 14, 2013) (*citing Colorado River Water Conservation*

*District v. U.S.*, 424 U.S. 800, 817 (1976)).

I.   **STAYING THIS ACTION WOULD CAUSE UNDUE PREJUDICE TO**
     **SKKY AND PROVIDE A CLEAR TACTICAL TO ADVANTAGE**
     **DEFENDANTS**

Skky has the right to enforce the claims of its patent and has consistently sought to

efficiently and expeditiously advance this litigation.  Staying the case, without any

indication that the USPTO will grant IPR, accomplishes nothing beyond delaying the

adjudication of Skky's claims.  Indeed, Defendants waited until the very last day possible

to file their IPR petition, without notifying . This behavior weighs against granting a stay.

*See Freeny v. Apple Inc.*, 13-cv-361, 2014 U.S. Dist. LEXIS 99595, at *6 (E.D. Tex. July

22, 2014) (denying a motion to stay partially because the defendant "waited for a year

after the complaint was filed to petition for inter partes review").  Granting a stay at this

time would advantage Defendants and prejudice Skky.

A.   **A Stay Would Unfairly Advantage Defendants.**

Defendants' would obtain a clear tactical advantage if a stay is granted.  *See*

*Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, 1:13-cv-3777-AKH, D.I. 154

(S.D.N.Y., Aug 11, 2014) attached herein as Schultz Decl. Ex. 2.  In *Intellectual*

*Ventures*, the patent holder, a non-practicing entity, sued JP Morgan, and a number of

other banks, for patent infringement.  *Id*. at 2.  A petition for IPR was filed against the

patent-in-suit and was granted by the USPTO. *Id.* Although, in that case, the USPTO

decided to institute IPR proceedings, the court denied the defendant's motion to stay the

case, in part because doing so would provide deprive the patent holder of "the benefit

promised by the Federal Rules of Civil Procedure – a just, speedy and inexpensive

determination of every action and proceeding," which would provide the accused

infringer with a distinct tactical advantage. *Id.* at 6. In addition, the defendants would

have "the advantage of delay and continued utilization of patented devices and systems"

during the course of the stay. *Id.*

 As in *Intellectual Ventures*, further delaying the case would deprive Skky of a just,

speedy, and inexpensive determination of its claims and advantage Defendants. Here,

unlike in *Intellectual Ventures,* Defendants seek a stay before the USPTO determine

whether it will institute IPR on the '875 patent. Rather, Defendants have requested the

stay simply because they have filed a petition. In essence, Defendants seek to place Skky

in "a kind of limbo that requires the court and the parties to wait while the USPTO makes

its decision. If it chooses not to proceed, then this action will have been left languishing

on the Court's docket . . ." See *Automatic Mfg. Sys. v. Primera Tech., Inc.*, 2013 U.S.

Dist. LEXIS 67790, at *7 (M.D. Fla. May 13, 2013). Such delays are particularly

harmful in patent cases, which require a great deal of "early substantive disclosure in

order to efficiently manage discovery and pretrial motion practice." *Id.* (internal citations

and quotations omitted).

 There is "no *per se* rule that patent cases should be stayed pending IPR, because

such a rule would invite parties to unilaterally derail litigation." *CDX Diagnostics, Inc. v.

US Endoscopy Group, Inc.*, 13-cv-5669, 2014 U.S. Dist. LEXIS 84992 at *7 (S.D.N.Y.

June 20, 2014). (internal citation and quotations omitted). Indeed, district courts

regularly deny requests for a stay before the USPTO has determined whether it will grant a petition.  *See, e.g. Dane Techs., Inc.*, 2013 U.S. Dist. LEXIS 117718, at *8 (denying a defendants' motion to stay pending inter partes review because the court would be "[w]aiting for the PTO to make its initial decision is a delay, the benefit of which is uncertain."); *Horton, Inc. v. Kit Masters, Inc.*, 08-cv-6291, 2009 U.S. Dist. LEXIS 47245 (D. Minn. June 5, 2009) (denying a stay pending consideration of a petition for reexamination); *Freeny*, 2014 U.S. Dist. LEXIS 99595, at *5-6 ("the majority of courts … have postponed ruling on stay requests or have denied stay requests when the [USPTO] has not yet acted on the [IPR] petition for review.") (citing cases).  *Compare Intellectual Ventures II LLC v. US Bancorp*, 0-13-cv-02071 (D. Minn. Aug 7, 2014) ( a stay was granted only *after* the IPR proceedings had been instituted by the USPTO) attached herein as Schultz Decl. Ex. 3.

