**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Skky, Inc., | Case No. 13-2086 (PJS/JJG) |
| Plaintiff, | **DECLARATON OF RYAN SCHULTZ IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY** |
| v. | |
| Manwin USA, Inc., and Manwin Holding, s.a.r.l, | |
| Defendants. | |
| | |
| Skky, Inc., | |
| Plaintiff, | Case No. 13-2089 (PJS/JJG) |
| v. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |
| | |
| Skky, Inc., | |
| Plaintiff, | Case No. 13-2085 (PJS/JJG) |
| v. | |
| General Media Communications, Inc., | |
| Defendant. | |
| | |
| Skky, Inc., | |
| Plaintiff, | Case No. 13-2087 (PJS/JJG) |
| v. | |
| Vivid Entertainment, Inc., | |
| Defendant. | |

I, Ryan Schultz, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am an attorney at the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., and I represent Plaintiff Skky, Inc. ("Skky") in the above captioned matter.

2. I submit this Declaration in support of Skky's Opposition to Defendants' Motion to Stay Pending *Inter Partes Review* of the Patent-in-Suit.

3. As discovery proceeded, additional websites and information relating to Defendants' infringement of the '875 Patent was discovered. As a result, Skky amended its existing infringement charts and provided supplemental infringement charts to reflect this information.

4. Skky's document production is substantially complete, and Skky has answered Defendants' interrogatories.

5. However, Defendants' production is deficient. Skky is awaiting a response on numerous requests. Accordingly, Skky has not taken a party deposition in this litigation.

6. On February 24, 2014 (April 25, 2014 for Defendant GMCI), Skky served its initial infringement charts on Defendants without the benefit of any discovery from Defendants.

7. On April 14, 2014, (June 13, 2014 for Defendant GMCI), Skky received Defendants' prior art statement. In addition to alleging that the '875 Patent was anticipated or obvious, Defendants also alleged that the claims of the patent are invalid based on other grounds, such as lack of written description under 35 U.S.C. § 112. Skky responded to Defendants' prior art statement, detailing why each piece of prior art did not invalidate the '875 Patent.

8. On July 28, 2014, the parties identified the terms that each party believed needed construction. On August 12, 2014, the parties exchanged proposed constructions of the identified terms, along with any extrinsic evidence that they intended to rely upon.

9. To date, Defendants have served four subpoenas on third parties, have received document production from two third parties, and conducted one deposition of a third party witness.

10. Defendants' Court-ordered financial document production is deficient, and consisted of only seven documents. Skky has still not received Defendants' responsive technical documents, although its requests have been pending since October 2013.

11. Attached herein as Exhibit A is a true and accurate copy of an Examiner's Amendment from the prosecution history of the '875 Patent.

12. Attached herein as Exhibit B is a true and accurate copy of the case *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, 1:13-cv-3777-AKH, D.I. 154 (S.D.N.Y., Aug 11, 2014).

13. Attached herein as Exhibit C is a true and accurate copy of the case Intellectual Ventures II LLC v. US Bancorp, 0-13-cv-02071, D.I. 77 (D. Minn. Aug 7, 2014).

Executed on this 13th day of August, 2014, in Minneapolis, Minnesota.

/s/*Ryan M. Schultz*
Ryan M. Schultz