UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | Civil No. 13-2086 (PJS/JJG) |
| Plaintiff, | |
| vs. | **ORDER** |
| Manwin USA, Inc., and Manwin Holding, s.ar.l, | |
| Defendants. | |
| Skky, Inc., | Civil No. 13-2089 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Playboy Enterprises, Inc., | |
| Defendant. | |
| Skky, Inc., | Civil No. 13-2087 (PJS/JJG) |
| Plaintiff, | |
| vs. | |
| Vivid Entertainment, Inc. | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

Pursuant to the Court's Order (ECF No. 146 in Civ. No. 13-2086, ECF No. 141 in Civ. No. 13-2089, and ECF No. 92 in Civ. No. 13-2087), the Plaintiff and Defendants Manwin USA, Inc.; Manwin Holdings, s.a.r.l.; Playboy Enterprises, Inc.; and General Media Communications Inc.[1] submitted a joint letter to the Court on October 3, 2014, briefly summarizing the issues that

---

[1] Subsequently, a settlement was reached in *Skky, Inc. v.* General Media Communications Inc. (Min. Entry, Oct. 6, 2014, ECF No. 65 in Civ. No. 13-2085.)

1

had arisen regarding amending infringement contentions and whether the parties intend to file motions relating to such.

Plaintiff's infringement contentions were due February 24, 2014, pursuant to the Amended Pretrial Scheduling Order. (Am. Pret. Sch. Ord., Apr. 18, 2014, ECF No. 76 in Civ. No. 13-2086, ECF No. 76 in Civ. No. 13-2089, and ECF No. 63 in Civ. No. 13-2087.) On June 27, 2014, and August 8, 2014, Plaintiff served amended infringement contentions without seeking leave of the Court. To date, Plaintiff has neither sought nor obtained leave to serve its June 27 or August 8 amendments. Plaintiff maintains that its amendments, which were based on non-public information, may be made because good cause exists. Defendants object to Plaintiff's amendments.

Additionally, Defendants seek to amend their invalidity contentions (i.e., "Prior Art Statement"), and Plaintiff disputes that Defendants can do so. Plaintiff argues that Defendants cannot demonstrate good cause to amend because publicly available information, like prior art, should not support a finding of good cause.

Defendants Manwin USA, Inc.; Manwin Holdings, s.a.r.l.; Playboy Enterprises, Inc.; and General Media Communications Inc. propose the following solution: "Plaintiff can amend its infringement contentions and Defendants can amend their invalidity contentions (i.e., "Prior Art Statement") once on or before October 31, 2014. Responsive contentions are due 30 days later."[2]

This Court concludes, within its discretion, that a modification of the Pretrial Scheduling Order will avoid unnecessary and timely motion practice. In doing so, the Court takes into consideration the need to permit the parties sufficient time in light of the upcoming *Markman* hearing briefing.

---

[2] Vivid Entertainment, LLC joins in these Defendants' position and requests that if the Court grants the proposed solution, all parties be allowed to amend.

Therefore **IT IS HEREBY ORDERED** that:

1. Plaintiff may amend its infringement contentions, and Defendants Manwin USA, Inc.; Manwin Holdings, s.a.r.l.; Playboy Enterprises, Inc.; and Vivid Entertainment, LLC may amend their invalidity contentions (i.e., "Prior Art Statement") once on or before October 31, 2014; and

2. Responsive contentions are due on November 14, 2014.

Dated: October 8, 2014

    *s/ Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge