# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Skky, Inc.,

    Plaintiff,

v.

Manwin USA, Inc., and Manwin Holding, s.ar.l,

    Defendants.

Case No.: 13-2086 (PJS/HB)

**SKKY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE THIS COURT'S OCTOBER 29TH, 2014 ORDER, REQUIRE PRODUCTION OF OVERALL WEBSITE REVENUE FOR ALL ACCUSED WEBSITES, AND AWARD SKKY COSTS AND FEES**

On October 29th, 2014, this Court ordered, <u>for a second time</u>, that Manwin produce various financial documents to eight requests for production. (*See* Dkt. 152).[1] Manwin ignored this Court's clear order and instead produced just one three-page document and a six-paragraph declaration (*see* Schultz Declaration ("Schultz Decl.") Exs. 1–2).  Manwin's three-page document 1) failed to include overall quarterly revenue information by website, and 2) failed to produce revenue information for each website and mobile application identified in Skky's Amended Infringement Contentions. At the last hearing on this issue, Manwin represented to the Court that it did not track U.S. mobile revenue for each infringing website on a quarterly basis.  Now, Manwin has produced a document prepared by its attorneys showing just that information.  Skky is entitled to the underlying documents that formed the basis for the three page summary document recently produced. Manwin's decision to again produce only the information that it deems necessary for Skky violates the Federal Rules of Civil Procedure and now two Court Orders.  As such, Skky respectfully moves the Court for a third order requiring production of responsive documents and any sanctions that the Court deems appropriate.

**I.   Manwin Violated This Court's October 29th Order by Failing to Produce Overall Website Revenue, and by Failing to Produce Revenue for All Websites Identified in Skky's Amended Infringement Contentions.**

On July 9, 2014, this Court denied the Motion for Protective Order seeking to withhold financial information filed by Playboy Enterprises, Inc. ("Playboy")

---

[1] Unless otherwise indicated, references to ECF docket numbers are to documents filed in the matter of *Skky, Inc. v. Manwin USA, Inc., and Manwin Holding, s.ar.l.,* No. 13-cv-2086.

1

and Manwin entities ("Manwin") (hereafter "Defendants") and ordered Defendants to produce their financial documents responsive to Plaintiff Skky, Inc.'s ("Skky") document requests numbered 10, 11, 12, 13, 19, 20, 21, and 22. (Dkt. 152 at 13). These document requests called for advertising and subscription revenue, costs, and profit information for each infringing website on a monthly and annual basis. (*Id*. at 13-14). On August 8, 2014, Manwin produced four modified and heavily redacted document "excerpts." The excerpts provided combined and consolidated financial statements for Manwin's operating segments in 2010, 2011, 2012, and 2013. (*Id*. at 15). On August 26, 2014, Skky brought a Motion to Enforce This Court's July 9th, 2014 Order, Require Production of Unmodified Documents, and Award Skky Costs and Fees. (Dkt. 122). On October 29, 2014, this Court granted in part Skky's motion, ordering Manwin to produce complete and unmodified financial data, by quarter for all websites, within three weeks—by November 19, 2014. Specifically, this Court ordered the following:

- If Manwin has possession, custody, or control of data from which it is able to produce the requested information, including *by-website financials*, broken out by quarter, for 2010, 2011, 2012, 2013, and (unaudited) 2014, it must do so. The websites shall include brazzers.com, brazzersmobile.com, and *any other websites identified in Plaintiff's infringement contentions and its amended infringement contentions*. If not, Manwin shall affirmatively advise Plaintiff of such by sworn statement.
- Consistent with this Order, Playboy and Manwin must produce the above-referenced documents and sworn statements, if any, by three weeks from the date of this Order.

(Dkt. 152 at 27) (emphasis added).

On November 19, 2014, Manwin produced a three-page document titled "US Mobile Revenue by Quarter." (Schultz Decl. Ex. 1). One day after this Court's deadline, Manwin delivered a sworn Declaration of Gillian Wright, Manwin's Assistant Corporate Controller. (Schultz Decl., Ex. 2).[2]

The financial document produced by Manwin on November 19, 2014, is deficient and violates this Court's October 29th Order in at least two ways. First, the document fails to provide overall revenue for the identified websites as this Court ordered. (*See* Schultz Decl., Ex. 1).[3] Manwin offers no reason why it failed to produce overall by-website revenue as ordered by the Court other than to suggest that mobile revenue is the only financial information Skky needs. (*See* Schultz Decl. at ¶¶ 3-4). Overall quarterly website financial information is responsive to Skky's discovery requests and relevant, among other reasons, to calculating the percentage of mobile revenue for each infringing website. More to the point, this Court *ordered its production*.

