# EXHIBIT 4

```
 1                  UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
 2

 3     ----------------------------------------------------------

 4     SKKY, INC.,                    Case No. 0:13-cv-2086-PJS-JJG

 5              Plaintiff,                      TRANSCRIPT

 6         v.                                       OF

 7     MANWIN USA, INC., and                   PROCEEDINGS
       MANWIN HOLDING, s.ar.1.,
 8                                          (MOTIONS HEARING)
                Defendants.
 9
       ----------------------------------------------------------
10
       SKKY, INC.,                    Case No.: 0:13-cv-2089-PJS-JJG
11
                Plaintiff,
12
           v.
13
       PLAYBOY ENTERPRISES, INC.,
14
                Defendant.
15
       ----------------------------------------------------------
16
       SKKY, INC.,                    Case No.: 0:13-cv-2085-PJS-JJG
17
                Plaintiff,
18
           v.
19
       GENERAL MEDIA COMMUNICATIONS,
20     INC.,

21              Defendant.

22     ----------------------------------------------------------

23

24

25
```

```
 1   ------------------------------------------------------------
 2   SKKY, INC.,                        Case No.: 0:13-cv-2087-PJS-JJG
 3              Plaintiff,
 4        v.
 5   VIVID ENTERTAINMENT, LLC.,
 6              Defendant.
 7   ------------------------------------------------------------
 8        The above-entitled matters came on for MOTIONS HEARING
 9   before Magistrate Judge Jeanne J. Graham, on September 25th,
10   2014, at the United States District Courthouse, Courtroom 3B,
11   316 N. Robert Street, St. Paul, Minnesota 55101, commencing
12   at approximately 2:14 p.m.
13
14                    DIGITALLY RECORDED HEARING
15      TRANSCRIBED BY:   RONALD J. MOEN, OFFICIAL COURT REPORTER
16
17                                   CALIFORNIA CSR NO.:  8674
18                                   ILLINOIS CSR NO.:  084-004202
19                                   IOWA CSR NO.:  495
20                                   RMR NO.:  065111
21
22
23
24
25
```

```
 1                      APPEARANCES
 2              ROBINS, KAPLAN, MILLER & CIRESI, L.L.P., 800
 3    LaSalle Avenue, Suite 2800, Minneapolis, Minnesota
 4    55402-2015, by RONALD J. SCHUTZ and RYAN M. SCHULTZ,
 5    Attorneys at Law, appeared as counsel on behalf of Plaintiff,
 6    Skky, Inc.
 7              VENABLE, L.L.P., 2049 Century Park East, Suite
 8    2100, Los Angeles, California 90067, by TAMANY VINSON BENTZ,
 9    Attorney at Law, pro hac vice, appeared as counsel on behalf
10    of Defendants, Manwin USA, Inc., Manwin Holding, s.ar.1.,
11    Playboy Enterprises, Inc., and General Media Communications,
12    Inc.
13              BERENS & MILLER, P.A., 80 South Eighth Street,
14    Suite 3720, Minneapolis, Minnesota 55402, by JUSTI R.
15    MILLER, Attorney at Law, appeared as counsel on behalf of
16    Defendants, Manwin USA, Inc., Manwin Holding, s.ar.1.,
17    Playboy Enterprises, Inc., General Media Communications,
18    INc., and Vivid Entertainment, LLC.
19
20
21
22
23
24
25
```

1                    THE COURT:  I see.
2                    MS. BENTZ:  So when they say "its used website or
3       service," it is, in effect, some indefinite problem --
4       indefinite idea of a website or a service.  This is actually
5       one of the first things we argued with your Honor when they
6       had a motion to compel documents for us, and we said:  "This
7       idea that you're not going to define the websites you're
8       talking about is not workable for Manwin."  This is this --
9       that same issue.
10                   THE COURT:  Okay.
11                   MS. BENTZ:  The mobile-only issue is also a huge
12      problem.  We do not keep mobile-only numbers.  I should have
13      addressed this for Playboy too.  But neither Playboy nor
14      Manwin keep, in the ordinary course, mobile-only numbers.
15                   THE COURT:  So in a completely -- you know, kind of
16      in a completely practical way that I see this is it seems
17      like there's summary charts and it had to come from
18      somewhere.
19                   MS. BENTZ:  Uh-huh.
20                   THE COURT:  So, you know, like normally -- I mean
21      just completely different, but under -- you know, you can
22      have a summary chart and a rule of evidence and the other
23      side gets to see the underlying data -- IT may not be
24      admissible, but --
25                   MS. BENTZ:  Uh-huh.

1                    THE COURT:   -- so why isn't that -- why isn't it
2     like that?  Why isn't it that if there's an aggregate that
3     there must be pieces to that aggregate that are....
4                    MS. BENTZ:   So I think the first thing is what they
5     had asked for.  I'll be candid, I was somewhat surprised they
6     had a problem with what we gave them because they asked for
7     documents sufficient to.
8                    THE COURT:   Okay.
9                    MS. BENTZ:   And, so, for some of the things, we
10    just didn't have -- like the mobile-only, we just didn't have
11    that.  But I was surprised, because normally you have a
12    defendant who's trying to cut the number down; right?  So you
13    might give them a piece of the aggregate but not the full
14    audited summary; right?  Because the full audited summary is
15    revenues and you might try to cut that number down somehow.
16    And in this case we were giving them revenues so they could
17    see it.  So I was surprised by that.  The concern is that the
18    pieces may not be -- I don't -- since it's not a public
19    company, the question is what the pieces are, how they're
20    organized, and how accurate they are; right?  There's no
21    expectation that the pieces -- that they keep the pieces
22    accurate.  Their sense was that the audited financials were
23    the best thing to be sufficient to show.
24                   THE COURT:   Okay.
25                   MS. BENTZ:   And I think, your Honor, it's the same