**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

ATTORNEYS AT LAW

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

RYAN M. SCHULTZ
rmschultz@rkmc.com
612-349-8408

January 21, 2015

**VIA ECF**

The Honorable Hildy Bowbeer
Magistrate Judge, U.S. District Court
632 Federal Building
316 North Robert Street
St. Paul, MN 55101

  Re: *Skky v. Manwin USA, Inc. and Manwin Holding s.a.r.l.* (13-cv-2086); *Skky v. Playboy Enterprises, Inc.* (13-cv-2089)

Dear Magistrate Judge Bowbeer:

  Plaintiff Skky, Inc. responds to Defendants' letter of January 19, 2015 regarding the representative products stipulation. Defendants provide no details as to what guidance they need from the Court to resolve issues related to the stipulations. Indeed, Skky has no further details as Defendants have not provided a revision to Skky of the proposed representative product stipulation that highlights or indicates the issues that exist between the parties. Defendants stated during the January 15 teleconference that Skky would be receiving Defendants' revisions to the stipulations that would illustrate the disputed issues. Defendants did not provide these revisions. Instead, Defendants served their January 19 letter that contains nothing more than general concerns. Nevertheless, a representative product stipulation will provide the Court and the parties' efficiencies and conservation of resources going forward to complete discovery and present the case at trial in accordance with Federal Rule of Civil Procedure 1. Moreover, Defendants' alleged general concerns are not sufficient concerns to preclude entry of such stipulation.

  Defendants state two items that need the Court's guidance. First, Defendants assert that the claim construction disagreements somehow impact the stipulation. There is no reason that claim construction will impact the selection of representative products. Nevertheless, Skky would propose including language in the stipulation that the parties may jointly modify the stipulation upon good cause. This should eliminate any concern that claim construction would impact the selection of representative products.

ATLANTA  BOSTON  LOS ANGELES  MINNEAPOLIS  NAPLES  NEW YORK

Hon. Hildy Bowbeer
January 21, 2015
Page 2

Second, Defendants assert that third parties are allegedly involved in some of the claimed steps and, incredibly, that "**the parties** do not know the specific actions performed by third parties…." Jan. 19, 2015 letter (emphasis added). This assertion is not a reason to avoid a representative products stipulation. To start, it is not certain that the actions of third parties are relevant to proving infringement depending on claim construction. The mere presence of third parties does not impact the ability to select representative products.

Moreover, it is not true that the "parties" do not know the specific actions of these third parties. Defendants contract with these third parties for the third parties to perform specific actions for Defendants. Thus, Defendants know what specific actions these third parties perform pursuant to the contract. In addition, Skky has learned from Defendants' limited discovery responses of some actions that are performed by these third parties pursuant to the contracts. It is incredible for Defendants to assert that "the parties" do not know the actions of these third parties in light of the facts. Nevertheless, Defendants fail to identify any reason why the presence or actions of third parties precludes identification of representative products. Indeed, they fail to provide any reason because there is no reason.

It is important for the Court to know that Defendants have asserted the same non-infringement defenses for all accused websites. In other words, there are no unique non-infringement defenses raised by Defendants. As such, Defendants extremely general concerns identified in their January 19 letter regarding identification of representative products are nothing more than evidence of gamesmanship by Defendants to increase the cost and expense of these cases.

For example, Defendants respective cover pleadings for their non-infringement contentions do not identify any non-infringement defense that is unique to any particular website. Exhibit 1 is Manwin's Amended Non-Infringement Contention Cover Pleading; Exhibit 2 is Playboy's Amended Non-Infringement Contention Cover Pleading. In addition, Defendants do not identify any unique non-infringement defense in the charts provided in their non-infringement contentions. Exhibit 3 is Manwin's Non-Infringement Chart for brazzers.com; Exhibit 4 is Manwin's Non-Infringement Chart for realitykings.com; Exhibit 5 is Playboy's Non-Infringement Chart for playboy.com; Exhibit 6 is Playboy's Non-Infringement Chart for playboyplus.com. Defendants were required under the Amended Scheduling Order to identify any element that is not present in the accused websites and "set forth **in detail** the basis for its contention that the element is absent." Dkt. #76 in Case No. 13-cv-2089 (emphasis added). Thus, Defendants were required to identify and describe all non-infringement defenses for each accused website. Defendants identified the same non-infringement defenses in each non-infringement chart.

Lastly, Skky served interrogatories asking for all factual support for each Defendant's non-infringement defenses. In response, Defendants merely incorporated their respective non-infringement contentions and did not identify any factual support for any non-infringement defense that was unique to any accused website. Exhibit 7 is Manwin's Response to Interrogatory No. 10, dated January 9, 2015; Exhibit 8 is Playboy's Response to Interrogatory No. 9, dated January 9, 2015. Defendants have asserted the very same non-infringement arguments for all accused websites.

In light of the fact that Defendants have not raised any unique non-infringement defense for any accused websites, there is no reason that a representative products stipulation cannot be entered in each case. Defendants are merely attempting to create issues where none exist. Moreover and contrary to Rule 1, Defendants are seeking to increase the cost and expense of this litigation by refusing to enter into the stipulation. As the Court has noted on several occasions, a representative products stipulation will simplify discovery and the remaining aspects of these cases, including trial. Despite this encouragement from the Court, Defendants continue to create fictitious reasons for why a stipulation cannot be entered.

Skky respectfully requests that the Court order that the parties file a representative products stipulation by January 28, 2015.

Respectfully submitted,

Ryan M. Schultz
Counsel for Skky, Inc.