# Exhibit 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Skky, Inc.,

       Plaintiff,

vs.

Manwin USA, Inc., and Manwin Holding, S.ár.l.,

       Defendants.

Case No.:  13-2086 (PJS/HB)

## DEFENDANTS' SUPPLEMENTAL NON-INFRINGEMENT CONTENTIONS

    Pursuant to the Amended Scheduling Order in the above-captioned matter (Dkt. No. 76), as well as the Court's October 9, 2014 Order (Dkt. No. 150), Defendants Manwin USA, Inc., and Manwin Holding, S.ár.l. (hereafter, "MindGeek" or "Defendants")[1] provide the following Supplemental Non-infringement Contentions in response to Plaintiff Skky, Inc.'s ("Skky") Amended Infringement Contentions dated October 31, 2014.

    Defendants incorporate herein by reference the entirety of Defendants' Preliminary Responsive Claim Charts and cover pleading dated March 24, 2014. Defendants further incorporate herein by reference all past and future responses by

---

[1] After the commencement of this litigation, the Manwin Defendants and related entities changed their name to MindGeek.  Manwin will be referred to as MindGeek throughout these contentions.

1

Defendants to any Skky interrogatory seeking Defendants' positions relating to non-infringement.

Defendants' Supplemental Non-infringement Contentions are based on information currently available and known to Defendants following a reasonable and diligent investigation in connection with making these contentions. Although discovery is ongoing, Skky has failed to produce timely, responsive discovery in response to Defendants' requests to date. Indeed, Defendants have had to rely on third party discovery to fill the significant gaps in Skky's document productions and discovery responses. Defendants, therefore, reserve all rights to further supplement and/or amend their Supplemental Non-infringement Contentions as discovery proceeds in these actions, and once Skky becomes compliant with its discovery obligations under the Federal Rules of Civil Procedure.

Additionally, Skky's Amended Infringement Contentions fail to comply with the Court's July 9, 2014 Order (Dkt. No. 102) granting Defendants' motion to redact all explicit material in Skky's infringement contentions (Dkt. Nos. 83-86). Skky has stated to Defendants that it will not be able to serve fully redacted contentions (*i.e.*, redactions that will bring Skky into compliance with the Court's July 9, 2014 Order) until December 19, 2014. Accordingly, Defendants reserve all rights to further supplement and/or amend their Supplemental Non-infringement Contentions following Defendants' receipt of a fully-compliant set of infringement contentions from Skky.

Without the benefit of the Court's interpretation of the terms of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en

banc), *aff'd*, 517 U.S. 370 (1996), and as Defendants best understand Skky's infringement contentions at this time, Defendants state that they do not infringe any of the asserted claims of U.S. Patent No. 7,548,875 ("the '875 patent") for at least the reasons identified in Defendants' Preliminary Responsive Claim Charts and cover pleading, as well as those reasons set forth *infra* and in Defendants' Supplemental Non-infringement Charts attached hereto at Exhibits A-FF.[2] Defendants expressly reserve the right to further supplement and/or amend their Supplemental Non-infringement Contentions and/or identify other non-infringement contentions after the disputed claims terms have been construed by the Court, in view of additional discovery from Skky or third parties, in the event that additional grounds for non-infringement are identified, and/or in view of any other basis in law or in fact.

Defendants also reserve the right to further supplement and/or amend Defendants' Supplemental Non-infringement Contentions because Skky's Amended Infringement Contentions and accompanying claim charts are deficient on their face in that they fail to identify factual bases for Skky's infringement allegations and, in many instances, do not allege that each step of an asserted claim is directly, jointly or indirectly practiced by Defendants. Skky's Amended Infringement Contentions and accompanying claim charts similarly do not disclose any viable theory of direct, joint or indirect infringement, and

---

[2] Skky has withdrawn its claims of infringement for certain websites previously accused. Thus, there are certain gaps in the lettered exhibits to Skky's Amended Infringement Contentions. Those gaps are also reflected in Defendants' lettered exhibits. To the extent that Skky relies on any chart previously served with its infringement contentions dated February 24, 2014, Defendants will likewise rely on the corresponding charts served on March 24, 2014, *i.e.*, Defendants' Preliminary Responsive Claim Charts.

3

those charts do not disclose *any* theory of infringement under the Doctrine of Equivalents as required by the Amended Scheduling Order. Defendants' Supplemental Non-infringement Contentions respond only to that which is disclosed in Skky's Amended Infringement Contentions and accompanying infringement claim charts.

