# Exhibit 4

**Amended Exhibit M**

**U.S. Patent No. 7,548,875 Non-Infringement Chart for realitykings.com**

| Asserted Claims | Non-Infringement |
|---|---|
| 1. A method of wirelessly delivering over the air one or more digital audio and/or visual files from one or more servers to one or more wireless device means comprising: | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek[1] does not infringe Claim 1 at least because it does not practice any of the steps of the asserted method. MindGeek does not wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers to one or more wireless device means.<br><br>MindGeek does not direct or control any third party to wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers to one or more wireless device means, nor does any agent of MindGeek wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers to one or more wireless device means.<br><br>MindGeek does not induce any third party to wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers to one or more wireless device means.<br><br>Skky's infringement claim chart and the documents cited therein do not disclose the basis for Skky's contention that MindGeek directly, jointly or indirectly: (1) delivers wirelessly over the air digital audio or visual files, (2) from any server, (3) to any wireless device means, and therefore does not state any facts upon which MindGeek can be found to directly, jointly or indirectly perform this claimed method step.<br><br>Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek directly: (1) delivers wirelessly over the air digital audio or visual files, (2) from any server, (3) to any wireless device means, and therefore does not state any facts upon which MindGeek can be found to directly perform the claimed method steps. Skky's infringement claim chart recognizes that parties other than MindGeek perform the steps of the claimed method. (*See e.g.*, |

---

[1] After the commencement of this litigation, the Manwin Defendants and related entities changed their name to MindGeek. Manwin will be referred to as MindGeek throughout these contentions.

| Asserted Claims | Non-Infringement |
|---|---|
| | p. 1 referencing third party cellular carrier). Skky's infringement claim chart does not demonstrate that MindGeek directs or controls the third parties cited in Skky's infringement claim chart to perform the steps of the claimed method. Skky infringement claim chart does not demonstrate that those third parties are agents of MindGeek such that MindGeek would be vicariously liable for the actions of those third parties. Documents referenced in Skky's infringement claim chart clearly demonstrate this point. *See e.g.*, MAN 7199- 202; MAN 7203-10 (Section 14:4); MAN 7229-46 ("Relationship between the Parties. The relationship between Swiftwill and Customer shall be that of independent contractors. Nothing in this Agreement shall create any joint venture, partnership, or agency relationship between Swiftwill Inc. and Customer."). <br><br> Skky's infringement claim chart and the documents cited therein do not identify any direct third party infringer in support of its indirect infringement allegations against MindGeek, nor does Skky disclose any other coherent theory of indirect infringement by MindGeek. Skky's infringement claim chart does not demonstrate that one party has performed, or is the mastermind controlling, all steps of the claimed method. Because there is no direct infringement of Claim 1, there can be no indirect infringement of Claim 1 as a matter of law. <br><br> Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how any device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a "wireless device means" as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed. <br><br> Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation. <br><br> Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| compressing said one | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not |

