# Exhibit 7

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky Inc., | ) |
|         Plaintiff, | ) |
| v. | ) C.A. No. 13-02086-PJS-JJG |
| Manwin USA, Inc., <br> Manwin Holding, S.ár.l., | ) |
|         Defendants. | ) |

### MANWIN'S THIRD SUPPLEMENTAL RESPONSES TO SKKY'S SECOND SET OF INTERROGATORIES

Defendants Manwin USA, Inc. and Manwin Holding, S.ár.l. (collectively, "Manwin")[1] hereby respond to Plaintiff Skky, Inc.'s ("Plaintiff" or "Skky") Second Set of Interrogatories (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

The following General Objections and statements shall be applicable to and included in Manwin's response to each Interrogatory, whether or not mentioned expressly in any particular response. Manwin does not waive any of its General Objections by stating Specific Objections to any particular Interrogatory. Manwin's responses are based solely on Manwin's current knowledge and belief. Manwin reserves the right to

---

[1] Given a change in the ownership of corporate assets, the correct parties are now Mindgeek USA, Inc. and Mindgeek Holding S.ar.l, respectively.

modify or supplement any of its responses and/or raise additional objections as such need may arise and in accordance with the Federal Rules of Civil Procedure.

1. Manwin incorporates by reference its General Objections from i) Manwin's Responses to Skky's First Set of Requests for Production, ii) Manwin's Responses to Skky's First Set of Requests for Admissions and iii) Manwin's Responses to Skky's First Set of Interrogatories.

2. Manwin objects to each Interrogatory and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, April 14, 2014 Amended Pretrial Scheduling Order in this action ("Scheduling Order") and/or other applicable rules. Manwin will respond to each Interrogatory only to the degree required by such Order and rules.

3. Manwin objects to each Interrogatory to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privileges or any other applicable privilege, protection or immunity. Such information will not be provided in response to Skky's Interrogatories. No response from Manwin to any Interrogatory constitutes a waiver of any such applicable privilege, protection or immunity.

4. Manwin objects to each Interrogatory as overly broad and unduly burdensome as not limited by way of relevant time period or scope.

5. Manwin objects to each Interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

6. Manwin objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

7. Manwin objects to each Interrogatory to the extent that it purports to require Manwin to make a legal conclusion, or to perform a legal or other analysis or determination.

8. Manwin objects to each Interrogatory to the extent that it seeks publicly accessible information because it is equally convenient for Skky to obtain such information.

9. Manwin objects to each Interrogatory as premature to the extent that a response would require or is more properly addressed by expert discovery. Expert discovery has not yet begun. Manwin reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

10. Manwin objects to each Interrogatory as premature to the extent that a response would require claim construction.

11. Manwin objects to each Interrogatory that includes more than one separately stated matter. In such cases, each subpart will be counted as separate

Interrogatories. Manwin will respond to only the number of interrogatories permitted under the Scheduling Order.

12.  Discovery relating to this action is ongoing. Here, Manwin is still awaiting significant outstanding discovery from Skky including documents responsive to Manwin's requests for production that may be relevant to Manwin's response to these Interrogatories, thus requiring amendments to Manwin's responses in the future.

13.  Manwin expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 8:**

Identify all facts in support of Your denial of the allegations contained in Paragraphs 17 and 18 in Your Answer (Dkt. #25) to the First Amended Complaint.

**Response to Interrogatory No. 8**

Manwin objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in time and scope. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "*all*" facts in support of Manwin's positions. Manwin further objects to this Interrogatory as it requires Manwin to make a legal conclusion, or perform a legal or other analysis or determination. Manwin further objects to this Interrogatory as it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Manwin responds as follows:

Interrogatory No. 8 ostensibly seeks Manwin's contentions that it does not jointly infringe the asserted claims of the patent in suit. As a threshold matter, however, Skky's infringement contentions served February 24, 2014 do not assert a theory of joint or divided infringement under 35 U.S.C. 271(a). It only accuses Manwin of infringement under 271(b) on a theory of induced infringement. Although Skky has attempted to

5

amend its infringement contentions to include the assertion that "Manwin may also be liable under a joint infringement theory because it exercises control or direction over third parties to perform one or more of the steps," Skky has neither sought nor obtained leave to amend its contentions to assert such claim. Because Skky's operative infringement contentions do not include a theory of joint infringement, Interrogatory No. 8 is premature. If and when leave is granted, Manwin will supplement its present response.

