# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 13-cv-02089-PJS/HB |
| Playboy Enterprises, Inc., | ) |
| Defendant. | ) |

**PLAYBOY'S SECOND SUPPLEMENT TO ITS RESPONSES TO SKKY'S SECOND SET OF INTERROGATORIES**

Defendant Playboy Enterprises, Inc. ("Playboy") hereby supplements its responses to Plaintiff Skky, Inc.'s ("Plaintiff" or "Skky") Second Set of Interrogatories (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

The following General Objections and statements shall be applicable to and included in Playboy's response to each Interrogatory, whether or not mentioned expressly in any particular response. Playboy does not waive any of its General Objections by stating Specific Objections to any particular Interrogatory. Playboy's responses are based solely on Playboy's current knowledge and belief. Playboy reserves the right to modify

or supplement any of its responses and/or raise additional objections as such need may arise and in accordance with the Federal Rules of Civil Procedure.

1. Playboy incorporates by reference its General Objections from i) Playboy's Responses to Skky's First Set of Requests for Production and ii) Playboy's Responses to Skky's First Set of Requests for Admissions.

2. Playboy objects to each Interrogatory and the accompanying Definitions insofar as they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, Local Rules of the District of Minnesota, April 14, 2014 Scheduling Order in this action ("Scheduling Order") and/or other applicable rules. Playboy will respond to each Interrogatory only to the degree required by such Order and rules.

3. Playboy objects to each Interrogatory to the extent that it seeks the identification or disclosure of information protected by the attorney-client privilege, work product immunity, joint defense privilege or any other applicable privilege, protection or immunity. Such information will not be provided in response to Skky's Interrogatories. No response from Playboy to any Interrogatory constitutes a waiver of any such applicable privilege, protection or immunity.

4. Playboy objects to each Interrogatory as overly broad and unduly burdensome as not limited by way of relevant time period or scope.

5. Playboy objects to each Interrogatory to the extent that the discovery sought is unreasonably cumulative or duplicative, and/or is obtainable by Skky from some other source that is more convenient, less burdensome or less expensive.

6. Playboy objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

7. Playboy objects to each Interrogatory to the extent that it purports to require Playboy to make a legal conclusion, or to perform a legal or other analysis or determination.

8. Playboy objects to each Interrogatory to the extent that it seeks publicly accessible information because it is equally convenient for Skky to obtain such information.

9. Playboy objects to each Interrogatory as premature to the extent that a response would require or is more properly addressed by expert discovery. Expert discovery has not yet begun. Playboy reserves the right to supplement its responses following expert discovery and/or as required by the Federal Rules of Civil Procedure.

10. Playboy objects to each Interrogatory as premature to the extent that a response would require claim construction.

11. Playboy objects to each Interrogatory that includes more than one separately stated matter. In such cases, each subpart will be counted as separate Interrogatories. Playboy will respond to only the number of interrogatories permitted under the Scheduling Order.

12. Discovery relating to this action is ongoing. Here, Playboy is still awaiting significant outstanding discovery from Skky including documents responsive to

Playboy's requests for production that may be relevant to Playboy's response to these Interrogatories, thus requiring amendments to Playboy's responses in the future.

13.   Playboy expressly reserves the right to rely, at any time including trial, upon subsequently discovered information or information omitted from specific responses set forth below as a result of mistake, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 8:**

Identify all facts in support of Your denial of the allegations contained in Paragraphs 16 and 17 in Your Answer (Dkt. #25) to the First Amended Complaint.

**Response to Interrogatory No. 8**

Playboy objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in time and scope. Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "*all*" facts in support of Playboy's positions. Playboy further objects to this Interrogatory as it requires Playboy to make a legal conclusion, or perform a legal or other analysis or determination. Playboy further objects to this Interrogatory as it propounds more than one separately stated Interrogatory.

