# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Skky, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Manwin USA, Inc., and Manwin Holding, s.ar.l,<br><br>    Defendants. | Civil No. 13-2086 (PJS/HB)<br><br><br>**O R D E R** |
| Skky, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Vivid Entertainment, LLC,<br><br>    Defendant. | Civil No. 13-2087 (PJS/HB) |
| Skky, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Playboy Enterprises, Inc.,<br><br>    Defendant. | Civil No. 13-2089 (PJS/HB) |

HILDY BOWBEER, United States Magistrate Judge

The Court convened a case management and informal dispute resolution conference in these cases on January 26, 2015.  The purpose of this Order is to memorialize the agreements reached and rulings made during the proceeding.

1. The Court extended the fact discovery deadline to **April 30, 2015**; the dispositive motion deadline to **September 13, 2015**; and the non-dispositive motion deadline to **May 13, 2015**.  The parties will use the extension only to conclude existing discovery, except that parties may serve written discovery requests that would have been timely served under the existing pretrial scheduling order.  The Court will issue a separate amended scheduling order.

2. The Court declines to consider sanctions in the IDR context.

3. It appears to the Court that the parties rely too heavily on exchanges of letters and not enough on telephone conversations in their efforts to identify and address what has or has not been produced.  The Court expects both parties to confer meaningfully about what they believe is missing and what they assert has already been produced.  The Court hopes that future conferences with the Court can be limited to those areas where the dispute has been crystallized and needs the Court's resolution because the parties cannot reach agreement, not because the parties are talking past each other.

Discovery Disputes Relating to Manwin

4. Regarding prospectuses and other presentations to investors or prospective investors, Manwin will supplement its response to advise Skky that production is complete.

5. Regarding Skky's request for complete Google Analytics reports showing all mobile devices for all wireless providers, Manwin asserts that it has produced reports that would account for 70-80% of traffic to its sites and that further production would be unduly burdensome.  Skky and Manwin will meet and confer to attempt to agree on a stipulation that will assure Skky's evidence on damages is not subjected to unfair attack on the basis of Manwin's limited production.  If the parties are not able to reach a mutually agreeable stipulation, the issue will be brought back to the Court.

6. Manwin will identify by Bates number which documents were produced through Google Analytics and which documents were generated from other web analytics means.  Counsel shall meet and confer by phone to identify and address questions about the nature and source of spreadsheets produced where the spreadsheets are not clearly labelled.

7. Regarding third party relationships, Skky will identify to Manwin the remaining third parties with respect to which it seeks clarification, and Manwin will supplement its answer to Interrogatory No. 3 as to those parties, setting forth whether they have or have not had a relationship with Manwin at any time during the relevant time period for the provision of compression, storage, or transmission

services, supplementing their production of documents for any providers with whom there was such a relationship, identifying by Bates numbers the documents produced that set forth the terms of that relationship, and confirming when that production is complete. Where a third party identified by Skky was engaged by Manwin only for purposes of testing, or only for services that did not include compression, storage, or transmission, Manwin will so state but need not produce documents regarding those providers.

8. The parties will meet and confer further on Skky's Interrogatory No. 1 to Manwin to identify the documents Manwin has produced in response to that Interrogatory and to determine whether there are additional websites not reflected in those documents. To the extent the documents produced do not clearly set forth all responsive websites, Manwin will supplement its answer accordingly.

9. With regard to pre-acquisition technical documents relating to Reality Kings, Manwin shall seek responsive documents from its current employees who were also employed by Reality Kings before the acquisition, including but not limited to Mr. Morales. Manwin will supplement its production with any responsive documents it locates, and will supplement its written response to confirm when that search has been completed.

10. The Court believes the request for all purchase agreements for all website acquisitions is overly broad and the chance that they might contain information relevant to damages is too attenuated to warrant an order to produce all such agreements. However, no later than **February 4, 2015**, Manwin shall (a) produce

all purchase agreements for all acquisitions with respect to which it does not agree to accept full responsibility for any pre-acquisition infringement, and (b) set forth clearly and unequivocally in a supplemental response to the applicable Request for Production the acquisitions with respect to which it will accept responsibility for any pre-acquisition infringement.

Discovery Disputes Relating to Playboy

11. In response to Skky's Interrogatory No. 1, Playboy shall supplement its response to provide a complete list of the responsive websites.

12. In response to Skky's Interrogatory No. 2, Playboy has described its understanding of the nature of the responsibilities of the identified individuals employed by Manwin.  No further response will be required.

13. With regard to Skky's Interrogatory No. 6, Playboy will provide Bates numbers for the Google Analytics or other web analytics documents already produced. Counsel shall meet and confer by phone to identify and address questions about the nature and source of spreadsheets produced where the spreadsheets are not clearly labelled.

14. Playboy will identify the location of its current server in response to Interrogatory Nos. 7 and 10.

15. Playboy will confirm or correct the identification of documents responsive to Interrogatory No. 11, and the parties shall meet and confer on any missing information.

16. With respect to documents Manwin was contractually obligated to create and provide to Playboy, Manwin's counsel shall inquire whether Manwin ever generated the required reports, and if so, to whom at Playboy it directed them.

17. As to custodians, and subject to contrary information that may be adduced at deposition, based on the representations contained in Playboy's letter and on the conference call, Playboy need not search for or produce documents from former employees Josh Schollmeyer or Hazel Thomson or current employee Jimmy Jellinek.  Playboy states that it has produced documents from Phillip Morelock and shall inquire as to why he was not listed as a custodian for any of the documents produced, supplementing its production and/or custodian list as necessary.  Regarding Rachel Melville, Playboy shall search for and produce responsive documents from her files.

18. With respect to a representative products stipulation, Defendants will file a letter outlining its position by **February 6, 2015**.  The parties will meet and confer by **February 13, 2015**.  Plaintiff will file its response letter by **February 20, 2015**, and advise the Court in that letter whether the parties believe an in-person conference would be beneficial.

**IT IS SO ORDERED.**

Dated: January 27, 2015         *s/ Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge

6