A stay would provide Defendants with a clear tactical advantage in the litigation by furthering delaying a determination on the merits as to Defendants' infringement of the '875 Patent.  This case has proceeded steadily forward for one full year, expending the resources of both the parties and the Court.  Defendants waited until the last possible moment, after Skky provided infringement contentions, responses to prior art, substantial discovery, and proposed claim construction terms, to file the petition for the IPR. Further, the fact that Defendants moved to stay the case before the USPTO decided to institute IPR supports a determination that Defendants are seeking a stay to gain a tactical advantage over Skky.

## B.    A Stay Would Unduly Prejudice Skky.

Staying the case would prejudice Skky in a number of ways.  First, Skky will be prejudiced as a result of Defendants' last minute filing of its IPR petition, because any

USPTO proceeding will resolve long after this case is scheduled to be tried before a jury. In the unlikely event that the USPTO grants the IPR petition (possibly in February 2015), the review will conclude within one year of that grant, plus an additional extension of up to six months. *See* 35 U.S.C. § 316(a)(11). Accordingly, excluding any appeal of the USPTO decision,[2] an IPR may take up to 24 months to complete from filing to resolution. This delayed result is a stark contrast to the goal of just, speedy, and inexpensive determinations contemplated by the Federal Rules of Civil Procedure and this Court's Scheduling Order. Thus, a stay prejudices Skky by denying its right to prosecute its case in a timely manner. *See Ultratec, Inc. & Captel, Inc.*, 2013 U.S. Dist. LEXIS 162459, at *8-9.

The *Freeny* court emphasized the important role delay in petitioning for IPR plays in determining whether a stay is appropriate. In *Freeny*, the defendants waited a full year to file for IPR. *Freeny,* 2014 U.S. Dist. LEXIS 99595, at *9. Further, the IPR was filed months after the defendants served their invalidity contentions. *Id.* In addition, the Defendants moved to stay the case before the USPTO had granted its petition. *Id.* The court ruled that the defendants' delay was significant enough to be considered another factor beyond the three traditional factors for determining whether to grant a stay. *Id.* Accordingly, the motion to stay was denied. *Id.* at *10.

This case is analogous to *Freeny*. As in *Freeny*, Defendants' pattern of delay prejudices Skky. Here, Defendants waited until the last day possible to petition for IPR, long after it served its invalidity contentions. Defendants also filed their motion to stay before the USPTO decided to begin IPR proceedings. This was insufficient to stay the case in *Freeny*, and it is insufficient to stay the case here.

---

[2] Any party to an inter partes review has the statutory right to appeal the Patent Trial and Appeal Board's decision. 35 U.S.C. § 319.

Although Skky has substantially completed its document production, Defendants have not.  Notably, Defendants have not provided Skky documents sufficient to identify all third parties who may have information relevant to Skky's claims.  As time passes, there is a greater chance that evidence, particularly third party evidence, will be lost.  In denying a defendant's motion to stay pending IPR, the *Freeny* court acknowledged that, even if the loss of evidence is speculative, the risk that it may occur cuts in favor of denying a stay. *Freeny*, 2014 U.S. Dist. LEXIS 99595, at *7.

Lastly, Defendants reliance on *VirtualAgility Inc. v. Salesforce.com* is misplaced as that case involved a petition for covered business method review.  2014 U.S. App. LEXIS 13015  (Fed. Cir. July 10, 2014).  Unlike IPRs, the statutory framework and legislative impose a heighten analysis on courts regarding a request to grant a stay. Defendants have not filed a petition for covered business method review here.  Thus, the analysis is different than that present in *VirtualAgility*.