Second, this document fails to provide revenue for all infringing websites and mobile applications identified in Skky's amended infringement contentions served on October 31, 2014. The missing websites and applications include, but are not limited to: Erito.com, Mydirtyhobby.com, Webcams.com, Playboy.tv, and

---

[2] This declaration, containing six paragraphs, states that Manwin does not have audited financials by website and Manwin accounts for costs in its year-end financials. These assertions do not resolve the issues raised in this Motion.
[3] Manwin produced mobile-only revenue despite representing to this Court that it was unable to produce such information. Schultz Decl., Ex. 4, Transcript of Motions Hearing, September 25, 2014, at 50:11-14 ("The mobile-only issue is also a huge problem. ***We do not keep mobile-only numbers***. I should have addressed this for Playboy too. But neither Playboy nor Manwin keep, in the ordinary course, mobile-only numbers."(emphasis added)).

Plus.playboy.com. (*See* Schultz Decl., Ex. 1). Manwin's omission of revenue for these websites and others identified in Skky's Amended Infringement Contentions violates this Court's October 29th, 2014 Order that website revenue shall include "any other websites identified in Plaintiff's infringement contentions and its amended infringement contentions." (Dkt. No. 152).

At the meet-and-confer, Manwin agreed to reproduce copies of Playboy documents with Manwin Bates numbers. These documents would presumably contain the relevant information for Playboy.tv and Plus.playboy.com. Skky requested Manwin to indicate no later than Monday, November 24, 2014 whether Manwin would further comply with the Court Order by producing overall website revenues and revenues for the remaining websites in Skky's Amended Infringement Contentions. (Schultz Decl. at ¶ 5).  On Monday, November 24, 2014, counsel for Manwin indicated that Manwin was considering the production of overall website revenues by quarter, but a definitive date for production was not available. (Schultz Decl., Ex. 3). As of the filing date of this motion, Skky has yet to receive a commitment to a date certain for supplementation, if any, by Manwin.

Skky requests that this Court: (1) command Manwin to immediately produce all responsive documents identified by this Court's Orders of July 9th, 2014 and October 29th, 2014, including overall website revenue, by quarter, for all infringing websites identified in Plaintiff's amended infringement contentions; (2) award Skky the fees and costs it has incurred in having to bring this motion; and (3) any other relief or sanctions that the Court deems appropriate.

## II. The Court Should Award Skky at Least Its Fees and Costs Associated with Having to Bring This Motion.

For the past ten months, Defendants have consistently employed a variety of delay tactics to avoid having to produce responsive documents in discovery, including financial documents, records, and information. Manwin first moved for a protective order precluding production of technical documents based on an *ex parte* Quebec order it sought. (Dkt. 57). The Court denied this motion. (Dkt. 73). Manwin then moved for a protective order precluding production of financial information based on a dispositive motion in the guise of a discovery motion. (Dkt. 89). The Court again denied this motion. (Dkt. 102). With no more protective order motions to file, Manwin resorted to incremental compliance with this Court's Orders of July 9 and October 29. Manwin's litigation of discovery in this case has forced Skky and its counsel to spend significant time and resources to extract only the most basic of financial information from Manwin.

Manwin's incremental approach is contrary to the Federal Rules of Civil Procedure—*see* Fed. R. Civ. P. 1 ("[The Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.")—and is also the type of tactic that Rule 37(b) was designed to combat. Accordingly, Skky requests an award of its costs and fees associated with having to bring this motion. Skky also asks for any other relief that the Court deems just and fair in light of Manwin's continued violations of this Court's orders.

The Eighth Circuit has affirmed the ability of district courts to impose monetary sanctions to combat, deter, and remedy unjustified non-compliance

with discovery orders. *See, e.g., Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1011-12 (8th Cir. 1993) (upholding magistrate judge's orders awarding $5,407.50 in attorney's fees as a Rule 37 sanction); *see also First Am. State Bank v. Continental Ins. Co.*, 897 F.2d 319, 331 (8th Cir. 1990) ("[Rule 37] Sanctions are an invaluable penalty and deterrent to be employed by district courts to thwart discovery abuse.").

Here, Manwin cannot show that its non-compliance with this Court's October 29th Order was justified. Manwin has now violated this Court's orders regarding financial documents *twice* by (1) producing modified and deficient financial documents in violation of the July 9th Order; and (2) providing mobile-only revenue and omitting revenue for several websites, in violation of the October 29th Order.

Manwin's continuing failure to do as this Court ordered on July 9th and October 29th has caused Skky and its counsel to incur significant costs in bringing this motion and policing Manwin's repeated non-compliance. Under the circumstances, it would be unjust if Manwin's actions were not punished.

## CONCLUSION

Skky respectfully asks this Court to take the following actions:

(1)   Ordering Manwin to immediately produce overall website revenue, by quarter, for all websites identified in Plaintiff's Amended Infringement Contentions.

(2)   Awarding Skky the fees and costs it has incurred in having to bring this motion.

(3)   Awarding any other relief or sanctions as the Court deems appropriate.

Dated: November 26, 2014    ROBINS, KAPLAN, MILLER & CIRESI, LLP

By: *s/ Ryan M. Schultz*
Ronald J. Schutz (0130849)
Ryan M. Schultz (0392648)
William Bornstein (0392098)
Benjamen C. Linden (0393232)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349–8500

PARKER ROSEN, LLC
Daniel N. Rosen (0250909)
888 Colwell Building, 123 Third Street North
Minneapolis, MN 55401

*Counsel for Skky, Inc.*