Defendants state that they do not infringe directly, jointly, indirectly or under the Doctrine of Equivalents any asserted claim of the '875 patent with any of the websites listed in Exhibits A-FF to Skky's Amended Infringement Contentions, or any other website owned or operated by Defendants. Skky's Amended Exhibits A-FF identify the specific websites that Skky contends infringe the asserted claims of the '875 patent, *i.e.*, the Accused Instrumentalities, as follows: youporn.com (Amended Exhibit A), pornhub.com (Amended Exhibit B), tube8.com (Amended Exhibit C), xtube.com (Amended Exhibit D), extremetube.com (Amended Exhibit E), juicyboys.com (Amended Exhibit F), keezmovies.com (Amended Exhibit G), spankwire.com (Amended Exhibit H), brazzers.com (Amended Exhibit I), digitalplayground.com (Amended Exhibit J), mofos.com (Amended Exhibit K), twistys.com (Amended Exhibit L), realitykings.com (Amended Exhibit M), PornHub Mobile Application (Amended Exhibit Q), YouPorn Mobile Application (Amended Exhibit R), realitygang.com (Exhibit S), wicked.com (Exhibit T), redtube.com (Exhibit U), moviebox.com (Exhibit V), gaytube.com (Exhibit W), men.com (Exhibit X), mobile.babes.com (Exhibit Y), m.3dxstar.com (Exhibit Z), erito.com (Exhibit AA), mydirtyhobby.com (Exhibit BB), Brazzers Mobile Application (Exhibit CC), webcams.com (Exhibit DD), plus.playboy.com (Exhibit EE), and

playboy.tv (Exhibit FF) (collectively, the "Accused Instrumentalities").[3] No other MindGeek technology is accused of infringement in Skky's Amended Infringement Claim Charts.[4] The charts appended to Defendants' Supplemental Non-infringement Contentions address only those above-listed instrumentalities that Skky has identified as Accused Instrumentalities in Skky's infringement claim charts.

As set forth in Skky's infringement charts, Skky is asserting the following claims against the Accused Instrumentalities. Defendants understand that certain claims are not asserted against specific Accused Instrumentalities as set forth below.

| Accused Instrumentality | Asserted Claims |
| --- | --- |
| Youporn.com | 1, 2, 5, 15, 17, 19, 21, 22, 23 |
| Pornhub.com | 1, 2, 5, 15, 17, 19, 21, 22, 23 |
| Tube8.com | 1, 2, 5, 15, 17, 19, 21, 22 |
| Xtube.com | 1, 2, 15, 17, 19, 21, 22, 23 |
| Extremetube.com | 1, 2, 5, 15, 17, 19, 21, 22, 23 |
| Juicyboys.com | 1, 2, 5, 15, 17, 21, 22, 23 |
| Keezmovies.com | 1, 2, 5, 15, 17, 19, 21, 22, 23 |
| Spankwire.com | 1, 2, 5, 15, 17, 19, 21, 22, 23 |

---

[3] In addition to Defendants' non-infringement contentions set forth herein, Defendants are not liable for any alleged infringement by any Accused Instrumentality for any period of time during which Defendants did not own or operate said instrumentality.

[4] Skky lists numerous other websites in the cover pleading to its Amended Infringement Contentions, but does not provide infringement charts for those non-accused websites, or otherwise provide a theory of infringement for such websites. Hence, those websites are not Accused Instrumentalities and are not subject to this litigation.

| | |
|---|---|
| Brazzers.com | 1, 2, 5, 15, 17, 21, 22, 23 |
| Digitalplayground.com | 1, 2, 15, 17, 21, 22, 23 |
| Mofos.com | 1, 2, 5, 15, 17, 19, 21, 22, 23 |
| Twistys.com | 1, 2, 5, 15, 17, 21, 22, 23 |
| Realitykings.com | 1, 2, 5, 15, 17, 21, 22, 23 |
| Pornhub mobile application | 1, 2, 15, 17, 21, 22, 23 |
| Youporn mobile application | 1, 2, 15, 17, 21, 22, 23 |
| realitygang.com | 1, 2, 15, 17, 21, 22, 23 |
| wicked.com | 1, 2, 15, 17, 21, 22, 23 |
| redtube.com | 1, 2, 5, 15, 17, 21, 22, 23 |
| moviebox.com | 1, 2, 5, 15, 17, 21, 22, 23 |
| gaytube.com | 1, 2, 5, 15, 17, 21, 22, 23 |
| men.com | 1, 2, 15, 17, 21, 22, 23 |
| mobile.babes.com | 1, 2, 15, 17, 21, 22, 23 |
| m.3dxstar.com | 1, 2, 15, 17, 21, 22, 23 |
| erito.com | 1, 15, 17, 22, 23 |
| mydirtyhobby.com | 1, 15, 17, 22, 23 |
| Brazzers Mobile Application | 1, 2, 15, 17, 21, 22, 23 |
| webcams.com | 1, 2, 15, 17, 21, 22, 23 |
| plus.playboy.com | 1, 15, 17, 22, 23 |
| playboy.tv | 1, 2, 15, 17, 21, 22, 23 |