| Asserted Claims | Non-Infringement |
|---|---|
| or more digital audio and/or visual files, wherein said audio and/or visual files comprise one or more full or partial master recordings of songs, musical scores or musical compositions, videos or video segments, movies or movie segments, film or film segments, one or more image clips, television shows, human voice, personal recordings, cartoons, film animation, audio and/or visual advertising content and combinations thereof, and wherein said compressing comprises normalizing, sampling and compressing said digital audio and/or visual files; | infringe claim 1 at least because it does not compress digital audio and/or visual files, wherein said audio and/or visual files comprise one or more full or partial master recordings of songs, musical scores or musical compositions, videos or video segments, movies or movie segments, film or film segments, one or more image clips, television shows, human voice, personal recordings, cartoons, film animation, audio and/or visual advertising content and combinations thereof. MindGeek does not normalize, sample, or compress digital audio and/or visual files, either in the recited order or otherwise.  To the extent that MindGeek uses third party software for any encoding or compression, these software tools do not "normaliz[e]" and "sampl[e]" as these terms are used in the claims and asserted patent.<br><br>MindGeek does not direct or control any third party to compress digital audio and/or visual files, wherein said audio and/or visual files comprise one or more full or partial master recordings of songs, musical scores or musical compositions, videos or video segments, movies or movie segments, film or film segments, one or more image clips, television shows, human voice, personal recordings, cartoons, film animation, audio and/or visual advertising content and combinations thereof. MindGeek does not direct or control any third party to normalize, sample, or compress digital audio and/or visual files, either in the recited order or otherwise.<br><br>MindGeek does not induce any third party to compress digital audio and/or visual files, wherein said audio and/or visual files comprise one or more full or partial master recordings of songs, musical scores or musical compositions, videos or video segments, movies or movie segments, film or film segments, one or more image clips, television shows, human voice, personal recordings, cartoons, film animation, audio and/or visual advertising content and combinations thereof. MindGeek does not induce any third party to normalize, sample, or compress digital audio and/or visual files, either in the recited order or otherwise.<br><br>MindGeek does not direct or control, or induce any third party to normalize, sample, or compress digital audio and/or visual files as recited in Claim 1, irrespective of whether compression includes normalizing and sampling, or is a separate process from normalizing and/or sampling as Skky seems to acknowledge in its infringement charts when describing normalizing outside of a compression process.<br><br>Skky's infringement claim chart makes no contention that MindGeek (or any other party) normalizes or samples and therefore does not disclose any contention that MindGeek directly or indirectly performs this step.  Skky's cited references do not show any normalizing or sampling as used in the claim or the asserted patent.  Skky provides no cognizable explanation, evidence, or disclosure as to how MindGeek purportedly compresses according to the claim "in the preparation of the digital and/or visual file to be made available on Defendant's website" or "in the creation of the digital |

| Asserted Claims | Non-Infringement |
|---|---|
| | and/or visual file." Skky identifies no full or partial master recordings of songs, musical scores or musical compositions, videos or video segments, movies or movie segments, film or film segments, one or more image clips, television shows, human voice, personal recordings, cartoons, film animation, audio and/or visual advertising content and combinations thereof.<br><br>Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek directly compresses digital audio and/or visual files, wherein said audio and/or visual files comprise one or more full or partial master recordings of songs, musical scores or musical compositions, videos or video segments, movies or movie segments, film or film segments, one or more image clips, television shows, human voice, personal recordings, cartoons, film animation, audio and/or visual advertising content and combinations thereof. Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek directly or indirectly normalizes, samples, or compresses digital audio and/or visual files, either in the recited order or otherwise. Skky's infringement claim chart and the documents cited therein recognize that parties other than MindGeek perform this step of the claimed method. Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek directs or controls any of the third parties cited in Skky's infringement claim chart to perform this step of the claimed method. Skky infringement claim chart and the documents cited therein do not demonstrate that those third parties are agents of MindGeek such that MindGeek would be vicariously liable for the actions of those third parties.<br><br>Skky's infringement claim chart and the documents cited therein do not identify any direct third party infringer in support of its indirect infringement allegations against MindGeek, nor does Skky disclose any other coherent theory of indirect infringement by MindGeek. Skky's infringement claim chart and the documents cited therein do not demonstrate that one party has performed, or is the mastermind controlling, all steps of this claimed method. Because there is no direct infringement of Claim 1, there can be no indirect infringement of Claim 1 as a matter of law.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended |

| Asserted Claims | Non-Infringement |
|---|---|
| | Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| storing compressed audio and/or visual files in one or more storage mediums; and | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 1 at least because it does not store compressed digital audio and/or visual files in one or more storage mediums.<br><br>MindGeek does not direct or control any third party to store compressed digital audio and/or visual files in one or more storage mediums.<br><br>MindGeek does not induce any third party to store compressed digital audio and/or visual files in one or more storage mediums.<br><br>Skky's infringement claim chart and the documents cited therein do not show that MindGeek directly or indirectly stores compressed audio and/or visual files.<br><br>Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek directly stores compressed audio and/or visual files. Skky's infringement claim chart recognizes that parties other than MindGeek perform this step of the claimed method. Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek directs or controls the third parties cited in Skky's infringement claim chart to perform this step of the claimed method. Skky infringement claim chart and the documents cited therein do not demonstrate that those third parties are agents of MindGeek such that MindGeek would be vicariously liable for the actions of those third parties. Documents referenced in Skky's infringement claim chart make this point clear. *See e.g.*, MAN 7199- 202; MAN 7203-10 (Section 14:4); MAN 7229-46 ("Relationship between the Parties. The relationship between Swiftwill and Customer shall be that of independent contractors. Nothing in this Agreement shall create any joint venture, partnership, or agency relationship between Swiftwill Inc. and Customer."). |