Notwithstanding, and without waiving any of its objections, Manwin incorporates herein by reference Manwin's Non-infringement Contentions and Charts served March 24, 2014. Here, without the benefit of the Court's interpretation of the terms of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996), and as Manwin best understands Skky's infringement contentions which remain deficient at this time, Manwin states that it does not infringe any of the asserted claims of the patent-in-suit for at least the reasons identified in its non-infringement charts attached as Exhibits A-O to Manwin's Non-infringement Contentions. Additionally, Manwin does not direct or control any third parties to perform any of the steps of the claimed methods of the '875 patent. Joint infringement can only exist "if one party exercises control or direction over the entire process such that every step is attributable to the controlling party, *i.e.*, the mastermind." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007)); *see also Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1363 (Fed. Cir.

2013); *Intellectual Ventures I LLC v. Nikon Corp.*, 935 F. Supp. 2d 787, 790 (D. Del. 2013). Direction or control only exists when all steps of the claimed method can be attributed to the controlling party, i.e., "the mastermind," such that the mastermind is vicariously responsible for the actions of the unrelated third parties who allegedly performed such steps, i.e., third-party actors. *Muniauction, Inc.*, 532 F.3d at 1329 ("Where the combined actions of multiple parties are alleged to infringe process claims, the patent holder must prove that one party exercised 'control or direction' over the entire process such that all steps of the process can be attributed to the controlling party, i.e., the 'mastermind.'"). This scenario occurs when there is an agency relationship between the controlling party and third-party actor(s). *See e.g., BMC Resources*, 498 F.3d at 1380. Skky itself concedes that third parties are required to perform certain steps of the asserted claimed methods of the '875 patent. But those third parties are not agents of Mawin, and Manwin does not direct and control those parties to perform any of the claimed method steps.

**Interrogatory No. 9:**

Describe the process(es) used since June 19, 2009 by which Defendants ascertain or determine the type of device, carrier, type of network connection, network speed, and any other factor or information used to identify which file will be provided to the end user requesting such file for delivery to a mobile device, such as a cellular phone or tablet.

**Response to Interrogatory No. 9**

Manwin objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in time and scope. Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any

7

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as unclear and vague. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*any* other factor or information used to identify which file will be provided to the end user requesting such file for delivery to a mobile device, such as a cellular phone or tablet." Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "process(es)," "device," "carrier," "type of network connection," "network speed," "factor," "file" and "mobile device," which preclude Manwin from providing a meaningful response. Manwin further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Manwin further objects to this Interrogatory as it propounds more than one separately stated Interrogatory.

**January 9, 2015 Supplemental Response to Interrogatory No. 9:**

Subject to the foregoing General and Specific objections, Manwin responds that a browser provides a particular string of code when a request is made for content and that string can sometimes be used to determine which type of device is being used. In addition, Manwin uses tools to gather analytic data about devices used to access its sites, namely NATS, Google Analytics and Alexa. NATS and Google Analytics are used to track all traffic and Alexa is used to track only desktop traffic. For a brief period of time, Manwin used Yahoo! Web Analytics for certain sites, but it no longer uses this service.

Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

8

**Interrogatory No. 10:**

Identify all facts in support of Your allegation that "Manwin has not infringed and does not infringe any valid and enforceable claim of the '875 patent" as stated in Your counterclaim at paragraph 11 (Dkt. #25).

**Response to Interrogatory No. 10**

Manwin objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in time and scope. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "*all*" facts in support of Manwin's positions. Manwin further objects to this Interrogatory as it requires Manwin to make a legal conclusion, or perform a legal or other analysis or determination.

Subject to and without waiving the foregoing General and Specific objections, Manwin responds as follows:

Manwin incorporates herein by reference Manwin's Non-infringement Contentions and Charts served March 24, 2014; Manwin's Prior Art Statement and Charts served April 14, 2014; and Defendants Manwin, Playboy and GMCI's Petition for *Inter Partes* Review filed August 1, 2014 and all exhibits thereto. Here, without the benefit of the Court's interpretation of the terms of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996), and as Manwin best understands Skky's infringement contentions which remain deficient at this time, Manwin states that it does not infringe any of the asserted claims of the patent-in-suit for at least the reasons identified in the non-infringement charts attached as Exhibits A-O to Manwin Non-infringement Contentions. Moreover, Manwin states that the asserted claims are invalid and/or unenforceable for the

9

reasons variously set forth in Manwin's Prior Art Statement and Petition for *Inter Partes* Review.

**Interrogatory No. 11:**

Describe the process(es) used since June 19, 2009 by which Defendants provide content, such as images, pictures, or videos, to end users who are requesting such content be delivered to a mobile device, such as a cellular phone or tablet.