Subject to and without waiving the foregoing General and Specific objections, Playboy responds as follows:

Interrogatory No. 8 ostensibly seeks Playboy's contentions that it does not jointly infringe the asserted claims of the patent in suit. As a threshold matter, however, Skky's infringement contentions served February 24, 2014 do not assert a theory of joint or divided infringement under 35 U.S.C. 271(a). It only accuses Playboy of infringement under 271(b) on a theory of induced infringement. Although Skky has attempted to amend its infringement contentions to include the assertion that "Playboy may also be liable under a joint infringement theory because it exercises control or direction over third parties to perform one or more of the steps," Skky has neither sought nor obtained

5

leave to amend its contentions to assert such claim. Because Skky's operative infringement contentions do not include a theory of joint infringement, Interrogatory No. 8 is premature. If and when leave is granted, Playboy will supplement its present response.

Notwithstanding, and without waiving any of its objections, Playboy incorporates herein by reference Playboy's Non-infringement Contentions and Charts served March 24, 2014. Here, without the benefit of the Court's interpretation of the terms of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996), and as Playboy best understands Skky's infringement contentions which remain deficient at this time, Playboy states that it does not infringe any of the asserted claims of the patent-in-suit for at least the reasons identified in the non-infringement charts attached as Exhibits 1-10 to Playboy's Non-infringement Contentions. Additionally, Playboy does not direct or control any third parties to perform any of the steps of the claimed methods of the '875 patent. Joint infringement can only exist "if one party exercises control or direction over the entire process such that every step is attributable to the controlling party, *i.e.*, the mastermind." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007)); *see also Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1363 (Fed. Cir. 2013); *Intellectual Ventures I LLC v. Nikon Corp.*, 935 F. Supp. 2d 787, 790 (D. Del. 2013). Direction or control only exists when all steps of the claimed method can be attributed to the controlling party, i.e., "the mastermind," such that the mastermind is

vicariously responsible for the actions of the unrelated third parties who allegedly performed such steps, i.e., third-party actors. *Muniauction, Inc.*, 532 F.3d at 1329 ("Where the combined actions of multiple parties are alleged to infringe process claims, the patent holder must prove that one party exercised 'control or direction' over the entire process such that all steps of the process can be attributed to the controlling party, i.e., the 'mastermind.'"). This scenario occurs when there is an agency relationship between the controlling party and third-party actor(s). *See e.g., BMC Resources*, 498 F.3d at 1380. Skky itself concedes that third parties are required to perform certain steps of the asserted claimed methods of the '875 patent. But those third parties are not agents of Playboy, and Playboy does not direct and control those parties to perform any of the claimed method steps.

**Interrogatory No. 9:**

Identify all facts in support of Your allegation that "Playboy has not infringed and does not infringe any valid and enforceable claim of the '875 patent" as stated in Your counterclaim at paragraph 10 (Dkt. #25).

**Response to Interrogatory No. 9**

Playboy objects to this Interrogatory as overly broad, unduly burdensome and not reasonably limited in time and scope. Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "*all*" facts in support of Playboy's positions. Playboy further objects to this Interrogatory as it requires Playboy to make a legal conclusion, or perform a legal or other analysis or determination.

Subject to and without waiving the foregoing General and Specific objections, Playboy responds as follows:

Playboy incorporates herein by reference Playboy's Non-infringement Contentions and Charts served March 24, 2014; Playboy's Prior Art Statement and Charts served April 14, 2014; and Defendants Manwin, Playboy and GMCI's Petition for *Inter Partes* Review filed August 1, 2014 and all exhibits thereto. Here, without the benefit of the Court's interpretation of the terms of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996), and as Playboy best understands Skky's infringement contentions which remain deficient at this time, Playboy states that it does not infringe any of the asserted claims of the patent-in-suit for at least the reasons identified in the non-infringement charts attached as Exhibits 1-7 to Playboy's Non-infringement Contentions. Moreover, Playboy states that the asserted claims are invalid and/or unenforceable for the reasons variously set forth in Playboy's Prior Art Statement and Petition for *Inter Partes* Review.

**Interrogatory No. 10:**

Identify all facts regarding how content, such as images, video, movies, cartoons, animations, pictures, television shows, recordings, or music, that may be accessed by an end user of Your Services is created and provided to Cygast Trading, Ltd. per the Management Agreement dated October 31, 2011, or any parent, subsidiary, affiliate, or division of Cygast Trading, Ltd. or any successor or assignee of Cygast Trading, Ltd.