The tangential arguments raised in *VirtualAgility* are equally unavailing. Numerous courts have found that it is irrelevant that Skky did not seek a preliminary injunction as to whether Skky would suffer prejudice by granting a stay. *See, e.g. Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*, 10-cv-2863, 2011 U.S. Dist. LEXIS 82665, at *17 (N.D. Cal. July 28, 2011) (ruling that failure to seek an injunction should weaken opposition to a stay motion, because the court would "not hold against [the patent holder] its decision to spare the parties more litigation."); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1034 (C.D. Cal. 2013) (citing *Avago* for same); *CDX Diagnostics, Inc.*, 2014 U.S. Dist. LEXIS 84992, at *14-15 (citing *Avago* and *Universal* for same).  Nor is it relevant when Skky chose to file its complaints. *See Dane Techs., Inc.*, 2013 U.S. Dist. LEXIS 117718, at *7, n. 5 (rejecting the argument

that a patent holder cannot claim prejudice because it delayed bringing its lawsuit for many years, this Court reasoned a patent holder's "alleged delay is not relevant to [defendant]'s delay in seeking inter partes review."). Further delaying its resolution would unduly prejudice Skky and waste the resources of both parties.

Skky will suffer undue hardship and prejudice by a granting of the stay. While Defendants solely focus on potential damages that may be awarded, they ignore the substantial efforts and energies that the parties have expended to date in these cases. In balance, this factor weighs in favor of denying the stay.

## II.   THE PROGRESS MADE IN THESE CASES DOES NOT WARRANT STAYING THE PROCEEDINGS

Despite the efforts of Defendants to delay this litigation, these cases are sufficiently advanced to weigh against a stay. Substantial discovery has been completed and trial is set for November 23, 2015. Skky has substantially completed its document production and responded to numerous interrogatories. Defendants have conducted third-party discovery and taken a third party deposition. The parties have also exchanged infringement and invalidity contentions, responses to the same, and proposed claim constructions. The parties are only weeks away from filing their joint claim construction statement and requesting a claims construction hearing. Claim construction briefing should begin soon after.

This case has been hotly litigated since its inception. Defendants have filed several motions in an attempt to withhold responsive discovery, all of which have been denied. Although a great deal of time was dedicated to resolving these issues, the cases are currently proceeding forward according to this Court's schedule. And, importantly, effort was expended to resolve the issues and advance the case. Courts have recognized that a stay is not justified when substantial resources are already invested into the case. *See*

*Freeny*, 2014 U.S. Dist. LEXIS 99595, at *7-8 (denying a request for a stay pending IPR, the court noted "much of the expense of discovery and preparation for claim construction has already been incurred."); *SoftView LLC v. Apple Inc.*, 10-cv-389, 2012 U.S. Dist. LEXIS 104677, at *12 (D.Del. July 26, 2012) ("the economies that might otherwise flow from granting a stay early in a case are somewhat offset by the substantial resources already incurred by both the parties and the Court in this litigation. Substantial time and resources have been devoted in this case to scheduling and the resolution of discovery disputes…").  Because this case has advanced substantially, requiring the parties and this Court to expend considerable resources, Defendants' request for a stay should be denied.

Additionally, the stage of litigation "must be balanced against the stage of the [USPTO] proceedings." *SoftView*, 2012 U.S. Dist. LEXIS 104677, at *12.  Here, Defendants filed their petition for IPR on August 1, so the USPTO may not even decide whether to grant it until February 2015.  By that time, fact discovery will have concluded and other pretrial events have occurred.  Even if the USPTO grants the IPR petition, the IPR proceedings may not conclude until late 2016, not including the time of any appeal. This is nearly one year after the jury trials are scheduled to conclude.  The most efficient and timely way to resolve the dispute between the parties is to move this litigation forward to a resolution.  Staying the case to start fresh before the USPTO will only prolong this litigation far beyond the schedule set by this Court.  Thus, this factor weighs against a stay.

## III.   SIMPLIFICATION OF THE ISSUES IS ENTIRELY SPECULATIVE

Courts have recognized that for this factor "the critical question is not whether [USPTO] review would simplify the issues in question, but whether a stay of this action would do so.  At this stage, it is difficult to predict the impact of a stay because it is

completely unknown whether or not that review will occur." *Segin Sys. v. Stewart Title Guar. Co.*, 13-cv-190, 2014 U.S. Dist. LEXIS 45595, at *10 (E.D. Va. March 31, 2014). A stay will not simplify any issue in question here, and Defendants have not offered any reasons.  As such, this factor weighs against a stay.