6

**NO DIRECT INFRINGEMENT UNDER 35 U.S.C. § 271(a)**

Skky fails to demonstrate direct infringement of any asserted claim of the '875 patent by any of the Accused Instrumentalities as demonstrated by Defendants' supplemental non-infringement charts. Skky's infringement charts demonstrate that Defendants do not perform each and every step or element of the claimed method as fully described in Defendants' supplemental non-infringement charts  By way of example, Defendants do not transmit compressed audio and/or visual files wirelessly overly the air to a "wireless device means." Defendants, therefore, do not directly infringe the '875 patent as a matter of law. *See e.g., 3M Innovative Props. Co. v. Louis M. Gerson Co.*, 2011 U.S. Dist. LEXIS 27852, at * 6 (D. Minn. Mar. 16, 2011) (citing *BMC Res., Inc. v. Paymentech, LP.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

**NO JOINT INFRINGEMENT UNDER 35 U.S.C. § 271(a)**

Defendants do not jointly infringe the '875 patent under 35 U.S.C. § 271(a) because, *inter alia*, no single party performs, or directs and controls, all of the steps of the asserted method claims.[5]  By way of example, Defendants do not direct or control the compression, storage and/or transmission of digital content to a "wireless device means." At best, third parties, such as third party servers, third party aggregators, third party CDNs and third party cellular carriers – not Defendants – perform the compression,

---

[5] Skky's contentions admit that parties other than Defendants, including for example, third party cellular carriers including Verizon and AT&T, transmit digital data to wireless devices.

storage and/or transmission steps of the claimed method.[6] And they do so without any direction or control by Defendants. Indeed, joint infringement only exists "if one party exercises control or direction over the entire process such that every step is attributable to the controlling party, *i.e.*, the mastermind." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (citing *BMC Res. Inc. v. Paymentech L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007) (emphasis added). This control or direction standard is only "satisfied in situations where the law would traditionally hold the accused direct infringer <u>vicariously liable</u> for the acts committed by another party that are required to complete performance of a claimed method." *Id.* at 1330 (citation omitted) (emphasis added). And vicarious liability will only attach when an agency relationship exists between the parties. *Id*. If evidence of joint infringement is lacking, the court will not "unilaterally restructure the claim or the standards for joint infringement to remedy ill-conceived claims." *BMC Res.*, 498 F.3d at 1381 (citation omitted).

Skky's infringement charts – and even its cover pleading – fail to identify, *inter alia*, a single "mastermind" that directs and controls any third party infringing activity. *See e.g.*, *NU Flow Techs. (2000) Inc.*, 2014 U.S. Dist. LEXIS 49870, at *5-6. Skky also fails to demonstrate, *inter alia*, that the third parties referenced in its infringement charts are Defendants' agents. Skky incorrectly suggests that direction and control exists because Defendants purportedly contract with those parties for the compression, storage and/or transmission of digital files. Not only do Defendants not contract with, at the very

---

[6] As stated *infra*, although third parties may transmit digital data to wireless devices, they do not transmit digital data to "wireless device means" as claimed.

8

least, cellular carriers, arms-length agreements are not enough to prove direction and control. *See Muniauction, Inc.*, 532 F.3d at 1329 ("where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e.*, the 'mastermind.' At the other end of this multi-party spectrum, *mere 'armslength cooperation' will not give rise to direct infringement by any party*") (emphasis added) (internal citations omitted). To the contrary, the agreements that are cited by Skky in its infringement claim charts make clear that the third party servers, third party aggregators, third party CDNs and third party cellular carriers are not agents of Defendants, and that Defendants are not agents of those third parties. Simply put, Defendants are not liable for the actions of those third parties.

## NO INDIRECT INFRINGEMENT UNDER 35 U.S.C. § 271(b)

Skky's infringement charts fail to meet the requirement set forth in the Court's Amended Scheduling Order that "[f]or each claim that is alleged to have been indirectly infringed, the chart shall include an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement…" (Dkt. No. 76).