5

| Asserted Claims | Non-Infringement |
|---|---|
| | Skky's infringement claim chart does not identify any direct third party infringer in support of its indirect infringement allegations against MindGeek, nor does Skky disclose any other coherent theory of indirect infringement by MindGeek. Skky's infringement claim chart does not demonstrate that one party has performed, or is the mastermind controlling, all steps of this claimed method. Because there is no direct infringement of Claim 1, there can be no indirect infringement of Claim 1 as a matter of law.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| transmitting to said wireless device means said compressed audio and/or visual files wirelessly over the air, with or without an Internet network. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 1 at least because it does not transmit to a wireless device means compressed digital audio and/or visual files wirelessly over the air, with or without an Internet network.<br><br>MindGeek does not direct or control any third party to transmit to a wireless device means compressed digital audio and/or visual files, with or without an Internet network.<br><br>MindGeek does not induce any third party to transmit to a wireless device means compressed digital audio and/or visual files, with or without an Internet network. |

6

| Asserted Claims | Non-Infringement |
|---|---|
| | Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek transmits to a "wireless device means" compressed digital audio and/or visual files wirelessly over the air, with or without an Internet network. Skky's infringement claim chart recognizes that parties (i.e., cellular carriers) other than MindGeek perform this step of the claimed method. Skky's infringement claim chart and the documents cited therein do not demonstrate that MindGeek directs or controls the third parties cited in Skky's infringement claim chart to perform this step of the claimed method. Skky's infringement claim chart and the documents cited therein do not demonstrate that those third parties are agents of MindGeek such that MindGeek would be vicariously liable for the actions of those third parties. Defendants neither contract with or direct or control the activities of such third parties.<br><br>Skky's infringement claim chart does not identify any direct third party infringer in support of its indirect infringement allegations against MindGeek, nor does Skky disclose any other coherent theory of indirect infringement by MindGeek. Skky's infringement claim chart and the documents cited therein do not demonstrate that one party has performed, or is the mastermind controlling, all steps of this claimed method. Because there is no direct infringement of Claim 1, there can be no indirect infringement of Claim 1 as a matter of law.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how the illustrated device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a "wireless device means" as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Skky's infringement claim chart and the documents cited therein do not show that MindGeek directly or indirectly transmits any compressed audio and/or visual files wirelessly or over the air. Skky's claim chart appears to show a screen shot of the accused website on an unknown device, but does not identify any transmission, let alone transmission of said compressed audio and/or visual files. Further, Skky's claim chart and the documents cited therein do not show that MindGeek performs any transmission. Skky's claim chart purports to identify Verizon as a third party direct infringer, but does not explain its theory of infringement and does not show that Verizon performs this or any of the other steps in the |

| Asserted Claims | Non-Infringement |
|---|---|
| | asserted claim or that Verizon does so at MindGeek's direction. Skky's claim chart does not disclose how the purported transmission occurs with or without an Internet network.<br><br>This limitation as properly construed means "wirelessly transmitting said compressed audio and/or visual files from a cellular service provider to the cell phone attached to the accessory unit over an audio channel." Any third parties that may be "wirelessly transmitting said compressed audio and/or visual files from a cellular service provider to the cell phone attached to the accessory unit over an audio channel" do not do so over an audio channel.<br><br>Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| 2. The method of claim 1 further comprising providing selection of the delivery of one or more compressed digital audio files and/or visual files for playback on said device means. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 2 at least because, in addition to not performing any of the limitations of claim 1, it does not provide the selection of delivery of one or more compressed digital audio files and/or visual files for playback on a wireless device means.<br><br>MindGeek does not direct or control any third party to provide the selection of delivery of one or more compressed digital audio files and/or visual files for playback on a wireless device means.<br><br>MindGeek does not induce any third party to provide the selection of delivery of one or more compressed digital audio files and/or visual files for playback on a wireless device means.<br><br>Skky's infringement claim chart does not show that MindGeek directly or indirectly provides selection of the delivery of one or more compressed digital files. In fact, the claim chart does not identify any delivery of any digital files. It is not clear from Skky's infringement contentions what the purported selection mechanism is or where the delivery is purportedly selected. Skky's claim chart does not describe or explain whether it is MindGeek or a third party direct infringer that allegedly is providing the selection of delivery. Additionally, Skky's claim chart does not show or even allege that any digital files were delivered for playback on a wireless device means.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions |

| Asserted Claims | Non-Infringement |
|---|---|
| | with respect to this step.  Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent.  Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter.  MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| 5. The method of claim 2 wherein said compressed digital audio and/or visual file may be selected for delivery from said wireless device means for play thereon without using an Internet connection. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 5 at least because, in addition to not performing the limitations of claim 2, it does not provide the selection of delivery from the wireless device means for play thereon without using an Internet connection.<br><br>MindGeek does not direct or control any third party to provide the selection of delivery from the wireless device means for play thereon without using an Internet connection.<br><br>MindGeek does not induce any third party to provide the selection of delivery from the wireless device means for play thereon without using an Internet connection.<br><br>Skky's infringement claim chart does not show that MindGeek directly or indirectly provides selection of the delivery of one or more compressed digital files without using an Internet connection.  The claim chart appears to depict some general text but Skky does not explain how this text provides for the selection of delivery or selection from a wireless device means.  The claim chart shows no delivery of digital files, let alone whether digital files are delivered without an Internet connection.  Nor does it show that any files are delivered for play on a wireless device means.  Skky's claim chart does not describe or explain whether it is MindGeek or a third party direct infringer that is selecting for delivery and offers no other |

| Asserted Claims | Non-Infringement |
|---|---|
| | theory of indirect infringement.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| 15. The method of claim 1 wherein a plurality of compressed digital audio files and/or visual files are delivered to and stored on the wireless device means. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 15 at least because, in addition to not performing the limitations of claim 1, it does not deliver and store a plurality of compressed digital audio files and/or visual files on the wireless device means.<br><br>MindGeek does not direct or control any third party to deliver and store a plurality of compressed digital audio files and/or visual files on the wireless device means.<br><br>MindGeek does not induce any third party to deliver and store a plurality of compressed digital audio files and/or visual files on the wireless device means.<br><br>Skky's infringement claim chart does not show a plurality of compressed files being delivered to and stored on a wireless device means. The claim chart appears to identify certain content, but Skky does not explain how this content delivers a plurality of files. The claim chart does not even identify the delivery of files at all. Nor does it show that any files are compressed or stored on a wireless device means. Skky's claim chart does not describe or explain whether it is MindGeek |

| Asserted Claims | Non-Infringement |
|---|---|
| | or a third party direct infringer that is allegedly delivering and storing compressed digital files and offers no other theory of indirect infringement regarding the delivery of compressed digital files for storage on a wireless device means. Skky's infringement claim chart identifies no theory under the doctrine of equivalents.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| 17. The method of claim 1 wherein said compressed digital audio and/or visual is delivered through the Internet or other computer based system. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 17 at least because, in addition to not performing the limitations of claim 1, it does not deliver compressed digital audio and/or visual files through the Internet or other computer based system.<br><br>MindGeek does not direct or control any third party to deliver compressed digital audio and/or visual files through the Internet or other computer based system.<br><br>MindGeek does not induce any third party to deliver compressed digital audio and/or visual files through the Internet or other computer based system.<br><br>Skky's infringement claim chart does not show a digital audio and/or visual file is delivered through the Internet or other computer based system. Skky appears to identify Verizon for this claim element, but it is unclear whether Skky alleges |