**Response to Interrogatory No. 11**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not reasonably limited in time and scope. Manwin further objects to this Interrogatory as unclear and vague. Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "the process(es)," "provide," "delivered" and "mobile device," which preclude Manwin from providing a meaningful response. Manwin further objects to this Interrogatory as it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Manwin does not "provide" content to end users.

**Supplemental Response to Interrogatory No. 11:**

Subject to and without waiving the foregoing General and Specific objections, Manwin identifies the following documents pursuant to Federal Rule of Civil Procedure 33(d) that are response to this Interrogatory. *See* MAN00007377, MAN00011775, MAN00012005, MAN00012189, MAN00013733, MAN00013802-MAN00013814, MAN00014126-MAN00014128, MAN00014130-MAN00014135,

MAN00014143, MAN00014152-MAN00014156, MAN00014179-MAN00014180, MAN00014181, MAN00014182, MAN00014183-MAN00014188, MAN00014189, MAN00014190- MAN00014202, MAN00014203-MAN00014204, MAN00014219- MAN00014226, MAN00014479-MAN00014506, and MAN00014507-MAN00014521.

**Interrogatory No. 12:**

Identify all sources of revenue that have been or are generated by the Services since June 16, 2009.

**Response to Interrogatory No. 12**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not reasonably limited in time and scope. Manwin further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "*all* sources of revenue." Manwin further objects to this Interrogatory as vague and ambiguous to the extent that it relies on the term "Services," which Skky defines to include presently unnamed instrumentalities.

Subject to and without waiving the foregoing General and Specific objections, Manwin identifies the following documents pursuant to Federal Rule of Civil Procedure 33(d) that are responsive to this Interrogatory. *See* MAN0007261-7295.

**January 9, 2015 Supplemental Response to Interrogatory No. 12:**

Subject to and without waiving the foregoing General and Specific objections, Manwin identifies the following documents pursuant to Federal Rule of Civil Procedure 33(d) that are responsive to this Interrogatory. *See* MAN00046707, MAN00046708, MAN00046709, MAN00046710-MAN00046715, MAN00046716, MAN00046717,

MAN00046718, MAN00046719, MAN00046720, MAN00046721, MAN00046722, MAN00046723, MAN00046724, MAN00046725, MAN00046726-MAN00046727, MAN00046728, MAN00046729-MAN00046730. [[bates numbers]] Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

**Interrogatory No. 13:**

Identify the corporate structure and relationship of Defendants and any present and past parents, subsidiaries, affiliates, or divisions, and provide any name changes for such identified entities that have occurred since June 16, 2009.

**Response to Interrogatory No. 13**

Manwin objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not reasonably limited in time and scope. Manwin further objects to this Interrogatory as overly broad, unduly burdensome and as seeking discovery that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Manwin further objects to this Interrogatory as it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Manwin responds that it will identify documents pursuant to Federal Rule of Civil Procedure 33(d) to be produced.

**Supplemental Response to Interrogatory No. 13:**

Subject to and without waiving the foregoing General and Specific objections, Manwin identifies the following documents pursuant to Federal Rule of Civil Procedure

33(d) that are response to this Interrogatory. *See* MAN00014522-53 and MAN00014554. Manwin reserves its right to supplement this response consistent with the Federal Rules of Civil Procedure.

Dated: January 9, 2015

Respectfully submitted,

/s/ *Todd M. Nosher*
Barbara Podlucky Berens (#209788)
Justi Rae Miller (#387330)
Berens Miller, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Fmgasparo@venable.com
Tmnosher@venable.com

Tamany V. Bentz (Admitted *Pro Hac Vice*)
Venable LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
Tjbentz@venable.com

*ATTORNEYS FOR DEFENDANTS MANWIN USA, INC. AND MANWIN HOLDING, S.AR.L.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2015, a true and accurate copy of the foregoing was served via first class and electronic mail upon:

Ronald J. Schutz
Becky R. Thorson
Ryan Schultz
Benjamen Linden
William Bornstein
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500

Daniel Rosen
PARKER ROSEN, LLC
300 First Avenue North, Suite 200
Minneapolis, MN 55401
Phone: (612) 767-3000

/s/ Todd M. Nosher

# VERIFICATION

I, Frederic Bournival, am Technical Director of Development for 9219-1568 Quebec Inc., doing business as Entreprise MindGeek Canada. I am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing supplemental responses dated January 9, 2015. I am informed and believe, and on the basis of such information and belief, hereby verify on behalf of Mindgeek USA, Inc. and Mindgeek S.a r.l. that the facts stated in these supplemental answers are true and correct, although some of the facts may not be within my personal knowledge.

Dated: January 9, 2015

_____