**Response to Interrogatory No. 10**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not reasonably limited in time and scope. Playboy further objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "*all* facts." Playboy further objects to this Interrogatory as overly broad and unduly

8

burdensome to the extent it seeks information relating to "*any* parent, subsidiary, affiliate, or division of Cygast Trading, Ltd. or any successor or assignee of Cygast Trading, Ltd." Playboy further objects to this Interrogatory as unclear and vague. Playboy further objects to this Interrogatory as vague and ambiguous to the extent that it relies on at least the undefined terms "content," "accessed" and "provided." Playboy further objects to this Interrogatory to the extent that it seeks information in the possession, custody, or control of a third party. Playboy further objects to each Interrogatory to the extent that it propounds more than one separately stated Interrogatory.

**January 9, 2015 Supplemental Response to Interrogatory No. 10:**

Playboy incorporates its General and Specific Objections as set forth fully herein. Subject to and without waiving its previously-asserted objections, Playboy responds as follows:

If content provided to Mindgeek is edited, it is edited using Adobe Premiere if it is video or Adobe Photoshop if it is an image. Content is then loaded onto a shared server. Mindgeek then pulls content directly from a server.

**Interrogatory No. 11:**

Identify all sources of revenue that have been or are generated by the Services or received by You in connection with the Services since June 16, 2009, such as revenue paid to You in performance of the Management Agreement with Cygast Trading, Ltd., dated October 31, 2011.

**Response to Interrogatory No. 11**

Playboy objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not reasonably limited in time and scope. Playboy further

9

objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information relating to "*all* sources of revenue." Playboy further objects to this Interrogatory as vague and ambiguous to the extent that it relies on the term "Services," which Skky defines to include presently unnamed instrumentalities.

Subject to and without waiving the foregoing General and Specific objections, Manwin identifies the following multi-page document pursuant to Federal Rule of Civil Procedure 33(d) that is responsive to this Interrogatory. *See* PB00007527.

Dated: January 9, 2015          Respectfully submitted,

/s/ *Tamany Vinson Bentz*

Barbara Podlucky Berbens (#209788)
Justi Rae Miller (#387330)
BERENS MILLER, P.A.
3720 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
Bberens@berensmiller.com
Jmiller@berensmiller.com

William D. Coston (Admitted *Pro Hac Vice*)
VENABLE LLP
575 7th Street Northwest
Washington, D.C. 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Wdcoston@venable.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
Jillian A. Centanni (Admitted *Pro Hac Vice*)
VENABLE LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Fmgasparo@venable.com
Tmnosher@venable.com
Jacentanni@venable.com

Tamany Vinson Bentz (Admitted *Pro Hac Vice*)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (212) 307-5500
Facsimile: (310) 229-9901

11

Tjbentz@venable.com

Kimberly Culp (*Admitted Pro Hac Vice*)
**VENABLE LLP**
Spear Tower, 40th Floor
One Market Plaza
1 Market Street
San Francisco, CA 94105
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*ATTORNEYS FOR DEFENDANT PLAYBOY ENTERPRISES, INC.*

## VERIFICATION

I, Phillip Morelock, am Senior Vice President and Chief Product Officer for Playboy Enterprises, Inc. I am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read Playboy's January 9, 2015 supplemental interrogatory responses. I am informed and believe, and on the basis of such information and belief, hereby verify on behalf of Playboy Enterprises, Inc. that the facts stated in the supplemental answers are true and correct, although some of the facts may not be within my personal knowledge.

Dated: January 9, 2015

_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2015, a true and accurate copy of the foregoing was served via electronic mail upon:

Ronald J. Schutz
Cyrus Morton
Ryan Schultz
Benjamen C. Linden
William Bornstein
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
800 LaSalle Avenue, Suite 2800
Phone: (612) 349-8500

/s/ *Tamany Vinson Bentz*
Tamany Vinson Bentz

14