Defendants' motion rests on the flawed "assumption that the [USPTO] will review the case." *Dane Techs., Inc.*, 2013 U.S. Dist. LEXIS 117718, at *5.  Because there is no guarantee the USPTO will institute IPR proceedings, district courts across the country have denied requests to stay litigation while a petition is pending.  *See id.* at *9; *Horton, Inc.*, 2009 U.S. Dist. LEXIS 47245, at *2 (declining to stay a case pending reexamination, the court reasoned, "Anyone can ask that a patent be reexamined; the mere fact that a litigant has asked the PTO to reexamine a patent does not mean that the patent is likely to be found invalid.").  *See also Freeny*, 2014 U.S. Dist. LEXIS 99595, at *5-6 ("the majority of courts … have postponed ruling on stay requests or have denied stay requests when the [USPTO] has not yet acted on the petition for review.") (citing cases); *CDX Diagnostics, Inc.*, 2014 U.S. Dist. LEXIS 84992, at *9 (citing cases); *Segin Sys.*, 2014 U.S. Dist. LEXIS 45595, at *10 ("At this stage, it is difficult to predict the impact of a stay because it is completely unknown whether or not that review will occur.") (citing cases); *Automatic Mfg. Sys*, 2013 U.S. Dist. LEXIS 67790, at *7 ("it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for inter partes review was filed in the USPTO.").  Unless the USPTO institutes IPR proceedings, the issues at hand will not be simplified.

Nevertheless, Defendants' claim that the IPR will simplify the issues of this litigation is entirely speculative. First, the USPTO has not determined if it will grant

Defendants' IPR petition. This Court has recognized that whether an issue is simplified by a stay is dependent on the USPTO's grant of IPR. *See Dane Techs., Inc.*, 2013 U.S. Dist. LEXIS 117718, at *7 (rejecting the argument that a USPTO decision could have preclusive effects and thereby simplify the issues, this Court reasoned, "whether the [USPTO] will initiate inter partes review is speculative."). In fact, "[i]f the [IPR] petition is denied, the stay would contribute not at all to simplifying the issues before the Court." *Freeny*, 2014 U.S. Dist. LEXIS 99595, at *8. Thus, Defendants cannot claim with any certainty that the issues implicated in this litigation will be simplified prior to the institution of the IPR proceedings.

Defendants reliance on statistics relating to the percentage of IPR petitions granted by the USPTO does not justify a stay at this stage of the litigation proceedings. *See* Motion to Stay, at *1; Nosher Aff. Ex. 1. Defendants' presentation of the statistics on the total percentage of IPR petitions granted to date ignores the gradual increase of IPR petitions the USPTO must field and the actual *decline* in the percentage of IPR petitions. Courts have found these statistics to be irrelevant because:

> *Those statistics, however, are based on a relatively small sample; in the Court's view, it would be speculative to extrapolate from those initial numbers, expecting that the percentage of granted petitions would remain the same in the future.* **Indeed, even the defendants' statistics show a significant fall-off in the percentage of granted petitions between fiscal year 2013 and fiscal year 2014. That factor does not constitute a persuasive reason for the Court to grant a stay before the [USPTO] has acted on the petition.**

*Freeny*, 2014 U.S. Dist. LEXIS 99595, at *8-9 (emphasis supplied). In this case, the statistics are particularly irrelevant in light of the advanced stage of these cases and Defendants' primary reliance on prior art that was fully vetted by the USPTO.

Second, even if the IPR petition is granted, such a procedure is limited to addressing invalidity for anticipation or obviousness on the basis of printed publications and patents.  *See* 35 U.S.C. § 311.  In this case, Defendants have asserted an affirmative defense of invalidity under 35 U.S.C. § 112, which the USPTO cannot review.  *See* Answer, Affirmative Defenses, and Counterclaims, at *5 (Dkt. 25).  Further, Defendants have asserted affirmative defenses of laches, estoppel, and unclean hands, which also cannot be addressed by the USPTO.  *See id*. at *6.  Nor can the USPTO resolve issues of infringement or damages.  Unless the USPTO invalidates all the claims of the '875 Patent (which is highly unlikely), these issues will remain for this Court to decide after the stay is lifted.