Notwithstanding this fatal omission, Defendants do not induce the infringement of any asserted claim of the '875 patent. In fact, the recent *Limelight* decision has completely eviscerated Skky's claims of inducement. The Supreme Court held in *Limelight* that a defendant may not be liable for induced infringement under 35 U.S.C. § 271(b) unless one party has performed, or is the mastermind controlling, all steps of the

9

patented method (*i.e.*, unless one party has committed direct infringement under § 271(a)). *Limelight Networks, Inc. v. Akamai,* 134 S. Ct. 2111, 2119. Skky itself acknowledges that multiple parties are required to perform all of the method steps of the asserted claims – none of which directs or controls every step. Because there is no direct infringement of the '875 patent, there can be no indirect infringement of that patent as a matter of law. Additionally, because Defendants have a good faith belief that the '875 patent is invalid, as evidenced by, *inter alia*, Defendants' Petition for *Inter Partes* Review of the '875 patent, Defendants cannot be liable for induced infringement. *Commil USA, LLC v. Cisco Systems, Inc.*, No. 12-1042 (Fed. Cir. June 25, 2013).

## NO INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Skky's infringement charts fail to meet the requirement under the Court's Amended Scheduling Order that "[i]f there is a contention that there is infringement of any claims under the Doctrine of Equivalents, the party alleging infringement shall separately indicate this <u>on its Claim Chart</u>…" (Dkt. No. 76) (emphasis added). Indeed, none of Skky's infringement claim charts set forth any contention that Defendants infringe under the Doctrine of Equivalents. Skky's infringement claim charts are completely silent in this regard and therefore fatally deficient.

Beyond this fatal omission, Skky's Doctrine of Equivalents arguments are otherwise precluded by the Doctrine of Prosecution History Estoppel. By way of example, the '875 patent applicants specifically amended and narrowed their claims so that those claims were directed to the transmission of data to a "wireless device means." The examiner cited this amendment and particularly the "wireless device means" when

10

he allowed the claims over the prior art. Skky's Doctrine of Equivalents argument alleges that transmission to wired devices, such as servers and data storage facilities, is the equivalent of transmission to "a wireless device." Skky's argument is an inappropriate attempt to expand the scope of the claims and reclaim subject matter that the patentees gave up in order to overcome the prior art.

Similarly, the '875 patent applicants amended and narrowed the claim phrase "optimized and compressing comprises normalizing, sampling and compressing" by deleting the term "optimizing" from that phrase in Claim 1. Therefore, Skky cannot now attempt to expand the scope of this limitation by arguing that any optimization by Defendants – which Defendants contend does not exist as properly construed – includes normalizing and sampling. By doing so, Skky is attempting to reclaim subject matter that the patentees gave up in order to overcome the prior art.

The applicants further narrowed the scope of the limitations of the asserted claims throughout the lengthy prosecution of the '875 patent and Defendants may rely on additional estoppel arguments should Skky attempt to exceed the scope of those narrowed limitations.

In addition to the procedural and legal bars to Skky's Doctrine of Equivalents arguments, those arguments are otherwise defective substantively. As stated above and throughout Defendants' amended non-infringement claim charts, Defendants do not transmit compressed audio and/or visual files to a "wireless device means." At best, transmission is performed by third parties without any direction and control by Defendant, and such transmission is not to a "wireless device means" as claimed. Skky

acknowledges this fact by stating "Defendants' method of transmitting the compressed audio and/or visual files involves sending the requested compressed audio and/or visual file to a wireless device means, <u>possibly through intermediate entities</u>." Indeed, it is those entities – not Defendants – who may perform the steps that Skky contends infringe the asserted method claim. But they do so without any direction or control by Defendants. Defendants are not involved in the decision of when and how such data is transmitted to a wireless device – let alone a "wireless device means" as claimed. To be clear, any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers, including those referenced in Skky's infringement contentions, do not do so to a "wireless device" means as claimed.

Because Defendants do not transmit wirelessly over the air compressed audio and/or visual files to a "wireless device means," they do not – and cannot – perform any method with substantially the same function, way or result as the claimed method, or any method that is "insubstantially different" than the claimed method.

There is no "same function" here. Skky incorrectly contends that "Defendants' method of transmission performs substantially the same function of transmitting or sending a compressed audio and/or visual file to a 'wireless device means.' Defendants' method of transmission performs this substantially same function in substantially the same manner because Defendants' method sends the compressed audio and/or visual files to the wireless device means wirelessly over the Internet." But Defendants do not transmit wirelessly over the air compressed audio and/or visual files to a "wireless device means" – let alone perform the same function as the claimed method. Moreover, the

transmission to wired devices, such as servers and data storage facilities, is not the equivalent (function) of transmission to "a wireless device."