| Asserted Claims | Non-Infringement |
|---|---|
| | that Verizon is the Internet, or that Verizon is delivering a file, or what role Verizon purportedly plays for this claim limitation. Skky does not identify any theory of indirect infringement and does not show MindGeek directly or indirectly delivering files through the Internet.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| 21. The method of claim 1 wherein the compressed digital audio and/or visual file is a segment of a full song, musical composition or other audio recording or visual recordings. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 21 at least because, in addition to not performing the limitations of claim 1, it does not compress a segment of a full song, musical composition or other audio recording or visual recordings.<br><br>MindGeek does not direct or control any third party to compress a segment of a full song, musical composition or other audio recording or visual recordings.<br><br>MindGeek does not induce any third party to compress a segment of a full song, musical composition or other audio recording or visual recordings.<br><br>Skky's infringement claim chart does not show a compressed digital audio and/or visual file that is a segment of a full audio or visual recording. Skky does not explain whether purportedly MindGeek provides, directly or indirectly, a full |

| Asserted Claims | Non-Infringement |
|---|---|
| | song or a segment, or whether a full song or segment is delivered to a wireless device means.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step. Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent. Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter. MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| 22. The method of claim 1 comprising the use of OFDM. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 22 at least because, in addition to not performing the limitations of claim 1, it does not use OFDM.<br><br>MindGeek does not direct or control any third party to use OFDM.<br><br>MindGeek does not induce any third party to use OFDM.<br><br>Skky's infringement claim chart does not show that MindGeek directly or indirectly uses OFDM. Skky's infringement contentions appear to depict a screen shot of a device using Verizon LTE, but Skky does not explain how this supports an allegation of infringement. Skky does not identify a direct infringer or explain its theory of indirect infringement related to the use of OFDM. Skky's infringement claim chart identifies no theory under the doctrine of equivalents.<br><br>The '875 patent does not support use of OFDM over a digital channel. Indeed, Skky is estopped from arguing use of OFDM over a digital channel based on the patent specification and statements made by applicants in the '875 patent file |

| Asserted Claims | Non-Infringement |
|---|---|
| | history, including but not limited to the Declaration of Robert Freidson under 37 C.F.R. 1.132 dated August 3, 2008.<br><br>Any third parties that may wirelessly deliver over the air digital files do not do so over an audio channel using OFDM.<br><br>Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step.  Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent.  Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter.  MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |
| 23. The method of claim 1 comprising transmitting optimized and compressesd [sic] audio and/or visual files. | Under proper claim constructions, and to the extent the asserted claims are not found to be invalid, MindGeek does not infringe claim 23 at least because, in addition to not performing the limitations of claim 1, it does not transmit optimized and compressed audio and/or visual files.<br><br>MindGeek does not direct or control any third party to transmit optimized and compressed audio and/or visual files.<br><br>MindGeek does not induce any third party to transmit optimized and compressed audio and/or visual files.<br><br>Skky's infringement claim chart does not show that MindGeek directly or indirectly transmits optimized and compressed audio and/or visual files.  Skky's infringement contentions appear to depict a screen shot of some sort, but Skky does not explain how this establishes infringement liability for MindGeek.  Skky does not identify a direct infringer or explain its theory of indirect infringement related to transmitting optimized and compressed audio and/or visual files. |

CASE 0:13-cv-02086-PJS-HB   Document 204-4   Filed 01/21/15   Page 16 of 16

| Asserted Claims | Non-Infringement |
|---|---|
| | Skky's infringement claim chart appears to identify a device not made or sold by MindGeek as the basis for its contentions with respect to this step.  Skky fails to provide any analysis regarding how the device includes all of the necessary structures for a "wireless device means." Further, the device depicted by Skky in this limitation (and all other limitations reciting "wireless device means") is not a wireless device means as disclosed by the '875 patent.  Any third parties that may wirelessly deliver over the air one or more digital audio and/or visual files from one or more servers does not do so to a "wireless device means" as claimed.<br><br>Skky's infringement claim chart identifies no theory under the doctrine of equivalents as required by the Court's Amended Scheduling Order, and therefore Skky waives all arguments under the doctrine of equivalents and is precluded from relying on the same in this litigation.<br><br>Discovery is ongoing in this matter.  MindGeek reserves the right to further amend, modify, or supplement this response without prejudice in the event that Skky amends its infringement claim chart or additional grounds for non-infringement are identified, in view of discovery from Skky or third parties, in view of the Court's claim construction order, or in view of any other basis in law or in fact. |

15