Third, not all of the Defendants in the pending cases have joined the IPR.  Vivid Entertainment, Inc. ("Vivid") is not one of the petitioners on the IPR.  As such, Vivid could argue that it is not bound by the determination of the USPTO on the petition.  And Vivid could allege it is not subject to the estoppel provision in IPRs that a petitioner is barred from raising grounds that it did or reasonably could have raised in the IPR in a district court action.  35 U.S.C. § 315(e).  Indeed, courts have conditioned the granting a motion to stay on the assumption of IPR estoppel to the party who was not a petitioner on the IPR request. *Evolutionary Intelligence, LLC v. Millenial Media, Inc*., 2014 U.S. Dist. LEXIS 81090 at *13-14 (N.D. Cal. June 11, 2014).  As such, Vivid might raise arguments as to invalidity that are not subject to the IPR estoppel.  Thus, the IPR will not have simplified any issue as the Court will be left with deciding issues that were already presented to the USPTO.

In view of the stage of litigation as compared to the IPR proceeding, the most efficient, effective method to resolve the disputes between the parties is for the litigation

before this Court to proceed.  A stay will not simplify the issues as there are numerous issues that will not be resolved in the IPR, such as infringement.  A stay accomplishes nothing beyond further delaying this litigation, such that this factor weighs against a stay.

## IV.   DEFENDANTS WILL NOT SUFFER HARDSHIP OR INEQUITY IF THE STAY IS DENIED.

A "party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'"  *Timebase Party Ltd. v. Thompson Corp.*, 07-cv-4551, 2008 U.S. Dist. LEXIS 21775, at *7 (D. Minn. Feb. 12, 2008) (Graham, J.) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  If a stay is granted, Skky will be harmed in a number of ways as detailed in Sections I – III, *supra*.  In addition, Defendants have failed to prove that they will suffer any hardship or inequity if the case continues.

Defendants' allege that continuing this litigation simultaneously with the IPR proceeding, will "cost[ ] significant time and resources" resulting in prejudice to Defendants.  Motion to Stay, at *1-2.  However, for the past year, the parties vigorously litigated the case and expended resources to move the case towards trial. During that time, Defendants did not petition for IPR, nor did they ever suggest, to Skky or the Court, that they would be seeking IPR. Instead, Defendants chose to petition for IPR on the last day possible, one full year after this case commenced.  Thus, Defendants' argument that continuing the case would cause them hardship or inequity lacks support.

As mentioned above, Defendants' petition is based on primarily on prior art discussed at great length in the prosecution history of the '875 Patent, and have been known to Defendants since early in this lawsuit.  The Rolf patent, which is the basis for half of the grounds raised in the IPR, was thoroughly considered by the Examiner during

prosecution.  Indeed, in the Notice of Allowance, the Examiner provides a detailed discussion of why Rolf does not invalidate the claims of the '875 Patent.  Schultz Decl. Ex. 1.

Moreover, Defendants did not cite any of the references relied upon in the IPR in their prior art statement provided in these cases.  Defendants assertion that they just learned of the references is entirely misleading.  As discussed, Rolf was cited on the face of the '875 Patent and thoroughly considered during prosecution.  The MP3 guide relied upon by Defendants in the IPR was cited by Skky in its infringement contentions served in February 2014 – before Defendants' invalidity contentions were due.

Significantly, the USPTO has not accepted Defendants' petition.  As such, there is no assumption or guarantee that IPR proceedings will even occur.  Thus, at this point in time, this case should stay on course per this Court's Amended Scheduling Order.

## CONCLUSION

None of the factors favor granting a stay, especially before the USPTO has granted Defendants' IPR petition. After a year of substantial effort expended in this action, a stay would permit Defendants to unilaterally derail litigation.  A stay will cause substantial prejudice to Skky in precluding its ability to enforce its patent rights while providing a clear tactical advantage to Defendants.  The litigation is in a more advanced stage with trial to occur in almost one year as compared unknown status of the IPR petition, which may not even be granted.  Lastly, a stay will not simplify the issues as the IPR has not been instituted and cannot resolve numerous other issues between the parties.   For these reasons, Plaintiff Skky, Inc., respectfully requests this Court deny Defendants' Motion to Stay.

Dated:    August 13, 2014

**ROBINS, KAPLAN, MILLER & CIRESI, LLP**

By: *s/Ryan M. Schultz*
Ronald J. Schutz (0130849)
Becky R. Thorson (0254861)
Ryan Schultz (0392648)
Benjamen Linden (0393232)
William Bornstein (0392098)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone:  (612) 349-8500

**PARKER ROSEN, LLC**

Daniel N. Rosen (0250909)

888 Colwell Building, 123 3rd St. N.
Minneapolis, MN 55401

*Attorneys for Plaintiff Skky, Inc.*