There is no "same way" here. Skky incorrectly contends that "Defendants know that the compressed audio and/or visual files will be sent wirelessly to the wireless device means prior to sending the compressed audio and/or visual files. Defendants' method may involve other intermediate entities that pass along the compressed audio and/or visual files prior to the eventual delivery to a "wireless device means." However, one of skill in the art would understand such process to be substantially the same way to perform the function as claimed in the '875 patent." Skky's Amended Infringement Contentions at 14 (emphasis added). But the "intermediate entities" acknowledged in Skky's assertion above, operate independently of Defendants without any direction and control by Defendants. Defendants are not involved in the decision of whether, when or how intermediaries, such as cellular carriers, may transmit data to wireless devices. Moreover, the transmission to wired devices, such as servers and data storage facilities, is not the equivalent (way) of transmission to "a wireless device means."

And there is no "same result" here. Skky incorrectly contends that "Defendants' method achieves substantially the same result of sending the compressed audio and/or visual files to the wireless device means. Defendants expect and/or demand of all intermediate entities that the compressed audio and/or visual files be sent to the requesting wireless device means." However, because Defendants do not transmit wirelessly over the air compressed audio and/or visual files to a "wireless device means" there can be no "same result" as the claimed method in which compressed audio and/or

13

visual files are transmitted to "wireless device means." Defendants perform no method that causes the transmission of compressed audio and/or visual files wirelessly over the air to a "wireless device means."

Moreover, Skky's Doctrine of Equivalents arguments concerning "wireless device means" are at least belied by at the proper construction for the structure for "wireless device means" under 35 U.S.C. § 112(6) as proposed by Defendants, *i.e.*, a "Cell phone 202 attached to an accessory unit 204 incorporating a board 203 including the following main blocks: digital Signal Processor 300, flash memory element 302, random access memory element 305, initial bootstrap chip 306, analogue interface element 308 and digital interface element 310 or equivalents thereof." There is inadequate support in the specification for Skky's proposed construction. At best, the specification enables only an accessory unit (*i.e.*, "Jellyfish"). It provides no algorithms for the software embodiment, and no algorithms or structure for the chip embodiment. Even assuming *arguendo* that Skky's proposed construction of "wireless device means" under 35 U.S.C. § 112(6) is correct – which it is not – Skky's implication that a cellphone from 2001 is equivalent to a cellphone post-2009 when the '875 patent issued is simply not credible.

To be clear, the wireless devices that are illustrated in Skky's infringement claim charts are substantially different structurally than the "wireless device means" claimed in the '875 patent as properly construed. It is, therefore, not surprising that Skky, in its Amended Infringement Contentions and accompanying charts, did not even attempt to demonstrate that those illustrated devices are structurally the same or structurally

equivalent to the "wireless device means" as claimed. This omission is fatal to not only Skky's Doctrine of Equivalents, but all of its claims of infringement.

Defendants reserve all rights to further supplement and/or amend Defendants' Supplemental Non-infringement Contentions for the aforementioned reasons set forth herein.

Dated:      November 14, 2014

        /s/ Frank M. Gasparo
        Barbara Podlucky Berens (#209788)
        Justi Rae Miller (#387330)
        **Berens Miller, P.A.**
        3720 IDS Center 80 South Eighth Street
        Minneapolis, MN 55402
        Telephone: (612) 349-6171
        Facsimile: (612) 349-6416
        Bberens@berensmiller.com
        Jmiller@berensmiller.com

        Frank M. Gasparo (Admitted *Pro Hac Vice*)
        Todd M. Nosher (Admitted *Pro Hac Vice*)
        Jillian A. Centanni (Admitted *Pro Hac Vice*)
        **Venable LLP**
        1270 Avenue of the Americas
        Twenty-Fourth Floor
        New York, New York 10020
        Telephone:  (212) 307-5500
        Facsimile:  (212) 307-5598
        fmgasparo@venable.com
        tmnosher@venable.com
        jacentanni@venable.com

        Tamany Vinson Bentz (Admitted *Pro Hac Vice*)
        **Venable LLP**
        2049 Century Park E,
        Los Angeles, CA 90067
        Telephone:  (310) 229-9900
        Facsimile: (310) 229-9901
        tvbentz@venable.com

        *ATTORNEYS FOR THE MINDGEEK DEFENDANTS*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 14, 2014, a true and correct copy of the foregoing was served via electronic mail upon:

Ronald J. Schutz
Cyrus A. Morton
Ryan Schultz
William Bornstein
Benjamen Linden
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500
rjschutz@rkmc.com
camorton@rkmc.com
rmschultz@rkmc.com
wbornstein@rkmc.com
bclinden@rkmc.com

/s/ Todd M. Nosher_____
Todd M. Nosher